# EXHIBIT A-1

تحكيم تجاري دولي حر

حكم التحكيم

في القضية التحكيمية المقامة من

شركة هورس للسياحة والسفر  "ش.م.م"  (تحت التحفظ)    (محتكمة)

وعنوانها ومحل مخاطبتها وقت بدء التحكيم 9 شارع الشهيد جمال برعي ـ أرض الجولف ـ القاهرة

وأصبحت بعد التحفظ عليها خاضعة للجنة إجراءات التحفظ والإدارة والتصرف في أموال الجماعات الإرهابية والإرهابيين وفقا للقانون رقم 22 لسنة 2018 بصفتها صاحبة الصفة القانونية في تمثيل الشركة المحتكمة في التحكيم الماثل والتي فوضت ووكلت هيئة قضايا الدولة في تمثيل الشركة المحتكمة في هذا التحكيم, وذلك بموجب المخاطبة الموجهة من اللجنة إلى رئيس هيئة التحكيم,

وأصبح عنوان الشركة المحتكمة ومخاطبتها في هذا التحكيم هو مقر هيئة قضايا الدولة 42 شارع جامعة الدول العربية ـ المهندسين ـ الجيزة ـ مصر

ضد كل من

1ـ الشركة العامة للخطوط الجوية العراقية        (المحتكم ضدها الأولى)

وعنوانها الذي كان وقت التعاقد مطار صدام الرئيسي ـ بغداد العراق وأصبح مطار بغداد الدولي ـ بغداد ـ العراق , وكان محل مخاطبتها الذي تمسكت به بمحضر الجلسة الأولى ( الإجرائية ) هو مقرها الرئيسي بالقاهرة الكائن 22 شارع قصر النيل ـ قسم عابدين ـ القاهرة, ثم قامت بتغييره,

وأصبح عنوانها ومحل مخاطبتها الذي قامت بإخطار رئيس هيئة التحكيم به بموجب الإنذار الرسمي على يد محضر المؤرخ 2022/4/18 هو34 شارع الثورة ـ الدقي ـ محافظة الجيزة, وأيضا بناءٍ على مخاطبات و إنذار رسمي على يد محضر تخاطب على عنوان وكيلها القانوني السيد الدكتور/ محمد حمودة المحامي 132 شارع النيل ـ العجوزة ـ القاهرة ـ مصر

2 ـ السيد/ وزير النقل العراقي ـبصفته-        (المحتكم ضده الثاني)

ومحل مخاطبته على عنوان أى من وكيليه القانوني, وهما كل من

أـ السيد الأستاذ/ أحمد الدريني عبد العزيز المحامي 34 شارع الثورة بالدقي ـ محافظة الجيزة ـ مصر

ب ـ  السيد الأستاذ الدكتور/ محمد حمودة المحامي  132 شارع النيل ـ العجوزة ـ القاهرة-مصر

ج ـ كما يخاطب على مقر وزارة النقل العرقية ـ بغداد ـ العراق (بناء على طلب وكيله القانوني بجلسة التحكيم بتاريخ 2023/2/16)

*************************************************

صدر هذا الحكم في القاهرة بالإيداع بمقر التحكيم الكائن بمكتب رئيس هيئة التحكيم  أ.د / حسن عبد الباسط جميعي الكائن بالشقة رقم 15 بالدور الرابع بالعقار7 شارع الفضل ـطلعت حرب-قسم عابدين-القاهرة- جمهورية مصــــر العربية, يوم الأربعاء الموافق 2023/7/26 من هيئة التحكيم المشكلة من:

1-الأستاذ الدكتور/ حسـن عبد الباسـط جميعي  رئيس هيئة التحكيم- مصـري الجنسـية - مسلـم الديانة- أسـتاذ القانون المدني بكلية الحقوق جامعة القاهرة والمحامي والمحكم الدولي ـــــ مقيم: 7 شارع الفضل من طلعت حرب-قسم عابدين-القاهرة.

2- الأستاذ الدكتور/ شـريف محمد عبد الله محمد مأمون- المحكم المسـمى من الشـركة المحتكمة (شـركة هورس للسـياحة والسـفر- متحفظ عليها)- مصـري الجنسـية- مسلـم الديانة- المحامي و المحكم الدولي - مقيم:3 شارع شهاب-المهندسين.

3- الأستاذ الدكتور/ عبد الحميد جلال الأحدب المحكم المسمى من المحتكم ضدهما (الشركة العامة للخطوط الجوية العراقية و وزير النقل العراقي بصفته)-لبناني الجنسية-مسلم الديانة- دكتوراه في الحقوق والمحامي والمحكم الدولي, مقيم: بيروت-الحازمية-طلعة الفياضـــية بعد مفرق القصــر الجمهوري قرب شركة تويوتا-بناية بنك لبنان والخليج- الطابق الثالث.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>أولا :- وقائع وإجراءات الدعوى التحكيمية:</u>

(1) بتاريخ 2001/1/3 أبرمت كل من شـركة هورس للسـياحة والسـفر (ش.م.م) (شـركة تحت التحفظ منذ 2015/10/25)-يشـــار إليها فيما بعد بالمحتكمة- والشـــركة العامة للخطوط الجوية العراقية (إحدى شـركات وزارة النقل العرقية) -يشـار إليها فيما بعد بالمحتكم ضدها الأولى- وهى شـــركة تابعه لوزارة النقل العراقي التي يمثلها قانونا وزير النقل العراقي -ويشـــار اليه بالمحتكم ضـــده الثانى- اتفاقية تم عنونتها "اتفاقية وكالة عامة" وقد تلاقت إرادة الطرفين فيها بحسـب نص البند 16 منها على أنه في حـالـة حدوث أي نزاع يتعلق بتفسـير أو تطبيق هذه الاتفاقية فعلى الطرفين أن يبذلا الجهود القصوى لحل النزاع فيما بينهما بالطرق المناسبة خلال 3 أيام فقط , وإن لم يتم التوصـل لإيجاد حل يجب عليهما أن يختارا لجنة التحكيم على أن يتم اختيارها بالطرق التي حددتها تلك المادة (التي يتكون منها ومن نص البند 16 من ملحق عقد الوكالة الأسـاسـي المبرم بتاريخ 2001/3/15 شرط التحكيم).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>وقد ورد نص البند 16 من اتفاقية الوكالة العامة كالأتى:-</u>

"1-في حالة حدوث أي نزاع يتعلق بتفسـير أو تطبيق هذه الإتفاقية, فعلى كلا الطرفين أن يبذلا الجهود القصوى لحل هذا النزاع فيما بينهم بالطرق المناسبة خلال 3 أيام فقط وإن لم يتم التوصل لإيجاد حل يجب عليهم أن يختاروا لجنة التحكيم بالطرق الآتية:

1- يقوم الطرف الأول بتعيين محكم.

2- يقوم الوكيل العام بتعيين محكم.

3- يقوم محكمين كلا الطرفين بالتشاور فيما بينهم بتعيين رئيس للجنة وإذا فشلا في ذلك يقوم مدير منظمة الآياتا بتعيين رئيس لجنة التحكيم .

2 ـ تقوم لجنة التحكيم بتحديد إجراءاتها والقانون الحاكم.

3 ـ الطرف الخاسر سوف يتحمل كل التكلفة والنفقات الناجمة عن إجراء التحكيم ."

كما نص البند 16 من الوثيقة المعنونة ملحق عقد الوكالة العامة الموقع بين الشركة العامة للخطوط الجوية العراقية وشركة هورس للسفر والسياحة على أنه :ــ" يتولى الطرفان المتعاقدان حسم كافة المستجدات والخلافات التي تظهر بينهما بالطرق الودية وفي حالة عدم التوصل إلى حسم ما يستجد من أمور أو خدمات بين الطرفين يحل عن طريق لجنة التحكيم يتفق عليها الطرفين المتعاقدين.

(2) إنفاذا لشرط التحكيم وبالنظر إلى أن الشركة المحتكمة ـ قبل التحفظ عليها ـ قد قررت الإلتجاء إلى التحكيم لحل النزاع القائم بينها وبين الشركة المحتكم ضدها الأولى بدعوى قيام الأخيرة بإنهاء اتفاقية الوكالة المبرمة بينهما بإرادتها المنفردة دون إتباع الطرق القانونية المبينة بالعقد وملحقاته واستنادا إلى البند 16 من الإتفاقية السالف بيانه قامت بتسمية وتعيين السيد الدكتور/ شريف محمد عبد الله محكما عنها, كما قامت الشركة المحتكم ضدها الأولى وبموجب إنذار رسمي على يد محضر موجه للشركة المحتكمة ومنفذ بتاريخ 2012/5/30 بتسمية وتعيين السيد الدكتور/ فاضل محمد جواد كاظم محكما عنها.

(3) لم يتفق المحكمان المسميان من الشركة المحتكمة ـ في هذه المرحلة و قبل التحفظ على الشركة المحتكمةـ والشركة المحتكم ضدها الأولى على اختيار رئيس لهيئة التحكيم, وهو ما حدا بالشركة المحتكمة ـ قبل التحفظ عليها ـ إلى اللجوء الى منظمة الآياتا بطلب تعيين رئيس هيئة التحكيم , وازاء خلو قواعد الآياتا من قائمه المحكمين وعدم وجود هذه الصلاحيه لدى الآياتا, لذلك لجأت الشركة المحتكمه الى إقامة الدعوى رقم 76 لسنة 129 ق أمام الدائرة 50 تجاري بمحكمة استئناف القاهرة والتي قضت بحكمها الصادر بتاريخ 2013/8/26 بتعيين المحكم صاحب الدور ليكون محكما ثالثا للفصل في النزاع بين الشركتين, وفي 2013/10/12 تم تعيين الأستاذ الدكتور/ حسن عبد الباسط جميعي محكما ثالثا للفصل في النزاع المشار إليه بموجب الحكم سالف البيان.

(4) وبعد صدور الحكم سالف البيان بتعيين الأستاذ الدكتور / حسن عبد الباسط جميعي محكما ثالثا للفصل في النزاع تقدمت الشركة المحتكمة إلى رئيس هيئة التحكيم بطلب تحكيم, أرفقت به صورة من الحكم الصادر بتعيينه كمحكم ثالث في النزاع والتمست فيه منه البدء في اتخاذ إجراءات التحكيم.

(5) بتاريخ 2013/10/31 وبناء على طلب التحكيم قام رئيس هيئة التحكيم بمخاطبة كل من المحكم المسمى من الشركة المحتكمة والمحكم المسمى من الشركة المحتكم ضدها الأولى لعقد جلسة لهيئة التحكيم بمكتبة الكائن بالشقة رقم 15 الكائنة بالعقار7 شارع الفضل من طلعت حرب بالقاهرة ,وذلك يوم الخميس الموافق 2013/11/14 للسير في إجراءات التحكيم, وقد تم إرسال هذه المخاطبة بالبريد

3

الإلكتروني لكلا المحكمين وفقا لعناوين البريد الإلكتروني التي سبق وأن تم إبلاغ رئيس هيئة التحكيم بها من الشركة المحتكمة بطلب التحكيم, كما قام رئيس هيئة التحكيم أيضا بمخاطبة المحكم المسمى من الشركة المحتكم ضدها السيد الدكتور/ فاضل محمد جواد كاظم بالبريد السريع.

(6) بتاريخ 2013/11/3 ورد لرئيس هيئة التحكيم بريدا إلكترونيا من الدكتور/ فاضل محمد جواد كاظم المحكم المسمى من الشركة المحتكم ضدها يفيد اعتذاره عن المهمة التحكيمية بسبب تغيير ظروفه وعدم تمكنه من الاستمرار في المهمة التحكيمية.

(7) بموجب خطابين مؤرخين في 2013/11/3 لكل من الشركة المحتكمة والشركة المحتكم ضدها الأولى -قام رئيس هيئة التحكيم بإرسالهما تسليم باليد في مقر الشركتين (طرفي التحكيم) على العنوان المبين بطلب التحكيم, وإرسالهما أيضا عبر البريد المسجل ـ بمخاطبة الشركتين المحتكمة والمحتكم ضدها بما يفيد اعتذار السيد الدكتور/ فاضل محمد جواد كاظم المحكم المسمى من الشركة المحتكم ضدها عن المهمة التحكيمية لتغير ظروفه وعدم تمكنه من الاستمرار في المهمة التحكيمية داعيا كل منهما إلى اتخاذ ما تراه مناسبا .

(8) بتاريخ الأربعاء الموافق 2013/11/13 قدمت الشركة المحتكم ضدها خطابا منسوبا إليها ومختوما بخاتم عنها ومذيل بتوقيع منسوب لمديرها الإقليمي يفيد تعيين محكم جديد هو السيد الدكتور/ محمد الحاج حمود وبيانات سيادته كالتالي:ـ

الدكتور/ محمد الحاج حمود ـ المستشار بوزارة الخارجية العراقية ـ عراقي الجنسية ومقيم بالعراق,الهاتف 00964790192264 العراق,البريد الإلكتروني: md.hamoud@mofaml.gov.iq, وتضمن الخطاب أيضا طلب تحديد موعد آخر للبدء في إجراءات التحكيم ليتسنى لسيادته اتخاذ إجراءات الحصول على التأشيرة للدخول إلى جمهورية مصر العربية.

(9) اتصل رئيس هيئة التحكيم تليفونيا بالسيد الدكتور/ محمد الحاج حمود المحكم المسمى من الشركة المحتكم ضدها على الهاتف المبين بالخطاب سالف الإشارة إليه وكذا مخاطبه الاستاذ الدكتور/ شريف محمد عبد الله المحكم المسمى من المحتكمة حيث تم الاتفاق على تحديد موعد اجتماع هيئة التحكيم يوم الخميس الموافق 2013/11/28 الساعة الثانية ظهرا على أن يعقبها الجلسة الأولى (الإجرائية) في تمام الساعة الرابعة بحضور طرفي التحكيم بمكتب رئيس هيئة التحكيم الكائن بالشقة رقم 15 بالعقار 7 شارع الفضل ـ طلعت حرب ـ قسم عابدين ـ القاهرة.

(10) بتاريخ 2013/11/14 قام رئيس هيئة التحكيم بتأكيد الموعد سالف الذكر لعقد جلسة المحكمين منفردين ويعقبها الجلسة الأولى (الإجرائية) بحضور أطراف التحكيم عبر رسائل تأكيد على المحكمين وتم إرسالها بالبريد الإلكتروني.

(11) كما قام رئيس هيئة التحكيم وبذات التاريخ 2013/11/14 بإرسال بريد إلكتروني إلى أطراف التحكيم على عنوان البريد الإلكتروني لكل منهما للإخطار بموعد ومكان عقد الجلسة الإجرائية الأولى, وقد عزز هذه المخاطبة بالبريد المسجل.

4

(12) بتاريخ الخميس الموافق 2013/11/28 وفي تمام الساعة الثانية ظهرا اجتمعت هيئة التحكيم منفردة وبتلك الجلسة أفصح المحكمون الثلاثة بقبولهم المهمة المسندة إليهم والالتزام بجميع سلوكيات المحكم, وقام كل منهم بالتوقيع على إقرار كتابي بذلك.

كما أقر أعضاء هيئة التحكيم ما تم من إجراءات, كما تم الاتفاق على اختيار مكتب رئيس هيئة التحكيم الأستاذ الدكتور/ حسن عبد الباسط جميعي الكائن بالشقة رقم 15 بالدور الرابع بالعقار 7 شارع الفضل-طلعت حرب-قسم عابدين-القاهرة,مقرا للتحكيم.

(13) وبذات التاريخ الخميس الموافق 2013/11/28 وفي تمام الساعة الرابعة عصرا عقدت هيئة التحكيم بحضور الأطراف الجلسة الأولى الإجرائية حيث حضر عن الشركة المحتكمة الأستاذ الدكتور /صلاح الدين جمال الدين محمد عبد الرحمن المحامي كارنية نقابة المحامين رقم 72954 والأستاذ الدكتور/ محمود صلاح الدين مصيلحي عطية شريف المحامي كارنيه نقابة المحامين رقم 488938 بالتوكيل رقم 1180ي لسنة 2011 توثيق مكتب مصر الجديدة وقد تم إرفاق صورة من التوكيل بملف التحكيم,كما حضر السيد الأستاذ/ يوسف السعيد يوسف سعد بصفته المدير المسئول بالشركة بطاقة رقم قومي رقم 27302151800511.

كما حضر عن الشركة المحتكم ضدها الأولى الأستاذ / أحمد الديريني عبد العزيز محمود المحامي كارنيه نقابة المحامين رقم 117398 بالتوكيل رقم 1583 ج لسنة 2006 توثيق مكتب نقابة المحامين وقد تم إرفاق صورة من التوكيل بملف التحكيم, كما حضر أيضا السيد الأستاذ /قيصر أحمد عكله بصفته المدير الإقليمي لشركة الخطوط الجوية العراقية وقد قرر بأنه يوكل الأستاذ/ أحمد الديريني عبد العزيز محمود في التحكيم الماثل وتقديم الطلبات والمذكرات والمستندات واتخاذ كافة الإجراءات, وتعهد الحاضرين بتقديم صورة رسمية من السجل التجاري للشركة يبين ممثل الشركة القانوني وصاحب الصفة في تمثيلها في التحكيم الماثل وتعهد الحاضران بتقديم التوكيل من صاحب الصفة القانوني يسمح لهما أو لغيرهما أو معهما بالحضور في التحكيم الماثل وإجراءاته وذلك في أقرب وقت ممكن.

(14)**وفي هذه الجلسة الأولى الإجرائية اتفق أطراف التحكيم على مشارطة تحكيم , جاء بها نصا ومن واقع محضر الجلسة: "أفصح رئيس هيئة التحكيم للحاضرين عن كل من الشركتين المحتكمة والشركة المحتكم ضدها عن قبوله وقبول أعضاء هيئة التحكيم للمهمة التحكيمية بحيدة واستقلال وأنه قد تم توقيعهم لإقرارات منفصلة بقبول تولي المهمة التحكيمية والإقرار بالحيدة والاستقلال وأطلع عليها الأطراف, وقد أعلن الطرفان عن قبولهما لجميع أعضاء هيئة التحكيم, وقد اتفق الطرفان على استكمال اتفاق التحكيم وإجراءاته على النحو التالي والذي أقرته هيئة التحكيم.

1ـ لغة التحكيم هي اللغة العربية.

2- موضوع النزاع كما أوضح أطراف الخصومة على النحو التالي:

1/2: أوضـح الحاضـر عن الشـركة المحتكمة (هورس للسـياحة والسـفر) أن موضـوع النزاع وطلباته تنحصـر في أن الشـركة المحتكمة تحصـلت على وكالة عامة وحصـرية بجمهورية مصـر العربية عام 2001 وقامت بتنفيذ كافة التزاماتها بالعقد وأنه وقت الوكالة كان هناك حظرا جويا على دولة العراق ولم يكن هناك تسـيير لحركة الطائرات ولم يكن معلوما متى سـيزول الحظر, وعلى الرغم من طول مدة الحظر, إلا أن الشركة المحتكمة استمرت في تنفيذ الالتزامات المنوطة بها وأنه عندما استشعرت الشركة المحتكم ضدها أن الحظر الجوي سيتم رفعه بادرت بوقف الوكالة الأمر الذي استدعى بعض المفاوضات لإعادة تفعيل الوكالة حيث كان الحظر قد زال في هذا التوقيت, إلا أنه ولأسباب سياسية تتعلق بالعراق ولم يمر على إعادة تفعيل الوكالة سوى ثلاثة أشهر أو أقل, قامت المحتكم ضـدها بإنهاء الوكالة بالإرادة المنفردة للمرة الثانية ودون الرجوع إلى ما ورد بالقانون أو العقد.

وأضـاف الحاضـر عن المحتكمة أنه ومنذ هذا التاريخ اسـتمرت المفاوضـات بين الجانبين من خلال مجموعة من المفوضين العراقيين ومن الشركة المحتكمة وكلها انتهت إلى الإخفاق في الحل بين الجانبين ورغم ذلك اسـتمرت الشـركة المحتكمة في تنفيذ التزاماتها التعاقدية بالنظر إلى أنها مازالت تعتبر عقد الوكالة الذي بيدها سـاريا حتى تاريخه وهو ما انتهى إلى الوصـول إلى تنفيذ البند 16 من عقد الوكالة بطلب تشـكيل هيئة التحكيم وهو الأمر الذي اسـتغرق وقتا طويلا حتى تم تعيين المحكم الثاني لمدة تقرب من العامين, ثم لم يحدث توافق على اختيار المحكم الثالث مما اضـطرها إلى التوجه مرة أخرى إلى المحاكم وسـط كثير من التأجيل من الطرف العراقي ولمدة تزيد عن العام مما أدى إلى الإضـرار الجسـيم بالشـركة المحتكمة وأفاد الحاضـر عن الشـركة المحتكمة بأن طلباته سـيوضـحها تفصـيلا أثناء سـير الخصومة التحكيمية.

2/2 وقد أوضـح الحاضـر عن الشـركة المحتكم ضـدها (الشـركة العامة الخطوط الجوية العراقية) أن المنازعة موضوع التحكيم هو أنه من بداية تحرير التعاقد في 2001/1/30 لم تقم الشركة المحتكمة بتنفيذ أي من بنود عقد الوكالة أو ملحق العقد في 2003/3/15 ونظرا لعدم تنفيذ الشـركة المحتكمة لأي بنود العقد قامت الشـــركة المحتكم ضـــدها بإلغاء العقد وفقا للقانون والبنود المقررة بالعقد وأثناء هذه الفترة تضـررت المحتكم ضـدها من عدم تنفيذ عقد الوكالة لعدم تنفيذ الالتزامات وأن التأجيلات التي قامت بها أثناء تحديد المحكم ورئيس هيئة التحكيم أمام المحكمة كان اسـتعمالا لحقها في التقاضـــي وكان نظرا لاستحصـال الموافقات الأصـولية من الجهات المعنية العراقية وأن الجانب العراقي قام بالإصـرار مرات عديدة منذ عام 2006 حتى تاريخه بعرض كافة الطرق الودية لحل النزاع المزعوم مع الشركة المحتكمة وتحتفظ المحتكم ضـدها بحقها في تفصـيل بيان ردها ودعواها المقابلة بعد الرجوع لجهات الاختصـاص وتقديم ذلك أثناء سير الدعوى التحكيمية.

3- القانون الواجب التطبيق: تطبيق قانون التحكيم المصري رقم 27 لسـنة 1994 على إجراءات التحكيم وتطبيق كافة القوانين المصرية في شأن الفصل في موضوع النزاع والإثبات وكل ما تعلق بهذا التحكيم.

4- مقر التحكيم: مكتب أ. د/ حسـن عبد الباسـط جميعي الكائن بالشـقة رقم 15 بالدور الرابع بالعقار 7 شارع الفضل ــ طلعت حرب ــ قسم عابدين ــ القاهرة, ولهيئة التحكيم نقل المقر أو عقد الجلسات في أي مكان آخر ترى عقد جلسـاتها فيه داخل جمهورية مصـر العربية أو خارجها. وفي حالة طلب أي من الطرفين عقد جلسة أو جلسات في مكان آخر فإن لهيئة التحكيم أن تقبل ذلك وتصـدر به قرارا يتضـمن




6

تحمل مقدم الطلب كافة النفقات المترتبة على طلبه مشروطا بسداد المصروفات والنفقات التي تحددها الهيئة في الموعد الذي تحدده لذلك.

5ـعناوين المخاطبات وطريقة المراسلة والإخطارات:

اتفق الطرفان علي أن أي مخاطبات أو إنذارات أو إخطارات من أو إلي هيئة التحكيم من أي من الطرفين أو إلى أي منهم, أو من أو إلى أحد الطرفين فيما بينهم في خصـــوص هذه الدعوى التحكيمية تكون عن طريق البريد الســريع الحكومي أو الخاص مع ملاحظة إمكان تعزيز المخاطبات البريدية ســالفة البيان بالبريد الإلكتروني علي العناوين التالية

ـ عنوان الشركة المحتكمة ( شركة هورس للسياحة والسفر):

9 شارع الشهيد محمد جمال برعي ـ أرض الجولف ـ القاهرة.

فاكس رقم:   0224149170/020222602400.0201001880055

هاتف أرضي:0224142178محمول:01223686945

البريد الإلكتروني: salaheldin.aladalacenter@gmail.com

عنوان الشركة المحتكم ضدها الشركة العامة الخطوط الجوية العراقية:

المقر الرئيسي الذي كان وقت التعاقد هو مطار صدام الرئيسي ـ بغداد ـ العراق ـ وأصبح مطار بغداد الدولي ـ بغداد  ـ العراق مع تمسك الشركة بأن تكون مخاطبتها على مقرها الرئيسي بالقاهرة وهو 22 شارع قصر النيل ـ قسم عابدين ـ القاهرة لضمان سرعة وصول المخاطبات مع اعتبار تلك المراسلات مسلمة للشركة المحتكم ضدها بالعراق ويعتد بها قانونا في مواجهتها. فاكس رقم: 0020223934200 هاتف أرضي:23934149 0202  محمول:01114335800

البريد الإلكتروني: iraqiairways.cairo@hotmail.com&   Ahmed_derani@yahoo.com

عنوان هيئة التحكيم: مكتب رئيس هيئة التحكيم الكائن 7 شارع الفضـل المتفرع من طلعت حرب / شقة 15الدور الرابع ـعابدين- القاهرة ـ مصر. البريد الإلكتروني:  hgemei@hotmail.com

هاتف أرضي: 0020223951777    محمول : 00201001649560

6- مدة التحكيم: اتفق الطرفان علي أن مدة التحكيم اثنى عشر شــهرا وفقا للقانون تبدأ من تاريخ الجلســة الماثلة 2013/11/28 وذلك مع عدم الإخلال بحق هيئة التحكيم في مد مدة التحكيم وفقا للقانون.

7ـأمانة ومصروفات التحكيم: قررت هيئة التحكيم بصفة مبدئية تحديد مصروفات التحكيم بمبلغ خمسون ألف دولار أمريكي علي أن يتم سداد هذه القيمة مناصفة بين الطرفين وذلك في موعد أقصاه سبعة أيام من تاريخ هذه الجلسة. ويتم السداد في حساب رئيس هيئة التحكيم أ.د/ حسن عبد الباسط محمد.

وفي حالة عدم قيام أي من الطرفين بسـداد حصـته من هذه المصـروفات والأتعاب يمنح الطرف الأخر سـبعة أيام إضـــافية للسـداد نيابة عنه إذا رغب في ذلك, وفي حالة عدم سـداد هذه القيمة في المواعيد المحددة يكون للهيئة اتخاذ القرار الذي تراه مناسبا, ومن ذلك إيقاف إجراءات التحكيم لحين السـداد, وقد





7

قررت الهيئة إرجاء القرار بتحديد الأتعاب إلى جلسة تالية ليصــدر القرار في ضـــوء الطلبات التي يتم تقديمها في موضوع التحكيم.

8-أقر الأطراف قيام الأستاذ /فتحي محمد عبد المالك بأمانة سـر جلسـات التحكيم, وللهيئة تعيين من تراه لأمانة السر وتحديد مكافآته.

9-جدول المواعيد الإجرائية لتقديم بيان الدعوى التحكيمية من الشـــركة المحتكمة والرد من المحتكم ضدها:

- تقوم الشركة المحتكمة بتقديم بيان شارح لدعواها التحكيمية مشتملا علي طلباتها وأسانيدها وما ترغب في تقديمه من مستندات وذلك في خلال موعد غايته في يوم السبت الموافق  2013/12/28.

- تمنح الشـركة المحتكم ضـدها أجلا للرد والتعقيب علي ما قدمته الشـركة المحتكمة من بيان للدعوي التحكيمية ومستنداتها وأيضا تقديم بيان دعواها المقابلة إن رغبت في ذلك في موعد غايته في يوم الأثنين الموافق 27 /2014/1.

- وتودع المذكرات والمستندات من سبعة نسخ بمقر هيئة التحكيم مكتب أ.د/ حسن عبد الباسط جميعي الكائن بالشقة رقم 15 بالدور الرابع بالعقار7 شارع الفضل ـ طلعت حرب ـــ قسم عابدين ـــ القاهرة  من الساعة السابعة مساء حتي الساعة العاشرة مساءً طوال أيام الأسبوع فيما عدا يومي الخميس والجمعة من كل أسبوع."

ـــ كما قررت هيئة التحكيم عقد جلسة للمرافعة يوم السبت الموافق 1 /2 /2014 الساعة الرابعة مساء.

(15) وإنفاذا لقرارات هيئة التحكيم في شأن المصروفات ورد إلى رئيس هيئة التحكيم عبر البريد الإلكتروني بتاريخ السبت الموافق 2013/12/7 مكاتبة من الأستاذ/أحمد الديريني عبد العزيز  محامي الشركة المحتكم ضدها تفيد إيداع الشركة المحتكم ضدها حصتها في المصروفات في حساب رئيس هيئة التحكيم الموضح بمحضر الجلسة الإجرائية الأولى وأن ذلك الإيداع قد تم بتاريخ 2013/12/3 خلال مهلة السبعة أيام حسب المقرر بمحضر الجلسة وذلك بموجب شيك مصرفي بتلك القيمة مسحوب على البنك العربي الإفريقي الدولي من حساب الشركة المحتكم ضدها وتم إرفاق صورة من قسيمة الإيداع ومن الشيك المودع عن طريق البريد الإلكتروني المذكور.

(16) بتاريخ الأحد الموافق 2013/12/8 سلمت الشركة المحتكمة إلى أمين سر التحكيم بمقر التحكيم مخاطبة وكانت مضمونها التماس إفادتها بصورة من:

أ- الخطاب المعتمد والموثق بتعيين أ.د/ محمد الحاج محمود بدن (المحكم المعين من الشـــركة المحتكم ضدها).

ب- سند الوكالة في التحكيم الصـادر لممثلي الشـركة المحتكم ضـدها من صـاحب الصـفة القانونية في تمثيلها وفقا لما هو مدون بالسجل التجاري ساري المفعول للشركة المذكورة.

كما تضمنت المخاطبة سالفة الذكر الواردة من المحتكمة أيضا التماس إرجاء سداد المبلغ المقرر لأمانة ومصروفات التحكيم لحين ورود الوكالة القانونية من صاحب الصفة في تمثيل الشركة المحتكم ضدها

**8**

والبت في مسألة قبول أو رفض اختيار مركز القاهرة الإقليمي للتحكيم التجاري الدولي كمكان لانعقاد التحكيم وتطبيق لائحته.

(17) بتاريخ 2013/12/8 قام رئيس هيئة التحكيم بإرسال خطابات لأطراف التحكيم والسادة أعضاء هيئة التحكيم عبر البريد الإلكتروني المدعوم بالبريد المسجل تضمن إخطارهم جميعا بما تقدم, وتم إرسال صورة من المكاتبات وقسيمة الإيداع والشيك المودع من الشركة المحتكم ضدها. ونبه سيادته إلى أن الشركة المحتكمة لم تسدد حصتها من المصروفات المقررة والتي صدر بها قرار هيئة التحكيم بالجلسة الإجرائية الأولى, وأن المهلة الثانية التي يحق للطرف المحتكم ضده السداد نيابة عن الطرف المحتكم تنتهي يوم الخميس الموافق 2013/12/12, وأنه في حالة عدم سداد مصروفات التحكيم المقررة على النحو السالف البيان فإن الأمر سيعرض على هيئة التحكيم لتقرر ما تراه مناسبا على النحو الذي ورد بقرارها بالجلسة الإجرائية الأولى المشار إليها ومن ذلك إيقاف إجراءات التحكيم لحين سداد المصروفات.

(18) بتاريخ 2013/12/9 ورد عبر البريد الإلكتروني لهيئة التحكيم خطاب من الأستاذ/أحمد الديريني محامي الشركة المحتكم ضدها تضمن إعلام رئيس هيئة التحكيم بالآتي:

أولا:- أنه بالنسبة لعدم قيام الشركة المحتكمة بسداد حصتها من مصروفات التحكيم المقررة من هيئة التحكيم فإنه يتمسك بضرورة إلزامها بسداد حصتها في الأوقات المحددة لها من هيئة التحكيم وعدم جواز ربط سداد حصتها بأي إجراء آخر خاص بمتابعته لهيئة التحكيم وليس لطرفي التحكيم دخل فيه.

ثانيا:- أنه بخصوص سند الوكالة عن الشركة المحتكم ضدها فقد سبق وأن تعهدت الشركة في محضر الجلسة الإجرائية بتقديم التوكيل في أقرب وقت ممكن وأن عدم تقديم التوكيل لا يعفي الشركة المحتكمة من إيداع حصتها في المصروفات المقررة من قبل هيئة التحكيم وأن هذا التوكيل بمثابة تمثيل حضور واتخاذ إجراءات عن الشركة المحتكم ضدها وليس إجراء يتوقف من أجله إجراء إجراءات التحكيم ولكن كل ما يترتب عليه عدم حضور أي أحد عن الشركة المحتكم ضدها بجلسات التحكيم وكأنه غيابيا فقط.

ثالثا:- أما فيما يخص البت في مسألة قبول أو رفض اختيار مركز القاهرة الإقليمي للتحكيم التجاري الدولي كمكان لانعقاد التحكيم وتطبيق لائحته فإنه لم يتم طرح هذه المسألة بمحضر الجلسة الإجرائية للتحكيم, ولم تثار كذلك كمسألة تم عرضها على هيئة التحكيم رسميا, ويكون للشركة المحتكمة احتفاظها بحقها في إبداء هذا الطلب أو الاقتراح بعريضة طلباتها للشركة المحتكم ضدها للرد على هذا الاقتراح من خلال مذكرة في المدة المحددة لها للرد على ادعاءات الشركة المحتكمة.

رابعا:- أن طلب الشركة المحتكمة إفادتها بصورة من سند الوكالة في التحكيم الصادر لممثلي الشركة المحتكم ضدها من صاحب الصفة والممثل القانوني لها, فإنه وفقا للمدون بالسجل التجاري ساري المفعول للشركة المذكورة, وأن الشركة المحتكمة لم تقدم صورة رسمية حديثة من السجل التجاري لها لبيان صفة مصدر التوكيل ولم تحصل الشركة المحتكم ضدها على صورة منه وأن مسألة إيداع توكيل ممثل الشركة المحتكم ضدها هو أمر متفق عليه بمحضر الجلسة الإجرائية ولم يتحدد موعد له ولم يترتب عليه أي أثر سوى عدم حضور ممثل الشركة المحتكم ضدها جلسات التحكيم أو اتخاذ أي إجراء لحين تقديم التوكيل الصحيح.

9

(19) بتاريخ 2013/12/10 قدمت شركة هورس للسياحة والسفر المحتكمة لأمين سـر التحكيم صــورة ضــوئية من قسـيمة توريد حصــة الشـركة المحتكمة في المصــروفات المبدئية للدعوى التحكيمية عاليه والبالغ مقدارها خمسـة وعشـرون ألف دولار في حسـاب رئيس هيئة التحكيم وفقا لقرار هيئة التحكيم الصادر بالجلسة الإجرائية الأولى المنعقدة بتاريخ 2013/11/28.

(20) بتاريخ 2013/12/10 قام رئيس هيئة التحكيم بإرسال خطابات إلى أطراف التحكيم والسادة أعضاء هيئة التحكيم وذلك عبر البريد الإلكتروني المدعوم بالبريد المسـجل تضــمن إخطارهم جميعا بالخطاب الوارد لهيئة التحكيم بالبريد الإلكتروني من الأستاذ /أحمد الدريني محامي الشركة المحتكم ضدها سالف البيان وكذا بحضور مندوب عن شركة هورس للسياحة والسفر المحتكمة وقام بتسليم أمين سر التحكيم صورة ضـوئية من قسـيمة توريد حصـة الشـركة المحتكمة في المصـروفات المبدئية للدعوى التحكيمية عاليه.

<u>(21) بتاريخ 2013/12/28 قامت الشــركة المحتكمة (قبل التحفظ عليها) بإيداع بيان الدعوى التحكيمية وعدد سـت حوافظ مسـتندات وعدد كرتونتين مسـتندات ضـد الشـركة المحتكم ضـدها ووزير النقل العراقي .</u>

وقد ورد بيان الدعوى في عدد ستين صفحة اختتم بالطلبات الآتية :

أولا:- قبول طلب التحكيم.

ثانيا:- وفي الموضوع القضاء للشركة المحتكمة:

1- بإلزام المحتكم ضدهما برد مبلغ 103,666,858 دولار( فقط مائة وثلاثة مليون دولار وستمائة ست وستون ألفا وثمانمائة ثمان وخمسـون دولار لا غير) قيمة ما تم إنفاقه فعليا لتنفيذ الالتزامات الواردة بعقد الوكالة من المصــروفات العمومية والأصــول الثابتة المشـتراه واسـتحقاقات وكلاء الباطن وتكاليف الحصــول على الوكالة ومصـاريف عقود الشــحن وتكلفة الحملات الإعلانية وتكاليف دراسـة الجدوى والتأمينات لدى الغير والغرامات.

2- بإلزام المحتكم ضدها بسـداد مبلغ مائة مليون دولار على سـبيل التعويض عن الإنهاء والإيقاف غير المشروع والتعسفي لعقد الوكالة.

3- بإلزام المحتكم ضدهما بسداد مبلغ 497096579 دولار( أربعمائة وسبعة وتسعون مليون دولار وستة وتسـعون ألف وخمسـمائة وتسـعة وسـبعون دولار أمريكي لا غير) قيمة العمولات المسـتحقة للشـركة المحتكمة عن العمليات التي نفذتها المحتكم ضدها الأولى طوال مدة تنفيذ العقد.

4- بإلزام المحتكم ضـدهما ب 11% وبمـا لا يقل عن فائدة البنك المركزي من قيمة إجمالي المطالبة كفوائد قانونية بدءا من تاريخ المطالبة.

5- بإلزام المحتكم ضدهما بسـداد مبلغ بسـداد مبلغ خمسـمائة مليون دولار كتعويض عن الضـرر الأدبي الذي لحق الشركة المحتكمة نتيجة إنهاء وإيقاف الوكالة.

6- بإلزام المحتكم ضـدهما بسـداد كل تكلفة التحكيم وخصــوصــا أمانة ومصــروفات التحكيم وأتعاب المحكمين وأتعاب المحاماة عن الشركة المحتكمة.

7- إلزام المحتكم ضدهما بسداد كافة مصاريف ورسوم الصيغة التنفيذية على حكم التحكيم.

**10**

8ـــ إلزام المحتكم ضدهما بأن يؤديا 5000 دولار (فقط خمسة آلاف دولار أمريكي) عن كل يوم يمتنعا فيه عن تنفيذ حكم التحكيم من تاريخ صدوره.

مع احتفاظ الشـــركة المحتكمة بالحق في تعديل وزيادة المطالبات مســـتقبلا وبحقها في إتخاذ الإجراءات التحفظية, وغيرها من الحقوق القانونية.

ـ هذا وقد افتتحت الشـــركة المحتكمة بيان دعواها التحكيمية بســـرد لوقائع النزاع حيث قالت أن الوقائع تخلص في أنه بتاريخ 2001/1/30 أبرمت الشـــركة المحتكمة مع الشـــركة المحتكم ضـــدها عقدا تحصـــل بموجبه على الوكالة العامة والحصـــرية في تمثيل الخطوط الجوية العراقية لبيع التذاكر للمسافرين وتقديم خدمات الشـــحن الجوي وكافة الخدمات اللازمة للطائرات العراقية بالمطارات المصرية مقابل نسـبة يتم تحصيلها من العائد, إلا أن الشركة المحتكم ضدها تنصلت من التزاماتها وعرقلت تنفيذ العقد, وقد فشلت كل المحاولات الودية لتسوية النزاع التي استمرت لأكثر من ست سنوات وهو ما دعا الشركة المحتكمة للجوء إلى التحكيم إعمالا للبند 16 من العقد الأساسي وملحقه والذي ينص على:

"1. في حالة حدوث أي نزاع يتعلق بتفسير أو تطبيق هذه الإتفاقية , فعلى كلا الطرفين أن يبذلا الجهود القصوى لحل هذا النزاع فيما بينهم بالطرق المناسبة خلال 3 أيام فقط وإن لم يتم التوصل لإيجاد حل يجب عليهم أن يختاروا لجنة التحكيم بالطرق الآتية:

1 . يقوم الطرف الأول بتعيين محكم.

2 . يقوم الوكيل العام بتعيين محكم.

3ـيقوم محكمين كلا الطرفين بالتشاور فيما بينهم بتعيين رئيس للجنة وإذا فشـلا في ذلك يقوم مدير منظمة الآياتا بتعيين رئيس لجنة التحكيم.

2 . تقوم لجنة التحكيم بتحديد إجراءاتها والقانون الحاكم.

3 . الطرف الخاسر سوف يتحمل كل التكلفة والنفقات الناجمة عن إجراء التحكيم."

كما نص البند 16 من ملحق عقد الوكالة الأساسي المبرم بتاريخ 2001/3/15 على أنه:

" يتولى الطرفان المتعاقدان حسـم كافة المسـتجدات والخلافات التي تظهر بينهما بالطرق الودية وفي حالة عدم التوصل إلى حسم ما يستجد من أمور أو خدمات بين الطرفين يحل عن طريق لجنة التحكيم يتفق عليها الطرفين المتعاقدين."

وأورت الشـــركة المحتكمة أنه في ضـــوء هذه النصـــوص يتم تحديد نطاق التحكيم والمســـائل التي يشملها على النحو التالي:

تحديد نطاق التحكيم وتحت هذا العنوان قالت الشـــركة المحتكمة أنه حيث أن طرفا النزاع قد اتفقا على إخضـــاع هذا التحكيم لقواعد القانون المصري من جميع الوجوه وهو ما يعني خضوعه لقانون التحكيم المصـــري رقم 27 لســـنة 1994 ولأحكام القوانين الموضـــوعية المصـــرية, وأنه حيث أن المادة (1) من قانون التحكيم المصري تعتبر التحكيم تجاريا إذا نشأ حول علاقة قانونية ذات طابع اقتصـــادي, عقدية كانت أو غير عقدية وأن النص المذكور ضـــرب عدة أمثلة على ذلك من بينها

**11**

الوكالات التجارية ومن ثم انتهت الشـــركة المحتكمة في بيان دعواها إلى اعتبار التحكيم الماثل تحكيم تجاري طبقا لهذا المعيار.

كما أضافت الشركة المحتكمة أن المادة (3) من قانون التحكيم نصـت على أن يكون التحكيم دوليا في حكم هذا القانون إذا كان موضـــوعه نزاعا يتعلق بالتجارة الدولية متى كان المركز الرئيسـي لأعمال كل طرف من طرفي التحكيم يقع في دولتين مختلفتين وهو ما اعتبرته الشـــركة المحتكمة متوافرا في هذه الدعوى التحكيمية لتكون متعلقة بتحكيم تجاري دولي في حكم القانون المصــــري وتسري عليه أحكامه.

واسترسلت الشركة المحتكمة في بيان دعواها تحت عنوان المسائل التي يشملها شرط التحكيم أنه حيث تضمن البند 16 من عقد الوكالة الأساسي المعنون التحكيم النص على أنه يخضع للتحكيم أي نزاع يتعلق بتفسير أو تطبيق هذه الإتفاقية وهو ذات المضمون الذي تضمنه ذات البند 16في ملحق عقد الوكالة العامة المؤرخ 2001/3/15 وأنه بناء على ذلك يمكن تحديد المسائل التي يشملها شرط التحكيم بأنها تشـــمل كافة المنازعات الناشـئة عن أو المتصـلة بعقد الوكالة ومنها ما يتعلق بتنفيذ الشــركة المحتكمة لالتزاماتها الناشئة عن عقد الوكالة وطلبها الحكم بالتعويضــات عن الأضــرار المادية والأدبية التي ترتبت على الخطأ الجسيم للمحتكم ضدها في عدم الوفاء بالتزاماتها التعاقدية وتكرار الإيقاف التعسفي وغير المشروع للعقد.

وفي معرض مواصــلة الشـــركة المحتكمة لعرض بيان دعواها قالت أنه يقتضـــي تفصــيل النقاط التالية:

<u>أولا الإطار الذي يحكم العلاقة التعاقدية بين الشـــركتين المحتكمة والمحتكم ضـــدها، وتحت هذا العنوان أفادت بأن هذا الإطار يتمثل في ثلاث اتفاقات هي.</u>

أ-اتفاقية الوكالة العامة المؤرخة 2001/1/30 عقد الأسـاس والممهور بتوقيع كل من المدير العام للشـركة العامة للخطوط الجوية العراقية السيد/ ناجي المشهداني طرف أول وشركة هورس للسياحة والسفر طرف ثان.

ب-ملحق عقد الوكالة المؤرخ 2001/3/15 المبرم بين ذات الطرفين سـالفي الذكر والموقع من ذات المدير العام السيد/ ناجي المشهداني.

ج-اتفاق بين ذات الطرفين بإعادة تفعيل عقد الوكالة وملحقه (مثبت بمحضـــر إجتماع) مؤرخ 2005/8/29 والموقع من الكابتن/ عبد علي عبود رئيس مجلس الإدارة – المدير العام للشركة العامة للخطوط الجوية العراقية-

وقد عرضـت الشـــركة المحتكمة في سـياق وإطار الاتفاقات الثلاثة ســالفة الذكر مجموعة من الالتزامات الواقعة على عاتق كل من الطرفين على النحو التالي:

1-التزامات الوكيل العام (الشـــركة المحتكمة) وفقا لعقد الوكالة العـامة المؤرخ 2001/1/30 وقالت المحتكمة أنها محددة في البند رقم 6 وتشـتمل على مزاولة الطرف الثاني لمهام الخدمات والتسـويق على النحو التالي:

أ-تسويق وعمل الدعاية اللازمة لمزاولة أعمال الطرف الأول وتعيين الموظفين المختصين لمزاولة ذلك بكفاءة.

12

ب-توفير وإصلاح وتجديد الأماكن اللازمة لمزاولة أعمال الطرف الأول في بلد الوكيل العام(الطرف الثاني).

ج- إيصال الأمانات المسلمة من الطرف الرئيسي إلى أماكنها وفق تعليمات الطرف الأول.

د-إصدار تذاكر الطيران أو فواتير الخطوط الجوية أو إخطارات الشحن أو أمر دفع المصروفات المختلفة أو كلهم معا أو مستندات النقل الأخرى أو إصدار تذاكر مدفوعة الأجر وتنفيذ الأعمال الكتابية الخاصة بها.

هاء-زيارة شركات السياحة والمكاتب الأخرى والأفراد والهيئات لتنشيط مبيعات الطرف الأول.

ف-إمداد جميع مكاتب الطرف الأول ووكلاءه ووكلاء الباطن بالمطبوعات والنشرات التسويقية والتعليمات المناسبة من وقت لآخر وكذا المستندات الخاصة بتسوية الحساب بين الوكيل العام ومندوبين المبيعات السابق ذكرهم.

ق-توزيع جداول الطيران أو المطبوعات الورقية الأخرى الخاصة بمواعيد الرحلات الجوية والتى يوفرها الطرف الأول عندما يطلبها الوكيل العام أو وكلاء الباطن من الفنادق أو مثيلاتها وكل هذه الأوراق سوف تبقى مملوكة للطرف الأول.

ك-بذل قصارى جهده لكسب ثقة الطرف الأول وتمثيله أمام الجهات الحكومية والإقليمية وكذا الهيئات العامة والصحافة والمؤسسات والتفاوض مع الجهات الحكومية والقضائية التي لها سلطة على خدمات النقل الجوي في إقليم الطرف الأول.

ل-تزويد الطرف الأول بالإحصاءات أول بأول وكذا التقارير التي يتطلبها الطرف الأول.

م- تزويد الطرف الأول بالمعلومات الضرورية الخاصة بجميع القوانين وجميع المستجدات في هذا الشأن طبقا لهذه الإتفاقية.

ن-أداء جميع الخدمات التي يلتزم الطرف الأول بتقديمها والخاصة بشركات الطيران الأخرى وفق تعليمات الطرف الأول.

2- <u>التزامات الشركة المحتكمة الواردة بملحق عقد الوكالة المؤرخ 2001/3/15.</u>

أوضحت الشركة المحتكمة أن هذه الالتزامات وردت في البنود من البند الرابع إلى البند العشرين من ملحق العقد على النحو التالي:

4-يتحمل الطرف الثاني رواتب موظفي مكتب الخطوط الجوية العراقية (الطرف الأول) في القاهرة ومطار القاهرة, ويلتزم الطرف الثاني ويتحمل كافة استحقاقات الموظفين المذكورين وفق الأحكام والتشريعات القانونية المطبقة في هذا المجال, وأن عدد الموظفين المنسبين قابل للزيادة حسب ظروف العمل وبموافقة تحريرية صادرة من الطرف الأول.

5-يتحمل الطرف الثاني أجور وكلف النداءات الهاتفية والتلكس والفاكس الصادرة من مكتب الطرف الأول في القاهرة إلى مركز الشركة في بغداد ووكلائه ومكاتبه في الخارج مع تحمله أجور الماء والكهرباء والتكييف وأجور رسوم التأمين على المكتب والسيارة والتسجيل والكفالة على السيارة.

6-يلتزم الطرف الثاني بدفع الإيجار السنوي لمكتب الطرف الأول في كل من مدينة القاهرة ومكتب الشركة في مطار القاهرة ابتداء من تاريخ تحمله مسئولية الوكالة كما يتحمل أية مصروفات أو نفقات تترتب على زيادة بدلات الإيجار وفق التشريعات القانونية النافذة.

13

7-يتحمل الطرف الثاني راتب محامي الطرف الأول والمنسب للعمل والبالغ (500) خمسمائة جنيه مصري شهريا وأن الراتب قابل للزيادة وبموافقة تحريرية من قبل الطرف الأول.

8-يتحمل الطرف الثاني رسوم وأجور الاشتراك السنوي للسيتا والتلكس والمحطة اللاسلكية في المطار وجهاز الحجز ( ) ورسوم الاشتراك في لجنة شركات الطيران العامة.

9-يتحمل الطرف الثاني أجور التنظيف والأدامة والصيانة لمكاتب الطرف الأول في القاهرة وكذلك صيانة وإدامة الأجهزة العامة فيها.

10-يتولى الطرف الثاني وعلى نفقته الخاصة تأمين احتياجات مكاتب الطرف الأول في القاهرة والمحطة من القرطاسية.

11-يلتزم الطرف الثاني بتحمل نفقات الدعاية والإعلان الضرورية لمكاتب الطرف الأول.

12-يتحمل الوكيل العام نفقات ومصاريف الضيافة وأجور الفنادق للموفدين الطرف الأول - الرسميين والهيئات والتبرعات وأية نثريات أخرى.

13-يلتزم الطرف الثاني بصيانة وإدامة المكتب وتأثيث المكتب للطرف الأول في المدينة والمطار وبما يتناسب ومكانته استعدادا للعمل المستقبلي وبالتنسيق مع مدير المكتب.

14-يلتزم الطرف الثاني بتحمل نفقات إشتراك موظفي المكتب بالدورات التدريبية والتطويرية التي يتطلبها سير العمل.

15-يتحمل الطرف الثاني تأمين الزي الموحد للموسمين الصيفي والشتوي للعاملين في مكتب الطرف الأول في المدينة والمطار.

16- ...............

17-يتعهد الطرف الثاني بتحديث سيارات المكتب والمطار خلال فترة الوكالة والتسجيل باسم الشركة العامة للخطوط الجوية العراقية وكما يلي:

أ- سيارة لإستخدام مدير المكتب في القاهرة وسيارة لمدير المحطة عند التشغيل.

ب- سيارة للضيوف الرسميين تبقي لدى الطرف الثاني وتطلب عند الحاجة من الطرف الأول.

ج- يتحمل الطرف الثاني صرف أجور الوقود والزيوت إلي سيارات المكتب في المدينة والمطار والتي يتم استخدامها من قبل الموظفين.

18-يتحمل الطرف الثاني بتصفية وتسديد كافة المبالغ والديون المترتبة بذمة الطرف الأول من تاريخ غلق المكتب عام 1991 التأريخية أعلاه وحسب الكشف المرفق.

19-يبذل الطرف الثاني المساعى لدى هيئة ميناء القاهرة الجوي وشركة مصر للطيران بخصوص المبالغ المستحقة لهما قبل الطرف الأول والسير نيابة عنه في إجراءات إلغاء أو تخفيض الديون مع الجهات المعنية لصالح الطرف الأول.

20-إشارة إلى الفقرة (34 من عقد الوكالة القياسية الموقع بين الطرفين) فإن الطرف الثاني يتعهد بما يلي:

أ- تقديم كفالة مصرفية بمبلغ (200000) مائتا ألف دولار حال بدء التشغيل واستلام المستندات السفرية الخاصة بالطرف الأول وممارسة النشاط التجاري من خلالها.

14

بـ تقديم كفالة مصرفية بمبلغ (100000) مائة ألف دولار كضمان لحقوق الشركة حاليا وتستبدل بالفقرة أ عند بدء التشغيل.

3ـ التزامات الشركة المحتكمة في اتفاق إعادة تفعيل عقد الوكالة المؤرخ 2005/8/29

وفي بيان ذلك قالت الشركة المحتكمة أن الاتفاق أكد على الالتزامات المتبادلة الواردة بالعقد الأساسي وملحقه المؤرخ 2001/3/15 وأضــــافت أنه تجدر الإشارة إلى أنه وعلى أثر تغير توجهات الدولة العراقية بعد تغيير النظام القائم فيها قامت الشركة المحتكم ضدها بإنهاء عقد الوكالة للشــركة المحتكمة بموجب خطابها المؤرخ 2004/12/2 برقم 417 الذي يفيد رغبة المحتكم ضدها في إنهاء اتفاقية الوكالة العامة اعتبارا من 1 شباط 2005 مع طلب اتخاذ الإجراءات اللازمة خلال 60 يوم, إلا أنه وبناء على عدة اجتماعات تمت بين الطرفين قررت الشــــركة المحتكم ضــدها إعادة تفعيل عقد الوكالة وملحقه واعتبار رغبتها في إنهاء الوكالة كأن لم تكن وتأكيد استمرار الشركة المحتكمة (هورس للسياحة والسفر) وكيلا عاما وحصريا للشركة المحتكم ضدها واعتبار ملحق العقد المؤرخ 2001/3/15 وما ورد بمحضـــر اجتماع 2005/8/29 جزء لا يتجزأ من عقد الوكالة العامة بين الطرفين ويلغى كل ما يخالف ذلك.

وأضافت الشــركة المحتكمة في معرض شــرح بيان دعواها أنه بمطالعة بنود هذا الاتفاق يتضــح أن الشركة المحتكمة قد قامت بالوفاء بجميع التزاماتها الواردة في عقد الوكالة الأساس المؤرخ 2001/1/30 وملحقه المؤرخ 2001/3/15 واتفق الطرفان على أن تقوم الشــركة المحتكمة باســتكمال ما تبقى من تشــطيبات بمكتب المحتكم ضــدها بالقاهرة والقيام بحملات إعلامية جديدة للترويج للخطوط الجوية العراقية وهو ما تم بالفعل إنجازه والانتهاء منه في حينه .

وعقب ذلك عرضــت الشــركة المحتكمة في بيان دعواها للالتزامات الملقاة على عاتق الشــركة المحتكم ضــدها وفقا لذات الأطر التعاقدية الثلاث الســالف الإشــارة إليها حيث أورت بأن الشــركة المحتكم ضــدها تلتزم في ضــوء ذلك بمجموعة من الالتزامات الجوهرية اللازمة لتمكين الشــركة المحتكمة من أداء العمل المنوط بها وهي:

أ ـ التزامات وفقا لعقد الوكالة العامة المؤرخ 2001/1/30.

- التزام الشركة المحتكم ضدها بإمداد الوكيل العام بمستندات الحركة (تذاكر الطيران) (بند 1/10).

- التزام الشركة المحتكم ضدها بسداد عمولة الشركة المحتكمة (وفقا للتفصيلات الواردة بالبند رقم 11).

- التزام المحتكم ضدها بإمداد الوكيل العام بكافة أنواع التذاكر والمستندات (بند 6 -12).

- الإلتزام بعدم إلغاء الوكالة, إلا بعد توجيه إنذار مكتوب بالإلغاء ومرور 60 يوم على الأقل من توجيه الإنذار(بند 23).

ب ـ وفقا لملحق عقد الوكالة العامة المؤرخ 2001/3/15.

- إلتزام الشركة المحتكم ضدها بالوفاء بكافة الالتزامات التعاقدية إعمالا لمبدأ حسن النية في تنفيذ العقود.

- الإلتزام بتجديد عقد الوكالة باتفاق الطرفين وحظر إنهاؤه بالإرادة المنفردة(بند 21).

جـ الالتزامات وفقا لإتفاق إعادة التفعيل المؤرخ .

- الإلتزام بتنفيذ ما تم الإتفاق عليه من إعادة تفعيل عقد الوكالة في 2001/1/30 وملحقه المؤرخ 2001/3/15 (بند رقم 1).

**15**

- الإلتزام بتسليم المستندات "السفرية" للشركة المحتكم ضدها (بند 2).

- الإلتزام بتسليم المستلزمات الفنية المتضمنة شهادة الطائرات والتأمين عليها وتسجيلها لتسليمها مع جدول التشغيل إلى سلطات الطيران المدني لغرض دراساتها واستحصال موافقات التشغيل (بند 4).

- الإلتزام بالتجديد التلقائي لعقد الوكالة وعدم إلغاءه بالإرادة المنفردة (بند 10).

- الإلتزام بتمكين الوكيل العام (الشركة المحتكمة) من الاستمرار بالعمل بالوكالة العامة الممنوحة له بالعقد المؤرخ 2001/1/30 مع اعتبار ملحق العقد المؤرخ 2001/3/15 وكذا الإتفاق الموقع في 2005/8/29 جزء لا يتجزأ من عقد الوكالة العامة الموقع من الطرفين وإلغاء ما يخالف ذلك (بند 12).

ـوعقب أن قامت الشركة المحتكمة بسرد التزاماتها التعاقدية والتزامات الشركة المحتكم ضدها , انتقلت في البند الثالث من بيان دعواها إلى بيان تنفيذ عقد الوكالة وإنهائه في ضوء ما أسمته أطر التعاقد الثلاث التي أسلفت بيانها ,وذلك كما يلي:

أ_مدة التنفيذ وكيفية إنهائه وفقا لعقد الأساس, في هذا الشأن قالت الشركة المحتكمة أنها وكيل عام واحد في مصر وفقا للبند (1) من عقد الوكالة الأساس المؤرخ 2001/1/30, كما أنها صاحبة وكالة حصرية (بند 2) دون تحديد لمدة زمنية لانتهائه, وأضافت أنه يتبين من ذلك أن عقد الأساس للوكالة لم يحدد إطار زمني له, وبالتالي تعد وكالة عامة مفتوحة, الأصل فيها أنه لا يحق لأي من طرفيها إلغاؤها والاستثناء هو قيام أيا منهما بإنذار الآخر كتابة برغبته في الإلغاء قبل قيامه به بفترة لا تقل عن 60 يوم, الأمر الذي أكدت معه الشركة المحتكمة في بيان دعواها على عدم جواز إنهاء الوكالة بالإرادة المنفردة .

ب_مدة تنفيذ العقد وإنهائه في ملحق العقد المؤرخ 2001/3/15, أوردت الشركة المحتكمة أن ملحق العقد مدته ثلاثة سنوات تبدأ من بعد التشغيل لطائرات الشركة المحتكم ضدها وممارستها للنشاط التجاري, وهذه المدة قابلة للتجديد باتفاق الطرفين ولمدد غير محددة (بند 21 من الملحق) وعلقت الشركة المحتكمة على هذا الأمر بأنه يعني التأكيد على ما ورد بالعقد الأساس من أنه غير محدد المدة ولا توجد أي إشارة للإلغاء أو الإنهاء في ملحق العقد.

ج ـــــ مدة تنفيذ العقد إنهاءه في اتفاق إعادة التفعيل المؤرخ 2005/8/29, في هذا الشأن ذكرت الشركة المحتكمة أن مدة العقد 3 سنوات من تاريخ التشغيل الفعلي على أن تجدد تلقائيا لمدة مماثلة أخرى وتجدد هكذا ما لم يخطر أحد الطرفين الآخر بعدم رغبته بالتجديد قبل انتهاء المدة المجددة بستون يوما على الأقل بخطاب موصى عليه بعلم الوصول ولا يجوز لأي من الطرفين طلب الفسخ أو عدم التجديد إلا إذا وقع خطأ جسيم من الطرف الآخر.

وعلى ما تقدم أوردت الشركة المحتكمة في بيان دعواها أن طلب الفسخ أو عدم تجديد أحد الطرفين مرهون بوقوع خطأ جسيم من الطرف الآخر وأن عقد الوكالة محل النزاع هو عقد غير محدد المدة ويتجدد تلقائيا ولا يجوز إلغائه بالإرادة المنفردة على النحو الوارد بعقد الأساس وملحقه المؤرخ 2005/8/29 وعلى ذلك يكون إنهاء العقد من المحتكم ضدها أو إيقافه مخالفا للالتزامات التعاقدية المتبادلة.

16

<u>وفى البند رابعا من بيان الدعوى التحكيمية والمعنون تكرار إعاقة تنفيذ العقد من جانب الشـركة</u> <u>المحتكم ضدها بقرارات تعد انتهاكات جسيمة لعقد الوكالة</u> قالت الشركة المحتكمة أن الشركة المحتكم ضدها قد قامت بإنهاء العقد بالإرادة المنفردة في 2004/12/2 إذ صدر منها خطاب موجه إليها برقم 417 معنون "إنهاء الوكالة العامة" يفيد رغبة المحتكم ضـدها إنهاء اتفاقية الوكالة العامة وذلك إعتبارا من 1 شـباط (فبراير) 2005 دون ذكر أية أسـباب أو مخالفات للعقد, وأضافت الشـركة المحتكمه أن ما ورد بصدر هذا الخطاب يتبين منه أن الرغبة في الإنهاء تستند إلى توجهات الدولة العراقية الجديد التي تعتبر التعاقدات التي تمت في ظل النظام العراقي السـابق ومنها عقد الوكالة محل النزاع لا تخدم الأهداف الاقتصادية للشركة المحتكم ضدها وهو ما ارتأت معه الشركة المحتكمة أنه يؤكد عدم وجود إخلال من جانبها بأي التزامات واردة بعقد الوكالة وملحقه.

<u>وتحت عنوان تراجع المحتكم ضـدها عن إنهاء الوكالة والتزامها بإعادة تفعيلها في 2005/8/29</u> أوردت الشـركة المحتكمة أنه على أثر اجتماعات بين الطرفين يومي 2005/8/26 و 2005/8/27 التزمت الشـركة المحتكم ضدها بموجب محضـر اجتماع في يوم 2005/8/29 بإعادة تفعيل عقد الوكالة وملحقه وأكدت المحتكم ضـدها فيه على اسـتمرار الوكالة وفقا لعقد الأسـاس وملحقه وإلغاء كل ما يخالف ذلك وأورت الشـركة المحتكمة في هذا الشـأن أنه يتضــح من هذا الاتفاق أن خطاب إنهاء الوكالة المؤرخ 2004/12/2 كان على غير سند صحيح من القانون ومن العقد ويعد إجراءا تعسفيا وانتهاكا جسيما لبنود أطر العلاقة التعاقدية.

<u>وتحت عنوان إنهاء الوكـالة بـالإرادة المنفردة للمرة الثانية في 2005/11/14</u> أوردت الشـركـة المحتكمة أنه على خلاف ما ورد بمحضـــر اجتماع الطرفين المؤرخ 2005/8/29 والذي يفيد قيام الشـركة المحتكمة بالوفاء بكافة التزاماتها التعاقدية وفقا لما جاء بعقد الأسـاس وملحقه قام المدير العام للشـركة المحتكم ضـدها الطيار/ عبد علي عبود بإنهاء الوكالة العامة في مصر المبرم مع الشــركة المحتكمة اعتبارا من 2005/12/1 وذلك بدعوى مخالفة للحقيقة بعدم وفاء الشــركة المحتكمة بالتزاماتها, وأضــافت الشــركة المحتكمة أن هذا الادعاء ورد على الرغم من أن الحقيقة الجلية لهذا القرار هي كما وضـحت إذ ورد بهذا القرار "نظرا لإعادة التشـغيل لطائرات شركة الخطوط الجوية العراقية من وإلى مصر".

واسترسلت الشركة المحتكمة في بيان دعواها أنه يؤكد أن الدافع الحقيقي لهذا القرار وهو قيام المحتكم ضدها بالتشـغيل المباشر وحرمان الشركة المحتكمة من حقوقها الواردة بالإطار التعاقدي للوكالة, وهو ما يؤكده قرار لاحق صـدر من نفس السـلطة المختصـة بعده بيومين في 2005/11/16 بإيقاف الوكالة.

<u>وتحت عنوان تراجع المحتكم ضدها عن إنهاء الوكالة وإصدار قرار بإيقافها بتاريخ 2005/11/16</u> أوضحت الشركة المحتكمة أنه بعد يومين من صدور قرار إنهاء الوكالة صدر قرار آخر من نفس المدير العام للشركة المحتكم ضدها الطيار/عبد علي عبود معنون "إيقاف وكالة"الشركة المحتكمة بزعم عدم الالتزام ببنود عقد الوكالة العامة وملحقه ومحضـر الاجتماع المؤرخ 2005/8/29 وارتكاب الشـركة المحتكمة لعدد من المخالفات التي لا أسـاس لها من الواقع وأضافت الشـركة

17

المحتكمة في هذا الشأن قولا أن الباعث على إصدار قرار إيقاف الوكالة هو رغبة الشركة المحتكم ضدها في التشغيل المباشر من خلال مكتبها بالقاهرة كما ورد بعجز قرار الإيقاف صراحة وأضافت أنه يتضح من ذلك جليا أن صدور قراري إنهاء الوكالة وإيقافها كان يستند على توجهات الدولة في العراق الجديد بعد إسقاط النظام السابق وهو ما يؤكده كما أوضحت الشركة المحتكمة كتاب الأمانة العامة لمجلس الوزراء العراقي المرقم (ق 2098/1/6) في 2005/5/8 والذي صنف الشركة المحتكمة واعتبرها من قبيل الشركات "الواجهية" وأضافت الشركة المحتكمة أيضا قولا أن هذا هو ما يثبت مرة أخرى أن قراري الإنهاء والإيقاف لا سند لهما من الواقع أو القانون, ومن ثم يفتقدان إلى المشروعية.

واختتمت الشركة المحتكمة البند الرابع من بيان دعواها أنه يبين مما تقدم أن عقد الوكالة مازال ساريا حيث أن قرار الإنهاء في 2005/11/14 لا يرتب أي أثر لمخالفته شروط العقد والقانون فضلا عن صدور قرار لاحق في 2005/11/16 بإيقاف الوكالة الأمر الذي يؤكد وكما قالت أن العقد مازال قائما بين الطرفين المحتكمة والمحتكم ضدها.

وبالبند الخامس من بيان الدعوى المعنون التكييف القانوني للعقد الذي نشأ عنه النزاع تحدثت الشركة المحتكمة في الفقرة أ- عن الطبيعة القانونية للعقد محل النزاع فقالت أن الطرفان بعقد الوكالة الأساس المؤرخ 2001/1/15 اتفقا على مسمى العقد حيث عنون "باتفاق وكالة عامة" وجاء ملحق العقد بعنوان "ملحق عقد الوكالة العامة الموقع بين الشركة العامة للخطوط الجوية العراقية وشركة هورس للسفر والسياحة" وأضافت في ذات السياق أن المادة 699 من التقنين المدني المصري أوردت تعريفا لعقد الوكالة بأن:"الوكالة عقد بمقتضاه يلتزم الوكيل بأن يقوم بعمل قانوني لحساب الموكل", كما أن المادة 148 من قانون التجارة المصري رقم 17 لسنة 1999 في باب الوكالة التجارية نصت على أن" تطبق أحكام الوكالة التجارية إذا كان الوكيل محترفا إجراء المعاملات التجارية لحساب الغير".

وقالت المحتكمة بأنه حيث نظم قانون التجارة المصري بعض أنواع الوكالات التجارية ومنها وكالة العقود في المواد من 177 إلى رقم 191,وأنه بالنظر إلى هذه المواد يتبين أن المادة 177 تنص على أن "وكالة العقود عقد يلتزم بموجبه شخص بأن يتولى على وجه الاستمرار وفي منطقة نشاط معينة نشاط الترويج والتفاوض وإبرام الصفقات باسم الموكل ولحسابه مقابل أجر".

وأن المادة 179 نصت على أنه" لا يجوز للموكل أن يستعين بأكثر من وكيل عقود واحد في ذات المنطقة ولذات الفرع من النشاط, كما لا يجوز لوكيل العقود أن يكون وكيلا لأكثر من منشأة تمارس ذات النشاط وفي ذات المنطقة".

كما أوردت الشركة المحتكمة نص المادة 180 والتي نصت على أنه"يجب أن يثبت عقد وكالة العقود بالكتابة وأن يبين فيه بوجه خاص حدود الوكالة وأجر الوكيل ومنطقة نشاطه ومدة العقد إذا كان محدد المدة ",وأنه بمراجعة بنود عقد الوكالة محل التحكيم يتبين أنه يعد صورة من صور"وكالة العقود" التي خصها قانون التجارة المصري بالتنظيم في المواد سالفة الذكر

18

<u>وفي الفقرة ب من البند الخامس المعنون السمة الدولية للعقد قالت الشركة المحتكمة أن عنوان أطراف النزاع في العقد المبرم بينهما باتفاقية وكالة عامة</u> وحرر العقد باللغة الإنجليزية بعنوان "General Sales Agency Agreement" بين شركة الخطوط الجوية العراقية ومقرها الرئيسي ببغداد وشركة هورس للسياحة والسفر ومقرها الرئيسي في القاهرة.

وأضافت المحتكمة أن الطرفان اتفقا بموجب البند الثاني من العقد على أن الوكالة حصرية حيث ورد النص على: "الطرف الأول لن يعين طرف آخر لتنفيذ أي خدمات مشابهة لما جاء في بنود هذه الاتفاقية في نفس الإقليم" ولهذا أثره في تحديد مسئولية المحتكم ضدها عن إنهاء العقد بالإرادة المنفردة وسوء النية في مفاوضات إنهاء النزاع".

كذلك قالت الشركة المحتكمة أن الطرفان اتفقا على أن الوكيل العام "الشركة المحتكمة" يمثل الطرف الأول (الخطوط الجوية العراقية) داخل الإقليم من حيث بيع التذاكر للمسافرين والشحن الجوي (البند رقم /5- ب) وهو ما يرتب آثاره القانونية التي أفادت الشركة المحتكمة بأنه سيرد بيانها لاحقا.

كما أشارت الشركة المحتكمة إلى أن الطرفان اتفقا أيضا على أن تقوم الشركة المحتكمة بمهام تسويق وعمل الدعاية لأنشطة الطرف الأول (بند 1/6) وهو ما يرتب آثاره القانونية التي أوضحت الشركة المحتكمة أيضا أنه سيرد بيانها في بيان الدعوى لاحقا.

و أضافت المحتكمة أن من بين ما نص عليه العقد في البند (6/ب) إصدار تذاكر الطيران أو فواتير الخطوط الجوية أو إخطارات الشحن وكذا تمثيل الطرف الأول أمام الجهات الحكومية والإقليمية بند 6/ك وفي مقابل ذلك اتفق الطرفان على سداد عمولة للمحتكمة وفقا للنسب المحددة بالبند 11 وهو ما يظهر أثره لاحقا فيما يتعلق بإنهاء العقد بالإرادة المنفردة وفي المطالبات المالية التي قالت المحتكمة أنه سيرد بيانها في بيان الدعوى لاحقا.

كذلك أوردت المحتكمة أن الطرفان اتفقا بموجب نص البند 14 على مراعاة قواعد منظمة الآياتا الدولية, كما اتفقا أيضا في البند 16 على اللجوء للتحكيم لحل أي نزاع يتعلق بتفسير أو تطبيق اتفاقهما من خلال هيئة تحكيم ثلاثية على نحو ما أكده ملحق العقد بالبند 16 أيضا.

كذلك أوردت الشركة المحتكمة أن الطرفان قد اتفقا بموجب البند(1) من ملحق الإتفاقية على أن تسري شروط الإتفاقات الدولية التي تنظم عقد الوكالة على عقدهما.

وانتهت الشركة المحتكمة مما سبق إلى القول بأن العقد بذلك يصير عقدا دوليا إذ اتصلت عناصره القانونية بأكثر من نظام قانوني واحد, كما أضافت بشأن السمة الدولية للعقد محل النزاع وتعريفه أنه هو الذي ينطوي على رابطة تتجاوز الاقتصاد الوطني الداخلي لدولة معينة ويتعلق بمصالح التجارة الدولية ,وأنه يكون العقد محل النزاع عقدا دوليا لاتصاله بنظام قانوني لأكثر من دولة حيث أبرم بين شركة هورس المصرية والخطوط الجوية العراقية ببغداد ولتعلقه بتقديم خدمات تهدف إلى تشجيع حركة الأفراد والأشياء عبر الحدود وهو ما يؤدي إلى تنشيط السياحة والتجارة وغيرها بين البلدين وهو ما يجعل العقد متعلقا بمصالح التجارة الدولية وله أثره على الاقتصاد

19

القومي المصــري. واختتمت في بيان دعواها بالبند الخامس منه بأنه من كل ما تقدم يتضـح من العناصــر الســابقة والظروف المحيطة بإبرام العقد والتزامات الأطراف أن العقد يتعلق بعقد وكالة تجارية مع ما يترتب على ذلك من آثار.

وفي البند الســـادس من بيان الدعوى التحكيمية والذي عنونته الشـــركة المحتكمة تحديد القانون الواجب التطبيق قالت المحتكمة أن مبدأ ســلطان الإرادة هو المبدأ الحاكم في إختيار القانون الذي يحكم موضـــوع النزاع في العقود الدولية, وأن مقتضـــى ذلك المبدأ تطبيق القانون الذي يختاره أطراف العقد وأضـــافت أن ذلك هو ما تقره القوانين والاتفاقات الدولية ذات الصـــلة بالنزاع على نحو ما نص عليه القانون المدني المصري والعراقي في شـأن تحديد القانون الواجب التطبيق على العقود الدولية ذات العنصـر الأجنبي وعلى نحو ما نصـت عليه المادة 3 من اتفاقية روما في 19 يونيو 1980 بشـــأن القانون الواجب التطبيق على الالتزامات التعاقدية وكذا المادة 5 من اتفاقية لاهاي المبرمة في 14 مارس 1978 بشـأن القانون الواجب التطبيق على عقود الوكالة والوساطة, والمنضـــمة إليها مصـر في 6 يونيو 1978 وكذلك المادة 13 من لائحة محكمة التحكيم لدى غرفة التجارة الدولية بباريس.واستــرسـلت المحتكمة قائلة أنه بمراجعة نصـوص كل من عقد الوكالة المؤرخ 2001/1/30 وملحقه يتبين أنه: أ- وفي شـــأن تحديد القانون الواجب التطبيق بنص عقد الوكالة قالت المحتكمة وبمطـالعة شـروط التعاقد أنها اتجهت إلى تطبيق القانون المصـري وهو ما يتضح من 1-أن الاطراف قد اختارا القضاء المصري ليكون هو صـاحب الإختصاص الحصري في المنازعات الناشـــئة بينهما بالبند رقم 25- 2 من عقد الوكالة. 2- أن محل تنفيذ عقد الوكالة المبرم بين الطرفين هو الإقليم المصـــري.3- أن الطرفين قد ارتضـــوا عقد التحكيم في الإقليم المصري. ب- كما قالت المحتكمة أن تحديد القانون الواجب التطبيق تحدد بنص ملحق العقد , وأن هذا يتبين من مراجعة البند الأول من ملحق عقد الوكالة الذي ينص على أن" تســري شــروط الاتفاقيات الدولية التي تنظم عقد الوكالة على العقد " وأوردت المحتكمة أن ذلك يعني وجود اتفاق صـريح على إخضـاع عقد الوكالة وملحقاته للاتفاقات الدولية, ذات الصـلة التي تنظم الالتزامات والعقود الدولية بصفة عامة وعقد الوكالة بصفة خاصة وأنه بناء على ذلك يخضـع اتفاق الطرفين لكل من اتفاقية لاهاي لسـنة 1978 بشـــأن القانون الواجب التطبيق على عقود الوكالة التجارية واتفاقية روما لسنة 1980 بشأن القانون الواجب التطبيق على الالتزامات التعاقدية, وفي هذا الشأن أشـــارت المحتكمة إلى نص المادة 6 من اتفاقية لاهاي ســالفة الذكر والذي نص على أنه"في حالة عدم اختيار أطراف العقد للقانون الواجب التطبيق على النزاع فإن الأولوية في التطبيق تكون للقانون الداخلي للدولة التي يوجد بها المنشأة المهنية للوكيل أو محل إقامته المعتادة وقت إبرام العقد".

كما ذكرت الشـــركة المحتكمة أيضــا أن هذا ما ســبق يتفق مع اتفاقية روما لسـنة 1980, وانتهت المحتكمة مما تقدم إلى أنه يتضح من كل نصوص عقد الوكالة وملحقه أن القانون الواجب التطبيق هو القانون المصري بما يتضمنه من قواعد موضوعية بما في ذلك ما تضمنته الاتفاقيات الدولية التي صدقت عليها مصر.

20

واختتمت الشركة المحتكمة البند السادس من بيان دعواها بما قالت أنه وإزاء وجود نص صريح بملحق العقد على خضوع العقد للاتفاقيات الدولية يكون العقد خاضعا أيضا للاتفاقيات الدولية ذات الصــلة وقواعد وأعراف هذه النوعية من المعاملات عملا بنص المادة 3/39 من قانون التحكيم المصري رقم 27 لسنة 1994 والتي نصت على أنه: "يجب أن تراعي هيئة التحكيم عند الفصل في موضوع النزاع شروط العقد محل النزاع والأعراف التجارية في نوع المعاملة".

<u>وفي البند السابع من بيان الدعوى التحكيمية والذي عنونته الشركة المحتكمة القواعد الموضوعية الواجبة التطبيق على النزاع فيما يتعلق بعدم جواز إنهاء العقد بالإرادة المنفردة وما يترتب على ذلك من آثار</u> قالت الشركة المحتكمة أنه يتبين مما سبق وأن أوضحته يتبين أن القواعد الموضوعية الواجبة التطبيق توجد في القانون المصــري والاتفاقيات الدولية وأعراف التجارة الدولية المتعلقة بإنهاء عقد الوكالة التجارية وقد عرضـت الشــركة المحتكمة في هذا الشــأن ما قالت أنه القواعد الموضوعية في شأن عدم جواز إنهاء الوكالة محل النزاع بالإرادة المنفردة أن المشرع المصري نظم إنهاء الوكالة في كل من القانون المدني والقانون التجاري رقم 17 لســنة 1999 كما قالت أن محكمة النقض المصرية قد قضت بأن الوكالة تخضــع في انعقادها وانقضــاءها وسـائر أحكامها للقواعد العامة المتعلقة بعقد الوكالة في القانون المدني, فيما عدا ما يتضــمنه قانون التجارة من أحكام خاصـة بها وأشارت إلى ما قالت أنه حكم لمحكمة النقض المصرية (نقض مدني في 8 مارس 1966 ــ مجموعة أحكام النقض ــ س 17 رقم 71 صــ509) وأضافت في هذا الشأن أنه تطبيقا لما تقدم ووفقا لنص المادة 188 من قانون التجارة المصــري تنعقد وكالة العقود لمصــلحة الطرفين المشــتركة فإذا كان العقد غير محدد المدة فلا يجوز إنهاؤه دون خطأ من الوكيل, وإلا كان ملزما بتعويضه عما لحقه من ضرر من جراء عزله.

كما أوردت نص المادة 2/715 من القانون المدني التي تنص على أنه" إذا كانت الوكالة صــادرة لصــالح الوكيل أو لصــالح أجنبي فلا يجوز للموكل أن ينهي الوكالة أو يقيدها دون رضــاء من صـدرت الوكالة لصالحه".

وأوردت أيضــا إلى نص المادة 15 من قرار وزير التجارة الخارجية والصــناعة رقم 362 لسنة 2005 في شــأن تعديل بعض أحكام اللائحة التنفيذية لقانون تنظيم أعمال الوكالة التجارية وبعض أعمال الوساطة والتي يجري نصها على أنه "لا يجوز إلغاء الوكالات التجارية إلا بعد حصول الوكيل على مستحقاته وحقوقه الناشئة عن عقد الوكالة دون تقصــير سـواء كان العقد محدد المدة أو غير محدد المدة أو انتهى دون تجديد ... وحصول الوكيل على حقوقه وتعويضاته".

وقالت الشركة المحتكمة أيضــا أن نص المادة 188 تجاري قنن لمبدأ المصلحة المشتركة ولا يجيز الإنهاء بالإرادة المنفردة ويؤيده في ذلك نص المادة 2/715 مدني وأنه قد سـبق وأن بينت أن العقد محل النزاع غير محدد المدة ومن ثم فإنه لا يحق للشركة المحتكم ضدها (الموكل) أن تنهي العقد بإرادتها المنفردة لما يرتبه ذلك من ضرر بالغ للشركة المحتكمة وضياع أموالها التي أنفقتها على تنفيذ العقد وتظل الشركة المحتكم ضدها ملزمة بأداء حقوق الشركة المحتكمة.

**21**

وأوردت المحتكمة في بيان دعواها أن محكمة النقض قد أكدت هذا التفسير بمناسبة تطبيق المادة 715 من القانون المدني المصري في الطعن رقم 3715 لسنة 76 ق جلسة 2008/1/1 من الدائرة المدنية حيث قضت بأن "مفاد نص المادة 715 من القانون المدني وعلى ما جرى عليه قضاء هذه المحكمة أن الوكالة في حالة ما إذا كانت صادرة لصالح الوكيل أو الأجنبي لا يتم بالإرادة المنفردة للموكل, بل لا بد أن يشاركه في ذلك من صدرت لصالحه الوكالة وهو الوكيل في الحالة الأولى أو الأجنبي في الحالة الذي صدرت الوكالة لصالحه في الحالة الثانية, فإذا استقل الموكل بعزل الوكيل دون رضاء من صدرت لصالحه الوكالة, فإن تصرفه لا يكون صحيحا ولا يتم العزل وتبقى الوكالة قائمة وسارية رغم العزل". وانتهت المحتكمة إلى أن الادعاء بإنهاء الوكالة أو إيقافها مخالفا ليس فقط لمبدأ حسن النية ومبدأ وجوب مراعاة المصلحة المشتركة للطرفين ولكن أيضا مخالفا للقانون ولشروط العقد.

وفي الفقرة أ- من البند السابع من بيان الدعوى الذي عنونته المحتكمة بتعارض إنهاء عقد الوكالة بالإرادة المنفردة مع مبدأ المصلحة المشتركة للطرفين أوردت المحتكمة أن المصلحة المشتركة يقصد بها أن كل وكالة تتضمن نوعا من التعاون بين الوكيل وموكله, بحيث أن الوكيل يقوم بتنفيذ عمليات الوكالة التجارية بشكل يخدم كلا المصلحتين. وأضافت الشركة المحتكمة أن هذه هي الفكرة التي استخدمها المشرع المصري في المادة 188 من قانون التجارة رقم 17 لسنة 1999 في الفصل الخاص بتنظيم الوكالة التجارية والتي أوردت نصها بأن " تنعقد وكالة العقد لمصلحة الطرفين المشتركة".وأضافت أن هذا المبدأ أقرته التشريعات التجارية الحديثة في الدول العربية والأوربية حتى صار مبدا عاما من مبادئ القانون التي تعلو على القواعد القانونية وتعد مصدرا لها. وأضافت الشركة المحتكمة أن المستقر عليه في الفقه والقضاء أن احتكار الوكالة أو شرط " Exclusivite" يجعل الوكالة في صالح الوكيل فلا يجوز عزله في المدة المحددة للاحتكار إلا برضاه.

وتحت الفقرة ب من البند سابعا بعنوان مظاهر المصلحة المشتركة للشركة المحتكمة في عقد الوكالة محل النزاع قالت المحتكمة أنه في شأن إيضاح مصلحة الشركة المحتكمة المشتركة مع الشركة المحتكم ضدها يتبين أنه وإن كانت مصلحة المحتكم ضدها في تنفيذ بيع التذاكر وتقديم خدمات الشحن والسفر وتحقيق الربح فضلا عن الحفاظ على الاسم التجاري للشركة في سوق السياحة والطيران (رغم وجود الحظر الجوي على العراق الذي كان مفروضا عند توقيع العقد محل النزاع) فإن مصلحة الشركة المحتكمة تظهر في تنفيذ الوكالة وتلقي العمولة وتنمية نشاطها وأشارت إلى أن من الملاحظ أن شركة هورس المحتكمة أنشئت من أجل الحصول على الوكالة محل النزاع ولتنفيذها. وأضافت المحتكمة أن الأصل أن المحتكم ضدها تمارس عملها في مصر بمعرفتها ومن خلال مكتبها وموظفيها منذ فترة طويلة ثم قامت بمنح الوكالة عام 2001 للشركة المحتكمة التي نشأت خصيصا لتنفيذ عقد الوكالة وعينت موظفين مختصين وأقامت علاقات متنوعة لتنفيذ الوكالة في مقابل عمولات محددة بالعقد ومن ثم فإن الوكالة محل النزاع هو عقد

22

مقرر لمصلحة الطرفين على الرغم من أنه يعود على المحتكم ضـدها بنفع أسـاسـي يتمثل في المحافظة على أموالها واسمها التجاري وغير ذلك مما حققته.

وأضـافت المحتكمة أن الثابت من مطالعة عقد الوكالة العامة موضـوع النزاع أنه تضـمن النص على حق المحتكمة في تمثيل المحتكم ضـدها أمام الجهات الحكومية وغير الحكومية وغيرها على النحو الوارد بالبند رقم 5 /ب من العقد والتي تنص على "مع مراعاة نصوص هذه الإتفاقية فإن الوكيل يمثل الطرف الأول داخل الإقليم ..", وأن البند 6 الخاص بالخدمات المطلوبة من الوكيل العام تنص على أنه: " تشتمل مزاولة الطرف الثاني لمهام الخدمات والتسويق على الأتي:

أ-تسويق وعمل الدعاية اللازمة لمزاولة أعمال الطرف الأول وتعيين الموظفين المختصين لمزاولة ذلك بكفاءة. ب-توفير وإصلاح وتجديد الأماكن اللازمة لمزاولة أعمال الطرف الأول في بلد الوكيل العام.ج-إيصـــال الأمانات.د-إصـــدار تذاكر الطيران أو توفير الخطوط الجوية أو إخطارات الشـحن.و-.... ف-....ق-....ك-بذل قصارى جهده لكسب ثقة الطرف الأول وتمثيله أمام الجهات الحكومية والإقليمية وكذا الهيئات العامة والصـحافة والمؤسـسـات والتفاوض مع الجهات الحكومية والقضائية التي لها سـلطة على خدمات النقل الجوي في إقليم الطرف الثاني. وأضـــافت أن البند 9/أ نص على أن يلتزم الوكيل العام بمراقبة كل التعريفـات والقواعد والقوانين والتعليمـات والمعلومـات التي يقيمهـا الطرف الأول ويكون مسئولا عن تنفيذها داخل بلده هو ووكلاؤه. كما ذكرت البند رقم 11/1الخاص بالتعويض والمكافأة وأنه ينص على:" يقوم الطرف الأول بسـداد عمولة الوكيل العام على التذاكر الصـادرة على خطوط الطرف الأول سـواء الأسـاسـية أو الإضـافية أو اسـتئجار الطائرات أو رحلات الخطوط الجوية الأخرى", كما أوردت البند 11/2 الذي ينص على :"بالإضـافة إلى العمولة على المبيعات الموضـحة في الفقرة السـابقة سـوف يدفع الطرف الأول للوكيل العام نسـبة أخرى تشجيعية على كل المبيعات",وكذلك نص المادة 11/3بأنه:"على الرغم مما جاء بالبند المذكور أعلاه, فإن الطرف الأول يقوم بدفع العمولة (الأساسية أو التشجيعية) للوكيل العام عن التذاكر المسـتخرجة على أن يقوم الوكيل العام بإصـدار هذا التذاكر في بلده وأن يكون ثمنها مدفوعا مسبقا, إن لم يكن هناك مبيعات ولا عمولات إضافية معطاه إلى أي وكيل عمومي آخر للطرف الأول. كما أوردت نص البند 11/4 بأنه"بالرغم مما سـبق لا شـيء هنا سـوف يمنع الطرف الأول من تعويض الوكيل العام عن نفقاته إزاء متطلبات الطرف الأول أو تعليماته الإضافية".

واسـتنادا إلى ما سـردته فيما سـبق أوردت المحتكمة أن كل هذا يثبت أن الوكالة أبرمت تحقيقا للمصـلحة المشـتركة للطرفين ومصـلحة الشـركة المحتكمة أكبر وأظهر في بنود العقد وأضـافت كذلك أنه فيما يتعلق باحتكار الوكالة لصـالحها فقد نص البند 2 من عقد الوكالة على أنه " ما لم يتفق الطرفان على غير ذلك كتابة فإن الطرف الأول لن يعين طرف آخر لتنفيذ أي خدمات مشـابهة لما جاء في بنود هذه الإتفاقية في نفس الإقليم". وعلى ذلك انتهت المحتكمة إلى القول بأنه لا يكون من حق الموكل إنهاء الوكالة بالإرادة المنفردة لكونها وكالة حصرية تتعلق بالمصلحة المشتركة للطرفين, فإن خالف ذلك عد مرتكبا للخطأ الجسيم الذي يرتب المسئولية عن التعويض الكامل عن الضـرر الذي لحق الوكيل الشركة المحتكمة (هورس للسياحة والسفر).

23

-وبعنوان انتفاء الخطأ من جانب الشــركة المحتكمة قالت المحتكمة أنه إذا كان عقد الوكالة محل النزاع من العقود المقررة لمصـلحة الطرفين المشـتركة ومن ثم لا يجوز إنهاؤه بالإرادة المنفردة للموكل, فقد ورد بالمراسلات التي تبادلها طرفي الوكالة إدعاء المحتكم ضدها توافر الخطأ الجسيم في جانب المحتكمة, وأن هذا هو ما ترد عليه الشــركة المحتكمة بأن قبول شركة الخطوط الجوية العراقية إبرام ملحق العقد في عام 2005 وعند انتهاء الظروف التي منعت من التشــغيل الفعلي ومن ثم توافر الظروف المناسبة للتشـغيل بين مصـر والعراق والاتفاق في هذا الملحق بالبند رقم 1 منه على "إعادة تفعيل عقد الوكالة الموقع بين الشـــركة العامة للخطوط الجوية العراقية والوكيل العام شـركة هورس للسياحة والسفر المؤرخ 2001/1/30 وملحقه في 2001/3/15 كما تم التأكيد في البند 12 من ذات الملحق المؤرخ 2005/8/29 على أن يستمر الوكيل العام شركة هورس للسياحة والسفر بالعمل بالوكالة العامة الممنوحة له... ويلغى كل ما يخالف ذلك".

ومن ثم فإن الشـــركة المحتكمة قد أوردت أن في هذا إقرار من الموكل لأعمال الوكيل العام عن الفترة السـابقة على إبرام الملحق وإقرار أيضــا بأن الوكيل أوفي بكافة التزاماته التعاقدية, وإقرار بعدم وجود أي خطأ (يسـير أو جسـيم) في حقه وإلا ما كان عاد لإبرام ملحق العقد قابلا بموجبه بالشركة المحتكمة وكيلا عاما لمدة 3 سنوات تتجدد تلقائيا (البند 10).

كما قالت المحتكمة أنه لا يقبل أي زعم بوقوع خطأ من جانبها مسـتندة إلى أن الشـركة المحتكم ضدها قد جددت تعهدها بموجب ملحق للعقد الأصلي ومن ثم نفت عن الشركة المحتكمة أي خطأ سـابق على الملحق, وأن الزعم بإلغاء الوكالة تم بعد أسـابيع معدوده من إبرام الملحق المشـار إليه ولم يكن بدء التشـغيل قد تم ومن ثم لا يمكن إثبات أي خطأ في التنفيذ, وذهبت إلى أن المسـتندات المقدمة رفق الدعوى التحكيمية تثبت أن إنهاء الوكالة تم بناء على توجيهات النظام القائم عندئذ ومحاولة التنصـــل من كل الالتزامات التي أبرمت في ظل النظام الســابق على الغزو الأمريكي للعراق ومن ثم فلم يبن على أســباب قانونية أو واقعية. وقالت أن الثابت من مذكرة دفاع الممثل القانوني للشركة العامة للخطوط الجوية العراقية المقدمة بجلسة 2012/1/5 أمام الدائرة 62 تجاري بمحكمة استئناف القاهرة في الدعوى رقم 51 لسنة 128 قضائية وكذا بالإنذار الموجه من المحتكم ضدها للمحتكمة في 2012/3/6 عرضت إقتراح ملحق لعقد الوكالة أو منح الشـركة طالبة التحكيم عقد وكالة جديد كمقابل للتنازل عن اللجوء للتحكيم. وهو ما انتهت معه الشـــركة المحتكمة إلى القول بعدم ارتكابها أي خطأ يبرر إنهاء الوكالة أو إيقافها واختتمت هذا البند من بيان دعواها بأنه يتضـح منه أن إبرام ملحق العقد يعد إقرارا بنفاذ كل تصـرفات الشـركة المحتكمة في حق المحتكم ضدها من هذا الوقت.

وتحت عنوان الآثار القانونية لاستمرار عقد الوكالة طوال مدة سريانه 3 سنوات تتجدد تلقائيا لمدة مماثلة 6 سنوات وتجدد تلقائيا هكذا, أوردت الشركة المحتكمة أنه بثبوت أن العقد محل النزاع هو عقد وكالة دولية وتعلقه بالمصـــلحة المشـــتركة لطرفيه وعدم جواز إنهاؤه بالإرادة المنفردة للموكل,وثبوت اسـتحالة إثبات خطأ في جانب المحتكمة أيا كان قدره فإنه يثبت لها الحق كما قالت في طلب التعويض عن الأضــرار التي لحقتها وذلك يثبت الحق دون حاجة لإثبات خطأ الموكل

24

إعمالا للمبادئ القانونية المستخلصة من تطبيق النصوص المناظرة للمواد القانونية الموضوعية في القانون المصري.

وتحت عنوان بناء عليه قالت الشركة المحتكمة أنه وبناء على ما تقدم فإنه لا يجوز للوكيل أو الموكل إنهاء الوكالة محل النزاع بالإرادة المنفردة, إلا إذا وجد خطأ جسيم من جانب أحد الطرفين, فضلا عن أن منح الوكالة التجارية لأجل المصلحة المشتركة للأطراف تخول للوكيل التجاري التمسك بالاستمرار في الوكالة التجارية إذا ما قرر الموكل إنهاؤها بإرادته المنفردة,حيث أن الوكيل التجاري يكون مهددا بحرمانه من موارده لأن الوكالة تشكل أساس النشاط الذي يمارسه.

وأضافت المحتكمة أيضا أنه يترتب على إنهاء الوكالة بمحض الإرادة المنفردة للموكل أن للوكيل اتخاذ الإجراءات اللازمة للمطالبة بالتعويض عن كل الأضرار التي لحقته سواء ما أنفقه في تنفيذ الوكالة وحقه في العمولة طوال 3 سنوات الأولى و3 سنوات أخرى بالتجديد التلقائي من بدء التشغيل ثم 3 سنوات أخرى تنتهي في يناير 2014 لعدم اتباع المحتكم ضدها الإجراءات لإخطار المحتكمة وفقا لنصوص العقد أو ما فاته من كسب وما لحقه من خسارة فضلا عن حقه في التعويض عن الضرر الأدبي.

وفي البند ثامنا من بيان الدعوى بعنوان تحديد الأخطاء التي ارتكبتها المحتكم ضدها, وتحت عنوان الخطأ الجسيم في إنهاء ثم إيقاف العقد بالإرادة المنفردة أوردت المحتكمة في بيان دعواها أن الخطأ الأول يتمثل في أنه بعد التوقيع على ملحق العقد في 2005/8/29 والتأكيد على أن الشركة المحتكمة هي الوكيل العام للخطوط الجوية العراقية فوجئت المحتكمة بتصرف من جانب المحتكم ضدها يمثل صورة من صور الخطأ الجسيم حيث أرسلت خطابا في 2005/11/14 يفيد أنه ومن جانب واحد قيام الموكل بإلغاء عقد الوكالة, تلاها بيومين قرار إيقافها في 2005/11/16. وأضافت المحتكمة أن في إنهاء الوكالة ثم إيقافها دون سبب قانوني واستنادا إلى توجهات غير مشروعة ما يمثل خطأ جسيما يتضمن نيه الإيذاء نتيجة احتساب الشركة المحتكمة ضمن الشركات التي كانت تتعامل مع حكومة تخضع للنظام الذي كان سائدا في العراق قبل الغزو وأن هذه النية تعد عملا يعكس درجة جسامة خطأ تنفيذ المحتكم ضدها لالتزاماتها ومدى الإخلال بمبدأ المصلحة المشتركة للطرفين .

كما أضافت المحتكمة أن الإمتناع عن تسليم التذاكر والمستندات التي تسمح لها بتنفيذ الوكالة أو إيقافها فضلا عن الإستيلاء على مقر الشركة بالقاهرة الذي تمارس فيه نشاطها الرئيسي يعد نكوصا من المحتكم ضدها عن تنفيذ التزاماتها الرئيسية أو الأساسية في الرابطة العقدية, فضلا عن إنهاء الوكالة رغم مخالفة ذلك لما استقر عليه القانون وأحكام القضاء, وهو ما يبين مدى جسامة الإخلال بواجب قانوني من جانب الشركة المحتكم ضدها.

وتحت عنوان الخطأ الجسيم في عدم إعطاء المعلومات والأدوات اللازمة لأداء الوكيل عمله قالت الشركة المحتكمة أن البنود 1/10 و6/12 من عقد الوكالة الأساسي تنص على التزام الموكل المحتكم ضدها بتسليم الوكيل العام المحتكمة كافة أنواع التذاكر والمستندات وكل ما يلزم لتسهيل

**25**

إنفاذ الوكالة وأضافت أن المادة 185 من قانون التجارة المصري نصت على أنه "على الموكل أن يقدم للوكيل جميع المعلومات اللازمة لتنفيذ الوكالة وأن يزوده بوجه خاص بمواصفات السلع والنماذج والرسوم والعلامات وغير ذلك من البيانات التي تعينه على ترويج السلع موضوع الوكالة وتسويقها". وأضافت أنه وحيث لم توف الشركة المحتكم ضدها بأي من هذه الالتزامات التعاقدية, فإنها تكون قد ارتكبت خطا جسيما يرتب مسئوليتها التعاقدية , فضلا عن مخالفته لنص القانون سالف الذكر.

وتحت عنوان <u>الخطأ الجسيم المتمثل في الاعتداء على نطاق الوكالة الممنوحة للشركة المحتكمة</u> قالت المحتكمة أن القانون المقارن قد استقر على صور من الخطأ الجسيم التي تستوجب تعويض الوكيل كل اعتداء على عمومية وحصرية الوكالة , وأضافت أن الاتفاق على أن الوكالة حصرية للمحتكمة في جمهورية مصر العربية كان يتعلق بالمصالح المالية الجوهرية للشركة ولخططها الاستراتيجية في أداء عملها وفي إبرامها للعقود اللازمة لتنفيذ العقد وتعيين الموظفين اللازمين وتحددها للنفقات التي أنفقتها في سبيل تنفيذ الوكالة, فضلا عن أن الاتفاق على قصر الوكالة عليها كان أمرا جوهريا في التعاقد ولولا وجود هذا الشرط ما كان ليتم العقد وفقا للشروط الواردة فيه في الظروف السيئة التي أبرم فيها.

وتحت عنوان <u>الخطأ الجسيم الناشئ عن إطالة أمد التفاوض في التسوية الودية وعرقلة التحكيم</u> قالت المحتكمة أنه يتضح من المستندات سوء نية وتعمد إطالة أمد التقاضي لمدة ست سنوات وطلب آجال تلو الأخرى وإرسال وفود تلو الأخرى لمجرد إطالة أمد التفاوض لتضييع حقوق الشركة المحتكمة , الأمر الذي يتحقق به خطأ المحتكم ضدها بما يستوجب التعويض.

وتحت عنوان <u>الخطأ الناشئ عن التعريض بسمعة الشركة المحتكمة</u> أوردت المحتكمة أنه بمجرد إنهاء عقد الوكالة بالإرادة المنفردة وعلى مدار ست سنوات دأب المحتكم ضدهما على الإساءة للسمعة التجارية للشركة المحتكمة مما أثر على العلاقات التجارية للشركات الشقيقة لها بمجموعة الحصان التجارية في معاملاتها مع الشركات بالعراق وبالدول العربية المجاورة.

وفي البند التاسع من بيان الدعوى التحكيمية المعنون <u>تحديد طبيعة مسئولية المحتكم ضدهما</u> أوردت الشركة المحتكمة أنه لما كان عقد الوكالة محل النزاع خاضعا للاتفاقيات الدولية وللقانون المصري أعراف التجارة الدولية المنظمة للعقود التجارية الدولية , وكان العقد محل النزاع من العقود القائمة على المصلحة المشتركة التي غايتها تحقيق مصلحة مالية ومعنوية لطرفيه وكانت العلاقة بين الشركتين يحكمها الالتزام بالأمانة وحسن النية فإن عدم تنفيذ العقد محل النزاع بالإرادة المنفردة للمحتكم ضدها وعدم سداد مستحقات الشركة المحتكمة يمثل خطأ جسيما طوال فترة تنفيذ العقد , فضلا عما ترتب على ذلك من أضرار من تعسف في استخدام الحق الأمر الذي يجد أساسه في قواعد المسئولية بنوعيها العقدية والتقصيرية على النحو الذي تبينه المواد القانونية الواجبة التطبيق.

وتحت عنوان <u>المسئولية العقدية للمحتكم ضدهما عن الأخطاء التي ارتكبت في المدة المتفق عليها لتنفيذ العقد</u> أوردت المحتكمة أنه لما كان قد ثبت مما سلف بيانه أن الوكالة محل النزاع هي وكالة

لصالح الوكيل وكان لا يجوز عزل الوكيل أو تقييد الوكالة دون رضاء من صدرت لصالحه الوكالة, ومن ثم فلا يكون عزل الوكيل صحيحا ولا ينعزل, بل تبقى وكالته قائمة بالرغم من عزله مؤيدة لوجهة نظرها هذه بما أشارت إلى النظر إليه وقالت أنه مجموعة الأعمال التحضيرية للقانون المدني المصري ص 234 و 325 وحكم محكمة النقض المصرية جلسة 1963/3/21 مج أحكام النقض المكتب الفني , س 14 قاعدة رقم 52 , ص 335. وانتهت من ذلك إلى القول بأن العلاقة العقدية بين الطرفين استمرت قائمة مدة العقد وهي 3 سنوات من وقت التشغيل الفعلي تتجدد تلقائيا, وأنه بناء على ذلك تترتب المسئولية العقدية للمحتكم ضدهما.

وعلى ما تقدم قالت المحتكمة أنه يثبت الخطأ في حق الشركة المحتكم ضدها بمجرد نكوصها عن الوفاء بالتزاماتها وقيامها بإلغاء ثم إيقاف عقد الوكالة وعدم سداد مستحقات الشركة المحتكمة وتعويضها عن الأضرار التي لحقت بها نتيجة لذلك فضلا عن التعويض عن الأضرار التي نتجت عن عدم تنفيذها للعقود التي أبرمتها مع الغير من شركات السياحة بغرض تنفيذ الالتزام بالتسويق لتذاكر السفر والشحن ونقل وإقامة الأفواج السياحية. واستطردت المحتكمة في القول بأنه إذا كانت القاعدة أن التعويض في المسئولية العقدية يقتصر على الأضرار المباشرة والمتوقع فإن هذه القاعدة لا تنطبق في حالة ارتكاب المتعاقد لغش أو خطأ جسيم ويكون من حق المتعاقد المضرور الحصول على تعويض كافة الأضرار التي أصابته حتى ما كان منها غير متوقع عند إبرام العقد وأشارت في تأييد وجهة النظر هذه إلى بعض الدراسات الفقهيه وأحكام النقض المصريه تأسيسا على أن في تصرف الشركة المحتكم ضدها إخلال بالتزام قانوني يمتنع عليها ارتكابه مع ما يترتب على ذلك من آثار في استبعاد مدد التقادم الخاصة بالمسئولية العقدية وخضوع تقدير التعويض لسلطة أوسع وأشمل من المحكمة التي تنظر النزاع. وأوردت المحتكمة بعد عرض ما تقدم أن الشركة المحتكم ضدها إذ أنهت العقد بدون وجه حق وبطريق التحايل مع ما يتضمنه ذلك من خطأ جسيم فإنها تلزم بالتعويض ليس فقط لأنها سببت ضررا غير مشروع للشركة المحتكمة ولكن لأنها لم تنفذ الالتزامات العقدية.

وفي البند عاشرا بعنوان الأساس القانوني لتحديد التعويض عن أخطاء المحتكم ضدهما, وتحت عنوان فيما يتعلق بالتعويض عن الأخطاء التي ارتكبت أثناء العقد قالت المحتكمة أن التعويض يخضع في مدة سريان العقد لقواعد ونصوص متنوعة وردت في مجموعة المبادئ التي وضعتها لجنة الأمم المتحدة فيما يتعلق بالعقود التجارية الدولية (UNIDROIT) واتفاقية روما بشأن الالتزامات العقدية, ونصوص وطنية وردت في القانون المصري واستعرضت الشركة المحتكمة في هذا الشأن نص المادة 2/4/7 من مبادئ الأمم المتحدة المتعلقة بالعقود التجارية الدولية يونيدروا والتي قالت أنها نصت على أن " 1-للدائن الحق في تعويض كامل عن الضرر الذي لحقه نتيجة عدم التنفيذ ويتمثل هذا الضرر فيما لحقه من خسارة وما فاته من كسب ...". 2-" يجوز أن يكون الضرر غير نقدي وينتج بوجه خاص من جراء وقوع ضرر نفسي أو أدبي", كما استندت المحتكمة الى نص المادة 148 من القانون المدني, ونص المادة 2/163 من قانون التجارة المصري رقم 17 لسنة 1999 (المقابلة للمادة 715 من القانون المدني المصري) بأنه :"إذا كان العقد معين المدة وجب أن يستند

27

إنهاؤه إلى سبب جدي ومقبول وإلا استحق التعويض. كما أوردت المحتكمة في هذا الشأن أيضا نص المادة 188 من قانون التجارة المصري بأنه " 1ـ تنعقد وكالة العقود لمصلحة الطرفين المشتركة,فإذا كان العقد غير محدد المدة فلا يجوز للموكل إنهاؤه دون خطأ من الوكيل, وإلا كان ملزما بتعويضه عن الضرر الذي لحقه من جراء عزله ويبطل كل اتفاق يخالف ذلك. 2ـ كما يلتزم الوكيل بتعويض الموكل عن الضرر الذي أصابه إذ نزل عن الوكالة في وقت غير مناسب وبغير عذر مقبول".

واختتمت المحتكمة بأن إنهاء العقد من قبل الموكل دون الاستناد إلى سبب جدي يعد ضربا من التعسف الأمر الذي يترتب عليه استحقاق التعويض للطرف المتعسف ضده, ثم أشارت إلى أراء من الفقه,وقالت أنه وإذ أن المحتكم ضدها قامت بإنهاء العقد ثم إيقافه عند بدء التشغيل الفعلي دون سبب مشروع وبشكل تعسفي مما حال دون التنفيذ العيني, ومن ثم فإنه يحق لها طلب التعويض إعمالا للمادة 215 من القانون المدني مصري.

وتحت عنوان ثبوت خطأ المحتكم ضـــدهما قالت المحتكمة أن الخطأ العقدي هو عدم تنفيذ المدين لإلتزامه الناشئ من العقد, وأنه إذا كان الخطأ العقدي عمديا , كان المدين مسئولا حتى عن الضرر غير المتوقع, وأنه قد قضي بأن" الخطأ في المسئولية التعاقدية هو بذاته واقعة الإخلال التي يتكون منها وينحصر فيها عدم تنفيذ الإلتزام .... وذلك طالما لم يثبت الملتزم قيام السبب الخارجي الذي يدعي به وفي هذه الحالة يتبين أن الواقعة وحدها هي كل ما يتعين على طالب التعويض إثباته وأنه متى قام بإثباتها فإنه يكون قد أثبت الخطأ الذي تبنى عليه مسئولية الملتزم " وانتهت المحتكمة من ذلك إلى أنها يكفيها إثبات وجود العقد وتقديم سند إنهاء ثم إيقاف الوكالة والمستندات الدالة على أن الإنهاء والإيقاف كان بناء على مجرد"توجيهات" أقرت المحتكم ضدها بها وأن على الأخيرة إثبات قيامها بتنفيذ التزاماتها التعاقدية. واختتمت المحتكمة بأن إلتزام الشـركة المحتكم ضـدها بتسليم مكتب الخطوط الجوية بشارع قصر النيل ومكاتبها بالمطار وتسليم التذاكر اللازمة لأداء الشركة المحتكمة لعملها وكذا ســدادها للمصـروفات والعمولات هو إلتزام بنتيجة, فإن لم تفعل أو ســلمت المقار ثم اسـتولت عليها ولم تقدم تذاكر السـفر والشـحن فإنها تكون قد أخلت بالتزاماتها حيث لم تتحقق الغاية.

وتحت عنوان الأضرار الناجمة عن خطا المحتكم ضدهما قالت المحتكمة أن هذه الأضرار تتنوع نتيجة لنوع الأخطاء العقدية فضــلا عن الأخطاء التقصـيرية التي ارتكبها المحتكم ضــدهما على النحو السالف بيانه.

وتحت عنوان علاقة الســببية بين الخطأ والضـــرر أوردت المحتكمة أنها علاقة ثابتة إعمالا للمادة 215 مدني مصــري وقالت أن هذا ما يؤيده القانون المقارن والقواعد القانونية المادية المطبقة في التحكيم, ذلك أن نظام المسـئولية الموضـــوعية يعني أن عبء الإثبات يقع على عاتق الموكل أي المحتكم ضــدها, ومن ثم فإن إنهاء عقد الوكالة ثم إيقافه في غياب المحتكمة خطأ في جانب الوكيل يكفي في حد ذاته لتوافر الحق في التعويض.

**28**

وتحت عنوان فيما يتعلق بالاعتبارات التي بني عليها التعويض قالت الشـركة المحتكمة أن هذه الاعتبارات تتنوع في النزاع الماثل بتنوع أخطاء المحتكم ضــدهما, وأوردت من بينها النفقات المادية التي أنفقتها الشـركة المحتكمة وأوردت تحت هذا البند ا-أنها أنفقت مبالغ طائلة من أجل تجهيز وتأسيس مقر الموكل بشـارع قصـر النيل بوسط القاهرة علاوة على النفقات التي أنفقتها في إنهاء الإجراءات واستصدار الموافقات لممارسة النشاط والتراخيص وسداد ديون الموكل لدى هيئة الطيران المدني والعديد من الجهات حسـب طلب الموكل والمبينة بالعقد وملحقه وفرضــــه على الوكيل الذي اضــطر إلى قبول هذه الشـروط المجحفة نظرا للظروف التي كانت تمر بها دولة العراق من وقت إبرام العقد إلى وقت إنهاؤه وإيقافه وحتى الآن. ب- فقد العملاء ذلك أن إنهاء عقد الوكالة بالإرادة المنفردة ثم إيقافها يفقد الوكيل عملاؤه الذين قام بجلبهم وساهم في زيادتهم مما أدى إلى إصابته بأضرار مادية وتجارية باهظة وفي ذات الوقت استفادة المحتكم ضدها من المجهودات والمصــروفات التي تكبدتها المحتكمة نتيجة جلب العملاء جـ- الحاجة إلى إعادة الهيكلة وتعويض موظفي الوكيل وبنت على ما تقدم  أن إنهاء وإيقاف عقد الوكالة يترتب عليه احتياج الوكيل إلى فترة طويلة لإعادة تنظيم وهيكلة منشآته ومعالجة المصاعب الجمة التي نشأت عن تعويض منشآته بعقد مماثل وتعويض موظفيه نتيجة عن تعطلهم عن العمل واضطراره لسداد مرتبات هؤلاء حتى تاريخ رفع الدعوى التحكيمية وقالت المحتكمة أنه في المجمل يجب أن يؤخذ في الإعتبار كل الظروف الملابسة للعقد. د- وقالت المحتكمة بسوء نية الشركة المحتكم ضدها على الرغم من تنفيذ المحتكمة لالتزاماتها العقدية بحسن نية وصدق وأمانة وهو ما ظهر من قيامها بإنشاء الشركة اللازمة لتنفيذ الوكالة بمقرها الحالي رقم 9 شارع الشهيد جمال برعي,أرض الجولف, في مقر يتناسب مع حجم الوكالة وقيمتها وبالصــورة التي تكفي لأداء أعمالها المنوطة بها وكذا بإعداد مقر الخطوط الجوية العراقية بالعقار 22 شـارع قصـر النيل, وقيامها بسـداد ديون المحتكم ضـدها إلى هيئة الطيران المدني المصـرية وعقد الإتفاقات اللازمة لإسـتخراج التراخيص اللازمة للعمل وإعداد مكتب الشــركة بمطار القاهرة, ثم إبرام الإتفاقات والعقود مع شـركات السـياحة بكل أنحاء الجمهورية لتوزيع تذاكر السـفر والشــحن على الخطوط مصـدرة الوكالة العامة وكذا إبرام العقود اللازمه لترتيب إقامة ونقل الأفواج السـياحية القادمة من العراق طوال العام وعمل الدعاية اللازمه لاستمرار الحفاظ على اسم الشركة المحتكم ضدها بالسوق المصرية للسياحة والسفر .وأضافت المحتكمة  أنه ورغم هذا لم تلتزم المحتكم ضدها بتنفيذ العقد بحسن نية وصدق وأمانة إذ لم تتمكن الشركة المحتكمة من الحصـول على الوسـائل المادية والمعلومات الضـرورية التي من شـأنها أن تسـهل لها وتؤدي إلى إنجاز مهمتها حيث لم تسلم إليها تذاكر السفر اللازمه ولم توفر لها الطائرات اللازمه  لتنفيذ الوكالة على سـند من مجرد توجهات, ومع ذلك وبمجرد تغيير الظروف وبداية التشــغيل الفعلي للرحلات سـارعت المحتكم ضـدها إلى إلغاء ثم إيقاف الوكالة بالإرادة المنفردة ووضع خطوطها على المقر المعد لبيع التذاكر والتسـويق للسياحة والسـفر على خطوطها في 22 شارع قصر النيل ومن ثم ضربت بعرض الحائط بكل ما تكبدته الشركة المحتكمة في الإنفاق على التجهيزات وسـداد الديون التي كانت على الخطوط العراقية وتنفيذ كافة التزاماتها المبينة بالعقد,

29

وفي انتظار لحظة جني الثمار ثم إنهاء ثم إيقاف الوكالة من جانب الشـركة المحتكم ضـدها مما يشكل خطا جسيما يرتب المسئولية والتعويض.

وتحت عنوان عناصـر التعويض كررت المحتكمة إشـارتها إلى نص المادة 2/4/7 سـالفة الذكر. وتعليقا على النص قالت أن الواضح منه أن عناصر التعويض هي1-تعويض الشركة المحتكمةعما لحقها من خسارة.2-تعويض الشركة المحتكمة عن فقد الفرصة أو عما فاتها من كسب.3- تعويض الشركة المحتكمة عن الضرر النفسي أو الأدبي,

وبشـأن العنصـر الأول الذي عنونته المحتكمة تعويض الشـركة المحتكمة عما لحقها من خسـارة قالت المحتكمة أنه يتبين من المسـتندات المرفقة بالدعوى أن التعويض يتمثل في حق الشـركة المحتكمة في استرداد ما أنفقته والتعويض عما أصابها من ضرر تعويضا كاملا وأنه وإن كان عقد الوكالة هو في الأصـل من عقود التراضـي إلا أنه ملزم للجانبين ومن ثم يلتزم الموكل في جميع الأحوال برد ما صرفه الوكيل في تنفيذ الوكالة وبتعويضـه عما أصابه من أضرار, وأشارت تأييدا لما أوردته تحت هذا البند إلى ما قالت أنه قضــاء محكمة النقض في الطعن رقم 72 لسـنة 19 ق المكتب الفني 2 ص 294 جلسـة 1951/2/1, كما قالت المحتكمة أيضـا أن المادة 6/3/7 من مبادئ لجنة الأمم المتحدة المتعلقة بالعقود التجارية الدولية المعدلة عام 2004 نصـت على أنه:"يجوز لأي من الأطراف عند فسخ العقد المطالبة بالاسترداد العيني لما قام بتوريده على أن يقوم هذا الطرف برد كل مـا حصــل عليه, وإذا لم يكن الرد العيني ممكنا أو منـاسـبا فيتم الرد بمقابل نقدي كلما كان ذلك معقولا."وأضافت أنه إذ أن الشركة المحتكمة قد قامت بإنشاء وتجهيز وتجديد وصيانة وتشغيل مقر الشركة المحتكم ضدها في 22 شـارع قصـر النيل بالقاهرة ومكتبها بالمطار إعمالا للبند رقم 6/ب من عقد الوكالة الذي نص على:" تشتمل مزاولة الطرف الثاني لمهام الخدمات والتسـويق على الآتي :أ- ... وتعيين الموظفين. ب-توفير وإصــلاح وتجديد الأماكن اللازمة لمزاولة أعمال الطرف الأول في بلد الوكيل العام. كما قامت بتشـغيل عاملين لديها لتنفيذ عقد الوكالة إعمالا للبند 1/6 من العقد والذي نص على :" تشــتمل مزاولة الطرف الثاني لمهام الخدمات.أ-... وتعيين الموظفين المختصــين لمزاولة ذلك بكفاءة". كما أضافت أنها قامت بإبرام عقود مع شركات السياحة والقرى وغيرها مما حقق مصلحة للشركة المحتكم ضدها فإن للشركة المحتكمة الحق في طلب استرداد ما انفق في هذا الشأن.

ثم أضافت المحتكمة أيضا أن لها الحق في الحصول على تعويض عما قامت بسداده من تعويضات وشـروط جزائية للشـركات التي تعاقدت معها لتنفيذ الالتزامات الناشــئة عن عقد الوكالة, إذ أنه لإتمام عملها وأداء التزاماتها تعاقدت مع العديد من الشـركات السـياحية والنقل والقرى السـياحية لتسويق التذاكر والترويج لعمليات الشـحن على الخطوط الجوية العراقية بمجرد بدء التشغيل وإزاء قيام المحتكم ضدها بإلغاء الوكالة وانتشـار الخبر في سوق السياحة قامت الشركات المتعاقدة مع المحتكمة بالمطالبة بالتعويض نتيجة عدم تنفيذ المحتكمة لالتزاماتها مما عرضـها لخسائر وهو ما انتهى إلى تسوية هذه المنازعات وسداد التعويضـات البالغ قدرها كما قالت المحتكمة 858 , 666 , 103 دولار أمريكي (فقط مائة وثلاثة مليون دولار وسـتمائة سـت وستون ألف وثمانمائة وثمان وخمسون دولار أمريكيا لا غير).

30

وتحت عنوان العنصــر الثاني قالت المحتكمة أنه يجب تعويض الشـركة المحتكمة عما فاتها من كسب فقالت المحتكمة أن محاكم التحكيم الدولي في غرفة التجارة الدولية ومركز تسوية منازعات الإستثمار ICSID إلى استحقاق التعويض عن فقد الفرصـة الجدية ومن ذلك ما قالت المحتكمة أنه ما قضـت به محكمة التحكيم بمركز تسـوية المنازعات بواشنطن ICSID في القضـية رقم 267 والمقيدة بالمركز عام 2004 من أن " القانون الإندونيسـي مثله مثل كافة أنظمة القانون المدني في التعويض عن الخسـارة يتعين أن يعوض كامل الضرر الخسـارة الواقعة, والخسـارة المنتظرة, وهو ما قالت أنه حكم منشور في .E.Gillard: La jurisprudence de CIRDI, 2004, Vol, I, P.151

وأضافت المحتكمة في هذا الشـأن أن صـور فقد الفرصـة الجدية التي فاتت الشـركة المحتكمة تتنوع, بما يكون به للمحتكمة حق في الحصــول على تعويض عن إنهاء العقد ثم إيقافه, وأن المشـرع المصـري نظم التعويض عن الإنهاء غير المشـروع والتعسـفي لعقد الوكالة غير المحدد المدة واعتبره خطأ مفترضـا في جانب الموكل بموجب نص المادة 188 الواردة ضـمن الفصـل الخامس الخاص بالوكالة التجارية من قانون التجارة رقم 17 لسـنة 1999 وأنه بذلك يكون قد أقر مبدأ التعويض عن الإنهاء ثم الإيقاف غير المشروع والتعسفي لعقد الوكالة وأنه من ثم تستحق الشركة المحتكمة تعويضا عن الإنهاء ثم الإيقاف غير المشروع والتعسف لاسيما وقد ثبت عدم وقوع خطأ أو تقصـير منها بدليل تجديد الاتفاق على الوكالة العامة بموجب ملحق الاتفاق المحرر عام 2005 دون أي إشـارة إلى تقصـير من المحتكمة فضـلا عن تحقيقها النجاح في أداء التزاماتها بالمحافظة على الاسم والعلامة التجارية للخطوط الجوية العراقية رغم توقف نشـاطها فضـلا عن استمرارها في الترويج لرحلاتها وأفواجها حتى عام 2005 وهو ما يحق معه للشـركة المحتكمة طلب تعويض قدره مائة مليون دولار.

وتحت عنوان حق الشـركة المحتكمة في تحصيل العمولات المحددة بالعقد عن العمليات التي نفذتها الشـركة المحتكم ضـدها طوال مدة نفاذ العقد قالت الشـركة المحتكمة أن البنود 1/11 و2/ 11 و3/11 و5/11 و6/11 من العقد تنص على أن"للشـركة المحتكمة(الوكيل) الحق في تحصـيل العمولات بالنسـب المتفق عليها حتى ولو قامت (الموكل) الشـركة المحتكم ضدها بتنفيذ العمليات المتفق عليها ". وأضـافت أنه إذ أن الشـركة المحتكم ضـدها رفضـت تقديم كشـف حسـاب يبين هذه الأعمال فإن للشـركة المحتكمـة الاعتمـاد على دراسـة الجدوى المعتمدة والتي يتبين منهـا أن إجمـالي المطالبـة579 497096 دولار(فقط أربعمائة وسبعة وتسعون مليون دولار وستة وتسعون ألف وخمسمائة وتسع وسبعون دولار).

وتحت عنوان التعويض عن التأخير في سداد مستحقات الشركة رغم الإعذار قالت المحتكمة أنه على الرغم من أن المشـــرع في كل من مصـــر والعراق قد أعفى المحتكمة من واجب الإعذار بموجب المادة 219 من القانون المدني المصـــري والمادة 258-4 من القانون العراقي النافذ حيث صـرحت الشـركة المحتكم ضـدها كتابة بأنها ترفض صـراحة القيام بالتزاماتها وأرسلت للشركة المحتكمة إقرارا كتابيا بإلغاء الوكالة في 2005/11/14 ثم قرار بإيقاف الوكالة في 2005/11/16 ومع هذا تم إعذار المحتكم ضـدها ومطالبتها بسـداد مسـتحقات الشـركة المحتكمة بموجب عدة

31

إنذارات على يد محضــر إعمالا للمادة 257 من القانون المدني العراقي ومن ثم أصــبح تأخير الشـركة المحتكم ضدها في سداد التعويض تأخيرا قانونيا إعمالا لأحكام محكمة النقض المصرية وأشــارت في هذا الشــأن إلى ما قالت أنه نقض مدني جلسة 1965/11/12 مجموعة الأحكام س 16 صـــــ 1028. واستطردت المحتكمة قائلة أنه يترتب على ثبوت تأخير المحتكم ضدها في تنفيذ التزامها إلتزامها بتعويض الشــركة المحتكمة عن أضـرار التأخير التي لحقتها بعد الإعذار إعمالا للمادة 217 مدني مصري والمادة 259 مدني عراقي حيث يتم التعويض عن الأضرار التي تترتب على فسخ العقد بما فيها ما يتعلق بفقد الأرباح أو الأضـرار المستقبلية " Prejudice Future " وكذا ضياع الفرصـة " Perte de Chances " والتي أوردت الشركة المحتكمة أنه ما استقر عليه قضـاء النقض المصري من أن ضـياع الفرصـة أمر محقق يتعين التعويض عنه ولا يلتفت لأي إدعاء بأن الفرصــة مجرد أمل لأن في الأمر المحقق لا يجوز هذا الزعم فهو الوكيل الوحيد الحصري ولا جدال في استمرار الحجز والسفر والنقل الجوي والشحن بين الدولتين.

وأضافت المحتكمة أنه لما كان التعويض يقدر بقيمة الضرر بحسب حالته ووقت صدور الحكم النهائي وليس وقت وقوعه وكان الضرر متغيرا تعين على القاضي تقدير التعويض بقيمة الضرر لا كما كان عندما وقع الضرر, بل كما صار إليه عند صدور الحكم النهائي.

وانتهت المحتكمة إلى التماس تقدير هيئة التحكيم للتعويض وفوائد التأخير عن ســداد المســتحقات من المصروفات والعمولات في ضوء الخسائر المتزايدة التي لحقت الشركة في ضوء تأخر سداد مسـتحقاتها وهو ما تقدره الشـركة المحتكمة في حدود 11% من إجمالي المطالبة وبما لا يقل عن سعر فائدة البنك المركزي منذ بدء المطالبة.

وتحت عنوان العنصـر الثالث وهو التعويض عن الضـرر الأدبي أوردت المحتكمة أن التعويض عن الضـرر المعنوي من المبادئ المسـتقرة في القانون الدولي الخاص إذ تنص المادة 2/4/7 من المبادئ التي وضـعتها لجنة الأمم المتحدة (يونيدروا) بشــان العقود التجارية الدولية على أنه:" يجوز أن يكون الضرر غير نقدي وينتج بوجه خاص من جراء وقوع ضرر نفسي أو أدبي",كما أشارت إلى نص المادة 1/22 من القانون المدني المصــري التي قالت أنها توافق المادة 3/169 مدني عراقي على أن:" يشــمل التعويض الضرر الأدبي أيضـا ",وأشارت إلى أن محكمة النقض المصرية قضت في هذا الشأن في الطعن بالنقض مدني 1994/3/30, مجموعة أحكام النقض الســنة 45 ص 598 بأن:" التعويض عن الضـرر الأدبي لا يقصـد به محو أو إزالته من الوجود إذ هو نوع من الضـرر لا يمحى ولا يزول بتعويض مادي, وإنما المقصــود به أن يحصـل المضـرور لنفسـه بديلا عما أصـابه من الضـرر الأدبي,فالخسـارة لا تزول ولكن يقوم إلى جانبها كسـب يعوضـها ,كما قالت أن هذا أيضـا هو ما استقرت عليه أحكام التحكيم الدولي في التعويض عن الضـرر الأدبي وقالت أن من ذلك ما قضـى به مركز تحكيم منازعات الاستثمار في واشنطن عام 2008 في القضية المعروفة باسم "Desert Line" من تعويض عن الضرر المعنوي الواقع على المستثمر نتيجة الممارسات غير المشروعة من الدولة أو أحد هيئاتها ",وأضـاف أيضـا أنه في تأسيس ذلك أسس الحكم التعويض عن الضرر الأدبي وفقا لما قررته المادة 31 من البنود التي وضــعتها لجنة القانون الدولي بشــأن مســئولية

32

الدولة(ILC articles) والتي تنص على أن :" 1- تسأل الدولة عن الإصلاح الكامل للضرر الناتج عن الفعل غير المشروع دوليا. 2- ويتضمن هذا الضرر كافة الخسائر المادية والمعنوية على حد سواء(الناتجة عن فعل الدولة غير المشروع دوليا). وقالت المحتكمة أنه بالتالي فإن امتناع الشركة المحتكم ضدها ووزارة النقل العراقية عمدا عن تنفيذ العقد جعل التعويض أوسع ويمتد إلى الضرر غير المتوقع ومن ذلك التعويض عن الضرر الأدبي الذي أصاب الشركة المحتكمة بسبب سوء نية المحتكم ضدهما المقترنة بإنهاء العقد مما أدى إلى الإضرار بالسمعة التجارية للشركة المحتكمة.

واختتمت المحتكمة بيانها في هذا الشأن أنه يتضح وجب أن يغطي التعويض الضرر غير المالي المترتب على الإنهاء والإيقاف غير المشروع والتعسفي المخالف للقانون ولبنود الوكالة وعن الإساءة إلى سمعة الشركة المحتكمة لدى الشركات والأفراد المتصلين بها في السوق المصري والسوق العراقي للسياحة والسفر وغيرها من الشركات التي تعمل في المجالات الأخرى لا سيما وقد ارتبطت شركة هورس ومؤسسها بعملية إغاثة الشعب العراقي في أزمته التي فرضت عليه حظرا لسنوات طويلة مما ألحق بها أضرارا مضاعفة نتيجة توقف التعامل التجاري مع الشركات الشقيقة لشركة هورس نتيجة الإساءة لسمعتها التجارية من خلال الإنهاء والإيقاف غير المشروع والتعسفي مما فوت عليها فرص الكسب في مجالات تجارية أخرى كانت تمارسها في إطار برنامج النفط مقابل الغذاء التابع للأمم المتحدة وتقدر الشركة التعويض المطلوب هنا بمبلغ خمسمائة مليون دولار أمريكي.

وتحت عنوان سبب اختصام وزير النقل قالت الشركة المحتكمة أن الوزير هو الذي يمثل وزارته فيما ترفعه الوزارة والمصالح والإدارات التابعة لها أو يرفع عليها من دعاوى وطعون, مشيرة أن ما تقدم هو ما قضي به من محكمة النقض في الطعنان رقما 2739 و 2934 لسنة 59 جلسة 1996/6/23 س47 ج2 ص 985.

وتحت عنوان المسئولية عن أعمال المتبوع عن تابعه قالت الشركة المحتكمة أنه يتبين مسئولية وزير النقل استنادا إلى مسئولية المتبوع عن تابعه, وإلى مسئولية وزارة النقل عن إصدار قرار إنهاء العقد ثم إيقافه استنادا على توجهات الدولة ودون سبب مشروع من الواقع أو القانون وإصرارها على ذلك, وأن هذا ما يظهر من المخاطبات المتبادلة بين الوزارة والشركة وبين الشركة المحتكم ضدها الأولى والشركة المحتكمة على نحو ما تتضمنها حوافظ المستندات وأضافت أنه قضي في هذا الشأن في الطعن رقم 3221 لسنة 61 ق جلسة 1996/12/14 مجموعة المكتب الفني س 47 قاعدة رقم 178 ص 1528 بأنه:" التزام كل المسئولين عن العمل الضار في مواجهة الدائن بتعويض الضرر كاملا غير منقسم, للدائن أن يوجه مطالبه بالدين إلى من يختاره منهم على انفراد أو إليهم مجتمعين المادتين 169 و 258 مدني". واختتمت المحتكمة بيان بطلب قبول طلب التحكيم وفي الموضوع القضاء لها بطلباتها السالف ذكرها.

-هذا وقد أودعت الشركة المحتكمة بمقر التحكيم رفق بيان دعواها عدد ست حوافظ مستندات اطلعت عليها هيئة التحكيم, وبيانها كالتالي الحافظة الأولى وطويت على عدد أربعة مستندات

مكونة من إثنين وعشرين ورقة اطلعت عليها الهيئة:- المستند الأول مبين على غلاف الحافظة أنه صورة ضوئية من اتفاقية وكالة عامة مؤرخة 2001/1/30 بين الشركة المحتكمة والشركة المحتكم ضدها. المستند الثاني مبين على غلاف الحافظة أنه صورة ضوئية من ملحق عقد الوكالة مؤرخ 2001/3/15. المستند الثالث مبين على غلاف الحافظة أنه صورة ضوئية اتفاقية الوكالة باللغة الإنجليزية. المستند الرابع مبين على غلاف الحافظة أنه صورة ضوئية من محضر اجتماع بشأن إعادة تفعيل عقد الوكالة وملحقه.الحافظة الثانية وطويت على مستند واحد من ورقة واحدة مبين على غلافها أنه صورة ضوئية من قرار إنهاء الوكالة العامة المؤرخ 2004/12/2 استنادا إلى توجهات الدولة في العراق. الحافظة الثالثة وطويت على مستند واحد من ورقة واحدة مبين على غلاف الحافظة أنه صورة ضوئية من قرار إنهاء الوكالة للمرة الثانية المؤرخ 2005/11/14 استنادا على رغبة الشركة المحتكم ضدها في التشغيل بنفسها.الحافظة الرابعة وطويت على مستند واحد من ورقة واحدة مبين على غلاف الحافظة أنه صورة ضوئية من قرار إيقاف الوكالة المؤرخ 2005/11/16 بزعم ارتكاب الشركة المحتكمة لعدد من المخالفات على غير الثابت من الأوراق ولإخفاء السبب الحقيقي وراء هذا الإيقاف وهو رغبة الشركة المحتكم ضدها في التشغيل المباشر من خلال مكتبها بالقاهرة.الحافظة الخامسة وطويت على مستند واحد من ورقة واحدة مبين على غلاف الحافظة أنه صورة ضوئية من خطاب وزير النقل العراقي موجه إلى الأمانة العامة لمجلس الوزراء العراقي مفادها " أن إنهاء الوكالة بناءً على تصنيف الشركة المحتكمة من قبل الشركات"الواجهية". الحافظة السادسة وطويت على مستند واحد من سبع ورقات على النحو المبين على غلافها مبين على غلاف الحافظة أنه صورة ضوئية من إنذار صادر من الشركة المحتكم ضدها ومرفق به " ملحق لعقد الوكالة العامة بتعديل لنصوص الإطار التعاقدي للوكالة وحل النزاع وتطلب فيه التنازل عن اللجوء للتحكيم وعدم مطالبة المحتكم ضدها بأية مطالبات وهو ما يؤكد أن عقد الوكالة محل التحكيم الماثل مازال ساريا.

كما أودعت الشركة المحتكمة أيضا وبمقر التحكيم رفق بيان دعواها والحوافظ سالفة الذكر بموجب خطاب تفويض موجه من رئيس مجلس إدارة الشركة المحتكمة إلى رئيس هيئة التحكيم باسم السيد الأستاذ/ طه فوزي عبد الحافظ المحاسب القانوني المفوض من الشركة لتسليم مستندات هي عدد 7 نسخ من المستندات التي قالت الشركة المحتكمة أنها المحاسبية والمالية المؤكدة لطلباتها في الدعوى التحكيمية مع حفظ حق الشركة في تقديم مستندات أخرى لاحقة على نفس بنود المطالبة وقد أرفق بالخطاب فهرس لهذه المستندات لعدد كرتونتين (من سبع نسخ),اطلعت عليها هيئة التحكيم تتضمن حسبما ورد بالفهرس وحسبما قالت الشركة المحتكمة صورا ضوئية على النحو التالي:الكرتونة رقم(1),وبها 1- دراسة الجدوى.2-الرد على المخالفات.3-مدفوعات للخطوط الجوية العراقية.4-الأصول الثابتة.5-عقود التصدير التي لم تنفذ بسبب إنهاء الوكالة.الكرتونة رقم(2),وبها1- مصروفات عمومية وإدارية عام 2002 مجموعة(أ)ومجموعة(ب).2-مصروفات إدارية وعمومية/ إيجارات.3- حساب الفوائد البنكية عن تأخر الحصائل بسبب إنهاء عقد الوكالة.4- تليفونات أرضي ومحمول أعوام 2003 و2004 و2005و2008 و2010 و2012.5.مصروفات إدارية وعمومية,حملة الدعاية والإعلان.

34

هذا وأشارت هيئة التحكيم إلى أن هذه المستندات قد وردت في كرتونتين مرفق بها الفهرس المشار إليه دون بيان لعدد الأوراق أو تاريخها أو بيان تفصيلي لها, هذا وقد تم إخطار السـادة المحكمين والشركة المحتكم ضدها بإيداع البيان والمستندات سالفة البيان, بالبريد الإلكتروني والبريد المسجل بعلم الوصول.

-وبتاريخ 2013/12/30 استلمت الشركة المحتكم ضدها نسخة من بيان الدعوى والمستندات وكافة ما سلف بيانه.

-بتاريخ 2014/1/1 أودعت الشركة المحتكمة بمقر التحكيم أيضا كرتونة مستندات أخرى, اطلعت عليها هيئة التحكيم, وبها صور ضوئية تشتمل كما أوضحت المحتكمة وحسب الفهرس المرفق بها على القوائم المـالية من2001/3/1 حتى2013/9/30والمرتبات والتأمينـات الاجتمـاعية للعـاملين بالشـركة الوكيل العام للخطوط الجوية العراقية من عام2001 حتى 2013, هذا ولم تذكر الشـركة المحتكمة في الفهرس المقدم منها للمسـتندات الواردة بالكرتونة الثانية عدد أوراقها أو تواريخها أو بيـان تفصـيلي بها, هذا وقد تم إخطار السـادة المحكمين والشـركة المحتكم ضـدها بإيداع البيان والمستندات سالفة البيان عبر البريد الإلكتروني والبريد المسجل بعلم الوصول.

(22) رد المحتكم ضـدهما وتعقيبهما على بيان الدعوى التحكيمية والمسـتندات المقدمة رفق الرد والتعقيب

بتاريخ 2014/1/27 أودع الأسـتاذ/ أحمد الدريني عبد العزيز محامي الشـركة المحتكم ضـدها ووكيلها القانوني بمقر التحكيم خطابا موجها إلى هيئة التحكيم أوضـح فيه أنه بالإشـارة إلى طلب هيئة التحكيم تقديم توكيل بمضمون التحكيم وإجراءاته لمن لهم صفة تمثيل الشركة العامة للخطوط الجوية العراقية يقدم رفق هذا الكتاب نسخة من التوكيل بعد إيداع بالشـهر العقاري وقد أرفق بالكتاب المذكور محضـر إيداع رسـمي من مكتب توثيق نقابة المحامين برقم 291 /ب 2014 بتاريخ الأربعاء الموافق 2014/1/22 ثبت منه إيداع المحرر الصادر لصالحه من الشركة العامة للخطوط الجوية العراقية والصـادر من بعثة جمهورية مصـر العربية ببغداد برقم 29 بتاريخ 2014/1/14 والمصـدق عليه من الخارجية المصـرية برقم 7195 في 2014/1/22 تصـديقات أحمد عرابي وأن الغرض من الإيداع حفظ المستند في محفوظات المكتب وارفق بالمحضر التوكيل الذي جاء نصه كالتالي:" إستنادا الي الصلاحيات القانونية المخولة إلينا بموجب أحكام النظام الداخلي للشركة العامة للخطوط الجوية العراقية رقم 20 لسنة 2000 المعدل النافذ فقد وكلت إضـافة لوظيفتي كلا من: السيد/ أحمد الدريني عبد العزير محامي شركتنا بجمهورية مصر العربية والسيد/ قيصر أحمد عكله مدير مكتبنا في القاهرة, مجتمعين ومنفردين في تمثيل الشركة العامة للخطوط الجوية العراقية في التحكيم المقام من شركة هورس للسياحة والسفر.وفوضتهما حق حضـور جلسات التحكيم والمرافعات وإبداء الدفوع والدفاع وتقديم المذكرات والمستندات واستلامها وتقديم الطلبات إلى هيئة التحكيم وطلب تعيين خبرة وسـماع شـهادة الشـهود ولهم تقديم كل الطلبات التي تدعم موقف الشـركة في التحكيم واستلام الأحكام واسـتخراج الصـيغ التنفيذية لها وتنفيذ أحكام وقرارات هيئـة التحكيم والطعن فيهـا, والطعن في أي إجراء من إجراءات التحكيم واتخـاذ الإجراءات القـانونية



35

اللازمة لصالح الشركة وفقا للمقتضى ولأجل ذلك وقعت توقيع السيد سعد مهدي سعيد الخفاجي المدير العام ورئيس مجلس إدارة".

كما أودعت الشركة المحتكم ضدها أيضا سبعة نسخ من ردها على بيان الدعوى التحكيمية والذي وقع في عدد تسعة وتسعون صفحة وقد ورد بالصفحة الأولى من بيان الرد والتعقيب أنه مقدم من كل من:

1ـ <u>الممثل القانوني للشركة العامة للخطوط الجوية العراقية(بصفته).</u>

2ـ <u>السيد/ وزير النقل العراقي(بصفته).</u>

وقد افتتح المحتكم ضدهما ردهما وتعقيبهما على بيان الدعوى التحكيمية بما عنوناه "الوقائع" وقالا أنه بتاريخ 2001/1/30 قامت الشركة العامة للخطوط الجوية العراقية ببغداد(الشركة المحتكم ضدها) بإبرام إتفاقية وكالة عامة مع شركة هورس للسياحة والسفر(الشركة المحتكمة) المنشأة والمرخصة طبقا للقانون المصري, وذلك بشروط والتزامات مذكورة بالإتفاقية وملحقها المؤرخ في 2001/3/15. وأضافا أنه وحيث لم تقوم شركة هورس للسياحة والسفر (المحتكمة) بالحصول علي موافقة السلطات الحكومية ولم تقم بتنفيذ أي التزامات ترتب عليها بموجب هذه الوكالة الملغاة أو ملحقها, ولأسباب أخري يتم استعرضها عند الرد علي بيان إدعاءات الشركة المحتكمة, فقد وجدت الشركة وقوع أكبر للضرر عليها لعدم تنفيذ الشركة المحتكمة التزاماتها فقامت بإستعمال حقها القانوني المنصوص عليه بالوكالة الملغاة والمنصوص عليه بالقانون, بإلغاء الوكالة المبرمة مع الشركة المحتكم ضدها وذلك بتاريخ 2005/5/17. وأضاف المحتكم ضدهما أن الشركة المحتكم ضدها قامت باتخاذ إجراءات الإلغاء نفاذا لما هو متفق عليه بموجب الوكالة الملغاة, وفي المدد القانونية المتفق عليها. وأورى المحتكم ضدهما أنه بينما تم بذل كافة المساعي الودية نفاذا لما ورد بالمادة 16 من الوكالة الملغاة بغرض إعادة الوكالة الملغاة مرة أخري والتعاقد معها من جديد, إلا أن الشركة المحتكمة زعمت عن غير وجه حق أن لها حقوق مالية في ذمة الشركة المحتكم ضدها, وأنه حيث وجدت الشركة (المحتكم ضدها) عدم المصداقية والتعنت من جانب الشركة المحتكمة في شأن الوفاء بالتزاماتها في حالة إبرام عقد جديد معها بعد إلغاء الوكالة السابقة, وإصرار المحتكمة على أن لها حقوق مالية طرف الشركة المحتكم ضدها, فقد باءت كل المحاولات الودية المطروحة من جانب الشركة المحتكم ضدها بالفشل, وقامت الشركة المحتكمة بالمماطلة والتسويف, وعدم السعي منها للحصول علي حقوقها إن وجدت وإضاعة سنوات في هذه المراوغة والتسويف, حتي قامت بتاريخ 2011/8/4 بإعلان رغبتها في التوجه الي التحكيم نفاذا لنص المادة 16 من الوكالة الملغاة. وأضاف المحتكم ضدهما أن الشركة المحتكم ضدها قامت بالفعل بتعيين محكم عنها وتم تعيين السيد رئيس هيئة التحكيم من قبل محكمة الاستئناف القاهرة نفاذا للقانون, وتم تحديد أول جلسة إجرائية لنظر التحكيم يوم 2013/11/28 وبهذه الجلسة قامت الشركة المحتكمة بعرض سريع لنقاط الدعوي, وبتاريخ 2013/12/28 قامت الشركة المحتكمة بتقديم بيان ادعاءاتها ومرفق به حوافظ مستندات وقدمت عدد 2 كرتونة من الصور الضوئية للمستندات التي أسست عليها ادعاءاتها.

36

<u>هذا وتحت عنوان الدفاع</u> استهل المحتكم ضدهما ردهما على بيان الدعوى التحكيمية بالقول أن ادعاءات الشركة المحتكمة لا تقوم علي صحيح الواقع أو القانون وتعتمد فقط علي ادعاءات غير صحيحة, وذلك للأسباب التي أورداها على النحو الأتي:

أولا: دفع المحتكم ضدهما ببطلان إجراءات التحكيم لمخالفة تشكيل هيئة التحكيم للقانون والقواعد الدولية المعمول بها في مجال التحكيم الدولي وشرحا وتوضيحا لهذا الدفع أورد المحتكم ضدهما أن طرفا اتفاقية الوكالة الملغاة سبق وأن اتفقا بموجب البند 16 منها علي أنه " في حالة حدوث أي نزاع فيما يتعلق بتفسير أو تطبيق هذه الاتفاقية, فإنه علي كلا من الطرفين أن يبذلا الجهود القصوى لحل النزاع فيما بينهم بالطرق المناسبة خلال 3 أيام فقط , وإن لم يتم التوصل لإيجاد حل يجب عليهم أن يختاروا لجنة التحكيم بالطرق الآتية:1-يقوم الطرف الأول بتعيين محكم .2- يقوم الطرف الثاني بتعيين محكم .3- يقوم محكمي كلا الطرفين بالتشاور فيما بينهما بتعيين رئيس للجنة التحكيم, وإذا فشلا في ذلك يقوم مديرمنظمة الآياتا الإقليمي بتعيين رئيس لجنة التحكيم. وأشارا إلى أن هذا المستند مقدم بحافظة مستنداتهما رقم "1". وأضاف المحتكم ضدهما أنه وحيث تنص المادة 17 الفقرة الثانية والثالثة من القانون 27 لسنة 1994 علي أنه:" 2-وإذا خالف الطرفان إجراءات إختيار المحكمين التي إتفقا عليها أو لم يتفق المحكمان المعينان علي أمر مما يلزم اتفاقهما عليه أو إذا تخلف الغير عن أداء ما عهد به إليه في هذا الشأن تولت المحكمة المشار إليها في المادة (9) من هذا القانون بناءا علي طلب أحد الطرفين القيام بالإجراء أو العمل المطلوب ما لم ينص الإتفاق علي كيفية أخري لإتمام هذا الإجراء أو العمل.3-وتراعي المحكمة في المحكم الذي تختاره الشروط التي يتطلبها هذا القانون , وتلك التي اتفق عليها الطرفان.."

ــ وقال المحتكم ضدهما في ردهما على بيان الدعوى التحكيمية, أنه تأسيسا علي ما جاء بالبند السادس عشر من عقد الوكالة الملغي والذي اتفق فيه الطرفان على أنه في حالة عدم الإتفاق على رئيس لهيئة التحكيم يتم اللجوء إلي المكتب الإقليمي لمنظمة الآياتا, وعليه فإن الجهة المختصة اتفاقا لتعيين المحكم المرجح يكون المكتب الإقليمي لمنظمة الآياتا.

وأورد المحتكم ضدهما في هذا الشأن أيضا أنه وحيث أن المادة 17/2 عهدت إلى المحكمة المشار إليها في المادة 9 من قانون التحكيم الفصل في الخلاف بين الطرفين في أي أمر لم يتفقا عليه سابقا إلا أن المشرع قام بتقييد الأطراف والمحكمة حين ذكر في نهاية الفقرة من المادة السابقة أن سلطة المحكمة المقررة بهذا النص تنحسر في حالة ما إذا نص الاتفاق علي كيفية أخري لإتمام هذا الإجراء أو العمل, وأنه بموجب ذلك يكون أطراف النزاع والمحكمة مقيدين بالاتفاق الذي سبق وأن اتفق عليه الطرفين في العقد, أي بالاتفاق على أنه في حالة اختلاف المحكمين علي اختيار محكم مرجح يتم اللجوء للمكتب الإقليمي لمنظمة الآياتا لاختيار المحكم المرجح, وأن نفس المادة 17 جاءت في فقرتها الثالثة مؤكدة علي احترام اتفاق الطرفين من قبل المحكمين ومن قبل المحكمة فجاءت ونصت علي أنه:" 3- وتراعي المحكمة في المحكم الذي تختاره الشروط التي يتطلبها هذا القانون, وتلك التي اتفق عليها الطرفان.."

37

وقال المحتكم ضدهما أن المحتكمة خالفت نص الاتفاق المنصوص عليه في المادة 16 من عقد الوكالة في اختيار المحكم, حيث أنها توجهت إلي المحكمة بطلبها تعيين محكم مرجح, وأنه كان يجب علي المحكمة أن تقضي بعدم اختصاصها بنظر النزاع حيث أن الاختصاص الأصيل نفاذا لحكم المادة 17 نفاذا لما جاء بإتفاق الطرفين بالبند 16 من الوكالة الملغاة هو اختصاص المكتب الإقليمي لمنظمة الآياتا. وتمسك المحتكم ضدهما بأن هذا ما أكده المدير الإقليمي لمنظمة الآياتا في كتابه الذي حصلت عليه الشركة المحتكم ضدها والذي تم تقديمه إلي المحكمة بطلب التماس إعادة النظر في الحكم الذي أصدرته لحصول الشركة المحتكم ضدها علي مستند هام بعد صدور حكم المحكمة, وتمسكا بأن الشركة المحتكمة كانت قد حصلت علي كتاب من المكتب الإقليمي للآياتا عن طريق المعلومات الخطأ وتشويه الحقائق, فجاء بذلك الكتاب ما يفيد عدم اختصاص منظمة الآياتا لتعيين محكم مرجح وأن الاختصاص للمحكمة المصرية, وأنه تم تحريره مجاملة للمحتكمة حيث أن ما ورد به من اختصاص المحكمة المصرية بتعيين المحكم المرجح لم يرد بعقد الوكالة الملغاة, وأورد المحتكم ضدهما أن منظمة الآياتا ـ المكتب الإقليمي ـ وتصحيحا لهذا الخطأ الذي وقعت فيه قامت بتزويد الشركة المحتكم ضدها بكتاب يصحح  ذلك الخطأ ويتضمن اختصاص منظمة الآياتا بتعيين المحكم المرجح, وأشارا إلى أن هذا الكتاب  مقدم بحافظة مستنداتهما رقم "1".كما أورد المحتكم ضدهما أن ما ذهبت إليه الشركة المحتكمة للحصول على كتاب منظمة الآياتا في أن ما جاء بالبند 16 من ملحق عقد الوكالة هو تعديل للبند 16 من عقد الوكالة الملغي, هو تفسير خطأ حيث أن ما ينص عليه البند   16  من ملحق عقد الوكالة الملغاة هو" يتولى الطرفان المتعاقدان حسم كافة المستجدات والخلافات التي تظهر بينهما بالطرق الودية وفي حالة عدم التوصل إلي حسم ما سيستجد من أمور أو خدمات بين الطرفين يحل عن طريق لجنة التحكيم" يتفق عليها الطرفين المتعاقدين" , وأنه بدراسة هذا البند يتضح أن ما جاء به لا يعتبر شرط تحكيم أو اتفاق تحكيم, حيث أنه جاء مجملا ومجهلا وعاما. وأضاف المحتكم ضدهما في هذا الشأن أن المادة 16 من عقد الوكالة الملغي جاءت مفصلة للعدد المكون منه لجنة التحكيم وكيفية اختيارهم وكيفية اختيار المحكم المرجح وكيفية اختيار القانون المطبق وحددت الطرف الذي يتحمل تكاليف التحكيم, فبالتالي تكون هي المادة الأصلية لشرط  التحكيم المعمول بها وما يأتي بعد ذلك هو إشارة لها وتأكيدا لها , وأن ما جاء بالبند 16 من ملحق عقد الوكالة لا يعتبر شرط تحكيم أو اتفاق تحكيم لأن ملحق عقد الوكالة الملغاة المؤرخ 2001/3/15 متمم ومكمل لما جاء بالعقد الأصلي الملغي وليس معدلا له ,وأشارا إلى الحافظة المقدمة منهما رقم "1".  كذلك أورى المحتكم ضدهما في ذات السياق أن المادة الأولى من ملحق عقد الوكالة الملغاة المؤرخ 2001/3/15 أقرت الشروط المدرجة في هذا الملحق والتي تعتبر جزء لا يتجزأ من عقد الوكالة, وبالتالي يكون ما جاء بملحق الوكالة الملغاة هو جزء لا يتجزأ من العقد الأصلي وهو مكمل له, وأشارا إلى أن المادة 7الفقرة 6 من قانون الأونسيترال النموذجي للتحكيم الدولي عند تعرضها لتعريف اتفاق التحكيم نصت علي:"تشكل الإشارة في العقد إلي أي مستند يتضمن بندا تحكيميا, اتفاق تحكيم مكتوب, شريطة أن تكون الإشارة علي نحو تجعل ذلك البند جزءا من العقد", وكذلك أشارت الى ما جاء بالمادة العاشرة من القانون 27 لسنة 1994. وانتهى المحتكم ضدهما إلى أنه بذلك يكون البند الأصلي المعمول به في تشكيل هيئة التحكيم هو البند 16 من عقد الوكالة الملغاة وأن الشركة

المحكمة أقرت بذلك.  واختتم المحتكم ضدهما دفاعهما في هذا البند بأن هناك بطلان في تشكيل هيئة التحكيم للأسباب التي سبق ذكرها وللأسباب الأخرى والتمسا الأخذ بهذا الدفع الشكلي.

وتحت البند ثانيا من بيان الدعوى دفع المحتكم ضدهما ببطلان إجراءات التحكيم لمخالفة تشكيل هيئة التحكيم للقانون والقواعد الدولية المعمول بها في مجال التحكيم وبيانا لهذا الدفع قالا أنه نفاذا للأعراف الدولية في مجال التحكيم الدولي وللفقرة الخامسة من المادة الحادية عشر من قانون الأونسيترال للتحكيم الدولي والتي جرى نصها على أنه:" يتعين على المحكمة لدى قيامها بتعيين محكم أن تولي الاعتبار الواجب إلى المؤهلات المطلوب توافرها في المحكم وفقا لإتفاق الطرفين وإلى الاعتبارات التي من شأنها ضمان تعيين محكم مستقل ومحايد وفي حالة تعيين محكم فرد أو محكم ثالث يتعين أن تأخذ في الاعتبار كذلك استصواب تعيين محكم من غير جنسية الطرفين", تأسيسا على المادة سالفة البيان قال المحتكم ضدهما أن القانون الدولي أوجب على المحكمة في حالة الطلب منها تعيين محكم مرجح (المحكم الثالث) أن يكون تعيين هذا المحكم من جنسية غير جنسية الطرفين, وانتهيا من ذلك إلى القول بأن تشكيل هيئة التحكيم يخالف القواعد والقوانين الدولية المنظمة للتحكيم الدولي, وأنه بناء عليه كان يجب على المحكمة عند تعيين السيد/ رئيس هيئة التحكيم أن يكون من جنسية مختلفة عن جنسية أطراف النزاع, بالرغم من توافر فيه شرط الحيادية والاستقلال والنزاهة والخبرة ولكن الأمر يتعلق بإجراء شكلي يبطل التحكيم وتشكيل هيئة التحكيم.

وتحت البند ثالثا من بيان الرد والتعقيب على بيان الدعوى التحكيمية دفع المحتكم ضدهما بسقوط حق الشركة المحتكمة في اللجوء للتحكيم نفاذا لعقد الوكالة الملغي وفي هذا الشأن قالا أن البند 16 من عقد الوكالة الملغاة, وهي مادة تنظيمية لعملية فض النزاع الذي قد يطرح بسبب الوكالة الملغاة ورتبت الأسلوب الذي اتفق عليه الطرفان في حالة حدوث أي نزاع يتعلق بتفسيره أو تطبيق هذه الاتفاقية وهذه المادة رتبت الإجراءات الواجب اتباعها في حالة حدوث نزاع وحددت المواعيد التي يجب أن تتخذ فيها هذه الإجراءات حيث قال المحتكم ضدهما أنها نصت على أنه: " في حالة حدوث أي نزاع يتعلق بتفسير أو تطبيق هذه الإتفاقية, فإنه على كلا الطرفين أن يبذلا الجهود القصوى لحل هذا النزاع فيما بينهم بالطرق المناسبة خلال 3 أيام فقط وإن لم يتم التوصل لإيجاد حل, يجب عليهم أن يختاروا لجنة التحكيم بالطرق الآتية ..." .وأورى المحتكم ضدهما في هذا الشأن أن هذا البند حدد مدة 3 أيام فقط ليقوم الطرفين خلالهما ببذل الجهود القصوى لحل النزاع الذي يحدث بينهم ويتعلق بتفسير أو تطبيق هذه الإتفاقية بالطرق المناسبة أي الطرق الودية, وذلك لقطع الطريق على أي محاولة للمماطلة, فإن لم يتوصلا لحل ودي, أوجب الطرفان على نفسهما التوجه الفوري إلى التحكيم.

وقال المحتكم ضدهما أن السعي إلى الحل الودي استمر أكثر من ستة سنوات بما يعتبر إخلالا من المحتكمة بشرط التحكيم في المادة 16 بالعقد الملغي و تنازلا ضمنيا عن حقها في اللجوء إلى التحكيم لحل النزاع, وتمسكا بنص المادة السادسة من القانون 27 لسنة 1994 التي نصت على:"إذا اتفق طرف التحكيم على إخضاع العلاقة القانونية بينهما لأحكام عقد نموذجي أو اتفاقية دولية أو أي وثيقة أخرى وجب العمل بأحكام هذه الوثيقة بما تشمله من أحكام خاصة بالتحكيم, وأنه قد جاء بالمذكرة الإيضاحية للقانون أنه: " أراد المشرع بإيراد هذا النص احترام إرادة طرفي التحكيم وتحرير هذه

39

الإرادة وذلك بإفساح الحرية لهما لتنظيمه بالكيفية التي تناسبهما لأن هذه الحرية هي عماد نظام التحكيم إذا فقدها فقد هويته".

وتحت البند رابعا من الرد على بيان الدعوى التحكيمية جحد المحتكم ضدهما  كافة الصور الضوئية المقدمة من الشركة المحتكمة وفي هذا الشأن قال المحتكم ضدهما أن الصور الضوئية لا يعتد بها, وأن قضاء النقض جرى على أنه لا حجية لصور الأوراق العرفية في الإثبات, إلا بمقدار ما تهدي إلى الأصل إذا كان موجودا فيرجع إليه كدليل للإثبات, أما إذا كان الأصل غير موجود فلا سبيل للاحتجاج بالصور الضوئية إذ هي لا تحمل توقيع من صدرت منه, وانتهى المحتكم ضدهما مما تقدم إلى القول بأنه وتأسيسا على ما ذهبت إليه القاعدة القانونية سالفة البيان وبالرجوع إلى المستندات المقدمة من الشركة المحتكمة يتضح أنها جميعا صور ضوئية يصمم المحتكم ضدهما على جحدها جميعا ويلتمسا الإلتفات عنها.

وتحت البند خامسا من الرد على بيان الدعوى التحكيمية طلب المحتكم ضدهما رفض الدعوى التحكيمية لعدم تقديم أصول المستندات وتقديم مستندات باللغة الأجنبية الغير مترجمة ترجمة معتمدة إلى اللغة العربية نفاذا للمادة 19 من قانون السلطة القضائية  وشرحا لهذا الدفاع قال المحتكم ضدهما أن أطراف النزاع اتفقا على اختيار اللغة العربية لغة للتحكيم وأن هيئة التحكيم قررت بموافقة أطراف النزاع أن يكون القانون المصري هو القانون المعمول به في الذي يطبق على النزاع موضوع التحكيم, وأنه بناء على ما تقدم فإنه يجب على المدعي إذا ما اختار أن يثبت دعواه بمحررات مكتوبة يقدمها في الدعوى أن تكون تلك المحررات باللغة العربية أو أن يقدم مع المحررات المكتوبة باللغة الأجنبية ترجمة عربية معتمدة لها, وإلا كانت غير مقبولة لا تأخذ بها المحكمة أو هيئة التحكيم ولا تنظر إليها إذ اللغة العربية هي لغة التحكيم , وهو ما ذهبت إليه محكمة النقض  حيث قضت بأن  اللغة العربية هي لغة الدولة الرسمية, و وجوب الإلتزام بها دون غيرها مادة 2 من الدستور, وأن إجراءات التقاضي أو الإثبات أو إصدار الأحكام وجوب صدورها باللغة العربية نفاذا للمادة 19 من قانون السلطة القضائية. وأورى المحتكم ضدهما أنه بإنزال هذه القواعد القانونية على موضوع النزاع يتبين أن الشركة المحتكمة قدمت من ضمن الصور الضوئية الغير معترف بها من جانبهما مستندات محررة باللغة الأجنبية, الأمر الذي يخالف نصوص قانون السلطة القضائية وأحكام محكمة النقض نفاذا لاتفاق أطراف النزاع إلى اعتماد اللغة العربية هي لغة التحكيم والقانون المصري هو المطبق على النزاع وبالتالي التمسك بعدم الاعتداد بالصور الضوئية والمحررات باللغة الأجنبية. و الالتفات عنها واعتبار الدعوى مقامة بدون مستندات بما يوجب رفضها بحالتها لخلوها من ثمة مستندات مؤيدة للدعوى التحكيمية.

وتحت البند سادسا من بيان الرد والتعقيب على بيان الدعوى التحكيمية دفع المحتكم ضدهما بسقوط حق الشركة في إقامة الدعوى لمرور أكثر من سنتين على انتهاء العلاقة العقدية وفي هذا الشأن أورد المحتكم ضدهما أن الشركة المحتكمة سردت ببيان دعواها في الصفحة الرقيمة 17 بالبند خامسا تحت عنوان"التكييف القانوني للعقد"عددا من المواد القانونية لتثبت أن الوكالة موضوع النزاع من النوع الذي حددته المواد من 177إلى191 وكيفت الوكالة موضوع النزاع على أنها وكالة

40

العقود التي تحكمها المواد المذكورة من قانون التجارة المصري الذي اتفق أطراف النزاع على أن يكون هو القانون الحاكم لموضوع التحكيم الماثل وأضافا في هذا الشأن أنهما يتفقان مع الشركة المحتكمة في هذا التكييف القانوني ويتفقان معها أيضا على أن الوكالة موضوع النزاع هي وكالة عقود تحكمها المواد من 177 إلى191 من قانون التجارة المصري رقم 17 لسنة 1999. وأنه بناء على هذا التكييف المتفق عليه فإن المحتكم ضدهما يدفعان بسقوط حق الشركة المحتكمة في إقامة الدعوى التحكيمية الماثلة لمرور أكثر من سنتين على انتهاء العلاقة العقدية, وذلك حسبما نصت عليه الفقرة الثانية من المادة 190 من قانون التجارة المصري والتي قالت أنها تنص على أنه :"2- وتسقط جميع الدعاوى الأخرى الناشئة عن عقد وكالة العقود بإنقضاء سنتين على انتهاء العلاقة العقدية", وأورى المحتكم ضدهما أن مفاد هذا النص أن دعاوى مطالبة وكيل العقود موكله بالأجر المستحق له أو عائده أو أية مبالغ أخرى متفق على أن تقع على عاتق الموكل تسقط بعد انقضاء سنتين من انتهاء عقد وكالة العقود, وأن المشرع قد جاء بالنص عاما فلا يجوز تخصيصه بغير مخصص وأن هذه المدة تسري على كافة العقود محددة المدة أو غير محددة وتسري أيضا هذه المادة على كافة المنازعات الناشئة عن وكالة العقود, وأن مدة السنتين من تاريخ انتهاء العلاقة العقدية المذكورة, هي مدة سقوط وليست مدة تقادم, فلا يرد عليها الوقف أو الإنقطاع. وأنه بإنزال القواعد القانونية المذكورة على واقعة التداعي يبين منها أن تاريخ انتهاء العلاقة العقدية هو 2005/11/17 وهو تاريخ فسخ وإلغاء الوكالة من جانب الشركة المحتكم ضدها لعدم قيام الشركة المحتكمة بالوفاء بالتزاماتها, وأنه لا مجال للحديث في هذا المقام عن أسباب الإلغاء والتي سيتم بيانها فيما بعد, وأنه باحتساب فترة السنتين من تاريخ العلاقة العقدية سيكون هو تاريخ 2007/11/16 وأنه بالرجوع إلى ملف الدعوى يتبين أنه في خلال هذه الفترة لم تقم الشركة المحتكمة باللجوء إلى التحكيم واتخاذ إجراءات التحكيم الفعلية, وإنما قامت الشركة المحتكمة باتخاذ إجراءات التحكيم وإقامة الدعوى التحكيمية والتي تحتسب من تاريخ طلب الشركة المحتكمة بالبدء في إجراءات التحكيم وتعيين محكم عنها وبدأت بموجبه فعلا إجراءات التحكيم الماثل وهو تاريخ الإنذار المقدم من الشركة المحتكمة إلى الشركة المحتكم ضدها وبتعينها فيه محكم عنها وكان هذا الإنذار بتاريخ 2011/8/4 والذي تم عليه بناء تشكيل هيئة التحكيم, وأضاف المحتكم ضدهما أنه باحتساب المدة من تاريخ انتهاء العلاقة العقدية وتاريخ إقامة الدعوى التحكيمية تكون أكثر من ست سنوات كما قامت بحسابها الشركة المحتكمة وأقرت بها في بيان دعواها التحكيمية في الفقرة الأولى من الصفحة الثانية من بيان الدعوى, ولأنه بالتالي يكون قد مضى أكثر من سنتين دون إقامة أي دعوى من جانب الشركة المحتكمة من تاريخ إنهاء العلاقة العقدية وبناء عليه قد يكون حقها في إقامة الدعوى التحكيمية الماثلة أو أي دعوى أخرى بخصوص الوكالة الملغاة قد سقط بمضي أكثر من سنتين من تاريخ إنهاء عقد الوكالة في 2005/11/17. وبالبناء على ما تقدم تمسك المحتكم ضدهما بالدفع بسقوط حق الشركة المحتكمة في إقامة أي دعوى ضد الشركة المحتكم ضدها لانقضاء أكثر من سنتين على انتهاء العلاقة العقدية.

**41**

<u>وتحت البند سابعا من بيان الرد على بيان الدعوى التحكيمية دفع المحتكم ضدهما ببطلان عقد الوكالة الملغي لقيامه على إرادة معيبة</u> فقالا أن من المتفق عليه أن عقد الوكالة التجارية من العقود التي تبرم وتقوم على الاعتبار الشخصي أي أن الوكيل لا يمنح الوكالة إلا لشخص معين بذاته وصفاته, أي تقوم فيه المواصفات التي يعتبرها الموكل ضرورية لتمثيله, كما أنه من المتفق عليه أن الوكالة يتغلب فيها الاعتبار الشخصي, وأنه يترتب على ذلك أنه إذا وقع غلط في شخص الوكيل, فإن عقد الوكالة يكون قابلا للإبطال للغلط, ويكون الرضا في عقد الوكالة معيبا إذا شابه غلط أو تدليس أو إكراه أو استغلال, شأن الوكالة في ذلك شأن سائر العقود, وأنه بالرجوع إلى عقد الوكالة المؤرخ 2001/1/30 موضوع الدعوى يتبين أنه كان مبرم بين كل من "شركة الخطوط الجوية العراقية المنشأة والمرخصة طبقا للقانون العراقي مقرها مطار صدام حسين - بغداد-العراق (طرف أول) وشركة هورس للسياحة والسفر ومقرها 9 شارع الشهيد محمد جمال برعي,أرض الجولف, مصر الجديدة, المنشأة والمرخصة طبقا للقانون المصري(طرف ثان), وأنه بقراءة الطرف الثاني مرة أخرى يفهم منها أن الطرف الثاني هو شركة هورس للسياحة والسفر وأنها منشأة ومرخصة طبقا للقانون المصري وأن التأكيد على إعادة قراءة بيانات الطرف الثاني هو للوصول إلى فهم الغرض الأساسي وراء التعاقد مع الشركة الطرف الثاني وهذا الغرض يقرأ من التعريف الموضح ببند الأطراف حيث تم التعاقد مع الشركة الطرف الثاني للأسباب الآتية:1- لكون غرضها التجاري السياحة والسفر.2- لكونها منشأة ومرخصة.3-مرخصة طبقا للقانون المصري. وأن ذلك الغرض من إبرام هذه الاتفاقية وهو إيجاد وكيل عام عن شركة مصرية مرخصة طبقا للقانون المصري في مجال السياحة والسفر, فكانت هذه الشروط هي أساس التعاقد مع شركة هورس واتجهت إرادة الشركة المحتكم ضدها إلى عقد الاتفاقية موضوع الدعوى مع هذه الشركة لتوافر هذه الشروط بها, كما أدعت وقتها وأقرت بذلك, والإقرار يكون بالتوقيع على هذا البيان المكتوب قرين اسم الطرف الثاني, إلا أنه إذا تم الرجوع إلى الشركة المحتكمة وبحث في سجلها التجاري تتكشف الحقائق الآتية:

أ-أن تاريخ بدء نشاط شركة هورس للسياحة هو 2001/3/14 أي بعد توقيع عقد الوكالة بأكثر من شهرين, في حين أن عقد الوكالة تم توقيعه بتاريخ 2001/1/30 وعليه يكون العقد تم إبرامه مع شركة وهمية ليس لها كيان قانوني وقت التعاقد غير مقامة أو منشأة. ب-أن السيد/عماد السيد الجلدة لم يكن وقت توقيع العقد رئيس مجلس إدارة الشركة المذكورة الغير قائمة ولكن بعد تأسيسها كانت صفته مدير مسئول, ويكون عقد الوكالة موقع ممن ليس له صفة قانونية صحيحة وقت التعاقد. ت-أن الشركة الطرف الثاني المبرم معها عقد الوكالة الملغي وقت إبرام العقد لم تكن مرخص لها من وزارة السياحة المصرية, وإنما صدر لها ترخيص السياحة بتاريخ 2002/5/24 أي بعد سنة وشهرين, بالإضافة إلى أن هذا الترخيص قد منح لشركة هورس للسياحة, بينما العقد أبرم مع شركة هورس للسياحة والسفر. وأنه بناء عليه يتبين أن إبرام عقد الوكالة قد أبرم على إرادة معيبة بعيب الغش والتدليس, وعليه يكون العقد باطلا بطلانا مطلقا, وما بني على باطل فهو

باطل, وأنه يبين مما تقدم أن الدفع ببطلان عقد الوكالة لتوقيعه بإرادة معيبة قد بين على أسباب صحيحة.

وتحت عنوان ردا على ما ذهبت إليه الشركة المحتكمة من عدم جواز إنهاء الوكالة محل التحكيم بالإرادة المنفردة قال المحتكم ضدهما أن القانون قد يجعل لأحد المتعاقدين الحق في أن يستقل بإلغاء العقد وأن القانون قد نص على ذلك في عقود الوكالة, فيجوز للموكل في أي وقت إن ينهي الوكالة وأيضا وردت المادة 715 من القانون المدني المصري تنص على أنه :" يجوز للموكل في أي وقت أن ينهي الوكالة أو يقيدها ولو وجد اتفاق يخالف ذلك " كما أن المادة 947 من القانون المدني العراقي قد نصت على أنه " للموكل أن يعزل الوكيل أو يقيد من وكالته وللوكيل أن يعزل نفسه, ولا عبرة بأي اتفاق يخالف ذلك ".

وأنه يخلص من ذلك النص أن للموكل أن يعزل الوكيل في أي وقت قبل انتهاء العمل محل الوكالة, فإذا رأى الموكل أن مصلحته في الوكالة لم تعد قائمة كان له أن ينهي الوكالة بعزل الوكيل, وأن عزل الوكيل يكون بإرادة منفردة تصدر من الموكل موجهة إلى الوكيل, فتسري في شانها القواعد العامة, ولما كان القانون لم ينص على أن يكون العزل في شكل خاص, فإن أي تعبير عن الإرادة يفيد معنى العزل يكفي وأن التعبير قد يكون صريحا, كما قد يكون ضمنيا, ويعتبر عزلا ضمنيا للموكل, مثل أن يقوم الموكل بنفسه بتنفيذ العمل محل الوكالة. وأضاف المحتكم ضدهما أنه سواء كان العزل صريحا أو ضمنيا فإنه لا ينتج أثره, إلا إذا وصل إلى علم الوكيل طبقا للقواعد العامة وأضاف المحتكم ضدهما أن جواز عزل الموكل للوكيل العام قاعدة من النظام العام فلا يجوز الاتفاق على ما يخالفها, ومن ثم لا يجوز للوكيل أن يشترط بقاءه وكيلا حتى يتم العمل الموكل إليه, ويستطيع الموكل بالرغم من هذا الشرط عزله قبل أن يتم العمل وأن النص صريح في هذا المعنى, إذ جاء في مقدمة الفقرة الأولى من المادة 715 مدني " يجوز للموكل في أي وقت أن ينهي الوكالة أو يقيدها, ولو وجد اتفاق يخالف ذلك " كما لا يجوز للوكيل أن يشترط تعويض إذا عزله الموكل, فإن في هذا تقييدا لحرية الموكل في عزل الوكيل, وأضافا أن القانون أراد الاحتفاظ للموكل بهذه الحرية كاملة وأن هذا هو ما أكدت عليه المحكمة الدستورية في الدعوى الدستورية رقم 193 لسنة 29 ق دستورية بتاريخ 2012/7/14 بعدم دستورية المادة 189 من قانون التجارة الصادر بالقانون رقم 17 لسنة 1999 وأن المحكمة الدستورية استندت في ذلك إلى أن إلتزام الموكل والوكيل بأحكام العقد سواء في تنفيذه أو إنهائه لا يوهل بحسب طبائع الأمور لنشوء الاعتقاد لدى الوكيل باستمرار علاقته العقدية مع الموكل, كما أن الموكل إنما يستعمل حقه في عدم تجديد العقد بعد انتهاء مدته المتفق عليها, وأن الأصل الذي قننه القانون المدني أن من استعمل حقه استعمالا مشروعا لا يكون مسئولا عما ينشأ عن ذلك من ضرر, و قالا أيضا أن المادة 163 من قانون التجارة المصري رقم 17 لسنة 1999 نصت على أنه" يجوز لكل من طرفي عقد الوكالة التجارية إنهاء العقد في كل وقت, ولا يستحق التعويض, إلا إذا وقع إنهاء العقد دون إخطار سابق أو في وقت غير مناسب, وإذا كان العقد معين المدة وجب أن يستند إنهاؤه إلى سبب جدي ومقبول وإلا استحق التعويض", و أنه"يجوز للموكل في أي وقت أن ينهي الوكالة أو يقيدها ولو وجد اتفاق يخالف ذلك".

43

وأضاف المحتكم ضدهما أنه بإنزال هذه القواعد والأسس والمواد القانونية سالفة الذكر على واقعة التداعي يبين منها أن عقد الوكالة الملغي جاء في الفقرة الأولى من البند 23 منه ما نصـــه "تبطل هذه الاتفاقية كل ما سبق وتكون سارية المفعول ابتداءً من 2002/2/15 وتكون سارية وملزمة لكل من الطرفين ولن يتم إلغائها من أي من الطرفين قبل إعطاء الطرف الآخر إنذار بالإلغاء مكتوب بفترة لا تقل عن 60 يوما إلى المكتب الرئيسـي للطرف الآخر", وأن هذا البند يعطي الحق للطرفين في إلغاء الوكالة دون أسباب أو التقييد بأي شرط سوى توجيه إنذار للطرف الآخر بالإلغاء مكتوب بفترة لا تقل عن 60 يوما إلى المكتب الرئيسـي, وهو ما قامت والتزمت به الشركة المحتكم ضدها حيث قامت بتوجيه إنذار بتاريخ 2005/11/17 مكتوب بالإلغاء إلى الطرف الآخر وتم توجيهه إلى المقر الرئيسـي إلى الشـركة المحتكمة وأشارت إلى أن صـورة هذا الإنذار مقدم في حوافظ المسـتندات المقدمة منها رفق مذكرة الرد والتعقيب على بيان الدعوى, وأن نص الإنذار كان تحت عنوان إنهاء وكالة وتضـمن ما قال المحتكم ضـدهما  أن نصــه " نظرا لإعادة التشـغيل لطائرات شـركة الخطوط الجوية العراقية من وإلى مصر ولعدم وفاء شركتكم بالتزاماتها تجاه شركتنا فقد قرر إنهاء عقد الوكالة العامة في مصـــر المبرمة معكم اعتبارا من 2005/12/1 ومنحكم مدة سـتون يوما لتصفية المتعلقات المالية والإدارية مع شـــركتنا ", وأنه بما تقدم تكون الشـــركة المحتكم ضــدها قد قامت بإسـتعمال حقها المنصـوص عليه بالعقد الملغي, وأنها قامت بتوجيه الإنذار المكتوب بالإلغاء إلى الطرف الآخر في مقره الرئيسـي كما هو ثابت من صـورة الإنذار المقدم بالأوراق ومنحت كذلك الشركة المحتكمة مدة ستون يوما قبل الإلغاء لتسوية وتصفية المتعلقات المالية والإدارية معها وأنه يتضـــح من هذا الإجراء المتفق مع نص المادة 715 من القانون المدني التي أعطت الحق للموكل في أي وقت أن ينهي الوكالة, وكذلك يتفق مع نص المادة 163 من قانون التجارة المصـري رقم 17 لسـنة 1999 والتي أعطت الحق لكل من طرفي عقد الوكالة التجارية في إنهاء العقد واشـتراط اسـتحقاق التعويض عن هذا الإنهاء أن يكون تم دون إخطار ســابق, وأنه بالرجوع إلى الإنذار السـالف بيانه يتضـح أن الشركة المحتكم ضـدها قد قامت بإخطار الشركة المحتكمة بالإلغاء قبل الإلغاء بسـتون يوما, وأعطتها فرصـة سـتون يوما من تاريخ الإخطار لتسوية وتصفية المتعلقات المالية والإدارية مع الشـركة المحتكم ضـدها وأنه بذلك تكون الشـــركة المحتكم ضــدها قد قامت بتطبيق صحيح القانون في إلغاء الوكالة موضـــوع النزاع واسـتعملت حقها المنصـوص عليه في مواد القانون السالف ذكرها.

وتحت عنوان تأكيدا على علم الشـركة المحتكمة بإلغاء الوكالة أورد المحتكم ضـدهما أن الشـركة المحتكمة قامت بتاريخ 2006/3/18 بتوجيه إنذار إلى الشركة المحتكم ضدها على يد محضر جاء في مسـتهل هذا الإنذار أن:" الشـركة المنذرة "المحتكمة" فوجئت بتاريخ 2005/11/17 بخطاب مرسل من المدير العام لشركة الخطوط الجوية العراقية يبلغه فيه بفسخ عقد الوكالة المحرر بينهما, ثم قامت الشركة المحتكمة بتوجيه إنذار آخر بتاريخ 2006/5/13 إلى الشركة المحتكم ضدها بذات مضمون الإنذار المؤرخ 2006/3/18 بتصحيح الخطأ المادي في مبلغ التعويض الذي قدرته آنذاك تعويضــا ماديا وأدبيا عن فسـخ عقد الوكالة وكان هذا الإنذار هو التأكيد الثالث لعلم الشـــركة

44

المحكمة بإلغاء عقد الوكالة حيث كان التأكيد الثاني بتاريخ 2006/4/19 وهو تاريخ أول محضر إجتماع بين وفدي الشــــركتين لحل ودي حول المســـائل المادية المترتبة على إلغاء الوكالة والذي عرضت فيه الشركة المحتكمة إقتراح بإعادة الوكالة مرة أخرى وطلبت دراسة هذا الموضوع من جانب الشركة المحتكم ضدها, وبذلك -وحسب قول الشركة المحتكم ضدها- تأكد اتصال علم الشركة المحتكمة بإلغاء الوكالة نفاذا للبند 23/1 من عقد الوكالة الملغاة والتي لم تعترض الشركة المحتكمة أثناء هذه السنوات على إجراءات الإلغاء وكان هذا بمثابة إقرار منها بصحة الإجراءات ويقينا منها بتوافقها وصـــحيح القانون والواقع, وأنه بناء على كل ما تقدم يتبين صـــحة إجراءات إلغاء الوكالة بتاريخ 2005/11/17 ونفاذها في حق الشركة المحتكمة.

<u>وتحت عنوان ردا على ما جاء ببيان إدعاءات الشركة المحتكمة تحت عنوان تراجع المحتكم ضدها عن إنهاء الوكالة والتزامها بإعادة تفعيلها في 2005/8/29 والواردة في صفحة 15 منه</u>

قال المحتكم ضدهما أن الإجتماعات التي تمت بين الطرفين المحتكمين يوم 26 ويوم 2005/8/27 لم يسفر عنها أي إلتزام أو تفعيل لعقد الوكالة الملغي, وإنما كل ما جاء بمحضرالإجتماع المذكور هو تدوين المناقشات التي طرحت من جانب الشركة المحتكمة حول رغبتها في إعادة تفعيل عقد الوكالة بعد إلغائها, وهو ليس تراجع عن هذا الإلغاء وليس جزء من عقد الوكالة ولا يعتد به نهائيا ولا يترتب أي أثر عليه. وقال المحتكم ضدهما أن الشركة المحتكمة قامت بتأسيس ادعاءاتها على اتفاق إعادة تفعيل الوكالة المؤرخ 2005/8/29 بالصفحة رقم 10والصفحة رقم 12والصفحة رقم 15 من بيان دعواها, بينما هو عبارة عن محضر اجتماع بين وفدي الشركتين جاء نتيجة قيام الشركة المحتكم ضدها بإنهاء الوكالة وذلك سعيا من الشركة المحتكمة ورغبة منها لإعادة تفعيل عقد الوكالة الملغي آنذاك. وقد قام وفد من الشركة المحتكم ضدها بالاجتماع مع الشركة المحتكمة وتم عرض نقاط للمناقشة من الشركة المحتكمة وتم مناقشتها وتم تثبيت هذه النقاط التي تم مناقشتها أثناء الإجتماعات التي تمت بين الوفدين وتم تثبيت هذه النقاط في محضر اجتماع بتاريخ 2005/8/29 وتثبت فيه النقاط التي دار النقاش حولها بين الوفدين لغرض تفعيل عقد الوكالة الملغاة بناء على طلب الشركة المحتكمة, وذلك تمهيدا لحصول الشركة المحتكم ضدها على الموافقات الأصولية من مجلس إدارة الشركة العامة عليها, على أساس أنه في حالة إذا تمت الموافقة عليها من مجلس الإدارة وقتها على هذه النقاط التي تم النقاش حولها وتثبيتها بمحضر الاجتماع المذكور كان في هذه الحالة سيتم تفريغها في صورة ملحق عقد الوكالة ويتم توقيع الطرفين عليه كما هو الحال الذي تم في ملحق عقد الوكالة المؤرخ 2001/3/15 والمختوم بخاتم الشركة, وأن النظام الداخلي لها بالفصل الرابع منه تحت عنوان مهام رئيس مجلس الإدارة بالمادة 14 نص على أنه أولا: يمارس مجلس الإدارة المهام الآتية :أ-.... ب-.... ج-.... س- إقرار العقود والاتفاقيات المتعلقة بأعمال الشركة. غ- إختيار الوكلاء العاملين خارج العراق وتحديد عمولتهم وإبرام عقود الوكالة معهم. ومن ذلك فإنه يجب إقرار مجلس إدارة الشركة العامة للخطوط الجوية العراقية على أي عقود أو اتفاقيات متعلقة بأعمال الشركة وكذلك إبرام عقود الوكالة وتحديد عمولة الوكلاء العامين خارج العراق, وبالتالي فإن أي عقد أو اتفاق أو تحديد عمولة يتم دون إقرار مجلس إدارة الشركة المحتكم ضدها لا يعتدبه ويعتبر

45

كأن لم يكن ولا يترتب عليه أي التزامات أو أثار تجاه الشركة العامة للخطوط الجوية العراقية, ولا يخرج إلى حيز التنفيذ ولا يعتبر جزء من أي عقد طالما لم يتم إقراره من مجلس الإدارة, حيث أنه ليس من ضمن صلاحيات المدير العام منفردا إقرار هذه الأمور أو اعتمادها وهذا ما هو ثابت من النظام الداخلي للشركة العامة للخطوط الجوية العراقية المرقم 20 لسنة 2000, وأضاف المحتكم ضدهما أنه تأكيدا على علم الشركة المحتكمة بهذا الإجراء فقد جاء بمحضر الإجتماع المؤرخ 2008/11/16 عبارة  تأجيل المناقشات إلى يوم الاثنين الموافق 2008/11/17 لإستكمال مناقشات الحل الودي لغرض عرض الأمر من جانب شركة الخطوط الجوية العراقية ومن جانب شركة هورس على مجلس إدارة كل منهما لاستحصال الموافقات الأصولية المطلوبة, وأنه بذلك يتضح علم الشركة المحتكمة بضرورة حصول إقرار وموافقة من مجلس إدارة الشركة المحتكم ضدها لاعتماد ما تم التوصل إليه من آراء بمحضر الاجتماع وفي حالة إقراره يفرغ في صورة ملحق عقد وكالة في هذه اللحظة جزءً لا يتجزأ من عقد الوكالة, وأنه بناء عليه يتضح أن محضر الاجتماع المؤرخ 2005/8/29 لا يترتب عليه أي التزامات أو أثار قانونية أو مادية, وذلك لعدم إقراره من مجلس إدارة الشركة العامة للخطوط الجوية العراقية نفاذا للنظام الداخلي للشركة, وأنه وبناء على ما تقدم يلتمس المحتكم ضدهما عدم الاستناد إلى محضر الاجتماع المؤرخ 2005/8/29 واعتباره كأن لم يكن والالتفات عنه وعدم ترتيب أي أثر من الأثار عليه لعدم إقراره من مجلس إدارة الشركة العامة للخطوط الجوية العراقية.

<u>وتحت عنوان ردا على ما جاء ببيان إدعاءات الشركة المحتكمة بالفقرة الثانية بالصفحة 16 منه</u>

قال المحتكم ضدهما أن هذه الفقرة جاء فيها عبارة توضح الحقيقة الجلية لهذا القرار كما وضح في صدره حيث ورد به أنه " نظرا لإعادة التشغيل لطائرات الخطوط الجوية العراقية من وإلى مصر", وأنه بهذه العبارات تحاول الشركة المحتكمة إقناع هيئة التحكيم على غير الحقيقة بأن الباعث الجلي على إصدار قرار إيقاف الوكالة هو رغبة الشركة المحتكم ضدها في التشغيل المباشر من خلال مكتبها بالقاهرة, وتعليقا على ذلك فإن الشركة المحتكم ضدها سبق وأن أوضحت أن التعبير عن عزل الوكيل أو إنهاء الوكالة قد يكون صريحا وقد يكون ضمنيا, وأنه يعتبر عزلا ضمنيا للوكيل أن يقوم الموكل بنفسه بتنفيذ العمل محل الوكالة, وأنه وبناء عليه يكون إفصاح الشركة المحتكم ضدها عن رغبتها في التشغيل المباشر من خلال مكتبها بالقاهرة هو من قبيل الإلغاء الضمني تأكيدا للإلغاء الصريح.

<u>وتحت عنوان ردا على ما جاء بالصفحة 16 من بيان الدعوى تحت عنوان تراجع المحتكم ضدها عن إنهاء الوكالة وإصدار قرار بإيقافها بتاريخ 2005/11/16</u> أورد المحتكم ضدهما أن هذا مردود عليه بالآتي:1- صدور قرار إنهاء الوكالة المرقم 14 بتاريخ 2005/11/17 وهو تاريخ إصدار القرار وليس تاريخ التوقيع حيث أن العبرة بتاريخ الإصدار وهو موقع من السيد المدير العام وتم توجيهه إلى المقر الرئيسي للشركة المحتكمة. 2- تم إصدار القرار رقم 254 بتاريخ 2005/11/17 وهو ذات اليوم الذي صدر فيه قرار الإنهاء رقم 14 وموقع أيضا من السيد المدير العام وتم توجيهه إلى المقر الرئيسي للشركة المحتكمة تحت عنوان إيقاف وكالة وشامل بعض أسباب إنهاء

46

الوكالة موضـــوع القرار المرقم 14 بتاريخ 2005/11/17 وليس العبرة بتاريخ التوقيع ولكن الذي يؤخذ به هو تاريخ الإصدار المرفق برقم الكتاب. وأضـاف المحتكم ضدهما في هذا الشأن أنه أما عن تعبير "إيقاف الوكالة" الذي جاء عنوانا للكتاب المرقم 254 بتاريخ 2005/11/17, فإن القانون لم ينص على أن يكون العزل في شـكل خاص فأي تعبير عن الإرادة يفيد معنى العزل يكفي, وقد جاء في الكتاب عبارة "وستقوم شركتنا بالتشغيل المباشـر من خلال مكتبنا في القاهرة", وأوضح المحتكم ضدهما أن هذه العبارة أوضحت معنى كلمة إيقاف التي جاءت بمعنى "إنهاء" وأن التعبير عن إلغاء الوكالة قد يكون صـريحا أو ضـمنيا والتعبير الضـمني هو ما عبرت عنه هذه العبارة الأخيرة التي جاءت في قرار الإيقاف المرقم 254, وأضـاف المحتكم ضـدهما أن العبرة بمجمل المفهوم من القرار وخاصـة وقد ورد به قيام الشـركة بالتشـغيل المباشـر وأنه سـبق إيضـاح أن القرارين رقمي 14 و 254 صـــدرا بنفس التاريخ وهو 2005/11/17 وإنما جـاء القرار 254 موضحا أسباب من أسباب إنهاء الشركة المحتكم ضدها لعقد الوكالة.

<u>وتحت عنوان الرد على بيان الدعوى التحكيمية فيما ورد به تحت عنوان تحديد الأخطاء التي ارتكبها المحتكم ضـده,</u> أورد المحتكم ضدهما أنهما قاما بالرد على ما تدعيه المحتكمة من ارتكاب الشركة المحتكم ضدها خطأ جسيم في إنهاء ثم إيقاف العقد بالإرادة المنفردة بالقول أنه ردا على ما ذهبت إليه الشـــركة المحتكمة من اعتبارها محضـــر الاجتماع الموقع من الطرفين المؤرخ 2005/8/29 هو ملحق وكالة على عكس الحقيقة محاولة إسباغ الصفة القانونية على هذا المحضر فإن الشـركة المحتكم ضـدها تعيد تأكيد ما سـبق وأن قامت بالرد به على هذا الادعاء, وهو أن محضـر الإجتماع المذكور هو عبارة عن محضـر اجتماع بين وفدي الشـركتين جاء نتيجة قيام الشركة المحتكم ضدها بإنهاء الوكالة وذلك سعيا من الشركة المحتكمة ورغبة منها في إعادة تفعيل عقد الوكالة الملغي آنذاك, وأن وفد الشركة المحتكم ضدها بهذا الاجتماع عرض نقاط للمناقشة من الشركة المحتكمة وتم مناقشتها وتم تثبيتها في محضر الاجتماع المؤرخ 2005/8/29 والذي ثبتت فيه النقاط التي دار النقاش حولها بين الوفدين لغرض تفعيل عقد الوكالة الملغاة بناء على طلب الشركة المحتكمة, وذلك تمهيدا لحصـول الشركة المحتكم ضدها على الموافقات الأصـولية من مجلس إدارة الشـــركة العامة عليها, على أسـاس أنه في حالة إذا تمت الموافقة عليها من مجلس الإدارة وقتها سـيتم تفريغها في صـورة ملحق عقد الوكالة المؤرخ 2001/3/15 والمختوم بخاتم الشـركة. وأضاف المحتكم ضدهما أن النظام الداخلي للشركة المحتكم ضدها بالفصـل الرابع منه تحت عنوان مهام رئيس مجلس الإدارة بالمادة 14 نص على أنه "أولا: يمارس مجلس الإدارة المهام الآتية :أ-.... ب-...... ج-....س-إقرار العقود والاتفاقيات المتعلقة بأعمال الشـــركة. غ-إختيار الوكلاء العاملين خارج العراق وتحديد عمولتهم وإبرام عقود الوكالة معهم. وأنه وعلى ذلك فإن أي عقد أو اتفاق أو تحديد عمولة يتم دون إقرار مجلس إدارة الشركة المحتكم ضدها لا يعتد به ويعتبر كأن لم يكن ولا يترتب عليه أي التزامات أو أثار تجاه الشــركة العامة للخطوط الجوية العراقية, ولا يخرج إلى حيز التنفيذ ولا يعتبر جزء من أي عقد طالما لم يتم إقراره من مجلس الإدارة, حيث أنه ليس من ضـمن صلاحيات المدير العام منفردا إقرار هذه الأمور أو اعتمادها وهذا ما هو ثابت من

47

النظام الداخلي للشركة العامة للخطوط الجوية العراقية المرقم 20 لسنة 2000 والذي أشير إلى إرفاق صورة منه بالحافظة رقم 4 المقدمة رفق مذكرة الرد على بيان الدعوى. وأضاف المحتكم ضدهما أنه تأكيدا على علم الشركة المحتكمة بهذا الإجراء فقد جاء بمحضر الإجتماع المؤرخ 2008/11/16 عبارة تأجيل المناقشات إلى يوم الاثنين الموافق 2008/11/17 لإستكمال مناقشات الحل الودي لغرض عرض الأمر من جانب شركة الخطوط الجوية العراقية ومن جانب شركة هورس على مجلس إدارة كل منهما لاستحصال الموافقات الأصولية المطلوبة, وأنه بذلك يتضح علم الشركة المحتكمة بضرورة حصول إقرار وموافقة من مجلس إدارة الشركة المحتكم ضدها لاعتماد ما تم التوصل إليه من آراء بمحضر الاجتماع وفي حالة إقراره يفرغ في صورة ملحق عقد وكالة في هذه اللحظة جزءً لا يتجزأ من عقد الوكالة, وأنه بناء عليه يتضـح أن محضـر الاجتماع المؤرخ 2005/8/29 لا يترتب عليه أي التزامات أو أثار قانونية أو مادية, وذلك لعدم إقراره من مجلس إدارة الشـركة العامة للخطوط الجوية العراقية نفاذا للنظام الداخلي للشـركة, والتمس المحتكم ضدهما عدم الاستناد إلى محضر الاجتماع المؤرخ 2005/8/29 واعتباره كأن لم يكن والالتفات عنه وعدم ترتيب أي أثر من الأثار عليه لعدم إقراره من مجلس إدارة الشـركة العامة للخطوط الجوية العراقية.

وفي ذات السياق قال المحتكم ضدهما أنه سبق إيضـاح صـحة إجراءات إلغاء الوكالة من جانب الشـركة المحتكم ضـدها, واتفاق هذا الإجراء مع القانون واستناده إلى صـحيح الواقع والقانون والأسـس القانونية الشـرعية المتفق عليها, إلا أنه من قبيل التأكيد فإن القانون قد يجعل لأحد المتعاقدين الحق في أن يستقل بإلغاء العقد, و أن هذا ما نص عليه القانون في عقود الوكالة, فيجوز للموكل في أي وقت إن ينهي الوكالة,وأن المادة 715 من القانون المدني المصري نصت على أنه :" يجوز للموكل في أي وقت أن ينهي الوكالة أو يقيدها ولو وجد اتفاق يخالف ذلك " كما قالت أن المادة 947 من القانون المدني العراقي قد نصـت على أنه:" للموكل أن يعزل الوكيل أو يقيد من وكالته وللوكيل أن يعزل نفسـه, ولا عبرة بأي اتفاق يخالف ذلك", وأنه يخلص من ذلك النص أن للموكل أن يعزل الوكيل في أي وقت قبل انتهاء العمل محل الوكالة, فإذا رأى الموكل أن مصلحته في الوكالة لم تعد قائمة كان له أن ينهي الوكالة بعزل الوكيل, وأن عزل الوكيل يكون بإرادة منفردة تصـدر من الموكل موجهة إلى الوكيل, فتسـري في شـانها القواعد العامة, وأنه لما كان القانون لم ينص على أن يكون العزل في شـكل خاص, فأي تعبير عن الإرادة يفيد معنى العزل يكفي وأن التعبير قد يكون صـريحا, كما قد يكون ضـمنيا, ويعتبر عزلا ضـمنيا للوكيل, مثل أن يقوم الموكل بنفسـه بتنفيذ العمل محل الوكالة, و أنه سـواء كان العزل صـريحا أو ضـمنيا فإنه لا ينتج أثره إلا إذا وصـل إلى علم الوكيل طبقا للقواعد العامة. وكرر المحتكم ضدهما ما سبق وأن ساقاه من دفاع في هذا الشأن, منتهين إلى أن الشركة المحتكم ضدها تكون قد قامت بتطبيق صحيح القانون في إلغاء الوكالة موضـوع النزاع واستعملت حقها المنصـوص عليه في بمواد القانون السالف ذكرها.

وتحت عنوان تأكيدا على علم الشركة المحتكمة بإلغاء الوكالة أعاد المحتكم ضدهما ما سبق و أن ساقاه من دفاع في شأن اتصال علم الشركة المحتكمة بإلغاء الوكالة نفاذا للبند 23/1 من عقد الوكالة الملغاة.

وتحت عنوان تعليقا على ما جاء في الفقرة الأخيرة من ص 35 من بيان الدعوى والتي ورد فيها "فضلا عن الاستيلاء على مقر الشركة بالقاهرة الذي تمارس الشركة المحتكم ضدها نشاطها الرئيسي منه في تنفيذ عقد الوكالة يعد نكوصا من الشركة المحتكم ضدها عن تنفيذ التزاماتها الرئيسية أو الأساسية في الرابطة العقدية..", فقد أورد المحتكم ضدهما أن مقر الشركة بالقاهرة الذي تتحدث عنه الشركة المحتكمة في هذه الفقرة وكأنه ملكا لها وتدعي بأن الشركة المحتكم ضدها قامت بالاستيلاء عليه, وأن الشركة المحتكمة قصدت بسوء نية أن توصل هذا المعنى لهيئة التحكيم, ولكن الحقيقة أن مقر الشركة المحتكم ضدها هو ملك للشركة المحتكم ضدها ومقر إدارتها منذ أواخر الخمسينات ومقرها هو 22 شارع قصر النيل- قسم عابدين- محافظة القاهرة, وأن هذا المقر لم يكن تحت سيطرة أحد في أي وقت سوى الخطوط الجوية العراقية بالقاهرة, و أن الاستيلاء لا يجوز إلا على ما هو ملك للغير.

وتحت عنوان ردا على ما جاء بالفقرة الأخيرة من الصفحة رقم 32 من بيان الدعوى أورد المحتكم ضدهما أنه جاء بهذه الفقرة ما نصه " أن الثابت من مذكرة دفاع الممثل القانوني للشركة العامة للخطوط الجوية العراقية المقدمة بجلسة 2012/1/5 أمام الدائرة 62 تجاري بمحكمة استئناف القاهرة في الدعوى رقم 51 لسنة 128 قضائية, وكذا بالإنذار الموجه من المحتكم ضدها للمحتكمة في 2012/3/6 أن شركة الخطوط الجوية العراقية عرضت إقتراح ملحق بعقد الوكالة أو منح الشركة طالبة التحكيم عقد وكالة جديد كمقابل للتنازل عن اللجوء للتحكيم", وأن المحتكم ضدهما لا يعلمان ماذا تريد أن تدلل الشركة المحتكمة في هذا الشأن, ولكن بالرجوع للإنذار الموجه من الشركة ضدها المؤرخ 2012/3/6 والمقدم صورته بالحافظة رقم 6 رفق الرد على بيان الدعوى التحكيمية يتبين أن هذا الإنذار كان نتيجة ما توصل إليه الطرفين أثناء هذه المفاوضات إلى عدم اللجوء إلى التحكيم "حاليا" والتنازل عن أي مطالبات "مزعومة" من قبل الشركة المحتكمة في مقابل قيام الشركة المحتكم ضدها بمنح الشركة المحتكمة عقد وكالة عامة جديد وقد وافق الطرفان على هذا, وقامت الشركة المحتكم ضدها بتسليم الشركة المحتكمة نسخة من عقد الوكالة واعترضت على المدة المحددة لها وهي ثلاث سنوات, كما هو معتمد من الآياتا, واتفقا على أن تقوم الشركة المحتكم ضدها بإرسال ملحق لعقد الوكالة المقترح للشركة المحتكمة لدراسته والرد عليه, وأنه بالفعل كان هذا الإنذار المشار إليه مرفق به نسخة من ملحق عقد الوكالة لدراسته من قبل الشركة المحتكمة, كما كان متفق عليه, وكما هو موضح بالإنذار المقدم بحوافظ المستندات, وأن ما جاء بمذكرة الدفاع المقدمة للمحكمة بجلسة 2012/1/5 -والتي أشير إلى إرفاق صورة منها- هو تأكيد على ذات المضمون السالف الذكر, وعلى أن عقد الوكالة تم إلغائه وأن المساعي الودية كانت تناقش إمكانية إبرام عقد جديد من عدمه فقط لا غير وليس لما تقدم بيانه أو لما ذكر بالإنذار

49

المشــار إليه أو المذكرة المقدمة للمحكمة أي معنى ســوى ما تم بيانه, وأن عبارات هذا الإنذار لا تتحمل أي تأويل أو استنتاج غير ما تم بيانه وتوضيحه.

وتحت عنوان الرد على ادعاء الشركة المحتكمة الوارد بالصفحة 38 من بيان الدعوى تحت عنوان الخطأ الجسيم المتمثل فى عدم سداد مستحقات الشركة المحتكمة, وكذلك الرد على طلب الشركة المحتكمة فى الطلبات الختامية رقم 3 والخاص بقيمة العمولات المســتحقة للشركة المحتكمة عن العمليات التي نفذتها المحتكم ضدها الأولى طوال مدة تنفيذ العقد, فقد أورد المحتكم ضدهما أنه مما لا شــك فيه أن الموكل يلتزم بدفع أجر وكيل العقود مقابل قيامه بالأعمال المكلف بها, والأجر يكون عادة نسـبة مئوية من قيمة الصـفقة, وقد وضـع قانون التجارة قاعدة مقررة فى شـان طريقة الأجر عند احتسـابها بنسـبة معينة من قيمة الصفقات حيث قرر احتسـاب هذه النسـبة على أسـاس سعر البيع ما لم يتفق على غير ذلك. وأن المادة 183 من قانون التجارة المصري تنص على التزام الموكل بدفع أجر وكيل العقود والمعايير التي يتحدد على أسـاسـها عادة هذا الأجر ونصت على أن:" 1- يلتزم الموكل بأداء الأجر المتفق عليه للوكيل. 2- ويجوز أن يكون هذا الأمر نسـبة مئوية من قيمة الصفقة وتحتسب هذه النسبة على أساس سعر البيع إلى العملاء ما لم يتفق على غير ذلك ", وأنه نفاذا للمادة السابقة قام الطرفان بتحديد نسب مئوية (العمولة) يستحقها الوكيل على التذاكر, وجاء فى البند 11 من عقد الوكالة الملغي تحت مسـمى التعويض والمكافأة وتم تحديد هذه المسـألة بالبند 11 من عقد الوكالة الملغي بأنه " يقوم الطرف الأول بسـداد عمولة الوكيل العام على التذاكر الصـادرة على خطوط طيران الطرف الأول سواء الأساسية أو الإضافية أو استئنجار الطائرات أو رحلات الخطوط الأخرى الخاصة بخدمات الطرف الأول والصـــادرة من بلد الوكيل العام طبقا للوائح والقواعد والقوانين الخاصة بمنظمة الآياتا المنظمة لذلك".

ومن ذلك فإن البند سـالف الذكر من الوكالة الملغاة قد حدد التزام الموكل بسـداد عمولة إلى الوكيل العام (الشـركة المحتكمة) على أنواع التذاكر الصـادرة من بلد الوكيل, أي الصـادرة من جمهورية مصـر العربية. ولكن جاء هذا البند مشترطا قيد على التزام الموكل (الشركة المحتكم ضدها) بسـداد عمولة للوكيل (الشـركة المحتكمة) على هذه التذاكر الصـادرة من بلد الوكيل (مصـر) وكان هذا الشـرط هو" على أن يكون الوكيل العام هو الذي قام بإصـدار مسـتندات الطرف الأول", وأن الفقرة الثانية من ذات البند أتت مؤكدة على هذا الشـرط ونصت على أنه:" 2-بالإضـافة إلى العمولة على المبيعات الموضـحة فى الفقرة السـابقة سـوف يدفع الطرف الأول للوكيل العام نسـبة تشجيعية على كل المبيعات التي يصدرها الوكيل العام أو وكلاء الباطن..", وأضـاف المحتكم ضدهما أن الأطراف لم تكتف بالتأكيد مرتين على شـرط أن يكون الوكيل العام هو الذي قام بإصـدار هذه التذاكر, ولكن الفقرة الثالثة من ذات البند 11 جاءت لتؤكد للمرة الثالثة على هذا الشـرط ونصت على أن:"3-على الرغم مما جاء بالبند المذكور أعلاه, فإن الطرف الأول يقوم بدفع العمولة (الأساسية أو التشجيعية) للوكيل العام عن التذاكر المسـتخرجة على أن يقوم الوكيل العام بإصـدار هذا التذاكر فى بلده وأن يكون ثمنها مدفوعا مسـبقا..", وأنه بالرجوع إلى ملف الدعوى لا يوجد أي بيان لأي تذاكر قام الوكيل ببيعها أو إصـدارها ليسـتحق عليها عمولة, وأنه بناء عليه يلتمس المحتكم ضدهما رفض طلب الشركة المحتكمة بإلزام الشركة المحتكم ضدها والمحتكم ضده الثاني بسـداد مبلغ أربعمائة وسبعة وتسـعون مليون دولار وستة

50

وتسعون ألف وخمسمائة وتسعة وسبعون دولار أمريكي قيمة العمولات المستحقة للشركة المحتكمة عن العمليات التي نفذتها الشركة المحتكم ضدها الأولى طوال مدة تنفيذ العقد, لأن هذا الطلب لا أساس له من الصحة ولا يستند على صحيح الواقع أو القانون وليس له أي أساس بالأوراق يتعين رفضه وعدم الأخذ به و لخلو أوراق الدعوى مما يؤيده أو يسانده ولعدم توضيح الأسانيد التي استندت إليها الشركة المحتكمة في تحديد هذا المبلغ المطالب به.

<u>وبشأن ما أورده المحتكم ضدهما تحت عنوان الالتزامات التي تقع على عاتق الشركة المحتكمة والمترتبة على عقد الوكالة الملغي وملحقه 2001/3/15 قال المحتكم ضدهما,</u>

<u>أولا:</u> أورد المحتكم ضدهما عن الالتزامات التي كان يلتزم بها الوكيل السابق وفقا لعقد الوكالة المؤرخ 2001/1/30 أن هذا العقد ورد بالبند 6 منه تحت عنوان" الخدمات المطلوبة من الوكيل العام " ما يلي من التزامات:

أ-تسويق وعمل الدعاية اللازمة لمزاولة أعمال الطرف الأول وتعيين الموظفين المختصين لمزاولة ذلك بكفاءة.

ب-توفير وإصلاح وتجديد الأماكن اللازمة لمزاولة أعمال الطرف الأول في بلد الوكيل العام (الطرف الثاني).

ت-إيصال الأمانات المسلمة من الطرف الرئيسي إلى أماكنها وفق تعليمات الطرف الأول.

ث-إصدار تذاكر الطيران أو فواتير الخطوط الجوية أو إخطارات الشحن أو أمر دفع المصروفات المختلفة أو كلهم معا او مستندات النقل الأخرى أو إصدار تذاكر مدفوعة الأجر وتنفيذ الأعمال الكتابية الخاصة بها.

ج-زيارة شركات السياحة والمكاتب الأخرى والأفراد والهيئات لتنفيذ مبيعات الطرف الأول.

ح-إمداد جميع مكاتب الطرف الأول ووكلائه ووكلاء الباطن بالمعلومات والنشرات التسويقية والتعليمات المناسبة من وقت لآخر وكذا المستندات الخاصة بتسوية الحساب بين الوكيل العام ومندوبين المبيعات السابق ذكرهم.

خ-توزيع جداول الطيران او المطبوعات الورقية الأخرى الخاصة بمواعيد الرحلات الجوية والتي يوفرها الطرف الأول عندما يطلبها الوكيل العام أو وكلاء الباطن من الفنادق أو مثيلاتها كل هذه الأوراق سوف تبقى مملوكة للطرف الأول.

د-بذل قصارى جهده لكسب ثقة الطرف الأول وتمثيله أمام الجهات الحكومية والإقليمية وكذا الهيئات العامة والصحافة والمؤسسات والتفاوض مع الجهات الحكومية والقضائية التي لها سلطة على خدمات النقل الجوي في إقليم الطرف الأول.

ذ-تزويد الطرف الأول بالإحصاءات أول بأول وكذا التقارير التي يطلبها الطرف الأول.

ر-تزويد الطرف الأول بالمعلومات الضرورية الخاصة بجميع القوانين وجميع المستجدات في هذا الشأن طبقا لهذه الاتفاقية.

ز-أداء جميع الخدمات التي يلتزم الطرف الأول بتقديمها والخاصة بشركات الطيران الأخرى وفق تعليمات الطرف الأول.

نوعية الخدمات : 1- يلتزم الطرف الثاني ببذل قصارى جهده لتقديم ما يطلبه الطرف الأول فيما يتعلق بتحسسين الخدمة التي يقدمها الطرف الأول بموجب هذه الاتفاقية. 2- في حالة غياب التعليمات أو أوامر الطرف

51

الأول يقوم الطرف الثاني بتقديم الخدمات طبقا للمواصفات الدولية الملزمة لذلك. 3ـ يتعهد الطرف الثاني باتخاذ جميع الخطوات الممكنة لضـــمان جودة الخدمات المقدمة للطرف الأول والتي لا تقل مطلقاعن نفس المســــتوى السابق أو مثيله في الشركات الأخرى (كما لو كان الوكيل العام هو المالك لهذه الطائرات وخلافه).

<u>ثانيا</u> : كما أورد المحتكم ضدهما أن الالتزامات التي كان يلتزم بها الوكيل السابق وفقا لملحق عقد الوكالة المؤرخ 2001/3/15 هي كالآتي:1ـ يتحمل الطرف الثاني رواتب موظفي مكتب الخطوط الجوية العراقية الطرف الأول في القاهرة ومطار القاهرة, ويلتزم الطرف الثاني ويتحمل كافة استحقاقات الموظفين المذكورين وفق الأحكام والتشريعات القانونية المطبقة في هذا المجال وأن عدد الموظفين المنسبين قابل للزيادة حسب ظروف العمل وبموافقة تحريرية صادرة من الطرف الأول.2 ـ يتحمل الطرف الثاني أجور وكلف النداءات الهاتفية والتلكس والفاكس الصادرة من مكتب الطرف في القاهرة إلى مركز الشركة في بغداد ووكلائه ومكاتبه في الخارج مع تحمله أجور الماء والكهرباء والتكييف وأجور رسوم التأمين على المكتب والسيارة والتسجيل والكفالة على السيارة.3 ـ يلتزم الطرف الثاني بدفع بدلات الإيجار السنوية لمكتب الطرف الأول في كل من مدينة القاهرة ومكتب الشركة في مطار القاهرة ابتداءا من تاريخ تحمله مسؤلية الوكالة , كما يتحمل أي مصروفات أو نفقات تترتب على زيادة بدلات الإيجار وفق التشريعات القانونية النافذة .4 ـ يتحمل الطرف الثاني راتب محامي الطرف الأول والمنسب للعمل والبالغ (500) خمسمائة جنيه مصري شهريا وأن الراتب قابل للزيادة بموافقة تحريرية من قبل الطرف الأول.5 ـ يتحمل الطرف الثاني رسوم وأجور الإشتراك السنوي للسيتا والتلكس والمحطة اللاسلكية في المطار وجهات الحجز (   ) ورسوم الإشتراك في لجنة شركات الطيران العامة(   ). 6ـ يتحمل الطرف الثاني أجور التنظيف والإدامة والصيانة لمكاتب الطرف الأول في القاهرة وكذلك صيانة وإدامة الأجهزة العامة فيها.7 ـ يتولى الطرف الثاني وعلى نفقته الخاصة تأمين كافة احتياجات مكاتب الطرف الأول في القاهرة والمحطة من القرطاسية.8 ـ يلتزم الطرف الثاني بتحمل نفقات الدعاية والإعلان الضرورية لمكاتب الطرف الأول.9ـ يتحمل الوكيل العام نفقات ومصاريف الضيافة وأجور الفنادق للموفدين الطرف الأول الرسميين والهيئات والتبرعات أية نثريات أخرى.10ـ يلتزم الطرف الثاني بصيانة وإدامة المكتب وتأثيث المكتب للطرف الأول في المدينة والمطار وبما يتناسب ومكانته استعدادا للعمل المستقبلي وبالتنسيق مع مدير المكتب...11ـ يلتزم الطرف الثاني بتحمل نفقات اشتراك موظفي المكتب بالدورات التدريبية والتطويرية التي يتطلبها سير العمل.12ـ يتحمل الطرف الثاني تامين الزي الموحد للموسمين الصيفي والشتوي للعاملين في مكتب الطرف الأول في المدينة والمطار.13ـ يتعهد الطرف الثاني بتحديث سيارات المكتب والمطار خلال فترة الوكالة وتسجل بإسم الشركة العامة للخطوط الجوية العراقية وكما يلي: أـ سيارة لاستخدام مدير المكتب في القاهرة وسيارة لمدير المحطةعند التشغيل. ب ـ سيارة للضيوف الرسميين تبقى لدي الطرف الثاني وتطلب عند الحاجة من الطرف الأول. ت ـ يتحمل الطرف الثاني صرف أجور الوقود والزيوت إلي سيارات المكتب في المدينة والمطار والتي يتم استخدامها من قبل الموظفين. 14ـ يتحمل الطرف الثاني بتصفية وتسديد كافة المبالغ والديون المترتبة بذمة الطرف الأول من تاريخ غلق المكتب عام 1991 التأريخية أعلاه وحسب الكشف المرفق .15ـ يبذل الطرف الثاني المساعي لدي هيئة ميناء القاهرة الجوي وشركة مصر للطيران بخصوص المبالغ المستحقة لهما قبل الطرف الأول والسير نيابة عنه في إجراءات إلغاء أو تخفيض الديون مع الجهات المعنية لصالح الطرف الأول.16ـ إشارة إلي الفقرة 34 من عقد الوكالة القياسية الموقع بين الطرفين فإن الطرف الثاني يتعهد بالآتي: أـ تقديم كفالة مصرفية بمبلغ (200.000) مائتان ألف دولار حال بدء التشغيل واستلام المستندات السفرية الخاصة بالطرف الأول وممارسة

52

النشاط التجاري من خلالها. ب- تقديم كفالة مصرفية بمبلغ (100.000) مائة ألف دولار كضمان لحقوق الشركة حاليا وتستبدل بالفقرة أ عند بدء التشغيل.

وتحت عنوان الأخطاء الجسيمة والمخالفات التي وقعت من الشركة المحتكمة والمتمثلة في عدم الوفاء بالالتزامات المترتبة عليها بعقد الوكالة الملغي وملحقه أورد المحتكم ضـدهما أنه بتاريخ 2001/1/30 تم توقيع عقد الوكالة مع الشركة المحتكمة وترتب التزامات عليها بموجب هذا العقد والموضحة تفصيلا في عقد الوكالة الملغاة موضوع الدعوي والتي أفاد المحتكم ضدهما بسبق عرضها فيما تقدم, وأنه كذلك تم توقيع ملحق عقد الوكالة بتاريخ 2001/3/15 وتم إضافة التزامات تفصيلية هامة علي عاتق الشركة المحتكمة والمذكورة تفصيلا في هذا الملحق, وأن الشـركة المحتكمة لم تقم منذ توقيع عقد الوكالة وحتي تاريخ الإلغاء بتنفيذ أي بند من بنود الالتزامات المترتبة عليها والمحددة بعقد الوكالة أو ملحق عقد الوكالة المؤرخ 2001/3/15, وهو الأمر الذي دعا الشـركة المحتكم ضـدها إلي اسـتعمال حقها المنصـوص عليه في عقد الوكالة بالبند 23 والمنصـوص عليه في القوانين, بإلغاء عقد الوكالة وإنهاء الوكالة العامة المبرمة مع الشـركة المحتكمة وإخطارها ببعض هذه المخالفات وأخطاءها الجسـيمة الناتجة عن عدم تنفيذ الالتزامات المترتبة عليها وذلك في كتاب إنهاء الوكالة المرقم 254 بتاريخ 2005/11/17 والملحق والملازم لإخطار إنهاء الوكالة المرقم 14 بتاريخ 2005/11/17 وكذلك إخطارها بالاجتماع معهم بتاريخ 2006/4/19, وأنه علي سـبيل المثال لكثرة هذه المخالفات والأخطاء الجسـيمة والتي كانت سـببا أسـاسـيا لإلغاء وإنهاء الوكالة العامة مع الشـركة المحتكمة , فإن الشـركة المحتكمة ارتكبت المخالفات و الأخطاء الأتية:1-لم تقدم الشـركة المحتكمة بسـداد الكفالة المصـرفية, المتفق عليها بعقد الوكالة بالفقرة 24 وكذلك الفقرة ب بالبند 20 من ملحق عقد الوكالة 2001/3/15 وقيمته مائة ألف دولار كضمان لحقوق الشركة حاليا. 2- لم تلتزم الشـركة المحتكمة بتقديم خطاب الضـمان المطلوب للجهات المختصة المذكورة بعقد الوكالة وملحقة لضمان تقديم خدمات الوقود والخدمات الأرضية وتموين الطائرات مما أدي إلي تأخر رحلات التشـغيل من تاريخ 2005/10/17 إلي 2005/10/20 وذلك بعد تدخل السـفارة العراقية بالقاهرة وقيامها مع مكتب القاهرة بإجراءات بدء التشـغيل مسببا بذلك أضـرار مادية ومعنوية بسـمعة المحتكم ضـدها. 3- لم تلتزم الشـركة المحتكمة بتسـديد مستحقات أجور الخدمات الأرضية وخدمات البترول الوقود ومصـاريف الهبوط والإقلاع والرسـوم المسـتحقة علي كل رحلة مما تسبب في تأخير إقلاع طائرات الشـركة في القاهرة.4- لم تلتزم الشـركة المحتكمة بما ورد بالفقرة 4 من ملحق عقد الوكالة وتسبب بإلحاق الضرر بسـمعة الشركة ومركزها المالي من خلال قيام المستخدمين المحليين برفع دعاوى ضـد الشـركة العامة للخطوط الجوية العراقية.للمطالبة بحقوقهم عن رواتبهم وأجورهم مثل الدعاوى العمالية التي أقامها كلا من:-الموظفة المحلية زينب زين العابدين والتي تنازلت عن مخاصمة الشركة المحتكم ضدها في الدعوى بعد سـداد الأخيرة لها وقامت باسـتلامها من الشركة المحتكم ضدها مستحقاتها التي بلغت 3710 دولار, وكذا الدعوى التي أقامها الموظف المحلي المرحوم/ فهمي زيدان والذي تنازل عنها بعد إسـتلامه من الشـركة المحتكم ضـدها مستحقاته التي بلغت 1912 دولار, فضلا عن دعوى الفصل التعسفي التي تسببت فيها الشركة المحتكمة المقامة من الموظف المحلي عصام فكري برفع دعوى قضائية ضد الشركة المحتكمة وصدر له حكما لصالحه بتعويضه ماليا بمبلغ أربعون ألف جنيه ولم يتم تنفيذه حتي الأن. 5- لم تلتزم الشـركة المحتكمة بتسـديد اشتراكات التأمينات

53

الإجتماعية وذلك عن اشتراكات المستخدمين المحليين والتي وصلت الي مبلغ 11977 جنيه الأمر الذي أدي إلى الحجز علي ممتلكات الشركة مسببا أضرارا جسيمة بمكانة الشركة المحتكم ضدها التجارية مما اضطرت معه الشركة المحتكم ضدها الي تقسيط هذه المبالغ حتي قامت الشركة المحتكم ضدها بسدادها والاستفادة من عرض خاص أقامته الهيئة العامة للتأمينات الاجتماعية وتم رفع الحجز بعد السداد. 6 – لم تلتزم الشركة المحتكمة بتسديد فواتير الهواتف المخصصة لمكتب القاهرة والخط الخاص بإسم شركة الخطوط الجوية العراقية, مما ترتب عليه رفع خطوط التليفونات نتيجة عدم سداد الفواتير والتي تم سدادها من قبل الشركة المحتكم ضدها مما سبب أضرارٌ كبيرة للشركة المحتكم ضدها في إنجاز الأعمال التي تعتمد علي الاتصالات الدولية, مما تسبب في أضرار كبيرة علي الشركة المحتكم ضدها وحجوزات المسافرين وبقية نشاط الشركة المحتكم ضدها , مخالفة بذلك نص الفقرة 5 من ملحق العقد.7-عدم قيام الشركة المحتكمة بالتأمين علي مقر الشركة ضدها بالقاهرة أو بالمطار والسيارات العائدة لها مما تسبب في فقدان سيارة ملك الشركة المحتكم ضدها في ميناء القاهرة الجوي ولم يتم العثور عليها , مخالفا بذلك الفقرة 5 من ملحق عقد الوكالة.8- لم يتم إجراء أعمال الصيانة لأجهزة التكييف سواء بمكتب القاهرة أو مكتب المطار مخالف بذلك الفقرة 9 من ملحق عقد الوكالة, بل قامت الشركة المحتكم ضدها بهذه الأعمال وقامت باستبدال تكييف المكتب الرئيسي لها.9-عدم قيام الشركة المحتكمة بتجهيز مكتب الشركة المحتكم ضدها بمواد القرطاسية مخالفة بذلك الفقرة 10 من ملحق عقد الوكالة.10- لم تقوم الشركة المحتكمة بإجراء الحملات الدعائية اللازمة لنشاط الشركة في القاهرة مخالفة بذلك الفقرة 11 من ملحق الوكالة. 11- لم تقوم الشركة المحتكمة بتهيئة دورات تدريبية لمنتسبي مكتب القاهرة للشركة المحتكم ضدها التي يتطلبها نشاط الشركة المحتكم ضدها مخالفة بذلك الفقرة 14 من ملحق عقد الوكالة. 12- لم تقوم الشركة المحتكمة بتوفير الزي الموحد لمنتسبي الشركة المحتكم ضدها طبقا لسياق العمل الساري بشركات الطيران مخالفة بذلك الفقرة 15 من ملحق الوكالة. 13- لم تقوم الشركة المحتكمة بشراء وتحديث سيارات لمكتب الشركة المحتكم ضدها للمطار وتسجيلها بإسم الشركة المحتكم ضدها خلافا للبند 17 ملحق عقد الوكالة. 14- تسبب إهمال الشركة المحتكمة في سحب مكتب الشركة المحتكم ضدها بمطار القاهرة الجوي منها من قبل سلطات ميناء القاهرة الجوي نتيجة تقصيره. 15-لم تقوم الشركة المحتكمة بتصفية وتسديد كافة المبالغ والديون المترتبة بذمة الشركة المحتكم ضدها من تاريخ عام 19991, وذلك نفاذا للبند رقم 18 من ملحق الوكالة, وهي علي سبيل المثال:- عدم قيام الشركة المحتكمة بسداد مطالبة صادرة من محكمة جنوب القاهرة بمبلغ 209533.00 جنية في دعوى كانت مقامة ضد الشركة المحتكمة, مما اضطر قلم المطالبة بالمحكمة بالحجز علي أموال الشركة وقامت المحتكم ضدها بسداد هذه المبالغ, والتي كانت ملتزمة بسدادها الشركة المحتكمة بموجب الفقرة (18) من ملحق الوكالة. -عدم قيام الشركة المحتكمة بسداد مبلغ أربعة عشر ألف جنية إسترليني صادر عن غرامة ضد الشركة المحتكم ضدها من نيابة الشؤون المالية لصالح وزارة التجارة الخارجية عام 1991, وقد قامت الشركة المحتكم ضده بسدادها بعد الحجز عليها من أموالها, والتي كانت ملتزمة بسدادها الشركة المحتكمة بموجب الفقرة (18) من ملحق الوكالة. - لم تقوم الشركة المحتكمة ببذل أي مجهود أو أي محاولة للسعي لدي هيئة ميناء القاهرة الجوي وشركة مصر للطيران بخصوص المبالغ المستحقة لهما علي الشركة المحتكم ضدها, ولم تقوم بالسير نيابة عن الشركة المحتكم ضدها في إجراءات إلغاء أو تخفيض الديون مع الجهات المعنية لصالح الشركة المحتكم ضدها الأمر الذي جعل هذه المديونية تضاعفت مما أدي إلي توقيف طائرات الشركة المحتكم ضده , مما اضطر الشركة المحتكم ضدها إلي سداد هذه المديونية

54

بنفسها. 16- تسببت الشركة المحتكمة في صدور مطالبة قضائية رقم 1148 لسنة 2003 بمبلغ 23000.00 جنية عن الدعوى رقم 4073 لسنة 2003 مدني كلي شمال القاهرة والتي أقامتها الشركة المحتكمة ضد الشركة المحتكم ضدها للحصول علي حكم صحة ونفاذ عقد الوكالة الملغاة وذلك خلاف البند 21 من العقد الأساسي للوكالة العامة الملغاة والذي يلزم الوكيل العام بتكلفة التصديق علي الوكالة الأمر الذي دعا الشركة المحتكم ضدها إلي سداد هذه المطالبة منعا لإجراء الحجز عليها من قبل محكمة شمال القاهرة. 17ـــ لم تقوم الشركة المحتكمة بتنفيذ أي بند قد تم النص عليه والاتفاق عليه بعقد الوكالة الملغاة والمدرجة تحت البند رقم 6 بعقد الوكالة وأنه منعا للتكرار فإنها أحالت إلى عقد الوكالة الملغي والذي لم تقوم المحتكمة بتنفيذ أي منها, الأمر الذي تعتبر معه الشركة المحتكمة ارتكبت أخطاء جسيمة كثيرة لا حصر لها عرضت الشركة المحتكم ضدها لتكبد أضرار عديدة وعرضت سمعتها واسمها للاهتزاز بين شركات الطيران وفي مجال الطيران.

وأضاف المحتكم ضدهما أن الشركة المحتكمة بعدم التزامها بتنفيذ هذه الالتزامات الواردة بعقد الوكالة وملحقة الوحيد, عرضت الشركة المحتكم ضدها لتكبد خسائر كبيرة, ومن ذلك مطالبتها المالية من جانب هيئة الميناء وتهديدها بايقاف طائراتها, ومن ذلك أيضا المطالبات المستمرة والحجوزات التي وقعت من قسم المطالبة القضائية بوزارة العدل محكمة جنوب القاهرة مرة, ومرة أخري محكمة شمال القاهرة, مرة أخري وزارة التجارة الخارجية, والهيئة العامة للتأمينات التي قامت بالحجز القانوني علي ممتلكات الشركة المحتكم ضدها, بالإضافة إلى عديد من الحجوزات الإدارية والمطالبات ومحضري المحاكم والإنذارات وكل مثل هذه الأمور التي أعطت فكرة سيئة لكافة الجهات الحكومية والغير حكومية عن الشركة المحتكم ضدها, وأن كل هذه الأمور أدت إلي خلق عراقيل عمل عديدة وقفت أمام الشركة المحتكم ضدها جعلتها عاجزة عن أداء عملها بالصورة التي تسعي إليها, ولكن لعلاج هذه الأمور وللخروج من هذا الوضع الذي وضعتها فيه الشركة المحتكمة ولمقاومة هذه العراقيل التي تسببت فيها الشركة المحتكمة بعدم تنفيذها بنود عقد الوكالة وملحقه, أخذت الشركة المحتكم ضدها وقتا ومجهودا وأنفقت أموالا طائلة لمعالجة هذه الأمور سالفة الذكر , وأن تقاعس الشركة المحتكمة عن تنفيذ الالتزامات الواردة بعقد الوكالة الملغي وملحقه الوحيد, ومخالفتها لكل البنود المتفق عليه بالوكالة وملحقها منذ توقيع عقد الوكالة حتي تاريخ إلغائه هو بمثابة إصرار من الشركة المحتكمة علي إرتكاب أخطاء جسيمة في حق الشركة المحتكم ضدها, وأن المادة 148 القانون المدني جاءت الفقرة الأولي منها نصا علي أنه:ـ " يجب تنفيذ العقد طبقا لما اشتمل عليه ".وأنه يبين مما تقدم إرتكاب الشركة المحتكمة أخطاء جسيمة عديدة في حق الشركة المحتكم ضدها من جراء عدم تنفيذها أي إلتزام من الالتزامات المترتبة عليها المتفق عليها في عقد الوكالة الملغي وملحقه المؤرخ 2001/3/15. وأورى المحتكم ضدهما أيضا أنه يتضح مما تقدم أن الذي أخل بالتزاماته هو الشركة المحتكمة وليس الشركة المحتكم ضدها التي انتظرت إلي عمل تقوم به الشركة المحتكمة من توقيع عقد الوكالة لصالح الشركة المحتكم ضدها يدخل في إطار تنفيذ عقد الوكالة ولكن بدون جدوى الأمر الذي دعا الشركة المحتكم ضدها الي إنهاء عقد الوكالة.

وتحت عنوان الرد على ما جاء ببيان دعوى الشركة المحتكمة ص 38 تحت عنوان " الخطأ الجسيم المتمثل في عدم سداد مستحقات الشركة المحتكمة", وكذلك الرد علي المطلب الأول لمطالب الشركة

55

المحكمة والمتمثل في إلزام المحتكم ضدها برد مائة وثلاثة مليون وستمائة وستة وستون ألف وثمان وثمانمائة وخمسون دولار قيمة ما تم إنفاقه فعليا لتنفيذ الالتزامات الواردة بعقد الوكالة من المصروفات العمومية والأصول الثابتة المشتراه واستحقاقات وكلاء الباطن وتكاليف الحصول علي الوكالة ومصاريف عقود الشحن وتكلفة الحملات الإعلانية وتكاليف دراسة الجدوى والتأمينات لدي الغير والغرامات, أورد المحتكم ضدهما أنه بالرجوع إلي عقد الوكالة المؤرخ 2001/1/30 وملحقه الوحيد المؤرخ 2001/3/15, يتضح خلوها تماما من أي إلتزام يقع علي عاتق الشركة المحتكم ضدها بتحمل أي مصاريف تنشأ عن عقد الوكالة أو بسببه أو من أجلة, وأن المادة (178) من القانون التجاري المصري حسمت هذا الموضوع عندما نصت علي أن:-" يتولى وكيل العقود ممارسة أعمال الوكالة وإدارة نشاطه التجاري بشأنها علي وجه الاستقلال, ويتحمل وحده المصروفات اللازمة لإدارة أشغاله ". وأن النص جاء صريحا علي ألا يستحق وكيل العقود كقاعدة عامة المصاريف التي ينفقها أثناء تأدية مهمته حيث القاعدة أنه مستقل في إدارته لأعماله وتحت سيطرته وتحمله مصاريف الدعاية والإعلان وخلافه من مصاريف لازمة لإدارة أشغاله وأورت أنه قد سبق وأن أوضحت أن الشركة المحتكمة لم تقوم بتنفيذ أي إلتزام نشأ من عقد الوكالة أو ملحقه, وبالتالي فإنها لم تقوم بثمة مصروفات عمومية أو غيرها من نفقات لعدم قيامها بتنفيذ الالتزامات الواقعة علي عاتقها أصلا, كما أن من المتفق عليه أنه لا يتصور عقلا أن يتم مطالبة الشركة المحتكم ضدها بتكاليف الحصول علي الوكالة , فإذا كان هذا المقصود فإن الشركة المحتكم ضدها لا تتحمل أي تكاليف أنفقت بطريقة غير مشروعة أو قبل توقيع عقد الوكالة الذي هو أساس نشأة الإلتزام فليس هناك أي قانون أو عرف أو قواعد قانونية يمكن أن تلزم أحد بتحمل تكاليف تكبدها الطرف الآخر قبل نشوء الإلتزام بينهما, حيث أن الإلتزام ينشأ منذ توقيع الإتفاق, إلا في حالة الإتفاق علي هذا الأمر بموجب العقد الموقع عليه منهم.

أما مصاريف عقود الشحن, فقد قال المحتكم ضدهما بشأنها أنه بالرجوع الي عقد الوكالة الملغي يتبين أنه كان مبرم بين الطرفين, وتحددت نوعيتها في مجال أعمال الطيران وليس أي تجارة أخري و بالرجوع لأوراق الدعوي لا يوجد أي عقد شحن علي طائرات الشركة المحتكم ضدها تم تنفيذه من جانب الشركة المحتكمة, إلا إذا كان يقصد بمصاريف عقود الشحن الأرز والزيت وتجارته الخاصة بشركات أخري تابعة للشركة المحتكمة, فإن هذا الأمر لا يخص موضوع التحكيم الحالي لأنه يخرج عن نطاق عقد الوكالة الملغي وملحقه الوحيد, وعليه فلا توجد أي صلة بين الشركة المحتكم ضدها وبين ما تطلبه الشركة المحتكمة. وأنه بالنسبة لمستحقات وكلاء الباطن, فقد أورد المحتكم ضدهما أنه من المعروف في مجال الطيران أن وكيل الباطن هو الذي يقطع تذكرة طيران أو تذكرة شحن بضاعة علي طائرات الشركة ومن ثم يتقاضى عمولته من ثمن التذكرة, ولا توجد له أي استحقاقات أخري غير ذلك في هذا المجال ,وعليه فإنه لو تم الفرض جدلا أنه تم بيع أي تذكرة من خلالهم فإنهم يكونوا قد استقطعوا عمولتهم من ثمن التذكرة التي لا توجد أساسا, وعليه فإن هذا المطلب يكون في غير محلة يتعين الالتفات عنه ورفضه.

56

وتحت عنوان الرد على المطلب الثاني للشركة المحتكمة والمتضمن "إلزام المحتكم ضدهما بسداد مبلغ مائة مليون دولار على سبيل التعويض عن الإنهاء والإيقاف غير المشروع والتعسفي لعقد الوكالة" , وكذلك الرد على المطلب الخامس للشركة المحتكمة والمتضمن "إلزام المحتكم ضدهما بسداد خمسمائة مليون دولار كتعويض عن الضرر الأدبي الذي لحق بالشركة المحتكم ضدها نتيجة إنهاء وإيقاف الوكالة" , أورد المحتكم ضدهما أنه سبق إيضاح أن قيام الشركة المحتكم ضدها بإنهاء عقد الوكالة بالإرادة المنفردة هو استعمال منها لحقها المشروع, وأن ما قامت به هو ليس بإجراء تعسفي ولكن الإجراء التعسفي هو ذلك الامتناع من جانب الشركة المحتكمة عن تنفيذ بنود العقد والإصرار على إلحاق أضرار فادحة بالشركة المحتكم ضدها والإصرار على الإساءة الي اسمها التجاري في مجال الطيران وأن الشركة التي تستحق التعويض عما لحقها من أضرار بسبب هذه الوكالة هي الشركة المحتكم ضدها التي عانت الكثير من جراء عدم تنفيذ بنود هذه الوكالة وأكدت أنه قد يجعل القانون لأحد المتعاقدين الحق في أن يستقل بإلغاء العقد, وقد نص على ذلك في عقود الوكالة , فيجوز للموكل في أي وقت أن ينهي الوكالة. وأورد المحتكم ضدهما على نحو التكرار الدفاع السابق بالإشارة إلى ما نصت عليه المادة 715 من القانون المدني المصري والمادة 947 من القانون المدني العراقي وإلى أنه يخلص منهما أن للموكل أن يعزل الوكيل في أي وقت قبل انتهاء العمل محل الوكالة, فتنتهي الوكالة بعزل الوكيل, وتمسكا أيضا بما سبق إبداؤه من أن عزل الوكيل يكون بإرادة منفردة تصدر من الموكل موجهة الي الوكيل وأن أي تعبير عن الإرادة يفيد معني العزل يكفي وأنه قد يكون هذا التعبير صريحا كما قد يكون ضمنيا للوكيل, مثل أن يقوم الموكل بنفسه بتنفيذ العمل محل الوكالة, وأن عزل الوكيل لا ينتج أثرة إلا إذا وصل الي علم الوكيل وأنه بعد علم الوكيل بالعزل فإنه لا يجوز له أن يمضي في أعمال الوكالة, فإن فعل كان هو المسئول, ولا يرجع بما أنفق من مصروفات علي الموكل وأن جواز عزل الموكل قاعدة من النظام العام لا يجوز الاتفاق على ما يخالفها, ومن ثم لا يجوز للوكيل أن يشترط بقائه وكيلا حتى يتم العمل الموكل إليه, وأن الموكل يستطيع بالرغم من هذا الشرط عزل الوكيل قبل أن يتم العمل, وأنه لا يجوز للوكيل أن يشترط تعويض إذا عزله الموكل فإن في هذا تقييدا لحرية الموكل, وأن هذا هو ما نصت عليه المادة 163 من قانون التجارة المصري رقم 17 لسنة 1999 بأنه يجوز لكل من طرفي عقد الوكالة التجارية إنهاء العقد في كل وقت , ولا يستحق التعويض إلا إذا وقع إنهاء العقد دون إخطار سابق أو في وقت غير مناسب, وإذا كان العقد معين المدة وجب أن يستند إنهاؤه إلى سبب جدي ومقبول وإلا استحق التعويض ". وأنه بإنزال هذه القواعد والأسس والمواد القانونية سالفة الذكر على واقعة التداعي يبين منها أن عقد الوكالة الملغي جاء في الفقرة الأولى من البند 23 منه ما نصه " تبطل هذه الاتفاقية كل ما سبق وتكون سارية المفعول ابتداءً من 2002/2/15 وتكون سارية وملزمة لكل من الطرفين ولن يتم إلغائها من أي من الطرفين قبل إعطاء الطرف الآخر إنذار بالإلغاء مكتوب بفترة لا تقل عن 60 يوما إلى المكتب الرئيسي للطرف الآخر",وأن هذا البند يعطي الحق للطرفين في إلغاء الوكالة دون أسباب أو التقييد بأي شرط سوى توجيه إنذار للطرف الآخر بالإلغاء مكتوب بفترة لا تقل عن 60 يوما إلى المكتب الرئيسي, وهو ما قامت والتزمت به الشركة المحتكم ضدها وعلى النحو السابق عرضها له فيما تقدم من مذكرة الرد على بيان الدعوى التحكيمية, وأنها بذلك تكون

57

قد قامت باستعمال حقها المنصوص عليه بالعقد الملغي وأنها قامت بتوجيه الإنذار المكتوب بالإلغاء إلى المحتكمة في مقرها الرئيسي ومنحت المحتكمة مدة ستون يوما قبل الإلغاء لتسوية وتصفية المتعلقات المالية والإدارية معها , وأنه بذلك تكون الشركة المحتكم ضدها قد قامت بتطبيق صحيح القانون في إلغاء الوكالة موضوع النزاع واستعملت حقها المنصوص عليه في بمواد القانون السالف ذكرها.

<u>وبشأن ما أورده المحتكم ضدهما تحت عنوان تأكيدا على علم الشركة المحتكمة بإلغاء الوكالة</u>

أورد المحتكم ضدهما أن الشركة المحتكمة قامت بتاريخ 2006/3/18 بتوجيه إنذار إلى الشركة المحتكم ضدها على يد محضر جاء في مستهل هذا الإنذار أن الشركة المنذرة "المحتكمة" فوجئت بتاريخ 2005/11/17 بخطاب مرسل من المدير العام لشركة الخطوط الجوية العراقية يبلغه فيه بفسخ عقد الوكالة , ثم قامت الشركة المحتكمة بتوجيه إنذار آخر بتاريخ 2006/5/13 إلى الشركة المحتكم ضدها ذات مضمون الإنذار المؤرخ 2006/3/18 بتصحيح الخطأ المادي في مبلغ التعويض الذي قدرته آنذاك تعويضا ماديا وأدبيا عن فسخ عقد الوكالة وكان هذا الإنذار هو التأكيد الثالث لعلم الشركة المحتكمة بإلغاء عقد الوكالة حيث كان التأكيد الثاني بتاريخ 2006/4/19 تاريخ أول محضر اجتماع بين وفدي الشركتين لحل ودي حول المسائل المادية المترتبة على إلغاء الوكالة والذي عرضت فيه الشركة المحتكمة اقتراح بإعادة الوكالة مرة أخرى وطلبت دراسة هذا الموضوع من جانب الشركة المحتكم ضدها , وبذلك وحسب قول الشركة المحتكم ضدها تأكد اتصال علم الشركة المحتكمة بإلغاء الوكالة نفاذا للبند 1/23 من عقد الوكالة الملغاة والتي لم تعترض الشركة المحتكمة أثناء هذه السنوات على إجراءات الإلغاء وكان هذا بمثابة إقرار منها بصحة الإجراءات ويقينا منها بتوافقها وصحيح القانون والواقع , وأنه بناء على ما تقدم يتبين صحة إجراءات إلغاء الوكالة بتاريخ 2005/11/17 ونفاذها في حق الشركة المحتكمة , وأنه بالتالي تكون الشركة المحتكم ضدها قامت باستعمال حقها المشروع المتفق عليه بالعقد كما أوضحت سلفا , وأنه على هذا الأساس يكون هذا التصرف من قبلها مشروعا وغير متعسفا ولا يستحق عنه تعويض, ويكون المطلب الثاني والخامس للشركة المحتكمة في غير محلهما ويتعين رفضهما.

<u>وتحت عنوان الرد على ما جاء ببيان الدعوى تحت عنوان الخطأ الجسيم الناشئ عن إطالة أمد التفاوض في التسوية وعرقلة اللجوء للتحكيم</u> أورد المحتكم ضدهما أن الشركة المحتكمة تدعي ذلك على خلاف الحقيقة وأن هذا على فرض أن اللجوء إلى التحكيم يشترط موافقة الطرفين أو إقرار من الطرف الآخر أو تقديم طلب منه, وأن بند التحكيم الوارد بالعقد على كلا الطرفين أن يبذلا الجهود القصوى لحل النزاع فيما بينهم بالطرق المناسبة خلال 3 أيام فقط وإن لم يتم التوصل إلى حل يجب عليهم أن يختارون لجنة التحكيم , وأن المادة 16 من عقد الوكالة نصت على " في حالة حدوث خلاف بين الطرفين مدة ثلاث أيام فقط لإنهاء الخلافات وديا وفي حالة عدم التوصل إلى حلول ودية في خلال مدة الثلاثة أيام المحددة بالنص يقوم باللجوء إلى التحكيم بدون شرط أو قيد أو انتظار الموافقة من أحد أو الحصول على إذن أحد, وذلك خلافا لما ذهبت إليه الشركة المحتكمة التي قامت بتاريخ 2006/5/13 بطرق مبادرة الحل الودي على الشركة المحتكم ضدها

**58**



تزعمه الشركة المحتكمة في فسخ تعاقدات معها وهو ليس له علاقة بالشركة المحتكم ضدها أو موضوع الوكالة محل النزاع, وأشـار المحتكم ضدهما إلى حافظة المسـتندات رقم 5 المقدمة رفق الرد والتعقيب على بيان الدعوى التحكيمية.

<u>وتحت عنوان الرد على ما جاء بالصفحة 37 تحت عنوان الخطأ الجسيم في عدم إعطاء المعلومات والأدوات اللازمة لأداء الوكيل عمله</u> أورد المحتكم ضدهما أنه بالرجوع إلى أوراق الدعوى يتبين أنها جاءت خالية من ثمة طلب موجه من الشركة المحتكمة إلى الشركة المحتكم ضدها تطلب فيه أي معلومات أو أي مسـتند أو أي شـيء يسـاعد الوكيل في أداء عمله, وإنما تقاعس المحتكمة عن الوفاء بالتزاماتها وإصرارها على عدم تنفيذ عقد الوكالة مسبقا كان من ضمن الأسباب التي جعلته يمتنع عن الطلب من الشركة المحتكم ضدها بتزويدها بأي معلومات أو أي أداة تستعملها الشركة المحتكمة وقتها في أداء عملها كوكيل, وأنه لا يوجد بالأوراق ما يفيد رفض أو امتناع الشـركة المحتكم ضـدها عن تزويد الشـركة المحتكمة بهذه المعلومات, وبالتالي ليس هناك أي خطا من جانب الشـركة المحتكم ضـدها في هذه الخصـوص, وإنما تقصـير من جانب الشركة المحتكمة ويتعين الالتفات عنه كخطأ من جانب الشركة المحتكم ضدها.

<u>وتحت عنوان التعليق على صـور المسـتندات المقدمة من الشركة المحتكمة</u> أورد المحتكم ضدهما أنه بالنسـبة للرد على فواتير تليفونات أرضـي ومحمول بفحص الصـور الضـوئية المقدمة من الشركة المحتكمة يتضح منها أنها صـور فواتير لتليفونات أرض ومحمول باسم شركة الحصـان للاستيراد والتصـدير وتعبئة المواد الغذائية والفواتير الخاصـة بالمحمول هي لأسماء أشخاص أي أن كل الفواتير المقدم صورها من الشركة المحتكمة لا تخص لا من قريب أو بعيد شركة الخطوط الجوية العراقية المحتكم ضـدها. وأنه مع الفرض الجدلي أن هذه الفواتير تخص الوكيل العام للخطوط الجوية العراقية في وقتها فبالرجوع إلى صـور هذه الفواتير يتبين أنها خلت من فاتورة واحدة باسم شـركة الخطوط الجوية العراقية أو شـركة هورس للسياحة والسفر, وإنما كل صـور الفواتير المقدمة من الشركة المحتكمة خاصة بشركة الحصان للاستيراد والتصدير وكذلك أشخاص ماره بالشارع مجهولين أو أصدقاء للشركة المحتكمة أو ربما تكون هذه الفواتير تليفوناتهم الخاصة بها بغرض إيهام هيئة التحكيم أن هذه الفواتير قامت المحتكمة بسدادها وتخص عقد الوكالة الملغي وهي في الحقيقة لا تخص عقد الوكالة الملغي لا من قريب أو بعيد. والتمس المحتكم ضـدهما بناء على ما تقدم الرجوع إلى عقد الوكالة وملحقه والذي يتبين منه عدم وجود أي نص أو بند يشير إلى أن الخطوط الجوية العراقية تقوم بسـداد فواتير الوكيل العام السـابق, وإنما العكس هو المذكور بالعقد وهو التزام الوكيل العام السـابق بسـداد كافة فواتير الهواتف والمحمول الخاصـة بشـركة الخطوط الجوية العراقية.

<u>وتحت عنوان الدفع بعدم قبول الدعوى لرفعها على غير ذي صـفة بالنسـبة للمحتكم ضـده الثاني وزير النقل العراقي</u> أورد المحتكم ضدهما تنويها إلى أن الشركة المحتكم ضدها هي شركة عامة عراقية لها الشخصية المعنوية من استقلال مالي وإداري وتتمتع بالأهلية الكاملة لتحقيق أغراضها ويمثلها مديرها العام أو من يخوله أمام المحاكم والجهات الأخرى ويتولى إدارة الشـركة مجلس

60

إدارة هو الجهة العليا فيها ويتولى رسم ووضع السياسات والخطط الإدارية والمالية والتنظيمية والفنية واللازمة لتسيير نشاطها وتحقيق أهدافها والإشراف عليها وتنفيذها ويمارس جميع الحقوق والصلاحيات المتعلقة بذلك , وذلك نفاذا للنظام الداخلي لشركة الخطوط الجوية العراقية المرقم 20 لسنة 2000 المشار إلى تقديمه بحافظة مستندات رقم 1, وأن الثابت منه أن شركة الخطوط الجوية العراقية المؤسسة بموجب قانون شركة الخطوط الجوية العراقية رقم 108 لسنة 1988 هي شركة عامة حسبما نصت المادة الثانية والتي قالت نصت على أنه:"تدار الشركة من قبل مجلس إدارة مستقل بشئونه الإدارية والمالية ويتولى تحقيق أهداف الشركة بموجب هذا القانون , وأن المادة 16 من ذات القانون قد نصت على أن :" المدير العام هو الذي يمثل الشركة في كل ما يتعلق بإدارتها وشئونها وله أن يوكل أو ينيب عنه غيره في ذلك التمثيل ". وفي هذا الخصوص أورد المحتكم ضدهما أنه نفاذا لما سبق بيانه يتضح أن شركة الخطوط الجوية العراقية هي شخصية معنوية ولها مجلس إدارة مستقل بشئونها المالية والإدارية والتي تدار من قبله الشركة ويتولى تحقيق أهداف الشركة , وأنه تأكيدا على ما نصت عليه المادتين الثانية والسادسة عشر من قانون شركة الخطوط الجوية العراقية المرقم 108 لسنة 1988 جاءت المادة الثانية من النظام الداخلي للشركة العامة للخطوط الجوية العراقية رقم 20 لسنة 2000 متضمنة النص على: " للشركة العامة للخطوط الجوية العراقية شخصية معنوية ومستقلة استقلال مالي وإداري وتتمتع بالأهلية الكاملة لتحقيق أغراضها ويمثلها مديرها العام أو من يخوله أمام المحاكم والجهات الأخرى ", وأن محكمة النقض المصرية قضت بأن الأصل أن الوزير هو الذي يمثل وزارته والمصالح والإدارات التابعة لها فيما يرفع منها أو ضدها من دعاوى أو طعون, إلا إذا منح القانون الشخصية الاعتبارية لأي جهة إدارية منها وأسند صفة النيابة عنها لغير الوزير فتكون لها عندئذ هذه الصفة في الحدود التي يعينها القانون. وأنه يتضح مما تقدم أن الشركة المحتكم ضدها هي شخصية اعتبارية معنوية لها استقلالها المالي والإداري وتتمتع بالأهلية الكاملة لتحقيق أغراضها ويمثلها مديرها العام أو من يخوله أمام المحاكم والجهات الأخرى وذلك نفاذا لما نص عليه قانون الشركات العامة العراقية المرقم 22 لسنة 1997 وكذلك قانون شركة الخطوط الجوية العراقية المرقم 108 لسنة 1988 والنظام الداخلي للشركة المحتكم ضدها وعليه يكون المحتكم ضدها الثاني السيد وزير النقل العراقي لا صفة له في الدعوى لتوافر الشخصية المعنوية الاعتبارية المستقلة نفاذا للقانون, والتمس المحتكم ضدهما الدفع عدم قبول الدعوى بالنسبة للمحتكم ضده الثاني وإخراجه من الدعوى بلا إلزام.

<u>وتحت عنوان ردا على ما أثارته الشركة المحتكمة عن مصلحتها في الحفاظ على الإسم التجاري للشركة في سوق السياحة و الطيران برغم الحظر الجوي والوارد في بيان دعواها بالصفحة28.</u>

أورد المحتكم ضدهما أن هذا ادعاء مردود عليه من ذات الادعاء, ذلك أن العقد تم توقيعه مع علم الشركة المحتكمة التام وإقرارها بذلك العلم في ذات الادعاء بوجود حظر جوي كان مفروضا على دولة العراق عند التوقيع على العقد محل النزاع ولكن كان يوجد بعض رحلات كانت تقوم بها شركة الخطوط الجوية العراقية وبموافقات استثنائية من الأمم المتحدة وكان هذا الوضع قائم وقت

61

التعاقد على الوكالة التي أبدت الشركة المحتكمة رضـــائها على التوقيع عليه دون إبداء أي تحفظ على هذا الوضع.

وتحت عنوان ردا على ما ذهبت إليه الشركة المحتكمة في الصفحة 28 من بيان دعواها من أن شركة هورس للسياحة والسفر أنشئت من أجل الحصول على الوكالة محل النزاع ولتنفيذها أورد المحتكم ضدهما أن هذا مردود عليه بأنه ادعاء غير صحيح, وأنه إذا كان ذلك صحيحا فإنه يعد إقرار من الشركة المحتكمة بأنها لم تكن قائمة وقت التعاقد فإن ذلك يدفع الشركة المحتكم ضدها, و طلب المحتكم ضدهما الالتفات وعدم الاستناد أو الأخذ بتلك الادعاءات التي وصفتها بأنها باطلة وغير صحيحة.

وتحت عنوان ردا على ما ذهبت إليه الشركة المحتكمة من أن عقد الوكالة هو عقد غير محدد المدة أورد المحتكم ضـــدهما أن عقد الوكالة محل النزاع هو عقد محدد المدة, كما هو ثابت من ملحق العقد الوحيد المؤرخ 2001/3/15 في المادة 21 منه عندما اتفق الطرفان على أن مدة عقد الوكالة العامة لمدة 3 ســنوات بعد التشــغيل لطائرات الطرف الأول وممارســة الخطوط الجوية العراقية نشــاطها التجاري وقابلة للتجديد بإتفاق الطرفين", وأن هذا البند واضـح وغير قابل للجدل في أن عقد الوكالة العامة محل النزاع هو محدد المدة بثلاثة ســنوات, كما يتضح أيضــا أن عقد الوكالة محدد المدة بإقرار الشركة المحتكمة في بيان دعواها الماثلة في عدة مواضـع ومنها على ســبيل المثال بالفقرة الأخيرة بالصفحة رقم 34 والفقرة الأخيرة بالصفحة 39 والفقرة رقم 3 من الصفحة 33 والفقرة ب من الصــفحة 13 والفقرة ج من الصــفحة رقم 13 والفقرة الثانية بالصــفحة 32 من بيان الدعوى التحكيمية. وأنه تأســيســا على ما جاء في ملحق عقد الوكالة وتجديد لمدة العقد بثلاث سنوات وكذلك إقرار الشركة المحتكمة بهذه المدة كما سبق بيانه فإنه يتضح أن عقد الوكالة محل النزاع هو محدد المدة بثلاث سنوات.

وتحت عنوان ردا على ما جاء بالبند رابعا بالصــفحة 14 من بيان الدعوى والذي زعمت فيه الشـركة المحتكمة أنه بتاريخ 2004/12/2 صـدر خطاب من الشركة المحتكم ضدها معنون إنهاء الوكالة العامة يفيد إبداء رغبة الشــركة المحتكم ضــدها بإنهاء اتفاقية الوكالة العامة الممنوحة للشركة المحتكمة و يستند هذا الإنهاء إلى توجهات الدولة في العراق. فقد أورد المحتكم ضدهما أن إنهاء الوكالة تم بناء على إنهاء عقد الوكالة الصـادر بتاريخ 2005/11/17 وأنه تم إرفاق كتاب به بذات التاريخ في 2005/11/17 تضـمن المخالفات التي صـدرت من الشركة المحتكمة, و أنه ليس هناك أي توجهات لدولة العراق في هذا الإنهاء وإنما الإنهاء تم نفاذا لعدم قيام الشــركة المحتكمة بتنفيذ أي بند من بنود عقد الوكالة أو ملحقه المؤرخ 2001/3/15, وأن ما تســتهل به الشــركة المحتكمة ما جاء بالكتاب المؤرخ 2004/12/2 ما هو إلا ديباجة تســتهل بها الشـركة كتاب إنهاء الوكالة لتدلل به أن الشـركة المحتكمة هي من الشـركات التي لا تلتزم بعقد الوكالة وليس لها أي تأثير في سوق الطيران وأن الشركة المحتكم ضدها لا تستمر مع الشركات التي لا تخدم أهداف الشـركة الاقتصـادية, وهذا دليل وتأكيد على عدم التزام الشـركة المحتكمة بتنفيذ عقد الوكالة حيث أنه نفاذا لهذه الديباجة لو كانت الشركة المحتكمة قامت بتنفيذ عقد الوكالة وملحقه لكانت تجددت

62

لها الوكالة لأنها كانت ستدرج ضمن الشركات النشطة التي تخدم الأهداف الاقتصادية للشركة, ولكن العكس كان هو القائم وقتها, الأمر الذي دعا الشركة المحتكم ضدها إلى توجيه هذا الكتاب إلى الشركة المحتكمة, ولا يحمل المعنى الذي ذهبت إليه الشركة المحتكمة.

<u>وتحت عنوان ردا على ما جاء بادعاءات الشركة المحتكمة بالصفحة 14 من بيان الدعوى التحكيمية من أن .. ما يمثل خطأ جسيما يتضمن نية الإيذاء نتيجة احتساب الشركة المحتكمة ضمن الشركات الواجهية والتي كانت تتعامل مع حكومة تخضع للنظام الذي كان سائدا في العراق قبل الغزو</u> أورد المحتكم ضدهما أن هذا الادعاء ليس له أي أساس من الصحة حيث أن ما تسترشد به الشركة المحتكمة لا يخص موضوع الدعوي ولكنه يخص صفقات أخري مع شركات عراقية قامت الشركة المحتكمة بتوريد مواد غذائية فاسدة إليها وغيرها من الأعمال التجارية الأخرى التي ليس لها علاقة بموضوع النزاع, وأن الشركة المحتكمة تصر علي تداخل المواضيع وتشعيبها, وطلب المحتكم ضدهما من هيئة التحكيم تحديد ما هو متعلق بموضوع النزاع وترك ما هو بعيدا عنه أو لا يخصه جانبا وأنه تم تقديم مستندات تدل علي أن هذا الكتاب يخص مخالفات أخري للشركة ولا تخص موضوع النزاع وذلك بحافظة المستندات رقم 5 المقدمة رفق الرد على بيان الدعوى التحكيمية. وأضاف المحتكم ضدهما أنه و حيث أن الشركة المحتكمة لديها مخالفات عديدة مع وزارة التجارة العراقية الأمر , فإن ذلك سبب أضرار وترتب عليه غرامات بذمة الشركة المحتكمة وكان هو السبب في إيقاف التعاملات مع الشركة المحتكمة أو أي شركة ضمن المجموعة التي كان يرأسها عماد الجلدة بسبب عدم التزامها بمعايير وبنود العقود المبرمة معها وعدم تسديدها الغرامات التي فرضت عليها أصوليا وقانونيا, وبالتالي فإن موضوع فسخ الوكالة لا دخل له أساسا بالتعاقدات التي فسخت ما بين الشركة وأي جهة من طرف الحكومة العراقية , بالإضافة إلى واقعة الحكم بالسجن على رئيس شركات عماد الجلدة من قبل القضاء المصري بتهمة الرشوة, وأن هذا هو الذي أثر على سمعة الشركة المحتكمة, وأن هذه الأسباب سالفة الذكر كان لها الأثر الكبير في ما تزعمه الشركة المحتكمة في فسخ تعاقدات معها, وهو ما ليس له علاقة بالشركة المحتكم ضدها أو موضوع الوكالة محل النزاع, مع الإشارة إلى حافظة المستندات رقم 5 المقدمة منها رفق الرد على بيان الدعوى التحكيمية.

<u>وتحت عنوان تعليقا على المستندات المقدمة من الشركة المحتكمة</u> أورد المحتكم ضدهما أنه بالنظر إلى الصور الضوئية المقدمة من الشركة المحتكمة يتضح أنها جميعا تخص شركة تسمى شركة الحصان للاستيراد والتصدير , وأن ذلك يتضح من كون شركة الحصان لا علاقة لها بالنزاع المطروح وليست طرفا فيه وليست طرفا في عقد الوكالة محل النزاع, ومن أن عقد الوكالة الملغي موضوع النزاع تم إبرامه من جانب الشركة العامة للخطوط الجوية العراقية مع شركة هورس للسياحة والسفر, وأن هذا يترتب عليه نتائج عديدة وأهمها 1-أن عقد الوكالة كان نافذا بكل الأثار المترتبة عليه إيجابية وسلبية قانونية أو مادية في مواجهة شركة هورس للسياحة والسفر وليس أي شركة أخرى. 2-أن شركة هورس للسياحة والسفر منفردة هي الملتزمة أمام الشركة العامة للخطوط الجوية العراقية والملزمة بتنفيذ العقد ومباشرة واجباتها والمطالبة بحقوقها المترتبة على

العقد إن وجدت وأنها هي صاحبة الكيان القانوني الوحيد في هذا العقد وليس أي شركة أخرى أو أشخاص أخرين. 3- أن شركة هورس للسياحة والسفر تم التعاقد معها في هذه الوكالة بكيانها القانوني المستقل المنفرد وليس لكونها إحدى شركات مجموعة شركات أو فرع لشركة ما أو تابعة لشركة ما أو تم التعاقد مع شخص باسمه الشخصي ويمتلك مجموعة شركات ومن ضمنها شركة هورس للسياحة والسفر, وإنما كان التعاقد مع شركة هورس للسياحة والسفر وليس أي شركة أخرى أو لكونها من ضمن شركات مجموعة شركات كما سبق ذكره. 4- أنه تم التعاقد وقتئذ مع شركة هورس للسياحة والسفر على أساس كيان قانوني مستقل قائم وقت التعاقد وتم منح الوكالة والتعاقد معها لكونها شركة قائمة بالفعل ولها كيان قانوني مستقل قائم وقت التعاقد ولم يثر في عقد الوكالة أو ملحقه من قريب أو بعيد أن شركة هورس للسياحة والسفر غير قائمة أو أنها سوف تؤسس أو أنها تحت التأسيس ولم يتم التعاقد مع شخص تعهد من خلال الوكالة أو بين بنودها في العقد الأصلي أو ملحقه أنه يتعهد بإنشاء شركة هورس للسياحة والسفر ولم يتم التعاقد مع مجموعة شركات تعهدت في العقد أن تقوم شركة من ضمن المجموعة بتنفيذ العقد, ولكن الواقع أنه عندما تعاقدت الشركة العامة للخطوط الجوية العراقية في عقد الوكالة مع شركة هورس للسياحة والسفر المنشأة والمرخص لها طبقا للقانون المصري, وتأسيسا على أن عقد الوكالة هو من العقود التي تبرم وتقوم على الاعتبار الشخصي بمعنى أن الموكل لا يمنح الوكالة إلا لشخص معين بذاته وصفاته أي تقوم فيه المواصفات التي يعتبرها الموكل ضرورية لتمثيله, إن كانت هذه الصفات هي صفات اقتصادية أو بالدرجة الأولى. وأن البند الثالث من عقد الوكالة ورد بالنص على أنه  " ما لم تنص هذه الاتفاقية على غير ذلك فإن الوكيل العام قد وافق على ألا يتنازل أو ينقل أو يفوض من ينوب عنه أو يقوم بالتزاماته الواردة في الاتفاق الحالي أي أطراف آخرون دون موافقة كتابية من الطرف الأول, وأنه بالتالي فإن الشركة المحتكم ضدها لا تعترف بأي مستندات أو صور مستندات أو ميزانية أو دراسة جدوى أو عقد أو فاتورة أو بيان أو مستند أو صورة مستند مقدم أمام هيئة التحكيم يخص أي شركة أخرى أو موقع مع أي شركة أخرى غير شركة هورس للسياحة والسفر بصفتها وكيلا عاما للخطوط الجوية العراقية,  وعليه فإن المحتكم ضدهما التمسا عدم الاعتداد بأي من هذه المستندات وعدم الأخذ بها والالتفات عنها وتركها جانبا لانتفاء صلتها بموضوع النزاع.

هذا واختتم المحتكم ضدهما بيان ردهما على بيان الدعوى التحكيمية بالطلبات الآتية:

أولا:-عدم قبول التحكيم شكلا وبطلان إجراءاته لمخالفة تشكيل هيئة التحكيم لشرط التحكيم وللقوانين والأعراف الدولية.

ثانيا:-سقوط حق الشركة المحتكمة في اللجوء إلى التحكيم نفاذا لعقد الوكالة محل النزاع.

ثالثا:-سقوط حق الشركة المحتكمة في إقامة الدعوى لمرور أكثر من سنتين على انتهاء العلاقة العقدية.

رابعا:-بطلان عقد الوكالة الملغي لقيامه على إرادة معيبة.

خامسا:-عدم أحقية الشركة المحتكمة في طلباتها التي تدعيها لعدم اتفاقها مع القانون والواقع.

64

سادسا:-رفض كافة طلبات التعويض المطالب بها من الشركة المحتكمة.

سابعا:-عدم قبول الدعوى لعدم تقديم أصول المستندات.

ثامنا:-رفض الدعوى لخلوها من مستندات تؤيد ادعاء الشركة المحتكمة.

تاسعا:-عدم قبول الدعوى بالنسبة للمحتكم ضده الثاني لانتفاء صفته في الدعوى.

عاشرا:-عدم إلزام المحتكم ضدهما بمقابل العمولة التي تدعيها الشركة المحتكمة.

حادي عشر:-عدم إلزام المحتكم ضدهما برد أي مبالغ يدعي المحتكم بأنها قيمة نفقات فعلية.

ثاني عشر:-عدم إلزام المحتكم ضدهما بأي فوائد بنكية.

ثالث عشر:-إلزام الشركة المحتكمة بسداد كل تكاليف التحكيم وأمانة ومصروفات التحكيم وأتعاب المحكمين وأتعاب محامين المحتكم ضدهما.

هذا وقد تحفظت الشركة المحتكم ضدها في نهاية طلباتها هي والمحتكم ضده الثاني بحقها في تقديم مذكرات شارحة لاحقا ردا على وتوضيحا لأي نقاط تم أو سيتم عرضها من جانب الشركة المحتكمة مؤيدة لدفاع الشركة المحتكم ضدها والمحتكم ضده الثاني, كما تحفظت أيضا بحقها في الإدعاء ضد الشركة المحتكمة بإدعاء مقابل, وذلك خلال نظر الجلسات.

هذا وأودع المحتكم ضدهما رفق بيان تعقيبهما وردهما على بيان الدعوى التحكيمية عدد ست حوافظ مستندات اطلعت عليها هيئة التحكيم, وبيانها كالتالي: الحافظة الأولى واشتملت كما ورد على غلافها على عدد ثلاثة صور ضوئية من مستندات أورد المحتكم ضدهما أنها عبارة عن المستند الأول عقد الوكالة محل النزاع والمؤرخ 2001/1/30. المستند الثاني ملحق عقد الوكالة الملغاة المؤرخ 2001/3/15. المستند الثالث كتاب موجه من الآياتا المكتب الإقليمي يفيد أنه لا مانع للأيانا من تعيين محكم مرجح ولكن بشروط. الحافظة الثانية واشتملت كما ورد على غلافها على عدد ثمانية صور ضوئية من مستندات هي المستند الأول قرار إنهاء وكالة مؤرخ 2005/11/17. المستند الثاني قرار إنهاء وكالة مصحوبا بالمخالفات إلحاقا بالكتاب ومواكبا لكتاب 14 ومكملا له والمؤرخ 2005/11/17. المستند الثالث انذار موجه من الشركة المحتكمة موجه إلى الشركة المحتكم ضدها الأولى ثابت به علم الشركة المحتكمة بقرار إلغاء وإنهاء الوكالة مؤرخ 2006/5/13. المستند الرابع إنذار بذات المضمون موجه من الشركة المحتكمة إلى الشركة المحتكم ضدها يفيد تأكيد العلم بإنهاء الوكالة مؤرخ 2006/3/18. المستند الخامس حضر اجتماع بين الطرفين يؤكد على علم الشركة المحتكمة بإلغاء الوكالة ومحاولات ودية من جانبها لمحاولة إعادة منح وكالة أخرى مؤرخ 2006/4/19. المستند السادس إنذار اللجوء للتحكيم الماثل مؤرخ 2011/8/4. المستند السابع إنذار وعد باللجوء إلى التحكيم من الشركة المحتكمة دون اتخاذ الإجراءات للنهاية مؤرخ 2008/9/7. المستند الثامن إنذار من الشركة المحتكمة إلى الشركة المحتكم ضدها أيضا لمحاولة ترغيب الشركة المحتكم ضدها باللجوء إلى التحكيم دون استكمال الإجراءات مؤرخ 2008/11/15. الحافظة الثالثة واشتملت على النحو المبين على غلافها على مستندات أورد المحتكم ضدهما أنه عبارة عن مستندات مختلفة تدل على المخالفات المرتكبة من جانب الشركة المحتكمة والتي أضرت بالشركة المحتكم ضدها. الحافظة الرابعة واشتملت كما ورد على غلافها على عدد مستندان لصور ضوئية من مستندات أورد المحتكم ضدهما أنها عبارة عن المستند الأول النظام الداخلي للشركة العامة للخطوط الجوية العراقية عام 2000. المستند الثاني محضر اجتماع مؤرخ 2008/11/16 بين طرفي التحكيم. الحافظة الخامسة واشتملت كما ورد على غلافها على عدد أربعة لصور ضوئية من مستندات أورد المحتكم ضدهما أنها عبارة عن المستند الأول خبر إحالة 28 متهما من أنصار عماد الجلدة إلى محكمة الجنح

**65**

لتعديهم على هيئة المحكمة مؤرخ 2007/6/19. المستند الثاني الخبر المؤرخ 2007/6/19 بالتفصيل. المستند الثالث كتب مختلفة صادرة من وزارة التجارة العراقية تدل على المخالفات العديدة لمجموعة شركات الجلدة في مجالات أخرى غير الوكالة. المستند الرابع السجل التجاري للشركة المحتكمة وشهادة ببيانات وشهادة من وزارة السياحة بتاريخ 2009/2/24. الحافظة السادسة واشتملت كما ورد على غلافها على عدد ست صور ضوئية من مستندات أورد المحتكم ضدهما أنها عبارة عن المستند الأول إنذار من الشركة المحتكم ضدها مؤرخ 2012/3/6. المستند الثاني مذكرة دفاع في الدعوى رقم 51 لسنة 128 ق مقدمة من الشركة المحتكم ضدها مؤرخة 2012/1/5. المستند الثالث عريضة دعوى بطلب تعيين محكم ثالث مقامة من الشركة المحتكمة مؤرخة 2012/7/29. المستند الرابع عريضة دعوى بطلب تعيين محكم عن الشركة المحتكم ضدها مقامة من الشركة المحتكمة بتاريخ 2011/11/3. المستند الخامس إنذار من الشركة المحتكمة بتعديل اسم المحكم عنها موجه إلى الشركة المحتكم ضدها مؤرخ 2012/3/31. المستند السادس إنذار موجه من الشركة المحتكمة إلى الشركة المحتكم ضدها بالموافقة على مد مهلة تعيين محكم عن الشركة المحتكم ضدها مؤرخ 2011/9/26.

ـ هذا وقد تم تسليم نسخة من بيان الرد والتعقيب على بيان الدعوى التحكيمية وحوافظ المستندات إلى الشركة المحتكمة وإلى كل من السادة أعضاء هيئة التحكيم.

ـ وبتاريخ 2014/2/1 عقدت جلسة تحكيمية بحضور الأطراف بمقر التحكيم الكائن بمكتب رئيس هيئة التحكيم الأستاذ الدكتور/ حسن عبد الباسط جميعي والكائن بالشقة رقم 15 بالدور الرابع بالعقار 7 شارع الفضل ـعابدين-طلعت حرب-القاهرة,وبحضور هيئة التحكيم بكامل تشكيلها المكون من: 1ـ الأستاذ الدكتور/حسن عبد الباسط جميعي رئيس هيئة التحكيم 2ـ الأستاذ الدكتور / شريف محمد عبد الله محمد مأمون المحكم المسمى من الشركة المحتكمة 3ـ الأستاذ الدكتور/ محمد الحاج حمود بدن المحكم المسمى من المحتكم ضدها, وبحضور كل من الأستاذ/الدكتور /صلاح الدين جمال الدين محمد عبد الرحمن والأستاذ الدكتور/محمود صلاح الدين مصيلحي عطية شريف المحامى بالتوكيل رقم 1180ي لسنة 2011 توثيق مكتب مصر الجديدة عن الشركة المحتكمة سابق إثباته , كما حضر السيد الأستاذ/ يوسف السعيد يوسف سعد المدير المسئول بالشركة, وحضر أيضا عن الشركة العامة للخطوط الجوية العراقية (المحتكم ضدها) كل من الأستاذ / أحمد الدريني عبد العزيز محمود المحامى السيد / قيصر أحمد عكلة مدير مكتب الشركة العامة للخطوط الجوية العراقية بالقاهرة وقدم الحاضران توكيلا خاصا يبيح الحضور في التحكيم صادر عن السيد / سعد مهدي سعيد الخفاجي المدير العام ورئيس مجلس إدارة الشركة المصدق عليه من بعثة جمهورية مصر العربية ببغداد برقم 29 في 2014/1/14 والمصدق عليه من وزارة الخارجية المصرية برقم 7195 في 2014/1/22 تصديقات أحمد عرابي والمودع بموجب محضر الإيداع الرسمي رقم 291 حرف (ب) لسنة 2014 مكتب توثيق نقابة المحامين , وقد أرفق أصل التوكيل المذكور بملف الدعوى .وقد أطلع عليه الحاضرون عن الشركة المحتكمة. وفي هذه الجلسة قرر الحاضر عن الشركة المحتكمة أن ما تم إيداعه هو تفويض وليس توكيل كما هو متبع في جمهورية مصر العربية, وأن هذا المستند لا يبيح الحضور في التحكيم, كما أضاف أنه يرى أنه ليس للأستاذ/قيصر أحمد صفة في حضور الجلسة وأن التفويض المذكور ليس له تاريخ وصادر من الشئون القانونية للشركة المحتكم ضدها وفوض الأمر لهيئة التحكيم لاتخاذ ما تراه في ذلك.وعقب الحاضر عن الشركة المحتكم ضدها الأولى بأن التوكيل المقدم بجلسة اليوم هو توكيل وليس تفويض وهو الإجراء المتبع لرؤساء مجلس إدارة الشركات العامة حيث تم التصديق عليه من الوزارة التابع لها الشركة وتم التصديق عليه وعلى محتواه

66

من وزارة الخارجية العراقية, وأيضا من السفارة المصرية بالعراق, وبالتالي فإن مصلحة الشهر العقاري قامت بإيداعه وأنه إذا كان ليس توكيل وإنما تفويض لما قبلت إيداعه لديها.وأضاف أنه في شأن صفة الأستاذ/قيصر الحاضر بالجلسة فإن للشركة المحتكم ضدها أن توكل وتفوض من تشاء من محامين أو موظفين لديها حيث لم يشترط القانون قصر الوكالات في الحضور بالجلسات على المحامين فقط وإنما هو أمر جائز لكافة الفئات والأفراد, أما عن تاريخ التوكيل فقرر بأن هذا لا يبطله حيث أنه بمجرد التصديق عليه من الوزارة المختصة وسفارة جمهورية مصر العربية بالعراق والخارجية المصرية وبإيداعه مصلحة الشهر العقاري هو إثبات للتاريخ إذ أنه يتم العمل بالتوكيل بجمهورية مصر العربية وليس بجمهورية العراق, وأضاف أنه فيما يتعلق بصدور التوكيل عن الشئون القانونية, فإن الشئون القانونية ليست الجهة التي وكلت وإنما هي الجهة التي صاغت التوكيل وليست مصدرة له و أن صاحب الصفة الموكل هو الموقع على التوكيل .

وعقب الحاضر عن الشركة المحتكمة بأن هذا التفويض لم يتبع بشأنه التصديق على التوقيعات كما هو في النظام المصري , بالإضافة إلى أن السيد/ قيصر الحاضر بالجلسة ليس له صفة في الحضور لأنه ليس محام عن الشركة المحتكم ضدها , كما أن التفويض المذكور غير مصدق عليه من موثق العدل وفقا للقوانين في العراق ومن ثم يفتقد صفة التوكيل الرسمي الذي يلزم للحضور.وطلب الحاضرون عن الشركة المحتكمة حضور الدكتورة / سلوى محمد إسماعيل بوصفها المدير المالي للشركة المحتكمة وأقروا بأنها ليست محامية,هذا وقد قدمت الدكتورة / سلوى محمد إسماعيل صورة بطاقتها الشخصية الرقم القومي ووقعت على الصورة بتاريخ الجلسة الماثلة 2014/2/1, وصرحت لها هيئة التحكيم بحضور الجلسة على أن تقدم الشركة المحتكمة بالجلسة التالية ما يفيد كونها المدير المالي للشركة المحتكمة.وعقب الحاضر عن الشركة المحتكم ضدها بأنه يطلب السجل التجاري للشركة المحتكمة الذي يثبت صفة السيد / يوسف السعيد يوسف سعد بوصفه رئيس مجلس الإدارة كما أفاد بذلك الحاضر عن الشركة المحتكمة,وقرر الحاضرون عن الشركة المحتكمة بأن السيد / يوسف السعيد يوسف سعد ليس هو رئيس مجلس الإدارة وإنما هو المدير المسئول وأنه حضر الجلسة الأولى (الإجرائية) بصفته هذه وليس كرئيس مجلس إدارة الشركة كما هو ثابت من محضر الجلسة وتعهد بتقديم صورة رسمية من السجل التجاري للشركة. هذا وقدم الحاضر عن الشركة المحتكم ضدها مستندا أفاد بأنه صورة رسمية من النظام الداخلي للشركة العامة للخطوط الجوية العراقية برقم 20 لسنة 2000 مصدق عليها من وزارة النقل العراقية ووزارة الخارجية العراقية والسفارة المصرية بالعراق, وقد أطلع عليها الحاضرون عن الشركة المحتكمة وقد أرفق المستند المذكور بملف الدعوى. وقد تمسك الحاضر عن الشركة المحتكمة بإلزام الشركة المحتكم ضدها بتقديم سجل تجاري ساري المفعول حتى تاريخه لأن ما قدم بالجلسة هو مستند صادر في عام 2000, وذلك حتى يمكن التأكد من عدم حدوث تعديل في بيانات المستند تالي على العام 2000, فضلا عن أن المستند المقدم هو عبارة عن قرار إداري من وزير النقل العراقي وليس سجل تجاري للشركة. وعقب الحاضر عن الشركة المحتكم ضدها بأن النظام الداخلي للشركة المحتكم ضدها المقدم بالجلسة هو بمثابة سجل تجاري حيث أن الشركة المحتكم ضدها شركة عامة, وأضاف أنه على الشركة المحتكمة إثبات عكس ذلك وأنه سوف يقوم بنفيه, وأنه إذا كانت الشركة المحتكمة قررت بأن هناك تعديلات على النظام الداخلي للشركة المحتكم ضدها فإن عليها إثبات ذلك. وعقب الحاضر عن الشركة المحتكمة بأنه يصر على طلب تقديم السجل التجاري الحديث للشركة المحتكم ضدها أو تقديم ما يفيد أن نظامها الداخلي موثق من وزارة النقل العراقية ساريا حتى

67

تاريخه ولم يعدل حتى الآن. وعقب الحاضر عن المحتكم ضدها أن النظام الداخلي المقدم صورة رسمية منه موثق من وزارة النقل العراقية حديثا حسب التوقيعات والتواريخ المثبتة به وأنه لو كانت هناك تعديلات لما تم التصديق عليه بتاريخ معاصر لمجريات التحكيم الماثل. وعقب الحاضر عن الشركة المحتكمة بأنه يصمم على طلب إلزام الشركة المحتكم ضدها بتقديم صورة رسمية حديثة من السجل التجاري للشركة المحتكم ضدها. وبعد انتهاء الشركة المحتكمة والشركة المحتكم ضدها من إبداء ما تقدم, أفاد رئيس هيئة التحكيم بأن وكيل الشركة المحتكمة قام بالإتصال هاتفيا بأمين سر التحكيم وطلب منه إبلاغ رئيس هيئة التحكيم بأنه قام بإرسال بريدا إلكترونيا قبل عقد الجلسة الماثلة بعدة ساعات مفاده رغبة الشركة المحتكمة في تسجيل الجلسات وتسليم قرص مدمج لكل طرف عقب الجلسة ثم تفريغ القرص والتوقيع عليه من هيئة التحكيم وأمين السر وتسليم نسخة من التفريغ لكل من الطرفين, وأكد على رغبة الشركة المحتكمه في ذلك كما طلب إثبات ذلك الطلب بمحضر الجلسة. وقد طرحت هيئة التحكيم على الحاضر عن الشركة المحتكم ضدها هذا الطلب لإبداء الرأي بشأنه فقرر الحاضر عن الشركة المحتكم ضدها رفضه تسجيل جلسات التحكيم والاكتفاء بما يتم تدوينه بمحاضر الجلسات.

وقد قررت هيئة التحكيم بعد استعراض طلب التسجيل المقدم من المحتكمة ورأي الشركة المحتكم ضدها الاكتفاء بتدوين الجلسة في محضر الجلسة الكتابي على النحو المعتاد وتوقيعه من أطراف التحكيم وهيئة التحكيم.

هذا وقد استعرض رئيس هيئة التحكيم الأستاذ الدكتور/حسن عبد الباسط جميعي مجريات التحكيم وما سبق الاتفاق والتوافق عليه بالجلسة الأولى (الإجرائية) ومحضرها والتي انعقدت بتاريخ الخميس الموافق 2013/11/28 بمقر التحكيم, بين طرفي الدعوى التحكيمية وما سبق واتخذته هيئة التحكيم من قرارات بعد الإطلاع والمداولة. وأوضح رئيس هيئة التحكيم أنه وفقا للمواعيد الإجرائية التي حددتها هيئة التحكيم بمحضر الجلسة الإجرائية الأولى وتم التوافق عليها أودعت الشركة المحتكمة بتاريخ 2013/12/28 بيان دعواها التحكيمية مرفقا بها حافظة مستندات احتوت بين دفتيها على عدد ست حوافظ مستندات, طويت على المستندات المعلاة على غلافها وجميعها صور ضوئية, كما أودعت أيضا عدد سبعة نسخ من كرتونتان احتويتا على مجموعة من الصور الضوئية للأوراق الموجودة بها التي لم يتم تعليتها في حوافظ مستندات ولا تحمل على وجهها بيان التاريخ أو بيانا تفصيليا بمحتوياتها أو بيان لعدد الأوراق أو الصفحات:

الكرتونة الأولى واشتملت على صور ضوئية من مجموعات من الأوراق مكتوب على الصفحة الأولى من كل مجموعة على حده ما يلي:1- صور ضوئية مكتوب على أول صفحة فيها دراسة الجدوى. 2صور ضوئية مكتوب على أول صفحة فيها الرد على المخالفات.3ـ صور ضوئية مكتوب على أول صفحة فيها مدفوعات للخطوط الجوية.4ـ صور ضوئية مكتوب على أول صفحة فيهاالأصول الثابتة.5ـ صور ضوئية مكتوب على أول صفحة فيها عقود التصدير التي لم تنفذ بسبب إنهاء الوكالة.الكرتونة الثانية واشتملت على 1- صور ضوئية مكتوب على أول صفحة فيها مصروفات عمومية وإدارية لعام 2002 مجموعة (أ) ومجموعة (ب). 2صور ضوئية مكتوب على أول صفحة فيها مصروفات إدارية وعمومية إيجارات. 3ـ صور ضوئية مكتوب على أول صفحة فيها حساب الفوائد البنكية عن تأخر سداد الحصائل بسبب إنهاء عقد الوكالة.4ـ صور ضوئية مكتوب على أول صفحة فيها تليفونات أرضي ومحمول أعوام 2003 و2004 و2005 و2008 و2010 و2012 تـمصروفات إدارية وعمومية حملة الدعاية والإعلان. كما أوضح رئيس هيئة التحكيم أن الشركة المحتكمة

68

أودعت أيضا بتاريخ 2014/1/1 سبعة نسخ من كرتونة مستندات أخرى أشتملت على صور ضوئية من أوراق لم يتم تعليتها في حوافظ مستندات ولا تحمل على وجهها بيان التاريخ أو بيان لعدد الصفحات أو بيانا تفصيليا للأوراق وهي التالية 1ـ صور ضوئية مكتوب على أول صفحة فيها القوائم المالية من 2001/3/1 حتى 2013/9/30.....

2ـ صور ضوئية مكتوب على أول صفحة فيها المرتبات والتأمينات الإجتماعية للعاملين بشركة الوكيل العام للخطوط الجوية العراقية من عام 2001 حتى 2013. وأوضح رئيس هيئة التحكيم أنه قد تم إخطار السادة أعضاء هيئة التحكيم والشركة المحتكم ضدها عبر البريد الإلكتروني وبخطابات بريدية مسجلة بعلم الوصول بما تم تقديمه من الشركة المحتكمة من بيان للدعوى والمستندات المرفقة بها وما تم تقديمه من مستندات لاحقا من الشركة المحتكمة بتاريخ 2014/1/1 وتم تسليم الطرف المحتكم ضده نسخة من بيان الدعوى ومن حوافظ المستندات والأوراق التي حوتها الكراتين الثلاثة وتسلم كل من السادة أعضاء هيئة التحكيم الموقرة نسخة مما تقدم. هذا وقد أفاد المحكمان المسميان عن الشركة المحتكمة والشركة المحتكم ضدها ورئيس هيئة التحكيم باستلامهم نسخه من بيان الدعوى وكامل المستندات والأوراق التي أودعتها الشركة المحتكمة بمقر التحكيم والسالف بيانها.كما أقر الحاضر عن الشركة المحتكم ضدها باستلامهما نسخه من بيان الدعوى وكامل هذه المستندات والأوراق التي أودعتها الشركة المحتكمة بمقر التحكيم, والتي تم التأكيد على استلامها باستعراضها أمام هيئة التحكيم وأطراف التحكيم بالجلسة. وأوضح رئيس هيئة التحكيم أيضا أنه بتاريخ 2014/1/27 أودعت الشركة المحتكم ضدها بمقر التحكيم سبعة نسخ من ردها على بيان الدعوى التحكيمية وأرفقت بالرد عدد سبعة نسخ من ستة حوافظ مستندات أشتملت على صور ضوئية من المستندات المعلاة على غلافها, كما أوضح أنه قد تم تسليم كل من السادة أعضاء هيئة التحكيم والشركة المحتكمة نسخة مما تم تقديمه من الشركة المحتكم ضدها من رد على بيان الدعوى والمستندات المرفقة به, وأنه قد تم تسليم السادة أعضاء هيئة التحكيم والشركة المحتكمة ما قدمته الشركة المحتكم ضدها من رد على بيان الدعوى والمستندات المرفقة بذلك الرد. وقد أقر المحكمان المسميان عن الشركة المحتكمة والشركة المحتكم ضدها ورئيس هيئة التحكيم باستلامهم نسخه من الرد على بيان الدعوى وكامل المستندات والأوراق التي أودعتها الشركة المحتكم ضدها بمقر التحكيم, كما أقرت الشركة المحتكمة بإستلامها نسخة من الرد على بيان الدعوى وكامل المستندات التي أودعتها الشركة المحتكم ضدها بمقر التحكيم وقد تم التأكيد على استلامها باستعراضها أمام هيئة التحكيم وأطراف التحكيم بالجلسة.هذا وقد طلب سيادة الأستاذ الدكتور/ محمد الحاج حمود بدن المحكم المسمى من المحتكم ضدها من أمانة سر التحكيم بأن يكون محل مخاطبته ومحل تسليم كافة نسخ المذكرات والأوراق و المستندات والمخاطبات الخاصة به سواء من هيئة التحكيم أو من أطرافها على مقر السفارة العراقية الكائن 1 شارع عبد المنعم رياض ميدان الثورة -المهندسين- محافظة الجيزة, وقد وافق أطراف التحكيم وهيئة التحكيم على ذلك , على أن يتم تسليم الأوراق إلى أمانة سر التحكيم لإرسالها إلى سيادته.

وحيث سمحت هيئة التحكيم للطرفين بالمرافعة فقد بدأ الحاضر عن الشركة المحتكمة بالمرافعة وقرر أنه يقدم سبعة نسخ من عدد 2 كرتونة استكمالا لما سبق تم تقديمه بعدد ثلاثة كراتين وهاتين الكرتونتين أيضا لم يتم تعليتها في حوافظ مستندات ولا تحمل على وجهها بيان التاريخ أو بيانا

**69**

تفصيليا بمحتوياتها أو بيان لعدد الأوراق أو الصفحات وبيانها كالتالي <u>الكرتونة الرابعة</u> واشتملت على: <u>أولا-صور</u> ضوئية مكتوب على أول صفحة فيها مصروفات عمومية وإدارية لعام 2003 مجموعة (أ) ومجموعة (ب). <u>ثانيا</u>-صور ضوئية مكتوب على أول صفحة فيها تابع مصروفات إدارية وعمومية وأوضح الحاضر عن الشركة المحتكمة في الجلسة أن الأوراق تتضمن

-استهلاك كهرباء ومياه وغاز أعوام 2001و2002و2006و2007و2009و2011,

-استهلاك كهرباء ومياه وغاز أعوام 2003و2004و2005و2008و2010و2012,

-تليفونات أرضي أعوام 2001و2002و2006و2007و2009و2011,

-تليفونات محمول أعوام 2001و2002و2006و2007و2011.

<u>الكرتونة الخامسة</u> وفقا لما أوضحه الحاضر عن الشركة المحتكمة في الجلسة أن الأوراق تتضمن <u>أولا-صور</u> ضوئية مكتوب على أول صفحة فيها مصروفات عمومية وإدارية لعام 2001 مجموعة (أ) ومجموعة (ب), <u>ثانيا</u>-صور ضوئية مكتوب على أول صفحة فيها تابع مصروفات إدارية وعمومية أعوام 2004و 2005 و 2006 و 2007 و 2008 و 2009 و 2010 و 2011 و 2012. <u>ثالثا</u> تابع مصروفات إدارية وعمومية. تليفونات أرضي ومياه وغاز عام 2013. <u>رابعا</u> تابع مصروفات إدارية وعمومية. تفاصيل الحملة الإعلانية للخطوط الجوية العراقية/شركة هورس للسياحة والسفر.

ـ هذا وقد تم تسليم السادة المحكمان المسميان عن الشركة المحتكمة والشركة المحتكم ضدها ورئيس هيئة التحكيم نسخه من كامل المستندات والأوراق التي قدمتها الشركة المحتكمة والسالف بيانها, كما أقر الحاضرين عن الشركة المحتكم ضدها باستلامهما نسخه كامل هذه المستندات والأوراق التي قدمتها الشركة المحتكمة أثناء الجلسة, والتي تم التأكيد على استعراضها أمام هيئة التحكيم وأطراف التحكيم بالجلسة الماثلة. هذا وقد تم تسليم المحكمان المسميان عن أطراف التحكيم ورئيس هيئة التحكيم نسخه. كما أقر الحاضر عن الشركة المحتكمة باستلامهما نسخة, والتي تم التأكيد على استعراضها أمام هيئة التحكيم وأطراف التحكيم بالجلسة الماثلة, وقد اطلعت هيئة التحكيم على جميع هذه المستندات. وقد قام الحاضرين عن الشركة المحتكمة في مرافعتهم بإبداء الرد والتعقيب على الدفوع المبداه من الشركة المحتكم ضدها في ردها على بيان دعواها وفقا لما يرونه بتلك الردود والتمسوا أجلا لتقديم مذكرة بدفاعهم تتضمن هذا الدفاع والتعقيب. وقد أقر الحاضرين عن أطراف التحكيم بأن الصورة الضوئية المقدمة من الطرفين من عقد الوكالة وترجمته الرسمية من محكمة شمال القاهرة والمؤرخ 2001/1/30 تعتبر أصلا لا يجحده أي من الطرفين. وقد اتفق الحاضرين عن أطراف التحكيم أنه واستنادا إلى ما تم الاتفاق عليه في الجلسة الأولى الإجرائية من أن اللغة العربية هي لغة التحكيم فإن الترجمة الرسمية من محكمة شمال القاهرة التي قدم كل من الطرفين صورتها الضوئية في حوافظ مستنداته هي التي تتضمن بنود التعاقد الاساسي بينهما باللغة العربية بما في ذلك شرط التحكيم ومدة التعاقد وكل ما ورد بها بوصفها الاتفاق المبرم في 2001/1/30 دون الالتجاء إلى النسخة المحررة باللغة الإنجليزية ودون أن يؤثر ذلك على ما تلا هذا الاتفاق من أحداث أو اتفاقات أو اجتماعات وما ترتب عليها من آثارها القانونية. كما اتفق أطراف التحكيم أيضا على أن الصور الضوئية المقدمة لملحق العقد المؤرخ 2001/3/15 تعد أصلا ولا يجوز لأي منهما جحده وكذلك بالنسبة للقرارين الصادرين عن الشركة المحتكم ضدها والموقعين

70

بتاريخ 2005/11/14و 2005/11/16 والصادرين بتاريخ 2005/11/17 ويسري ذلك على جميع الصور الضوئية المتماثلة المقدمة من الطرفين. والحاضر عن الشركة المحتكم ضدها قدم حافظة مستندات من سبعة نسخ اشتملت على المستندات المعلاة على غلافها.

ـهذا وقد طلب الحاضرين عن الشركة المحتكمة تسليمهم نسخة من الكراتين المقدمة منهم بجلسة اليوم والمشـار إليها بالمحضـر وذلك لتقوم الشـركة المحتكمة بفهرسـتها ووضـعها في حوافظ مسـتندات مع كتابة عدد الصـفحات وبيانات المسـتندات على غلاف الحوافظ على أن يتم إيداعها بمقر التحكيم بعد ذلك مرة أخرى وكذلك حوافظ مسـتندات الكراتين الثلاثة السـابق إيداعها بمقر التحكيم قبل إنعقاد الجلسـة الماثلة, وقد وافق الحاضـرين عن الشـركة المحتكم ضدها ووافقت هيئة التحكيم على ذلك.

<u>وبعد سماع المرافعات والإطلاع على الأوراق والمستندات والمناقشة والمداولة قانونا بين أعضاء هيئة التحكيم</u> قررت هيئة التحكيم ما يلي <u>أولا</u>ـ تقدير أتعاب التحكيم مبدئيا بمبلغ مليون وثمانمائة ألف دولار أمريكي على أن تسدد مناصفة بين الشركة المحتكمة والشركة المحتكم ضدها خلال عشرة أيام من تاريخ هذه الجلسة, فإن لم يسدد أي من الطرفين حصته من الأتعاب خلال هذه المدة كان للطرف الآخر أن يسدد بدلا عن الطرف الذي لم يسدد خلال مدة عشرة أيام أخرى تالية على العشرة أيام السابقة. <u>ثانيا</u>ـ تسدد الأتعاب المقدرة على النحو السابق بموجب شيك مصرفي (مقبول الدفع أو المصدق) بأسماء أعضاء هيئة التحكيم يتم إيداعها بمقر التحكيم لتسليمها إلى كل عضو من أعضاء على هيئة التحكيم على النحو التالي:1ـ يسدد من إجمالي الأتعاب المذكورة 40% (أربعون بالمائة) بما قيمته 720000 $ (فقط سبعمائة وعشرون ألف دولار أمريكي) باسم رئيس هيئة التحكيم الأستاذ الدكتور/ حسن عبد الباسط محمد جميعي 2ـ يسدد من إجمالي الأتعاب المذكورة 30% (ثلاثون بالمائة) بما قيمته 540000 $ (فقط خمسمائة وأربعون ألف دولار أمريكي) باسم المحكم المسمى من الشركة المحتكمة الأستاذ الدكتور/ شريف محمد عبد الله.3ـ يسدد من إجمالي الأتعاب المذكورة 30% (ثلاثون بالمائة) من إجمالي الأتعاب المذكورة بما قيمته 540000 $ (فقط خمسمائة وأربعون ألف دولار أمريكي) باسم المحكم المسمى من الشركة المحتكم ضدها الأستاذ الدكتور/ محمد الحاج حمود بدن. <u>ثالثا</u>ـ وقد قررت هيئة التحكيم أنه إذا لم يتم سداد الأتعاب في الموعد السابق فإنه يحق لهيئة التحكيم اتخاذ ما تراه مناسبا من قرارات ومن ذلك إيقاف إجراءات التحكيم لحين سداد كامل الأتعاب وعلى النحو الذي تم بيانه عاليه. رابعاـ اتفق الطرفان وقد وافقت هيئة التحكيم وقررت اتخاذ ما يلي:1ـ تمنح الشركة المحتكمة مهلة غايتها السبت الموافق 15 فبراير 2014 لتقدم ما يعن لها من مذكرات ومستندات ودفاع ودفوع بمقر هيئة التحكيم من سبعة نسخ بمقر التحكيم.ـ تمنح الشركة المحتكم ضدها مهلة غايتها الأحد الموفق 16 مارس 2014 لتقدم ما يعن لها من مذكرات ومستندات ودفاع ودفوع بمقر هيئة التحكيم من سبعة نسخ.ـ تعقد جلسة مرافعة بمقر التحكيم يوم السبت الموافق22 مارس 2014 في تمام الساعة الرابعة عصرا وذلك في حالة تمام سداد أتعاب التحكيم على النحو المبين عاليه.

71

ـ وبتاريخ 2014/2/15 أودعت الشركة المحتكمة (هورس) مذكرة بدفاعها وحافظة مستندات من سبع نسخ, اطلعت عليها هيئة التحكيم. وقد أوردت الشركة المحتكمة في مذكرتها أنه وبالنظر إلى أن المحتكم ضدهما أودعا بتاريخ 2014/1/27 مذكرة بالرد على بيان الدعوى التحكيمية تضمنت مجموعة من أوجه الدفاع والدفوع, على النحو الأتي:

تحت عنوان أولا مخالفة الدفع ببطلان اجراءات التحكيم لمخالفة تشكيل هيئة التحكيم والقواعد المعمول بها في مجال التحكيم الدولى للقانون, لكونه طعنا على الحكم القضائي البات في الدعوى 76 لسنة 29 ق استئناف عالي القاهرة بغير الطريق المقرر قانونا. قالت المحتكمة أن المحتكم ضدهما افردا سبع صفحات لبيان هذا الدفع بزعم وجوب الرجوع إلى المدير الإقليمي لمنظمة الآياتا لتعيين المحكم المرجح وأنه كان على محكمة استئناف القاهرة أن تقضى بعدم اختصاصها بنظر النزاع... إلى أخره. وأضافت الشركة المحتكمة في هذا الشأن أنها تترك الفصل في الاختصاص لما ورد بالحكم البات الصادر في دعوى تعيين المحكم المرجح في الدعوى رقم 76لسنة 129 ق المرفق بطلب بدء إجراءات التحكيم أمام هذه الهيئة, وتلتفت عن الرد المفصل مكتفية بأنه فضلا عن أن المحتكم ضدهما قد أقرا في الصفحة رقم 8 من مذكرة الرد على بيان الدعوى التحكيمية بوجود مستند رسمي موثق صادر من المدير الإقليمي لمنظمة الآياتا بعدم اختصاصه أو المنظمة بتعين المحكم المرجح في هذا النزاع, وأنه لا يجوز المجادلة بفرض تفسير التفتت عنه المحكمة الاستئنافية, فضلا عن إقرار المحتكم ضدها بأن الملحق للعقد الأساس المؤرخ 2001/3/15 هو متمم ومكمل للعقد الأصلي, هذا علاوة على عدم صحة ما جاء بأول الصفحة العاشرة من المذكرة من أن الملحق ليس معدلا للعقد, بدليل أن الملحق المذكور تضمن تعديلا لمدة العقد بجعلها 3 سنوات بعد أن كان غير محدد المدة, وأضافت الشركة المحتكمة أنه جلى أن هذا الدفع في المجمل يعد طعنا على الحكم القضائي البات الصادر بتعيين الأستاذ الدكتور/ حسن عبد الباسط جميعي رئيسا لهيئة التحكيم بغير الطريق المقرر قانونا ومن ثم لا يجوز إثارته أمام هذه الهيئة الموقرة.

وتحت عنوان مخالفة الدفع المبدي من المحتكم ضدهما "ببطلان إجراءات التحكيم لمخالفة تشكيل هيئة التحكيم للقانون والقواعد الدولية المعمول بها في مجال التحكيم الدولى "للقانون لكونه طعنا على حكم قضائي بات بغير الطريق المقرر قانونا قالت الشركة المحتكمةبأن زعم المحتكم ضدهما أنه كان يجب على المحكمة الاستئنافية في حكمها بتعيين المحكم المرجح أن تختاره من جنسية مختلفة استنادا إلى نص المادة 5/11 من قواعد الأونسيترال التي تتضمن "استصواب" تعيين محكم من جنسية غير جنسية الطرفين .." وما أسسته على ذلك من وجوب تعيين محكم أجنبي إلى غير ذلك مما ورد بالدفع,مخالف للقانون, وأنه من الواضح ما في ذلك من خلط بين المفاهيم القانونية واللغوية بين ما هو "استصواب" وما هو "وجوب" فضلا عن أن قواعد الأونسيترال قواعد إرشادية غير ملزمة وأخيرا فإن الدفع كسابقه يعد طعنا في الحكم البات رقم 76 لسنة 129 ق الصادر بتعيين الأستاذ الدكتور/ حسن عبد الباسط جميعي رئيسا لهيئة التحكيم, وبالتالي يكون خليقا بالرفض.

وتحت عنوان مخالفة الدفع المبدى من المحتكم ضدهما بسقوط حق الشركة المحتكمة في اللجوء للتحكيم لمضى مدة الـ 3 أيام الخاصة بالحلول الودية للمبدأ القانونى الذى يحظر الاستفادة من

المتناقضات ولمخالفة ما هو ثابت من المستندات المقدمة من المحتكم ضدهما في حوافظ المستندات ولا سيما الإنذار المؤرخ 2012 /3/6 والإنذار المؤرخ 2008/11/25, وفي هذا الشأن قامت الشركة المحتكمة بالرد بأن المحتكم ضدهما استندا إلى أن مدة حل النزاع بالطرق الودية هي 3 أيام فقط استنادا إلى نص البند 16 من عقد الوكالة الأساس المحرر في 2001/1/30, أن دفاع الشركة المحتكمة يرد بأنه استقر الفقه وقضاء التحكيم الدولي فيما يتعلق بعلاقات التجارة الدولية على مبدأ " حظر التناقض" والمتفرغ من مبدأ "ESTPOLL" ومفهوم هذا المبدأ أنه ليس لأحد الأطراف الاستفادة من المتناقضات الصادرة منه هو شخصيا أو أحد تابعيه للإضرار بالغير, وهو أحد تطبيقات مبدأ حسن النية الإجرائي أثناء إجراءات التحكيم, وأنه يتضح ذلك من وقائع النزاع بأنه إذا كانت هناك إنذارات قضائية على يد المحضرين صادرة من المحتكم ضدهما, ومحاضر اجتماعات موقعة من ممثليهم وخطابات صادرة عنهما موجهة إلى المحكمة أثناء نظر دعاوى تعيين المحكم الثاني ثم المحكم المرجح وكلها في تواريخ لاحقة على قرار إيقاف الوكالة الصادر في 2005/11/16 ومن هذه الإنذارات ما قدمه المحتكم ضدهما بحوافظ مستنداتهم يوم 2014/1/27 إلى هيئة التحكيم الموقرة ومنها محضر الاجتماع المؤرخ 2006/4/19 بحافظة مستندات المحتكم ضدهما رقم 2 مسلسل رقم 5, ومحضر اجتماع مؤرخ 2008/11/16حافظة رقم 4 مستند رقم 2, وإنذار صادر من المحتكم ضدهما في 2012/3/6موجه إلى الشركة المحتكمة يؤكد فيه أن الحلول الودية مازالت قائمة حتى هذا التاريخ, وأضافت المحتكمة أن هذا فضلا عن العديد من الإنذارات المتبادلة التي تعمد المحتكم ضدهما عدم تقديمها وتتقدم بها الشركة المحتكمة وهى الإنذار الصادر من المحتكم ضدها الأولى إلى الشركة المحتكمة في 2008/11/25 تؤكد فيه أن البند رقم 1/16 من العقد الأساس الذى يحدد فترة التسوية الودية ويقصرها على 3 أيام فقط ثم تعديله بالفقرة 16 من ملحق عقد الوكالة وأصبح حسم كافة المستجدات والخلافات بالطرق الودية غير مرتبط بميعاد ومفتوحا أمام الطرفين وغير مقيد لمدة محددة وعليه, حسب إقرار الشركة المحتكمة ضدهما الأولى, تكون المساعي الودية مازالت متاحة ومستمرة أمام الطرفين لحين الوصول لقرار نهائي عليه الطرفين. وانتهت الشركة المحتكمة أنه من كل ما تقدم ولا سيما ما ورد بالإنذار المؤرخ 2012/3/6 الذى نص على أنه "بتاريخ 2011/10/20, 2011/10/22 تم اجتماع وفدى الشركة المنذرة (المحتكم ضدها) والشركة المنذر إليها (المحتكمة) في إطار الحلول الودية للمنازعة حول المستحقات المالية الناشئة عن" فسخ" عقد الوكالة التي كانت ممنوحة للشركة المحتكمة... فإن الشركة المنذرة ترفق طي هذا الإنذار صورة من ملحق الوكالة المقترحة لمناقشته من قبل المنذر إليها وإبداء الرأي فيه خلال أسبوع من تاريخه 2012/3/6 وفي حالة عدم الرد في خلال هذه المدة يعتبر بمثابة فض للحلول الودية ...." وعلى هذا الأساس انتهت الشركة المحتكمة في هذا الشأن إلى أنه في ضوء كل ذلك يتضح جليا المتناقضات في المستندات والطلبات المقدمة من المحتكم ضدهما, وأنه بتطبيق المبدأ القانوني الخاص بحظر استفادة الشخص من تناقضاته بهدف الإضرار بالغير (الشركة المحتكمة) يتأكد توافر سوء النية لدى المحتكم ضدهما وتهاتر وتناقض ما جاء بالدفع المبدى منهما مع ما ورد بالمستندات الصادرة عنهما, ومن ثم يكون الدفع بسقوط الحق في اللجوء للتحكيم لانقضاء مدة الـ 3 أيام للحلول الودية دفعاً جديرا بالرفض.

73

وتحت عنوان الرد على الدفع بجحد الصور الضوئية المقدمة من الشركة المحتكمة قامت الشركة المحتكمة بالرد بأنه سبق التعهد بتقديم أصل المستندات التي يحددها المحتكم ضدهما إلى هيئة التحكيم والخبراء الفنيين بجلسة المرافعة فضلا عما ورد بمحضر الجلسة المؤرخة 2014/2/1من الاعتراف المتبادل بصور المستندات المقدمة من كلا الطرفين.

وتحت عنوان الرد على الدفع بسقوط حق الشركة المحتكمة في إقامة الدعوى لمرور أكثر من سنتين على انتهاء العلاقة العقدية بأن العقد قائم وسارى بين طرفيه حتى تاريخه قامت الشركة المحتكمة بالرد بأن المحتكم ضدهما استندا إلى نص المادة 2/190 من قانون التجارة, وقررا آخر الصفحة رقم 19 من المذكرة المقدمة منها بأن مفاد هذا النص أن دعاوى مطالبة وكيل العقود وموكله بالأجر المستحق له أو عائده أو أية مبالغ أخرى متفق على أن تقع على عاتق الموكل تسقط بعد انقضاء سنتين من انتهاء عقد وكالة العقود وزعما في قول مرسل على غير سند من النص أو من تفسير قضائي أن هذه المادة تسرى على كافة المنازعات الناشئة عن كافة العقود محددة المدة أو غير محددة وزعما على غير الحقيقة بأن تاريخ انتهاء العلاقة العقدية هو 2005/11/17 وأنه تاريخ فسخ وإلغاء الوكالة من جانب الشركة المحتكم ضدهما لعدم قيام الشركة المحتكمة بالوفاء بالتزاماتها. وردا على هذا الدفع قالت الشركة المحتكمة أنه يلزم بيان أن الإطار التعاقدي للعلاقة بين أطراف النزاع يتكون من ثلاث مستندات هي عقد الوكالة العامة المؤرخ 2001/1/30,وهو عقد غير محدد المدة, وملحق عقد الوكالة المؤرخ 2001/3/15 والذى عدل مدة العقد لتكون ثلاث سنوات من بدء التشغيل, والملحق الثاني لعقد الوكالة المتفق عليه بمحضر الاجتماع المؤرخ 2005/8/29 والموقع من الطيار عبد على عبود (المدير العام) والمتضمن إعادة تفعيل عقد الوكالة بالبند رقم واحد بعد أن كان قد صدر قرار بانتهائها في 2004/12/2 والمتضمن تعديل مدة العقد بالبند 10 إلى ثلاث سنوات من تاريخ بدء التشغيل الفعلي تجدد تلقائيا لمدة مماثلة أخرى, وتجدد هكذا تلقائيا مالم يخطر أحد الطرفين الآخر بعدم رغبته بالتجديد قبل انتهاء المدة المحددة بستين يوما على الأقل بخطاب موصى عليه بعلم عليه بعلم الوصول ولا يجوز لأي من الطرفين طلب الفسخ أو عدم التجديد إلا إذا وقع خطأ جسيم من الطرف الثاني.

وأضافت المحتكمة أن مخالفات المحتكم ضدهما في الإنهاء والإيقاف المتعسف بالإرادة المنفردة للعلاقة العقدية تحكمه أربع مستندات أو قرارات هي ـ قرار إنهاء الوكالة الموقع من المهندس/ عطا نبيل حسين في 2004/12/2 والذى نص على أنه "نظرا لتوجهات الدولة في العراق الجديد بإعادة تأهيل الشركة العامة للخطوط الجوية العراقية... بعيدا عن التأثيرات الجانبية التي كانت تفرض من قبل أجهزة النظام السابق ....نود إعلامكم رغبة شركتنا بإنهاء اتفاقية الوكالة ......" ـ واتفاق تفعيل الوكالة المنوه عنه سابقا ضمن الإطار التعاقدي والذى وقعه المدير العام الطيار/ عبد على عبود في 2005/8/29 والذى بموجبه عاد العقد الأصلي وملحقه الأول إلى التنفيذ, ثم قرار إنهاء وكالة المؤرخ 2005/11/14 وممهور بتوقيع ذات المدير العام الموقع على اتفاق إعادة تفعيل العقد في 2005/8/29, وتضمن النص على أنه " نظرا لإعادة التشغيل لطائرات شركة الخطوط الجوية العراقية من وإلى مصر ولعدم وفاء شركتكم بالتزاماتها تجاه شركتنا فقد تقرر إنهاء عقد الوكالة ..." , بالإضافة إلى

74

قرار إيقاف وكالة المؤرخ 2005/11/16, بعد يومين من القرار السابق, وممهور بتوقيع ذات المدير العام السيد/عبد على عبود, والمتضمن محاولة لإلصاق بعض المخالفات بالشركة المحتكمة كمبرر لإيقاف عقد الوكالة الممنوح لها, والذي انتهى بالسطر الأول من الصفحة الثانية بما يلى "وعليه قررنا إيقاف نشاط الوكالة للأسباب أعلاه وستقوم شركتنا بالتشغيل المباشر من خلال مكتبنا بالقاهرة "والوارد بآخره" راجين اتخاذ ما يلزم بالتنسيق مع السفارة العراقية في القاهرة لترشيح محامى يتمتع بمكانة جيدة في مجال الدعاوى ....."

وأضافت المحتكمة أنه يتضح من هذا البيان أن"عقد الوكالة العامة له ملحقان في2001/3/15, 2005/8/29, وأن عقد الوكالة العامة اتخذ بشأنه بالإرادة المنفردة وبدون اتباع الإجراءات القانونية ولا العقدية أربعة قرارات بدءا بإنهائه ثم إلغائه أوسحبه وإعادة التفعيل ثم إلغاؤه وسحبه بقرار إنهاء ثم إلغاؤه أو سحبه وإصدار قرار إيقاف لنشاط الوكالة, وأن قرار الإيقاف لم يتبعه قرار إنهاء حتى تاريخه. وأضافت المحتكمة أنه لا يوجد خطاب مسجل بعلم الوصول حسب العقد وملاحقه في 2008/5/29 بالرغبة في إنهاء الوكالة حتى تاريخ انعقاد هذا التحكيم. كما أضافت المحتكمة أن قرار إيقاف النشاط ليس بقرار إنهاء للوكالة, وإنما هو قرار تجميد وتعليق للعقد لتقوم الشركة المحتكم ضدها بممارسة التشغيل بمعرفتها, وأن تجديد العلاقة العقدية يوضح أن العقد مازال ساري بين الطرفين ويرتب بعض آثاره وأن لم يرتب كل آثاره نتيجة امتناع الشركة المحتكم ضدها عن الوفاء بالتزاماتها التي تمكن الشركة المحتكمة من استكمال القيام بمهامها, ويترتب على وقف العقد أن يبقى العقد قائما لا ينحل ولكن الالتزامات الناشئة عنه لا تكون واجبة التنفيذ. وأضافت المحتكمة أيضا أن قرار الإيقاف تضمن الإشارة إلى تدخل السفارة العراقية (الدولة), كما تضمن قرار الإيقاف الإشارة إلى انتداب محامى لرفع دعوى فسخ أو إنهاء العقد وهو مالم يحدث منذ ذلك التاريخ وحتى الآن.

وبناء على ما تقدم أوردت الشركة المحتكمة أنها تستند إلى عقد موقوف بقرار صادر عن الموكل في 2005/11/16 وليس إلى عقد تم انتهاؤه فلا يسرى عليها الدفع بسقوط الحق في رفع الدعوى بمضي سنتين المشار إليها بالمادة 2/190 من قانون التجارة استندت في تأييد ذلك من ناحية أولى إلى أن تفسير عبارة انتهاء الوكالة الواردة بالمادة 2/190 يخضع لقواعد التفسير في القانون المصري وأولها الرجوع إلى النصوص القانونية الأخرى في ذات النظام القانوني. وأنه بمراجعة المادة 3/714 من القانون المدني يتبين أنها حددت الطرق التي تنتهي بها الوكالة وهى إتمام العمل محل الوكالة, وانتهاء المدة المحددة لعقد الوكالة,وموت الموكل أو الوكيل. وأنه لم يرد بها الانتهاء المبتسر بالإرادة المنفرد. وأنه من ثم هناك فارق جوهري بين الإنهاء والانتهاء ويكون الدفع بمرور أكثر من سنتين على انتهاء العلاقة, هو محاولة لتطبيق النص في غير محله. و أوردت المحتكمة أنه يؤيد ذلك من ناحية ثانية أن عبارة "وتسقط جميع الدعاوى الأخرى ..." الواردة بالمادة 2/190 من قانون التجارة إلى الدعاوى الأخرى غير دعوى التعويض التي لم يقيد رفعها قيد المدة الواردة بالمادة 1/190 التي سقطت بحسب حكم المحكمة الدستورية العليا في 2012/7/12 وتعود المدة التي تحكم رفع دعوى التعويض إلى القواعد العامة الواردة بالمادة 68 من قانون التجارة التي تحددها بسبع سنوات من

تاريخ حلول ميعاد الوفاء بالالتزام, ولا يجوز الاحتجاج هنا بنص المادة 190/2 لكونها استثناء على القاعدة العامة المنظمة لمواعيد تقادم وسقوط الدعاوى المتعلقة بالديون التجارية والاستثناء لا يجوز التوسع فيه ولا القياس عليه. ويؤكد ذلك ما ورد ببيان هذا الدفع عن المحتكم ضدهم أنفسهم بالمذكرة المقدمة منهما. وأضافت الشركة المحتكمة أنه يؤكد ذلك أيضًا من ناحية ثالثة أن التكييف القانوني الصحيح للعقد محل النزاع هو عقد وكالة تجارية عامة كما ورد بعقد الأساس ولم يحدد له المشروع مدة تقادم أو سقوط خاصة ومن ثم تخضع للقاعدة العامة الواردة بالمادة 68 من قانون التجارة, الذى حددتها بمضي سبع سنوات من تاريخ حلول اجل أو ميعاد الوفاء بالالتزام. وانتهت المحتكمة في هذا الشأن إلى أن الاعتصام بالمادة 190/2 على العقد محل النزاع يكون في غير حله ومحله وهو ما يؤكده أيضا من ناحية رابعة أنه إذا كان المحتكم ضدهما قد دخلا في مفاوضات جادة رسمية حول تعديل شروط العقد وإضافة ملحق للإطار التعاقدي أرفق بالإنذار المؤرخ 2012/3/6, مما يقطع باستمرار العلاقة التعاقدية وعدم إنهاء العقد حقيقة أو حكما, بل إقرار باستمرار سريان عقد الأساس حتى تاريخ هذا الإنذار.

وأضافت المحتكمة أيضا أنه والحال كذلك فلا يجوز للمحتكم ضدهم الحديث عن سقوط أو تقادم مع إقرارهما باستمرار العقد, فضلا عن أن في مسلكهما إقرار بمسئوليتهما الكاملة عن تعويض الشركة المحتكمة وبالحتم والضرورة إقرارهم بنشأة الالتزام في ذمتهما وتجديد لمحله بدفع التعويض للشركة المحتكمة على النحو الواضح الجلي من عرضهما ملحق جديد لعقد الوكالة في 2012/3/6 في مقابل التنازل عن القضايا واللجوء إلى التحكيم, إذ لو لم يكن هناك إقرار منهما بثبوت الحق في ذمتهما لما كانا قد عرضا هذا العرض السخى طواعية ودون إكراه أوإجبار بموجب إنذار قضائي صادر منهما على يد محضر.

وانتهت الشركة المحتكمة إلى التمسك بأن هذا الدفع قد جاء غير صحيح لا أساس له من القانون لعدم وجود تنظيم للمدة بعد سقوط المادة 190/1 ولتعلق نص المادة 190/2 بالدعاوى الأخرى غير دعوى التعويض وتعلق المدة الواردة فيها بانتهاء العقد ولا يوجد سند من الأوراق لانتهاء العقد لكونه من حيث الواقع والقانون عقد موقوف ساري مرتب لآثاره بين أطرافه إلى وقت هذه الدعوى التحكيمية.

وتحت عنوان الرد على الدفع ببطلان العقد بتوقيعه مع شركة غير قائمةأوضحت الشركة المحتكمة أن إبرام العقد الأساس تم في2001/1/30 وأبرم ملحقه في 2011/3/15 وأعيد تفعيله بالمحضر المؤرخ 2005/8/29 وأنه لو فرض جدلا أن إجراءات تسجيل الشركة لم تكن قد انتهت في 2001/1/30 فإنها كانت شركة واقعية تحت التأسيس, ومن ثم لها كل الحقوق أعمالا لنظرية الوضع الظاهر المعتمدة في قواعد ومواد القانون المصري. كما أوردت المحتكمة أنه يصحح هذا العيب إن وجد, التوقيع على اتفاق ملحق العقد في 2001/3/15 بعد تأسيس الشركة رسميا في 2001/3/14 ويصححه التوقيع على الملحق الثاني في 2005/8/29.

76

وتحت عنوان الرد على ما جاء في ص 32 من مذكرة دفاع المحتكم ضدهما بشأن عدم الاعتداد بالاتفاق في محضر اجتماع 2005/8/29 وعدم ترتب أى أثر عليه أوردت المحتكمة أنه إذا كان أى اتفاق أو صدور قرار بالإنهاء أو الإيقاف يقتضى الرجوع إلى مجلس الإدارة حسبما يدعى دفاع الشركة المحتكم ضدهما وكانا يتمسكان بعدم الاعتداد بما ورد باتفاق إعادة تفعيل العقد الوارد بمحضر اجتماع ممهور بتوقيع المدير العام عبد على عبود في 2005/8/29, فإن ذلك يقتضى بحكم اللزوم المنطقي والقانوني عدم الاعتداد بكافة القرارات الصادرة بهذه الكيفية أو الآلية الممهورة بتوقيع ذات المدير العام وخصوصا قرار الإنهاء المزعوم. وأن ذلك مقتضاه بالتالي استمرارية سريان عقد الوكالة, فضلا عن أنه لا يجوز للشركة المحتكم ضدها الاستناد إلى خطأها في عرض الاتفاق على مجلس الإدارة والوزير المختص لاعتماده ومن ثم يكون هذا الدفع جديرا بالالتفات عنه.

وتحت عنوان الرد على ما جاء بمذكرة المحتكم ضدهما ص 61 بشأن الادعاء بعدم وفاء الشركة المحتكمة بالتزماتها الناشئة عن عقد الوكالة وملاحقه قالت الشركة المحتكمة ردا على ذلك بأن جميع ما ذكر في هذا الشأن يخالف حقيقة الثابت من مستندات المقدمة من الشركة المحتكمة بتاريخ 2014/2/1 والتي تم تسليمها إلى المحتكم ضدهما.

وتحت عنوان أسانيد صحة الاحتجاج بشرط التحكيم الوارد بشرط الوكالة العامة في مواجهة المحتكم ضده الثانى والحكومة العراقية قالت الشركة المحتكمة ردا على دفع المحتكم ضدهما في الصفحة 86 بمذكرة الرد على بيان الدعوى التحكيمية بعدم قبول الدعوى بالنسبة للمحتكم ضده الثانى السيد/ وزير النقل العراقى لرفعها على غير ذى صفة, استنادا على أن الشركة المحتكم ضدها شركة عامة عراقية لها شخصية معنوية واستقلال مالى وإدارى وأن الذى يمثلها هو المدير العام في كل ما يتعلق بإدارتها وشئونها وذلك انفاذا لما نص عليه قانون الشركة العامة العرقية وقانون شركة الخطوط الجوية العراقية ونظامها الداخلى, فإنه وردا على هذا الدفع ترد الشركة المحتكمة بأنه إذا كان الأصل أن شرط التحكيم لا يلزم إلا أطراف العقد الأصلي المتضمن هذا الشرط, فإنه من المسلم به أن شرط التحكيم يمتد إلى كل من تدخل في مرحلة ابرام العقد أو تنفيذه أو انهاؤه.

وأضافت المحتكمة أن قضاء التحكيم الدولى استقر على أن آثار اتفاق التحكيم تمتد إلى الأطراف التي تداخلت أو شاركت مباشرة في تنفيذ العقد ما دام أن ما بدر منهم من مواقف أو أعمال يفترض معها أنهم كانوا على بينة من وجود اتفاق التحكيم وحدوده ونطاقه وأشارت في هذا الشأن إلى ما أوردته نقلا عن تعليق المغفور له بإذن الله الأستاذ الدكتور/ برهان أمر الله على حكم محكمة استئناف باريس الصادر في 1994/12/7 بمجلة التحكيم العالمية,العدد الثالث,بيروت, سنة 2009, ص824. وأضافت أن من يتدخل في مناقشة العقد المتضمن شرط التحكيم أو في تنفيذه بشكل واضح يعد مبررا لالتزامه بشرط التحكيم تطبيقا لنظرية الوضع الظاهر وأشارت في هذا الشأن أيضا إلى مقال أحمد الورفلى بعنوان التحكيم في نزاعات الشركات,مجلة التحكيم,العدد 14 ص 181.

77

وأوردت المحكمة أيضا أن محكمة النقض المصرية استقرت بالاخذ بمعيار التدخل في تنفيذ العقود من أجل إلزام أحد الاطراف بشرط التحكيم, واستندت إلى ما قالت بأنه حكم نقض تجارى جلسة 2004/7/22 في الطعنين 4729 و 4730 لسنة 72 ق .

كما واستندت المحكمة إلى أحكام صادرة عن محكمة النقض الفرنسية ومحكمة استئناف باريس وحكم تحكيم صادر عن هيئة مشكلة طبقا لقواعد غرفة التجارة الدولية, وذلك لتأكيد تطبيق القضاء للمبدأ المستقر المتمثل في أن العلم بوجود شرط التحكيم والمساهمة بفاعلية في تنفيذ الاتفاق المحتوى على هذا الشرط يكفي لمد شرط التحكيم الى غير الموقع على الاتفاق, وأن القضاء رفض القول بأنه يلزم لهذا الامتداد اتجاه نية هذا الشخص للالتزام بشرط التحكيم. كما استندت إلى قضاء هيئة تحكيم مصرية مشكلة طبقا لقواعد مركز القاهرة الإقليمي للتحكيم التجاري الدولي بتاريخ 1999/3/11 في الدعوى رقم 109 لسنة 1998 بقبول دعوى التحكيم ضد الشركة الأم برغم أنها لم تكن طرفا في عقد النزاع. وقالت الشركة المحتكمة أن هذه الأحكام استندت إلى مشاركة الشركة الأم في تكوين العقد وتنفيذه, بل وإلى أن الشركة الأم في التحكيم الدولي الذى عرض على مركز القاهرة هي التي أنهت بخطاب منها عقد النزاع, وانتهت الشركة المحتكمة في هذا الخصوص إلى أنه بتطبيق ما تقدم على الدعوى التحكيمية الماثلة يتبين أن وزارة النقل العراقية والحكومة العراقية قد تدخلتا ليس فقط في إبرام العقد, بل وأيضا في مرحلة تنفيذه وإنهاؤه وإيقافه وذلك على النحو التالي: <u>في مرحلة إبرام العقد</u> أوردت المحتكمة أن عقد الأساس المعنون  اتفاقية وكالة عامة والمؤرخ 2001/1/30 لم يوقعه كطرف أول سوى المدير العام لشركة الخطوط الجوية العراقية السيد/ ناجى المشهدانى إلا أنه قد ورد في تمهيد هذا العقد النص على أن هذه الاتفاقية وبنودها تخضع لموافقة السلطات الحكومية. وأوردت المحتكمة أيضا أن ملحق عقد الوكالة المؤرخ 2001/3/15 قد نص في البند رقم 2 على أن يعتبر العقد ساري المفعول بعد استحصال الموافقات الأصولية وقد تكرر استخدام المحتكم ضدهما لهذه العبارة, وهو ما يؤكد على أن دولة العراق -الحكومة العراقية- ووزارة النقل العراقية قد شاركت في التفاوض وإبرام عقد الوكالة وملاحقة وأنهم كانوا على بينة من وجود اتفاق التحكيم ونطاقه, وبالتالي يكونون قد قبلوا ضمنا الخضوع لهذا الشرط فيما قد يثور من منازعات تتعلق بالعلاقة التعاقدية, بما يجعلهم طرفا في عقد الوكالة محل النزاع بما يتضمنه من شرط التحكيم. <u>وفيما يختص بمرحلة تنفيذ العقد</u> أوردت الشركة المحتكمة إشارة إلى بعض من كثير من المستندات التي تؤكد تداخل السلطات العراقية في إبرام العقد وتنفيذه وإلغائه وإيقافه ومن بينها(1) بتاريخ 2003/1/28 خطاب المحتكم ضدهما بكتابهما رقم 81 بشأن الموقف من الدعاوى مزيل بتوقيع المدير العام مأمون محى الدين, مع إضافة عبارة نسخة الى وزارة النقل والمواصلات وأنها قدمت هذه المخاطبة في حافظة المستندات رقم 1مستند رقم1. وكذلك أوردت المحتكمة (2) خطاب المحتكم ضدهما المؤرخ 2004/12/2 برقم 417 الى الشركة المحتكمة بشأن إنهاء وكالة عامة والذى جاء بصدره " نظرا لتوجهات الدولة في العراق الجديد بإعادة تأهيل الشركة العامة للخطوط الجوية العراقية....نود إعلامكم رغبة شركاتنا بإنهاء اتفاقية الوكالة العامة" وأن هذا المستند مقدم بحافظة المستندات رقم 1 المستند رقم 2. (3) كما استندت المحتكمة إلى خطاب المحتكم ضدهما في 2005/11/16 الى

الشركة المحتكمة بشأن ايقاف الوكالة والممهور بتوقيع المدير العام عبد على عبود والمذيل بعبارة "صورة منه الى وزارة النقل ... راجين اتخاذ ما يلزم بالتنسيق مع السفارة العراقية في القاهرة لترشيح محامى يتمتع بمكانة جيدة في مجال الدعاوى بغية حضور ممثل القسم القانونى لغرض مناقشته والتعاقد معه", وأشارت إلى أن هذا الخطاب مقدم بالحافظة رقم 2 من حوافظ المستندات المقدمة من المحتكم ضدها الأولى. (4)واستندت المحتكمة أيضا إلى خطاب وزير النقل العراقى عامل عبد الجبار المؤرخ 2010/4/11 الموجه الى الأمانة العامة لمجلس الوزراء العراقى يوضح فيه أن الشركة المحتكم ضدها الاولى وهى أحدى تشكيلات وزارة النقل, قد أبلغته بكتابها المرقم 2976 في 2010/3/1 بأن الغاء عقد الوكالة العامة مع الشركة المحتكمة قد تم بناء على كتاب الأمانة العامة لمجلس الوزراء العراقى المرفق 1/16 في تاريخ 2005/5/8, والمتضمن تصنيف الشركة المحتكمة باعتبارها من قبيل الشركات الواجهية, وأن إعمال شرط التحكيم الوارد بالعقد قد يسبب أضرار مادية كبيرة للشركة المحتكم ضدها. ولذلك اقترح الوزير حسم الموضوع وديا تفاديا للاضرار التي تصيب الشركة وأوردت أن ذلك تتضمنته حافظة المستندات رقم 1 المستند رقم 3. (5) وبالإضافة لما تقدم استندت المحتكمة إلى الإنذار الصادر من المحتكم ضدها الاولى والموجه إلى الشركة المحتكمة في 2011/8/10 بشأن مد فترة اختيار محكم عنها تؤكد فيه المحتكم ضدها أن تعيين محكم عنها يتطلب الحصول على موافقة السيد رئيس مجلس الوزراء العراقى ووزير النقل العراقى ومجلس إدارة الشركة العامة للخطوط الجوية العراقية وإيفاد وفد الى القاهرة من وزارة النقل والشركة المحتكم ضدها الاولى لاختيار محكم, و أوردت أن ذلك المستند تضمنته حافظة المستندات رقم 1المستند 4. (6) وكذلك استندت المحتكمة إلى الإنذار الصادر من المحتكم ضدها الاولى وموجه الى الشركة المحتكمة مؤرخ 2011/10/9 تؤكد فيه على ما ورد بالانذار سالف البيان, وتضيف فيه المحتكم ضدها التأكيد على أن اهتمام السيد وزير النقل بالموضوع وحسمه نهائيا ووجه بأن يكون الوفد برئاسة السيد/ المدير العام ....., وأضافت المحتكمة أن هذا هو ما يؤكد على ما سبق إيضاحه في مذكرتها من تبعية المحتكم ضدها الأولى لوزارة النقل وخضوعها لإشرافها وسيطرتها, وأن ذلك المستند هو المستند رقم 6 بحافظة المستندات رقم 1. واستندت المحتكمة أيضا إلى 7 الإنذار الصادر من المحتكم ضدها الاولى في تاريخ 2011/10/13 إلي الشركة المحتكمة تؤكد فيه حضور وفد من وزارة النقل لعقد اجتماع للتسوية الودية مع الشركة المحتكمة وأشارت إلى تقديم هذا المستند بحافظه المستندات رقم 1, مستند رقم 5. (8) كما واستندت المحتكمة إلى خطاب سفارة جمهورية العراق بالقاهرة في 2012/4/2 موجه الي السيد المستشار/رئيس الدائرة 62 تجاري بمحكمة استئناف القاهرة يطلب فيه تأجيل نظر دعوي لتعيين محكم ضدهما حفاظا علي حقوق وأموال جمهورية العراق ومصالحها واصل هذا الخطاب المودع بحافظة مستندات في الدعوي رقم 51 لسنة 128 ق بجلسة 2012/4/5, وأن هذه الدعوي كانت مرفوعة من الشركة المحتكمة ضد المحتكم ضدها الاولى وأشارت إلى هذا المستند مقدم برقم 7 بحافظة المستندات رقم 1. (9)كما استندت المحتكمة إلى إنذار المحتكم ضدها الاولى إلي الشركه المحتكمة في 2010/5/30 بتعين الاول الدكتور/ فاضل محمد جواد كاظم, ويشغل منصب مستشار رئيس الوزراء العراقي للشئون القانونية محكما عنها وأشارت إلى أنه مقدم بحافظة مستندات رقم 1 مستند رقم 8.

79

ـ واختتمت الشركة المحتكمة بيانا لما تقدم أنه من كل ماتقدم يبدو جليا أن كل من مجلس الوزراء العراقي ووزير النقل العراقي قد تدخلا في إنشاء عقد الوكالة وفي الاجراءات المتعلقة بتنفيذه والغائه وايقافه والتفاوض علي التسويه الودية , وأنه ولذلك , فإن شرط التحكيم الوارد في عقد النزاع يمتد الي كليهما فيصبحا طرفا في شرط التحكيم ويجوز اختصامهما في الدعوي التحكيمية الماثلة, ويكون الدفع المقدم من المحتكم ضدها الاولي بعدم قبول الدعوي في مواجهة وزير النقل قائما علي غير اساس متعينا الرفض.

واختتمت الشركة المحتكمة مذكرة تعقيبها بقولها أنها تتمسك تمسكا جازما بما يلي

أولا: عدم قبول ورفض الدفاع والدفوع المقدمة من المحتكم ضدهما للأسباب سالفه البيان مع احتفاظها بالحق في تقديم رد تفصيلي مؤيد بالمستندات بجلسات المرافعة المقررة في 2014/3/22 ومابعدها.

ثانيا: إضافه طلب جديد للطلبات الواردة بعريضة الدعوى التحكيمية هو إعطاء القرار التحكيمى النهائى والملزم صيغة النفاذ المعجل نظرا للطابع الطارئ والملح للقضية ولجسامة الضرر بما يساعد في جبره.

ثالثا: إخطار المحتكم ضده الثانى بإعلان بالدعوى التحكيمية أو تكليف الشركة المحتكمة بالاعلان ليتمكن من الحضور أو إنابة محام عنه أو إلزام ممثل المحتكم ضدها الاولى بتقديم سند وكالته عنه.

مع احتفاظ الشركة المحتكمة بحقها في طلب إدخال الحكومة العراقية ممثلة في السيد رئيس مجلس الوزراء (رئيس الحكومة) وغيره من الجهات الحكومية وحقها في تقديم تقارير الخبراء الفنيين وأصول المستندات السابق تقديمها والمزيد من المستندات المؤيدة للدعوى.

هذا وقد اودعت أيضا الشركة المحتكمة رفق مذكرتها سالفة البيان حافظة مستندات,اطلعت عليها هيئة التحكيم, مشتملة على عدد ثمانية مستندات من صور ضوئية و المعلاه على غلافها والتي قالت أنها عبارة عن المستند الأول. خطاب المحتكم ضدها الأولى للمحتكمة وإبلاغ وزارة النقل به مؤرخ 2003/1/28. المستند الثاني خطاب المحتكم ضدهما بالإنهاء الأول للوكالة محل النزاع مؤرخ 2004/12/2. المستند الثالث خطاب وزير النقل العراقي إلى الأمانة العامة لمجلس الوزراء مؤرخ 2010/4/11. المستندالرابع إنذار من المحتكم ضدها الأولى للمحتكمة مؤرخ 2011/8/10. المستند الخامس إنذار من المحتكم ضدها الأولى للمحتكمة مؤرخ 2011/10/13. المستند السادس إنذار من المحتكم ضدها الأولى للمحتكمة مؤرخ 2011/10/9. المستند السابع -صورة حافظة مستندات مقدمة من المحتكم ضدها الأولى مرفقا خطاب السفارة العراقية مؤرخ 2012/4/5. المستند الثامن إنذار من المحتكم ضدها الأولى للمحتكمة بتعيين مستشار رئيس الوزراء العراقي محكما عنها مؤرخ 2012/5/30.

وقد أوضحت الشركة المحتكمة على غلاف الحافظة أن هذه المستندات تدل على على تدخل السيد الأستاذ رئيس مجلس الوزراء العراقي والسيد وزير النقل العراقي وغيرهما من الجهات الحكومية بما في ذلك السفارة العراقية بالقاهرة وهو ما يفيد صحة اختصامهم في الدعوى التحكيمية الماثلة.

ـ هذا وإنفاذا لما تم الموافقة عليه بين طرفي الدعوى التحكيمة وموافقة هيئة التحكيمية بمحضر جلسة 2014/2/1 على طلب الحاضرين عن الشركة المحتكمة تسليمهم نسخة من الكراتين المقدمة منهم بجلسة2014/2/1 والمشار إليها بالمحضر وذلك لتقوم الشركة المحتكمة بفهرستها ووضعها

80

في حوافظ مستندات مع كتابة عدد الصفحات وبيانات المستندات على غلاف الحوافظ على أن يتم إيداعها بمقر التحكيم بعد ذلك مرة أخرى, وكذلك حوافظ مستندات الكراتين الثلاثة السابق إيداعها بمقر التحكيم قبل إنعقاد الجلسة الماثلة, وقد وافق الحاضرين عن الشركة المحتكم ضدها ووافقت هيئة التحكيم على ذلك, فقد استلمت الشركة المحتكمة الكراتين الخمسة التي سبق وأن قدمتها وقامت بتسليمها مرة أخرى رفق الفهرس المودع بالأوراق, وقد اطلعت هيئة التحكيم على كافة محتويات هذه الكراتين و الفهرس.

ـ وبتاريخ 2014/3/2 ورد إلي رئيس هيئة التحكيم مخاطبة تشير فيه إلى اعتذار الدكتور/ محمد الحاج حمود عن مهمته التحكيمية منسوبا إلى الثلاثاء 2014/3/3 بالنظر إلى ظروف عمله وظروفه الصحية, وقد قام رئيس هيئة التحكيم بالاتصال تليفونيا بالدكتور/ محمد الحاج حمود المحكم المسمى من الشركة المحتكم ضدها الذي أكد ذلك, كما ورد بريد إلكتروني من الأستاذ/ أحمد الديريني المحامي الوكيل القانوني عن الشركة العامة للخطوط الجوية العراقية المحتكم ضدها يفيد مخاطبتهم من الدكتور/محمد الحاج حمود بإعفائه من المهمة التحكيمية واعتذاره عن تكليفه وأن المحتكم ضدها تطلب تأجيل نظر الدعوى المحدد لها جلسة التي كان محدد لها 2014/3/22 لحين قيامها بتعيين محكم جديد وتأجيل الفترة المحددة لها لتقديم مذكرة بالرد على مذكرة الشركة المحتكمة وأنها بصدد اتخاذ إجراءات اختيار محكم عنها منذ إخطارها باعتذار الدكتور/ محمد الحاج محمود. هذا وبتاريخ السبت الموافق 2014/3/8 ورد مقر هيئة التحكيم مخاطبة بالبريد المسجل من الدكتور/ محمد الحاج حمود وقد تضمنت هذه المراسلة أيضا اعتذاره عن الاستمرار في المهمة التحكيمة في الدعوى التحكيمية بالنظر إلى ظروف عمله وظروفه الصحية, وتم إخطار الأطراف بها.

ـ وبتاريخ السبت الموافق 2014/3/15 حضر إلى مقر التحكيم الأستاذ/ أحمد الديريني المحامي والوكيل القانوني للشركة المحتكم ضدها وقدم إلى أمانة سر التحكيم خطابا من الشركة المحتكم ضدها يفيد قيامها بتعيين الأستاذ الدكتور/ عبد الحميد الأحدب لبناني الجنسية محكما عنها في القضية التحكيمية عالية بدلا من الأستاذ الدكتور/ محمد الحاج حمود بدن, كما تضمن الخطاب أيضا طلب تحديد موعد لبدء السير في إجراءات التحكيم وتحديد موعد لتقديم مذكرة دفاع الشركة المحتكم ضدها التي كان محدد لها الأحد الموافق 2014/3/16, بالنظر إلى توقف كافة مواعيد التحكيم لعدم اكتمال هيئة التحكيم, وتم مخاطبة الأطراف والمحكم المسمى من الشركة المحتكمة بذلك وبأنه يتم استئناف سير إجراءات التحكيم فور ورود قبول الأستاذ الدكتور/ عبد الحميد الأحدب المهمة التحكيمية.

ـبتاريخ الثلاثاء الموافق 2014/3/18 ورد لمكتب رئيس هيئة التحكيم مخاطبة من الأستاذ الدكتور/عبد الحميد الأحدب المحكم المسمى من الشركة المحتكم ضدها يفيد قبوله المهمة التحكيمية وإقراره بالحيدة والاستقلال, وتم إخطار الأطراف والمحكم المسمى من المحتكمة بذلك.

ـبتاريخ السبت الموافق 2014/3/22 تم إخطار طرفي الدعوى التحكيمة بأنه بعد اكتمال تشكيلها بتعيين الشركة المحتكم ضدها الأستاذ الدكتور/ عبد الحميد الأحدب محكما بدلا من الأستاذ الدكتور/ محمد الحاج

81

حمود بدن قد قررت هيئة التحكيم عقد جلسة بحضور الأطراف يوم الخميس الموافق 2014/4/10 في تمام الساعة الواحدة ظهرا بقاعة الإجتماعات بنادي السيارات بالقاهرة.

ـ بتاريخ الاثنين 2014/3/24 تم مخاطبة الشركة المحتكمة هورس للسياحة والسفر لإحاطتها علما أنه حتى تاريخه لم تقم بتنفيذ قرار هيئة التحكيم بسداد كامل حصتها من أتعاب التحكيم المبدئية على النحو المبين بمحضر جلسة 2014/2/1, وإنما سددت شيكات مصرفية لصالح أعضاء هيئة التحكيم بقيمة ستمائة ألف دولار أمريكي -وقد تسلم كل محكم الشيك المصرفي الخاص به- ولم يتم سداد المتبقي من الأتعاب المبدئية ومقدارها ثلاثمائة ألف دولار أمريكي, وتم إحاطتها علما أيضا بالنظر إلى أن هيئة التحكيم قد قررت عقد جلسة لنظر التحكيم عالية بحضور الأطراف يوم الخميس الموافق 2014/4/10, بوجوب المبادرة إلى سداد كامل حصتها من الأتعاب المبدئية كاملة قبل موعد الجلسة, وعلى أن يتم سداد باقي الأتعاب المبدئية المقررة للمحكم المعين من الشركة المحتكم ضدها بشيك مصرفي باسم سيادة الأستاذ الدكتور/ عبد الحميد الأحدب, أو يوضع تحت تصرف هيئة التحكيم مع الأخذ في الإعتبار أن الشيك المصرفي المحرر باسم المحكم المتنحي الأستاذ الدكتور/ محمد الحاج حمود, والسابق تعيينه من المحتكم ضدها سوف يتم عرض أمره على هيئة التحكيم بتشكيلها الجديد.

وأنه في حالة عدم السداد وفقا لقرار الهيئة المشار إليه عاليه يتم عرض الأمر على الهيئة بتشكيلها الجديد لتتخذ ما تراه مناسبا حيال ذلك.

ـ وبذات التاريخ أيضـا تم مخاطبة الشركة المحتكم ضـدها الشـركة العامة للخطوط الجوية العراقية لإحاطتها علما بأنها حتى تاريخه لم تنفذ قرار هيئة التحكيم بتلك الجلسة بسداد حصتها من أتعاب التحكيم المبدئية على النحو المبين بمحضـر جلسـة 2014/2/1,وأن هيئة التحكيم قررت عقد جلسـة يوم الخميس الموافق 2014/4/10, لذلك تم إحاطتها علما بوجوب المبادرة إلى سـداد حصـتها من الأتعاب المبدئية كاملة قبل موعد الجلسة, على أن يتم سداد الأتعاب المبدئية للمحكم المعين عن الشـركة بدلا من المحكم السابق المتنحي الدكتور / محمد الحاج حمود, وذلك بإصدار شيك مصرفي باسم الأستاذ الدكتور/ عبد الحميد الأحدب, وأنه في حالة عدم السداد سيتم عرض الأمر على هيئة التحكيم بتشكيلها الجديد لتتخذ ما تراه مناسبا حيال ذلك.

ـبتاريخ الاثنين الموافق 2014/4/7 قامت الشركة العامة للخطوط الجوية العراقية المحتكم ضدها الأولى بسداد كامل حصتها من أتعاب التحكيم المبدئية بموجب شيكات مصرفية بأسماء أعضاء هيئة التحكيم وفقا لما قررته هيئة التحكيم بمحضر جلسة 2014/2/1, كما وقد تسلم كل محكم الشيك المصرفي الخاص به.

ـ وبتاريخ الثلاثاء الموافق 2014/4/8 قامت الشركة المحتكمة بتسليم أمانة سر التحكيم مبلغ ثلاثمائة ألف دولار تمثل قيمة المتبقي من حصتها في الأتعاب المبدئية التي حددت بمحضر جلسة 2014/2/1.

ـ وبتاريخ 2014/4/10 عقدت جلسة لهيئة التحكيم منفردة في تمام الساعة العاشرة يوم الخميس الموافق 2014/4/10 وفي بداية الإجتماع أكد الأستاذ الدكتور/ عبد الحميد جلال الأحدب المحكم المسمى من الشركة العامة للخطوط الجوية العراقية ,المحتكم ضدها, على سبق قبوله المهمة التحكيمية وإقراره بحياده التام واستقلاله عن طرفي النزاع والالتزام بكافة سلوكيات المحكم وأنه قام بالتوقيع على إقرار كتابي بذلك والذي تم إخطار الأطراف به, كما أفاد الأستاذ الدكتور/ عبد

82

الحميد جلال الأحدب المحكم المسمى من الشركة المحتكم ضدها الأولى بأنه قد اطلع على كافة تفاصيل الدعوى التحكيمية في الفترة السابقة على توليه المهمة التحكيمية وتسلم واطلع على كافة ما تم اتخاذه من إجراءات وقرارات في الدعوى التحكيمية, كما تسلم واطلع أيضا على ما قدمه طرفي الدعوى التحكيمية من مذكرات ومستندات ودفاع ودفوع, وما تم إثباته بمحاضر الجلسات وأنه تسلم النسخة التي سبق تسليمها إلى المحكم المعتذر المتنحي أ.د /محمد الحاج حمود والتي سلمتها إلى مقر إقامته في بيروت ـ لبنان الشركة المحتكم ضدها.

وبعد إطلاع هيئة التحكيم على المستندات والمذكرات ومحاضر الجلسات وكافة القرارات والإجراءات وبعد المناقشة والمداولة بين أعضاء هيئة التحكيم في شأن الدعوى التحكيمية عاليه, قرر أعضاء هيئة التحكيم تأكيد قرارهم السابق الاتفاق عليه فيما بينهم بعقد الجلسة الثالثة في ذات المكان في تمام الساعة الواحدة ظهرا كما سبق إخطار الأطراف بذلك وذلك بحضور الطرفين, وعلى أن يتم عرض إجراءات استكمال تشكيل الهيئة بانضمام أ.د / عبد الحميد جلال الأحدب إليها بموجب قبوله تسمية الشركة المحتكم ضدها له وعرض ما تم في هذه الجلسة التي تمت بين المحكمين وبما ترتب على قبول أ.د/عبد الحميد الأحدب الكتابي من استمرار السير في إجراءات التحكيم. وقررت الهيئة أن يتم سماع مرافعات الطرفين وأن يتم تمكينهم من إبداء وتقديم الطلبات وكافة أوجه الدفاع والدفوع والمستندات والمذكرات , على أن تتخذ هيئة التحكيم قرارها في نهاية تلك الجلسة.

ـوبذات التاريخ 2014/4/10 وفي الساعة الواحدة ظهرا عقدت هيئة التحكيم جلسة بحضور طرفي الدعوى التحكيمية حيث حضر كل من الأستاذ الدكتور /صلاح الدين جمال الدين محمد عبد الرحمن والأستاذ الدكتور/ محمود صلاح الدين مصيلحي عطية شريف المحامى بتوكيل سابق إثباته, كما حضر الأستاذ الدكتور / فياض ملفي عقيل القضاة المحامي ـ أردني الجنسية ـ بموجب تفويض صادر عن الشركة المحتكمة أرفق أصله بملف التحكيم وكذا خطاب موجه من نقابة المحامين المصرية موجه إلى رئيس هيئة التحكيم يفيد عدم وجود مانع لدى النقابة من حضوره مع هيئة الدفاع كما حضر أيضا كل من السيد الأستاذ/ يوسف السعيد يوسف سعد المدير المسئول بالشركة المحتكمة والأستاذة/ سلوى محمد إسماعيل المدير المالي للشركة المحتكمة والسابق حضورها بجلسة التحكيم السابقة.

كما حضر عن الشركة العامة للخطوط الجوية العراقية المحتكم ضدها الأستاذ/ أحمد الديريني عبد العزيز محمود المحامى بتوكيل سابق الإثبات.

وفي بداية الجلسة أكد رئيس هيئة التحكيم على ما تم إخطار الأطراف به من اعتذار الدكتور/ محمد الحاج حمود بدن المحكم المسمى من الشركة المحتكم ضدها وأن الشركة المحتكم ضدها قد قامت بتسمية الأستاذ الدكتور/عبد الحميد جلال الأحدب محكما عنها بدلا منه, وأنه وبذلك يكون تشكيل هيئة التحكيم قد أكتمل منذ قبول أ.د /عبد الحميد جلال الأحدب المهمة التحكيمية, كما عرض رئيس هيئة التحكيم اتفاق هيئة التحكيم السابق إخطار الأطراف به على عقد جلسة تحكيم للهيئة منفردة يوم الخميس الموافق 2014/4/10 الساعة العاشرة صباحا والتي انعقدت بالفعل وتم التأكيد فيها على

83

قبول أ.د/ عبد الحميد جلال الأحدب المهمة التحكيمية وعلى سبق توقيعه على إقرار كتابي بقبول المهمة التحكيمية والحيدة والاستقلال والالتزام بكافة سلوكيات المحكم وتم عرض ما قامت به الهيئة التحكيمية بكامل تشكيلها من الإطلاع على كافة المستندات والمذكرات ومحاضر الجلسات وكافة الإجراءات والقرارات والمداولة بشأنها وانتهائها إلى تأكيد عقد الجلسة الماثلة بحضور الأطراف وتمكينهم من المرافعة وتقديم المستندات والمذكرات وإبداء كافة الطلبات وأوجه الدفاع والدفوع.

كما أطلع رئيس الهيئة الأطراف على ما تم باجتماع الهيئة منفردة باجتماعها الذي عقد بذات المكان صباح اليوم الساعة العاشرة صباحا ومن ذلك تحديد أتعاب المحكم المتنحي السابق تسميته من الشركة المحتكم ضدها أ.د/ محمد الحاج حمود بدن وما يتعلق بذلك من تمكين الشركة المحتكمة من استرداد الشيك المصرفي السابق إصداره بإسمه ثم إعادة إصدار شيكات مصرفيه بقيمة ما تم تقديره له من أتعاب وشيك باسم أ.د / عبد الحميد الأحدب على النحو الذي قررته الهيئة باجتماعها السالف الإشارة إليه.  وقد وافق الطرفان على ما تقدم من إجراءات.

-هذا وتشير هيئة التحكيم في حكمها هذا وبمناسبة ما تقدم بيانه من مجريات الجلسة سالفة البيان بتاريخ 2014/4/10  بشأن الأتعاب, إلى أن الشركة المحتكمة قد استردت الشيك المصرفي السابق إصداره باسم أ.د.محمد الحاج محمود بدن والذي كان سدادا لجزء من الأتعاب المقررة مبدئيا, وذلك بعد أن قام سيادته  برد هذا الشيك المصرفي  إلى أمانة سر التحكيم, ثم قامت الشركة المحتكمة بناء على ما تقدم من قرارات وافق عليها أطراف التحكيم في الجلسة سالفة البيان التي انعقدت بتاريخ 2014/4/10, بإصدار شيك مصرفي بمائة ألف دولار باسم المحكم المتنحي أ.د.محمد الحاج محمود بدن سدادا لأتعابه عما قام به من مهمة قبل تنحيه, وقد تسلم سيادته هذا الشيك المصرفي. كما قامت المحتكمة بإصدار  شيك مصرفي أخر باسم ا.د.عبد الحميد الأحدب بمبلغ مائة وأربعة ألف دولار فقط وقد تسلمه سيادته, كما تمت تسوية المبالغ النقدية التي سددتها الشركة المحتكمة, استكمالا منها لسداد حصتها الواجب سدادها من الأتعاب المبدئية, وذلك بين أعضاء هيئة التحكيم حيث حصل كل منهم بذلك على كامل نصيبه من الأتعاب الخاصة به من الأتعاب المبدئية, وذلك بموجب الشيكين المصرفيين اللذين تسلمهما والمصدر أحدهما من الشركة المحتكم ضدها الأولى والأخر الذي سلمته الشركة المحتكمة مصدرا بإسمه, وبموجب ما تسلمه كل محكم من المبالغ النقدية التي استكملت بها الشركة المحتكمة الفارق بين ما سلمته من شيكات مصرفية وبين ما التزمت بسداده من حصتها من الأتعاب المبدئية.

-واستكمالا لمجريات الجلسة المنعقدة بتاريخ 2014/4/10 سالفة البيان, فقد استفسر رئيس هيئة التحكيم من طرفي الدعوى التحكيمية عما إذا كان لأي منهم اعتراض أو تحفظ على تعيين الأستاذ الدكتور/عبد الحميد الأحدب فقرر الحاضرون عن الشركة المحتكمة و الشركة المحتكم ضدها بقبولهم له و عدم اعتراضهم عليه.

وعرض رئيس هيئة التحكيم أيضا ما سبق وأن تم اتخاذه من إجراءات وقرارات في الدعوى التحكيمية على النحو المثبت منذ بداية التحكيم ثم بمحضر الجلسة الأولى الإجرائية المنعقدة بتاريخ الخميس الموافق 2013/11/28 و ما تم من اتخاذه من قرارات وإجراءات بجلسة التحكيم الثانية المنعقدة بحضور الأطراف يوم السبت الموافق 2014/2/1 وما تم من إجراءات وتبادل مذكرات ومستندات وحتى إنعقاد الجلسة الماثلة المنعقدة بتاريخ الخميس الموافق 2014/4/10 .وقد أقر الطرفين بصحة ما تقدم.

84

وأوضح رئيس هيئة التحكيم أنه إنفاذا لقرار هيئة التحكيم بالجلسة الثانية بمنح الشركة المحتكمة مهلة غايتها السبت الموافق 15 فبراير 2014 لتقدم ما يعن لها من مذكرات ومستندات ودفاع ودفوع بمقر هيئة التحكيم من سبعة نسخ بمقر التحكيم, وأودعت شركة هورس للسياحة و السفر المحتكمة هورس مذكرة بدفاعها وحافظة مستندات من سبع نسخ, اطلعت عليها هيئة التحكيم, طويت على المستندات المعلاة على غلافها وقد تم تسليم الشركة المحتكم ضدها نسخة منها, كما تم تسليم أعضاء هيئة التحكيم نسخة منها أيضا, كما أوضح سيادته أن الشركة المحتكمة قد قامت أيضا بإعادة الكراتين الخمسة التي سبق وأن قدمتها والمشتملة على صور المستندات الضوئية مرفقا بها فهرست لهذه المستندات وعدد أوراقها, اطلعت عليها هيئة التحكيم. وقد تسلمت الشركة المحتكم ضدها نسخة من هذه الفهارس للكراتين الخمسة وأكدت استلامها لكافة المستندات التي احتوتها.

وأوضح رئيس هيئة التحكيم أيضا أن هيئة التحكيم بتشكيلها السابق كانت قد قررت منح الشركة المحتكم ضدها مهلة غايتها الأحد الموفق 16 مارس 2014 لتقدم ما يعن لها من مذكرات ومستندات ودفاع ودفوع بمقر هيئة التحكيم من سبعة نسخ , إلا أنه بالنظر إلى اعتذار المحكم المسمى منها الأستاذ الدكتور / محمد الحاج حمود بدن عن استكمال المهمة التحكيمية وتوقف إجراءات التحكيم منذ اعتذار سيادته لحين تسميه محكم بديل عنه من الشركة المحتكم ضدها لم تقم الشركة المحتكم ضدها بتقديم المذكرات والمستندات وطلبت في مخاطبة منها تم إبلاغ الأطراف بها تأجيل موعد تقديم هذه المذكرات والمستندات لحين اكتمال تشكيل هيئة التحكيم.

وقد استفسر رئيس هيئة التحكيم من طرفي الدعوى التحكيمية عما إذا كان لأي منهما ثمة اعتراض أو ملاحظات على ما سبق بيانه من إجراءات سابقة على استكمال تشكيل هيئة التحكيم الحالية, فلم يبد أي طرف أية ملاحظات أو اعتراضات وأكد كل طرف على قبوله كل ما أوضحه رئيس هيئة التحكيم من إجراءات سابقة على استكمال تشكيل هيئة التحكيم.

وقد سمحت هيئة التحكيم لطرفي الدعوى التحكيمية بالمرافعة وبأن يبدي كل منهما ما يعن له من طلبات أو توضيحات أو تقديم مذكرات ومستندات, فبادر الحاضر عن المحتكمة بأنه يطلب أجلا مناسبا لاستكمال تعقيبها على تعقيب الشركة المحتكم ضدها على بيان الدعوى التحكيمية وقد وافق الحاضر عن الشركة المحتكم ضدها على ذلك.

والحاضر عن الشركة المحتكم ضدها طلب أجل لتقديم تعقيبه على تعقيب على تعقيب على الشركة المحتكمة على أن تبدأ المدة بعد انتهاء مدة الشركة المحتكمة .

والحاضر عن الشركة المحتكمة قدم مذكرة من سبع نسخ بطلب إدخال والتصريح بإعلان خصوم جدد في الدعوى التحكيمية هم :

1- السيد / رئيس مجلس الوزراء العراقي بصفته ممثلا للحكومة العراقية .

2 ـ السيد / وزير النقل العراقي بصفته ممثلا لوزارة النقل العراقية .

3 ـ السيد / وزير المالية العراقي بصفته ممثلا لوزارة المالية العراقية .

وتمسكت الشركة المحتكمة بالأسباب والأسانيد الواردة بالمذكرة بشأن هذا الطلب وبطلب الإعلان والإدخال.

85

وأفاد الأستاذ الدكتور/ عبد الحميد الأحدب المحكم المسمى من الشركة المحتكم ضدها من أن القانون المصري هو القانون الواجب التطبيق على الدعوى التحكيمية دون غيره من القوانين الأخرى وأن الاجتهادات المتعلقة بالقانون الفرنسي لا تتعلق بالقانون واجب التطبيق .

والحاضر عن الشركة المحتكمة قرر أنه يطلب إثبات ما أفاد به الأستاذ الدكتور/عبد الحميد الأحدب المحكم المسمى من الشركة المحتكم ضدها.

وقد أفاد الأستاذ الدكتور / عبد الحميد الأحدب ردا على ذلك بأنه لا يصادر على حرية الأطراف فيما يقدمونه من دفاع وأن ما أبداه كان مجرد رأي.

وتمسك الحاضر عن الشركة المحتكمة بأن ما قاله أ.د/ عبد الحميد الأحدب هو تعبير عن رأيه.

وبتلك الجلسة قررت هيئة التحكيم بعد سماع المرافعات والإطلاع على الأوراق والمستندات والمناقشة والمداولة قانونا بين أعضاء هيئة التحكيم وبعد موافقة طرفي التحكيم ما يلي :ـ

أولا:ـ منح الشركة المحتكمة مهلة غايتها 10 مايو 2004 لتقديم مذكرة تكميلية لتعقيبها على رد الشركة المحتكم ضدها على بيان الدعوى وما يعن لها من مستندات .

ثانيا:ـ منح الشركة المحتكم ضدها مهلة تبدأ من 11 مايو 2014 وغايتها 10 يونيه 2014 للتعقيب على تعقيب الشركة المحتكمة وتقديم ما يعن له من مستندات .

ثالثا:ـ يقوم أمين السر بإخطار الطرفين بالموعد الذي ستحدده هيئة التحكيم لعقد الجلسة التالية .

ـ وبما تقدم اختتمت أعمال الجلسة وتم التوقيع عليها من الحاضرين من بعد قراءتهم ومراجعتهم لمحضر الجلسة.

<u>ـ وبتاريخ 2014/5/10 وإنفاذا لقرار هيئة التحكيم بجلسة 2014/4/10 أودعت الشركة المحتكمة (هورس للسياحة والسفر) بمقر التحكيم مذكرة تكمليه بدفاعها, وكذا عدد سبع حوافظ مستندات ـ اطلعت عليها هيئة التحكيم ـ سيلي بيانها وما اشتملت عليه فيما بعد.</u>

ـ هذا وقد جاءت المذكرة في عدد 43 صفحة بدأتها الشركة المحتكمة بتحفظ يتمثل في تمسكها بأن الرد الوارد في المذكرة يكمل بيان الدعوي المقدم منها والمذكرة السابق تقديمها في 2014/2/15 وكذا مذكرة إدخال خصوم جدد المقدمة في 2014/4/10 عدا طلبات الشركة الواردة في هذه المذكرة وتزيد عليها الرد علي الدفوع والدفاع المبداة من المحتكم ضدهم.

<u>وتحت عنوان الموضوع</u> قالت الشركة المحتكمة أنها تحيل إلي ما تضمنته صحيفة الدعوي المقدمة منها منعا للتكرار والإطالة, وأنها تضيف إليها الرد على مذكرة الرد على بيان الدعوى التحكيمية المقدمة من المحتكم ضدهم بتاريخ 2014/1/27 والتي عرضوا فيه لوقائع النزاع بشكل يخالف صحيح الوقائع الثابتة بالمستندات, ثم عرضوا فيها ما يستندون إليه من دفوع ودفاع وطلبوا في ختامها العديد من الطلبات , وعرضت ردها على النحو الأتي:ـ

86

تحت عنوان التكييف القانوني لعقد اتفاقية الوكالة العامة محل الدعوى التحكيمية الماثلة أكدت المحكمة على أنها سبق وأن عرضت في بيان الدعوى التحكيمية للتكييف القانوني لعقد الوكالة الأساس المؤرخ 2001/1/15 وذكرت فيها أن هذا العقد هو عقد وكالة شكلية في شكله ومظهره, إلا انه بمراجعة شروط عقد الوكالة العامة الأساس وملحقاته يتبين أنه في حقيقته وجوهره كما هو معنون " عقد وكالة عامة " ذو طبيعة خاصة ومختلطة مما لا يندرج تحت المثالين اللذين تناولهما القانون التجاري بالتنظيم كأمثلة لعقود الوكالة وذلك لما عرضته فيما تلا ذلك. فقد أورت المحكمة أن القانون المدني نظم أحكام الوكالة في المواد من 699 إلى 717 مبينا أركانها وأثارها وانتهائها إذ تنص المادة 699 على أن الوكالة عقد بمقتضاه يلتزم الوكيل بعمل قانوني لحساب الموكل, وتنص المادة 701 /1 على أن الوكالة الواردة في ألفاظ عامة لا تخصيص فيها حتى لنوع العمل القانوني الحاصل فيه, وتنص المادة 710 على أنه: "وعلى الموكل أن يرد للوكيل ما أنفقه في تنفيذ الوكالة التنفيذ المعتاد مع الفوائد منها وقت الاتفاق, مهما كان حظ الوكيل من النجاح في تنفيذ الوكالة", كما تنص المادة 711 يكون الموكل مسئولا عما أصاب الوكيل من قدر دون خطأ منه بسبب تنفيذ الوكالة تنفيذا معتادا, وأن القانون التجاري رقم 17 لسنة 1999 قد نظم الوكالة التجارية في المواد من 148إلى191 ما بين أحكام عامة تسرى على كافة أنواع الوكالات التجارية وقواعد تسرى خاصة ببعض أنواع هذه الوكالات وأن المشرع اقتصر على تنظيم نوعين فقط هما الوكالة بالعمولة ووكالة العقود. وأن المادة 161 من القانون المدني نصت على أنه في العقود الملزمة للجانبين إذا كانت الالتزامات المتقابلة مستحقة الوفاء جاز لكل من المتعاقدين أن يمتنع عن تنفيذ التزامه إذا لم يقم المتعاقد الأخر بتنفيذ ما التزم به .

وعلى ما تقدم انتهت الشركة المحتكمة إلى أنه بمراجعة الوكالة محل النزاع التحكيمي يتبين أنها كما ورد في صدر افتتاحية العقد الأساس بعنوان "وكالة عامة" وكذا في الملحق المؤرخ 2001/2/15, حيث أعيد التأكيد على هذا المسمى حيث ورد الملحق بعنوان "ملحق عقد الوكالة العامة" الموقع بين الشركة العامة للخطوط الجوية العراقية وشركة هورس للسياحة والسفر, ثم أعيد للمرة الثالثة التأكيد على هذا المسمى العقدي باتفاق تفعيل الوكالة المؤرخ 2005/8/29.

وقالت المحكمة أيضا أن ديباجة العقد الأساس نصت على أنه: "هذه الاتفاقية وبنودها " تخضع لموافقة السلطات الحكومية, وقد نصت المادة الثانية على أن الطرف الأول لن يعين طرفا آخر لتنفيذ خدمات مشابهة أخذا في الاعتبار ما ورد في البند رقم 4 والذى يتضح منه أن الشركة المحتكمة تخضع في ممارسة عملها لرقابة وإشراف الشركة المحتكم ضدها الأولى, وهو ما يؤكده البند رقم 6 من العقد الأساس من أن جميع الأوراق والمستندات تبقى مملوكة للطرف الأول ملكية خاصة.

وقالت المحكمة أيضا أنه ورد بالبند 9 أنه غير مسموح للوكيل العام (الشركة المحتكمة) بالتغيير أو بالتعديل لأى من الشروط أو البنود الموضحة في شروط النقل أو المطبوعات التي يضعها الطرف الأول (المحتكم ضدها الأولى).

87

وأن المادة 5/11 من عقد الوكالة العامة نصت على أنه: "وبالرغم ما سبق فلا شيء هنا سوف يمنع الطرف الأول من تعويض الوكيل العام عن نفقاته إزاء متطلبات الطرف الأول".

وأضافت المحتكمة أن تكييف عقد الوكالة محل النزاع بأنه وكالة عقود يتعارض مع نص المادة 178 من القانون التجاري التي تنص على أن وكيل العقود هو الذى يتحمل وحده المصروفات اللازمة لإدارة نشاطه, ومن ثم يفقد صفة وكالة العقود لعدم الاستقلالية من جهة, وتعويض الوكيل العام عن نفقاته المالية التي أنفقها في تنفيذ كافة الالتزامات الواردة ببنود الإطار التعاقدي لعقد الوكالة الأساس وملحقيه من جهة أخرى. ويقطع بأن الشركة المحتكمة ليس لها استقلال عن الشركة المحتكم ضدها الأولى, بل هي تابعة لها خاضعة لرقابتها وإشرافها سواء مباشرة أو من خلال ممثلها المدير الإقليمي للشركة الذى يتابع كل أعمالها, ومن ثم يفقد العقد السمة الجوهرية لوكالة العقود, وأن ذلك هو الذى وضحته المذكرة الإيضاحية لقانون التجارة تعليقا على المادة 178 بأن هذه المادة أضافت شرطا إضافيا لاعتبار العقد من قبيل وكالة العقود وهو أن يمارس الوكيل نشاطه على وجه الاستقلال , ومن ثم لا يندرج العقد محل النزاع تحت وكالة العقود لعدم توافر شرط من الشروط المميزة لها ألا وهو شرط استقلالية الوكيل .

وقالت المحتكمة أيضا أنه يؤكد ما تقدم أن البند 1/11 من عقد الوكالة الأساس ينص على أن: "يقوم الطرف الأول (الشركة المحتكم ضدها الأولى) بسداد عمولة الوكيل العام على التذاكر الصادرة على خطوط طيران الطرف الأول", وهو ما يعنى أن عقد الوكالة العامة يتضمن أيضا سمة من سمات الوكالة بالعمولة.

وأوردت المحتكمة أن ما تقدم يتبين منه أن عناصر عقد الوكالة العامة محل النزاع وبنوده يختلط فيها سمات عدة لعقود الوكالة المعروفة فضلا عن سمة من سمات المقاولة وسمات عقود العمل ومن ثم يكون الوصف الصحيح لهذا العقد أنه عقد مختلط  ذو طبيعة خاصة مما لا يندرج تحت الوكالة بالعمولة ولا وكالة العقود وإنما هو صورة من عقود الوكالة الخاص (عقد لبيع تذاكر طيران و بوالص شحن وترويج لها وتقديم خدمات أخرى لشركات الطيران تحت رقابة وإشراف الشركة الموكل), ولكل من أطرافه مصلحة مشتركة فيه ويلتزم بما اتفق عليه ومن ثم لا يجوز لأيهما الانفراد بإنهائه إضرارا بالطرف الآخر لا سيما وقد خلا الملحق الأخير للعقد المؤرخ 2005/8/29 من حق الشركة المحتكم ضدها في إنهائه حيث اقتصر النص على الحق في الفسخ بمقتضى حكم قضائي. مع ملاحظة ما ورد بأخر بنوده من أنه يلغى كل ما يتعارض معه من نصوص .

<u>وتحت عنوان الرد على الدفوع المبداة من المحتكم ضدهم, وفيما يتعلق بالرد على الدفع ببطلان إجراءات التحكيم لمخالفه تشكيل هيئة للقانون والقواعد الدولية المعمول بها في مجال التحكيم الدولي</u>

أوردت المحتكمة أنه سبق لها الرد على هذا الدفع تفصيلا بمذكرتها المؤرخة 2014/2/15 بما يدحض هذا الدفع, وأنه قد سقط بإقرار المحتكم ضدهم بقبولهم لجميع أعضاء هيئة التحكيم واستكمال إجراءات التحكيم على النحو الذى أقرته هيئة التحكيم. كما أوردت المحتكمة أن هذا الدفع سقط بمناقشة المحتكم ضدهما موضوع النزاع التحكيمي, كما ورد بمحضر الجلسة الإجرائية الأولى

88

بتاريخ 2013/11/28, وأن هذا الإقرار قد تكرر أيضا من المحتكم ضدهم بمحضر الجلسة الثالثة بتاريخ 2014/4/10.

<u>وتحت عنوان الرد على الدفع ببطلان إجراءات التحكيم لمخالفة تشكيل هيئة التحكيم للقانون والقواعد الدولية المعمول بها في مجال التحكيم الدولي, لتعيين رئيس هيئة التحكيم يحمل الجنسية المصرية</u> قالت الشركة المحتكمة أن هذا الدفع قد ورد بمذكرة دفاع المحتكم ضدهم صـ 11 وأنه قد تم الرد عليه بمذكرتها المؤرخة 2014/2/15 وأنها تزيد عليه أن المحتكم ضدهم قاموا بتعيين محكم أجنبي هو أ. د / عبد الحميد الأحدب (لبناني الجنسية) بدلا من المحكم الذى تنحى (عراقي الجنسية) هذا فضلا عن أ. د/ رئيس هيئة التحكيم كان قد تم تعيينه بحكم قضائي نهائي بات ومن ثم أصبح تشكيل هيئة التحكيم صحيح قانونا , ومن ثم يصبح الدفع ببطلانها قد وقع على غير محل.

<u>وتحت عنوان الرد على الدفع بسقوط حق الشركة المحتكمة في اللجوء إلى التحكيم إعمالا للمادة رقم 16 من عقد الوكالة الأساس</u> قالت الشركة المحتكمة أن هذا الدفع قد تم الرد عليه تفصيلا بمذكرة 2014/2/15 وأنها تضيف إلي ذلك الرد أن المحتكم ضدهم قد أقروا عند عرضهم لموضوع النزاع التحكيمي الماثل بجلسة 2013/11/28 بالصفحة رقم 3 أن الجانب العراقي قام بالإصرار مرات عديدة منذ عام 2006 حتى تاريخه 2013/11/28 بعرض كافة الطرق الودية لحل النزاع مع الشركة المحتكمة, وهذا يؤكد أن المحتكم ضدهما هما اللذين تمسكا باستمرار الحل الودى وأن تجاوز مدة الثلاث أيام المدعى بها في البند 16 من عقد الوكالة الأساسي لا يخرج عن كونه تسامحا محمودا من قبل الشركة المحتكمة وتأكيدا منها على حسن نيتها في تنفيذ التزاماتها التعاقدية وفي المقابل يعد هذا الدفع تأكيدا على سوء نية المحتكم ضدهما حيث أنهم كانا يبيتان النية على إطالة أمد الحل الودى طيلة هذه السنوات .. ثم بعد ذلك الإدعاء بسقوط الحق في اللجوء إلى التحكيم وهو ما يعد غير جائز قانونا إعمالا لنظرية Estoppel "حظر التناقض", فضلا عن أن هذه المدة هي مجرد ميعاد تنظيمي لا يلزم أى من الطرفين لأنه لا يتعلق بقاعدة أمرة ولا يتعلق بمصلحة عامة وبالجملة لا يتعلق بالنظام العام ويجوز الإتفاق على مخالفتها باعتبارها قاعدة مكملة .

<u>وتحت عنوان رابعا: الرد على الدفع بجحد الصور الضوئية المقدمة من الشركة المحتكمة :</u>

قالت الشركة المحتكمة لقد سبق الرد على هذا الدفع بمذكرة الشركة المحتكمة المقدمة في 2014/2/15 وأنها تضيف إليها أن نص المادة 30/3 من قانون التحكيم المصري تجيز لأى من طرفي النزاع إرفاق صور من المستندات ويشير إلى كل أو بعض الوثائق وأدلة الإثبات التي يعتزم تقديمها. هذا فضلا عن أن المحتكم ضدهم لم يحددوا المستندات التي يجحدونها, لا سيما وقد سبق أن قدموا عشرات المستندات المماثلة لنفس ما قدمته الشركة المحتكمة سواء أمام هيئة التحكيم أو أثناء دعاوى تعيين المحكمين.

<u>وتحت عنوان الرد على دفع المحتكم ضدهم برفض الدعوى التحكيمية لعدم تقديم أصول المستندات وتقديم مستندات باللغة الأجنبية الغير مترجمة ترجمة معتمدة إلى اللغة العربية</u> قالت الشركة المحتكمة أن هذا الادعاء عار تماما عن الصحة لأنه لم يحدث أن تقدمت الشركة المحتكمة بأي مستند باللغة

89

الأجنبية وأن ما تم تقديمه هو فقط صورة ضوئية لترجمة معتمدة باللغة الإنجليزية لعقد الوكالة الأساس.

وتحت عنوان الرد على الدفع بسقوط حق الشركة المحتكمة في إقامة الدعوى لمرور أكثر من سنتين على إنهاء العلاقة العقدية قالت الشركة المحتكمة أنه سبق لها الرد على هذا الدفع بمذكرة دفاعها السابق تقديمها بتاريخ 2014/2/15, وأنها تزيد على ذلك ما سبق لها توضيحه بشأن مسألة تكييف عقد الوكالة التحكيمية محل النزاع باعتباره عقد وكالة عامة ذو طبيعة خاصة ومختلطة لا يخضع لنص المادة 2/190 من القانون التجاري المصري وإنما يخضع للقاعدة العامة الواردة بالمادة 68 من القانون التجاري كما سبق الإشارة إليه بمذكرة الشركة المحتكمة المقدمة بتاريخ 2014/2/15 بالصفحة العاشرة, فضلا عن أنه عقد موقوف وساري ومرتب لأثاره بين أطرافه حتى وقت رفع الدعوى التحكيمية وفقا لما سبق بيانه بمذكرات الشركة المحتكمة إعمالا للقواعد العامة في القانون المدني.

وتحت عنوان سابعا الرد على الدفع ببطلان عقد الوكالة لقيامه على إرادة معيبة قالت الشركة المحتكمة أنه تم الرد على هذا الدفع بمذكرة الشركة المحتكمة المقدمة بتاريخ 2014/2/15.

وتحت عنوان الرد على دفع المحتكم ضدها وأخرين بجواز إنهاء الوكالة محل التحكيم بالإرادة المنفردة قالت المحتكمة أنه سبق للشركة المحتكمة توضيح عدم جواز إنهاء الوكالة محل التحكيم بالإرادة المنفردة ببيان الدعوى التحكيمية المقدم منها ومذكرتها المقدمة لهيئة التحكيم بتاريخ 2014/2/15 وأنها تزيد عليه أنه ورد في مذكرة المحتكم ضدهم في الرد على بيان الدعوى التحكيمية بالصفحة رقم 25 الدفع بحق المحتكم ضدهم في إنهاء الوكالة محل التحكيم بالإرادة المنفردة وفقا لنص المادتين أرقام 4 و715 من القانون المدني المصري والمادة 163 من قانون التجارة المصري, وأنه ردا على هذا الدفع ترد المحتكمة بأنه وفيما يتعلق بمواد القانون المدني, فإن المحتكم ضدهم تعمدوا الإشارة إلى نص المادة 1/715مدني وركزوا على أنها تنص على أنه "يجوز للموكل في أى وقت أن ينهى الوكالة أو يقيدها ولو وجد اتفاق يخالف ذلك, وأنه يلاحظ أن المحتكم ضدهم قد تعمدوا إسقاط باقى نص الفقرة الأولى من المادة 715 مدني والتي تنص على أنه "... فإذا كانت الوكالة بأجر فإن الموكل يكون ملزما بتعويض الوكيل عن الضرر الذى لحقه من جراء عزله في وقت غير مناسب أو بغير عذر مقبول", وأنه لا شك أن هذا الإغفال المتعمد فيه تضليل للعدالة وإهدار لحقوق الشركة المحتكمة بقصد الإضرار بها. وأضافت المحتكمة أن المحتكم ضدهم تعمدوا أيضا وبسوء نية إسقاط الإشارة إلى المادة 714 من القانون المدني التي تنص على أنه " تنتهى الوكالة بإتمام العمل الموكل فيه أو بانتهاء الأجل المعين في الوكالة وتنتهى أيضا بموت الموكل أو الوكيل ", لكون المحتكمة ترى أن هذه المادة تحدد طرق انتهاء الوكالة حصرا في الثلاث حالات المذكورة وليس من بينها إنهاء الوكالة بالإرادة المنفردة.

كذلك وبشأن ما ذكره المحتكم ضدهم في الصفحة رقم 27 من الرد على بيان الدعوى التحكيمية من ذكر نص المادة 4 من القانون المدني بأن ".. من أستعمل حقه استعمالا مشروعا لا يكون مسئولا

عما ينشأ من ذلك عن الضرر" والذي استند إليه المحتكم ضدهم ليبنوا على ذلك حقهم في إنهاء الوكالة بالإرادة المنفردة باعتبارها حقا مشروعا, وبالتالي نفي مسئوليتهم عما ينشأ عن الإنهاء من أضرار , فإن المحتكمة أوردت أن المحتكم ضدهم تعمدوا إسقاط ذكر نص المادة 5 من القانون المدني التي تنص على أنه " يكون استعمال الحق غير مشروع في الأحوال الآتية:ـ 1ـ إذا لم يقصد به سوى الإضرار بالغير.2ـ إذا كانت المصالح التي ينوى الي تحقيقها قليلة الأهمية بحيث لا تتناسب البتة مع ما يصيب الغير من ضرر بسببها.3ـ إذا كانت المصالح التي يرمى إلى تحقيقها غير مشروعة.", واستطردت المحتكمة بأن إنهاء الوكالة بالإرادة المنفردة من المحتكم ضدهم قد توافرت فيه كل صور وأشكال عدم مشروعية استعمال الحق الوارد بالمادة 5, وأنه على فرض أن استعمال الحق في إنهاء الوكالة هو حق مشروع فإن استعمال الحق يكون غير مشروع في الحالات الثلاثة سالفة البيان والتي تحققت في حالة الإنهاء بالإرادة المنفردة في الدعوى الماثلة حيث أنه لم يقصد به إلا الإضرار بالشركة المحتكمة والاستئثار بالعوائد المالية والأدبية التي كانت ستؤول إلى الشركة المحتكمة في حال استمرار الوكالة على النحو المتفق عليه, كما أن الأضرار التي لحقت بالشركة المحتكمة بسبب هذا الإنهاء المبتسر تفوق بشكل هائل ومذهل المصالح التي من أجلها أنهى المحتكم ضدهم الوكالة.

وفيما يتعلق بما أثاره المحتكم ضدهما استنادا إلى مواد القانون التجاري, أوردت المحتكمة تحت هذا العنوان أن المحتكم ضدهم أشاروا في عجز الصفحة رقم 27 من مذكرة الرد على بيان الدعوى التحكيمية إلى نص المادة 163 من قانون التجارة المصري رقم 17 لسنة 1999 التي تنص على أنه "يجوز لكل من طرفي عقد الوكالة التجارية إنهاء العقد في كل وقت ولا يستحق التعويض إلا إذا وقع إنهاء العقد دون إخطار سابق أو في وقت غير مناسب. وإذا كان العقد معين المدة وجب أن يستند إنهاؤه إلى سبب جدى ومقبول وإلا استحق التعويض". وقالت المحتكمة أنه يلاحظ أن المحتكم ضدهم يستمرون في نهج الاقتصار على عرض جزء من نص المادة الذى يخدم توجههم في تبرير موقفهم غير المشروع والتعسفي ويتعمدون إغفال الجزء الآخر من النص, الأمر الذى لا يتوافق مع صحيح القانون. وأضافت المحتكمة أنه وبالتطبيق على الدعوى الماثلة يتبين أنهم تغافلوا عن عمد الإشارة إلى حالة العقد محدد المدة الذى يجب أن يستند أنهاؤه إلى سبب جدى ومقبول, وإلا استحق التعويض وهى بذاتها الحالة الماثلة في الدعوى التحكيمية المنظورة.  وأضافت المحتكمة أن التعسف في استعمال الحق على النحو السالف يعد إخلالا بالالتزام بحسن النية في تنفيذ العقد والذى تضمنته المادة 148 من القانون المدني والذى ينص على أنه يجب تنفيذ العقود بما اشتملت عليه ... ", وأنه بإنزال ما تقدم من مبادئ وقواعد قانونية على مسلك المحتكم ضدهم قبل الشركة المحتكمة والالتزامات الجوهرية التعاقدية والقانونية يتضح أن مسلكهم يخالف الالتزام التعاقدي والواجب القانوني بحسن النية . وخلصت المحتكمة مما تقدم إلى عدم أحقية المحتكم ضدهم في إنهاء هذه الوكالة بالإرادة المنفردة لكونها وكالة حصرية تتعلق بالمصلحة المشتركة للطرفين المتعاقدين والتمست رفض دفع المحتكم ضدهم بأحقيتهم في إنهاء الوكالة بالإرادة المنفردة.



<u>وتحت عنوان الرد على دفع المحتكم ضدهم بعدم اعتبار محضر الاجتماع المؤرخ 2005/8/29</u>
<u>جزء لا يتجزأ من عقد الوكالة</u> أشارت الشركة المحتكمة إلى أن المحتكم ضدهم يدفعون بعدم اعتبار
محضر الاجتماع المؤرخ 2005/8/29 جزء لا يتجزأ من عقد الوكالة والالتفات عنه وعدم ترتيب
أي أثر عليه استنادا إلى أن كل ما جاء به هو تدوين للمناقشات التي طرحت من جانب الشركة
المحتكمة وذلك تمهيدا لحصول الشركة المحتكم ضدها على الموافقات الأصولية من مجلس إدارة
الشركة العامة على أساس أنه في حالة إذا ما تمت الموافقة من مجلس الإدارة وقتها على هذه النقاط
سيتم تفريغها في صورة ملحق عقد الوكالة ويتم توقيع الطرفين عليه كما هو الحال الذى تم في
ملحق عقد الوكالة المؤرخ 2001/3/15, وذلك كله حسبما تتطلبه المادة 14 من النظام الداخلي
للشركة العامة للخطوط الجوية العراقية, وأشارت المحتكمة أيضا إلى أن المحتكم ضدهم قالوا بأن
أي عقد أو اتفاق أو تحديد عمولة يتم دون إقرار مجلس إدارة الشركة العامة (الشركة المحتكم ضدها
الأولى) لا يعتد به ويعتبر كأن لم يكن ولا يترتب عليه أي التزامات أو أثار تجاه الشركة العامة
للخطوط الجوية العراقية, ولا يخرج إلى حيز التنفيذ ولا يعتبر جزء من أي عقد طالما لم يتم إقراره
من مجلس الإدارة, حيث أنه ليس من ضمن صلاحيات المدير العام منفردا إقرار هذه الأمور أو
اعتمادها, وقالوا بأن هذا ثابت من النظام الداخلي للشركة العامة للخطوط الجوية العراقية المرقم
20 لسنة 2000 والمرفق صورته بحافظة مستندات الشركة المحتكم ضدها وأن الشركة المحتكمة
على علم بهذا الإجراء. كما وقالت المحتكمة أن المحتكم ضدهما اختتما هذا الدفع بالقول "وبذلك
يتضح للهيئة الموقرة علم الشركة المحتكمة ضرورة حصول إقرار وموافقة مجلس إدارة الشركة
المحتكم ضدهم لاعتماد ما تم التوصل إليه من أراء ومحضر الاجتماع وبعدها وفي حالة إقراره
يفرغ في صورة ملحق عقد وكالة ويعتبر في هذه اللحظة جزء لا يتجزأ من عقد الوكالة ". وقالت
المحتكمة أن هذا الدفع ليس له أساس من الواقع أو القانون لأنه قد ورد بذات مذكرة المحتكم ضدهما
في الصفحة رقم 37 أن محكمة النقض المصرية قضت بأن "عبارات" المحرر يكمل بعضها بعضا
وتفسيره إنما يكون علي مقتضي ما تفيده جميع عباراته مجتمعة لا بما تفيده عبارات معينه منه "
أن محكمة النقض قضت أيضا بأن:" المحكمة حين تفسر المحررات إنما تفسرها بما تفيده في جملتها
لا بما عبارة معينة من عبارتها".وقالت المحتكمة أنه بإنزال هذه القواعد القانونية يبين أن العبرة
بمجمل المفهوم من المحرر, وأن المحرر محل هذا الدفع معنون " محضر اجتماع", وأنه ورد في
ديباجته " أنه تم اجتماع بين كل من الشركة العامة للخطوط الجوية العراقية وشركة هورس للسياحة
والسفر الوكيل العام للخطوط داخل جمهورية مصر العربية وذلك لغرض إعادة تفعيل فتح خط
طيران ونقل المسافرين والشحن للقطاع بغداد -القاهرة-بغداد وتيسير رحلات جوية منتظمة بطائرات
الشركة العامة للخطوط الجوية العراقية وبناء علي المفاوضات الجارية في التواريخ 26,
2005/8/27 وبحضور السادة الموقعين علي هذا المحضر فقد تم الاتفاق علي إعادة تفعيل عقد
الوكالة وملحقة الموقع بين الشركة العامة للخطوط الجوية العراقية والوكيل العام شركة هورس
للسياحة والسفر المؤرخين في 2001/1/30 وملحقة 2001/3/15 وعلى ما ورد به من بنود و أنه
يلغي كل ما يخالف ذلك. وقالت المحتكمة أنه هكذا يتضح أن هذا الإجتماع ليس كما تدعي المحتكم
ضدها هو مجرد تدوين للمناقشات بناء علي رغبة الشركة المحتكمة وإنما هو في حقيقته عقد اتفاق

92

علي النحو السالف بيانه مشتمل علي جميع عناصر العقد من أطراف ومحل وسبب والتزامات متبادلة وإلغاء لكل ما يخالف ما جاء قبله من اتفاقات, وهو بهذا يعد جزء لا يتجزأ من عقد الأساس المؤرخ في 2001/1/30 وكذا ملحقه المؤرخ في 2001/3/15 فيما لا يخالف ما جاء فيه. وأضافت المحتكمة أيضا أنه من العجيب والغريب أن الاتفاق المؤرخ 2005/8/29 هو الإطار الوحيد من الأطر الثلاث للعلاقة التعاقدية الذي لم يتضمن النص عبارة " هذه الاتفاقية وبنودها تخضع لموافقة السلطات الحكومية"والتي وردت في ديباجة عقد الأساس وكذلك بملحق عقد الوكالة المؤرخ 2001/3/15 بند رقم 22 الذي جاء فيه "يعتبر هذا العقد ساري المفعول بعد استحصال الموافقات الأصولية" أما هذا الاتفاق فلم يشترط أي من الموافقات السابق ذكرها مما يعني أنه قائم وسار منذ إبرامه وتوقيعه بذات السلطة التي وقعت علي الإطارين الأول والثاني من أطر العلاقة التعاقدية (رئيس مجلس الإدارة-المدير العام للشركة العامة للخطوط الجوية العراقية) واكثر من ذلك بأنه يتميز عنهما بأنه لا يستوجب الحصول علي (موافقات حكومية أو أصولية) وأنه علي ذلك فهذا الاجتماع هو عقد بكل معني الكلمة صحيح وساري المفعول ويرتب كافة آثاره ومن أخصها إلغاء ما يخالف بنوده التي وردت في الاتفاقات السابقة عليه.

<u>وتحت عنوان رد الشركة المحتكمة علي ما جاء بمذكرة دفاع المحتكم ضدهم بالصفحتين رقم 50 و51</u> قالت الشركة المحتكمة أن الوارد بمذكرة المحتكم ضدهما باستمرار مساعي التسوية الودية نتيجة وقف تنفيذ عقد الوكالة يعد إقرارا صريحا لا يقبل شكا ولا تأويلا من المحتكم ضدهم بأن الاجتماعين المؤرخين 20 و 22 /2011/10 كانا في إطار استمرار مساعي التسوية الودية حول مستحقات الشركة المحتكمة المالية الناجمة عن وقف تنفيذ عقد الوكالة بالإرادة المنفردة للمحتكم ضدهم ـ علي الرغم من بدء إجراءات التحكيم في 2001/8/4 وإعلانهم بها. وأن هذا يؤكد عدم صحة الدفع المبدى من المحتكم ضدهم بسقوط حق الشركة المحتكمة في اللجوء الي التحكيم بمضي مدة الثلاث أيام الواردة في البند رقم 16 من عقد الأساس. كما قالت المحتكمة أيضا بأن إقرار المحتكم ضدهم الصريح باستمرار مساعي التسوية الودية نتيجة وقف تنفيذ عقد الوكالة يعد تنازلا صريحا من قبل الطرفين عن مدة الثلاث أيام المذكورة آنفا. وقالت الشركة المحتكمة أيضا أنها ولقطع دابر كل خلاف حول هذا الدفع فإنها تقدم للهيئة صورة من الإنذار المؤرخ 2008/11/25 الذي جاء فيه نصا.. ونفاذا لهذه الفقرة من ملحق عقد الوكالة فإن حسم كافة المستجدات والخلافات بالطرق الودية غير مرتبط بميعاد واصبح بموجب هذه الفقرة مفتوحا أمام الطرفين غير مقيد بمدة محددة وقالت الشركة المحتكمة أن هذا ما جاء بإنذار المحتكم ضدهم بأنفسهم.

ـ كما أشارت المحتكمة إلى أن الحقيقة التي يحاول المحتكم ضدهم الهروب منها وعدم التسليم بها هي أن ما جاء بمذكرة دفاعهم هو رغبة في عدم اللجوء إلي إجراءات التحكيم أصلا والتسويف في حسم النزاع الذي أستمر أكثر من 9 سنوات والاستمرار في عدم تنفيذ التزاماتهم التعاقدية قبل الشركة المحتكمة. وأضافت المحتكمة أن ما ذكرة المحتكم ضدهما في الصفحتين سالفتا الذكر من مذكرة دفاعهما عار من الصحة و قول مرسل لا دليل عليه ولا سند له, وأنه وتأكيدا علي ذلك أن الشركة المحتكمة قامت بتاريخ 2012/3/6 وذكرت "ردا علي إنذاركم تفيد الشركة المحتكمة برفض هذا

93

الإنذار لاستنفادكم مساعي الحل الودي وأن الشركة المحتكمة تكرر طلبها بسرعة تعيينكم محكما عنكم لاستكمال سير إجراءات التحكيم السابق بدءءها من تاريخ 2011/8/4 لا سيما وأن تعيين محكمكم قد انتهي منذ 2011/10/4 وإذ أن العروض المقدمة منكم طوال السنوات الماضية لا ترقي الي المستوي الحلول الموضوعية ولم تتسم بالجدية, فإن الشركة المحتكمة تعلمكم بأنه سيصل إليكم عريضة الدعوي التحكيمية خلال أيام. مع الإحاطة بأن بدء التحكيم والسير فيه لا يمنعكم من تسوية حسابات الشركة طرفكم وتعويضها وفقا للمطالبات السابقة إثباتا لحسن نيتكم ونفيا لسوء النية الظاهر من جميع مراسلاتكم السابقة ...", وقالت الشركة المحتكمة أن هذا يبين منه أن سلوك المحتكم ضدهم لا يخرج عن كونه تضليل للعدالة. وأضافت المحتكمة أن إقرار المحتكم ضدهم "بتسليم الشركة المحتكمة نسخة من عقد الوكالة واعترضت المحتكمة علي المدة المحددة لها وهي ثلاث سنوات " لا يعني سوي أن الشركة المحتكمة قد أوفت بجميع التزاماتها المترتبة علي عقد الأساس وملاحقة, وهو إقرار صريح من المحتكم ضدهم بخطئهم في إنهاء و وقف الوكالة بالإرادة المنفردة من جانبهم وإلا لما عرضت الشركة المحتكم ضدها علي الشركة المحتكمة هذا العرض السخي, وأن هذا ما يؤكد أحقية المحتكمة في التعويض وكافة المستحقات المالية. وقالت الشركة المحتكمة أيضا أن المحتكم ضدهم ذكروا بالفقرة الأولي من الصفحة رقم 51 من مذكرة دفاعهم أنه قدم بحافظة مستنداتهم صورة من الإنذار الصادر من جانبهم المؤرخ 2012/3/6 مرفقا بها نسخة من ملحق عقد الوكالة المقترح من جانبهم, إلا أنه بالإطلاع علي حافظة مستنداتهم رقم 6 يتبين أن المحتكم ضدهما لم يرفقا مع الإنذار ملحق العقد المقترح وذلك عن عمد وسوء نية, لأن ما ورد بهذا الملحق يؤكد صدق وصحة ما قالته الشركة المحتكمة عن الشركة, وبالمقابل يثبت افتراء المحتكم ضدهم بتكرار الزعم بأن عقد الوكالة تم إلغاؤه وأن هذا الإلغاء جاء صحيحا وذلك لأنه, ورد بصدر الإنذار الصادر من المحتكم ضدهم والمؤرخ 2012/3/6 أن الموضوع هو إنذار المنذر إليه بسرعة إرسال مقترحاته حول ملحق عقد الوكالة المقترح طيه, وأن هذا المقترح ليس عقد وكالة جديد كما يزعم المحتكم ضدهم ولكنه وكما ورد بعنوان ملحق عقد الوكالة العامة الموقع من الشركة العامة للخطوط الجوية العراقية المحتكم ضدها الأولي والشركة المحتكمة هورس للسياحة والسفر. وأنه بالنظر إلي مضمون هذا الملحق يتبين أنه ملحق لعقد الوكالة الأساسي المؤرخ 2001/1/30 وهو ما تؤكده العديد من مواده ومنها البند رقم 18 الذي ينص علي: "في حالة أي خلاف بين الطرفين يتم حله وديا في خلال عشرة أيام وفي حالة عدم التوصل الي اتفاق يتم إحالة الخلاف الي لجنة تحكيم الموضحة تفصيلا بالمادة رقم 16 من عقد الوكالة الموقع بين الطرفين وكذا البندين 28 و 29 الذي ينص علي أنه: "اتفق الطرفان علي أنه في حالة عدم قيام أي من طرف بالالتزام بالنصوص المنصوص عليها في عقد الوكالة الأصلي أو هذا الملحق يعتبر عقد الوكالة مفسوخا من تلقاء نفسه دون الحاجة الي الإنذار .." وأضافت المحتكمة أنه من كل ما تقدم يتضح أن ما تم إرفاقه بالإنذار الصادر من المحتكم ضدهم بتاريخ 2012/3/6 هو مقترحات حول ملحق عقد الوكالة وليس عقد وكالة عامة جديد كما يزعم المحتكم ضدهم ومما يعني استمرار عقد الوكالة الأساسي ساريا بملحقية المؤرخ 20001/3/15 و 2005/8/29 وأن الشركة المحتكمة رفضت مقترح المحتكم ضدهم. وقالت أيضا أن ما يؤكد باستمرار عقد الوكالة الأساس قائما لم يلغ أو ينته كما يزعم المحتكم ضدهم أنهم يتمسكون بما ورد

94

فيه بضرورة وجوب التسوية الودية خلال الـ 3 أيام المذكورة فيه , فكيف تستند الشركة المحتكم ضدها الي نص أو بند في عقد هي طرف فيه وتعتبره في ذات الوقت مفسوخا أو منهيا أو ملغي, وأوردت المحتكمة أن هذا المسلك نموذجا عمليا لتطبيق مبدأ الـ Estoppel الذي أصبح أحد المبادئ الرئيسية في التحكيم , الذي يستهدف إحباط مسعي الخصم من الاستفادة من أقواله وسلوكياته ومواقفه المتناقضة للحصول علي منافع علي حساب خصمة, وأن هذا ما يعبر عنه في النظم القانونية العربية من سعي في نقض ما تم من جهته فسعيه مردود عليه.

وتحت عنوان الرد علي ما جاء في الصفحة رقم 51 من مذكرة  دفاع المحتكم ضدهم  علي ما جاء في بيان الدعوي التحكيمية بشأن الخطأ الجسيم (من جانب المحتكم ضدهما) المتمثل في عدم سداد مستحقات الشركة المحتكمة عن العمليات التي نفذتها الشركة المحتكم ضدها طوال مدة تنفيذ العقد أوردت الشركة المحتكمة أن المحتكم ضدهم استندوا إلى ما نص عليه البند 11 من عقد الوكالة الأساس المعنون (التعويض والمكافأة) من عدم أحقية الشركة المحتكمة في الحصول علي العمولة المطالبة بها بحجة أنها مشروطة بشرطين, هما أن تكون التذاكر صادرة من بلد الوكيل (الشركة المحتكمة), وأن يكون الوكيل (المحتكم) هو الذي أصدر التذاكر, وأنه وبهذا اتفق الأطراف علي التأكيد علي أن الحق في العمولة مشروط بأن الوكيل هو الذي يصدر التذاكر فإن لم يصدرها, فلا يستحق عليها عمولة, وأن المحتكم ضدهم أضافوا أن الشركة المحتكمة لم تقدم ما يعضد مطلبها ولم توضح الأسانيد التي استندت اليها في تحديد المبالغ المطالب بها. وأوردت الشركة المحتكمة في ردها أن زعم المحتكم ضدهما بأن الحق في العمولة مرهون بالشرطين السابقين, وهو زعم باطل ولا يستند علي أساس وذلك لكون دفاع المحتكم ضدهم لم يذكر إلا وجها واحدا للحقيقة وهو الالتزامات التي تقع علي عاتق الشركة المحتكمة (أحد طرفي عقد الوكالة) الواردة بعقد الوكالة الأساسي المؤرخ 2001/1/30 وملحقة 2001/3/15 وتعمد إغفال ما ورد من التزامات متبادلة بالاطار الثالث للعلاقة التعاقدية بين الطرفين والتي تضمنها اتفاق إعادة تفعيل الوكالة المؤرخ 2005/8/29 بتعمد إغفال التزامات المحتكم ضدهم ولأن إلتزام المحتكمة مرتبط بتنفيذ المحتكم ضدهم لالتزاماتهم التعاقدية الواردة بالأطر الثلاث للعلاقة التعاقدية والتي أوضحتها المحتكمة ببيان الدعوي التحكيمية بالصفحتين 11 و12 ولأنه وفقا لهذه البنود كان يتعين علي المحتكم ضدها إمداد الشركة المحتكمة بمستندات الحركة (تذاكر الطيران) 1/10 حتي تقوم ببيعها واستحصال قيمة العمولة من هذا البيع وهذا لم يحدث وهو ما أكده البند 6/12 من عقد الوكالة الأساسي الذي يلزم المحتكم ضدها بإمداد الوكيل العام (الشركة المحتكمة) بكافة أنواع التذاكر والمستندات, وهو ما أكدة كذلك ملحق عقد الوكالة 2001/3/15 وكذا إعادة تفعيل الوكالة 2005/8/29 الذي يلزم المحتكم ضدها بتسليم المستندات السفرية للشركة المحتكمة بند رقم 2. وكذا الالتزام بتسليم المستلزمات الفنية المتضمنة شهادة الطائرات والتأمين عليها وتسجيلها بتسليمها مع جداول التشغيل إلي سلطات الطيران المدني لغرض دراستها واستحصال موافقات التشغيل بند 2/4 , فضلا عن الالتزام بتمكين الوكيل العام ( الشركة المحتكمة ) من الاستمرار بالعمل بالوكالة العامة بالعقد المؤرخ 2001/1/30

95

مع اعتبار ملحق العقد المؤرخ 2001/3/15 وكذا الاتفاق الموقع 2005/8/29 جزء لا يتجزأ من عقد الوكالة العامة الموقع بين الطرفين وإلغاء ما يخالف ذلك البند رقم 12.

<u>وتحت عنوان ردا على زعم المحتكم ضدهم بأن الشركة المحتكمة لم تدعم طلباتها بأي مستندات وإنها لم توضح الأسانيد التي استندت إليها في تحديد المبالغ المستحقة لها وليس لها أي أساس من الأوراق بالصفحات من رقم 55 إلى61</u> أوردت المحتكمة أن الافتراء علي الشركة المحتكمة من قبل المحتكم ضدهما يجعلها تكرر الإشارة إلى الأسانيد والمستندات المرفقة بملف الدعوي التحكيمية والثابتة في محاضر جلسات التحكيم, وأوردت أنه وفي الجلسة الإجرائية الأولي بتاريخ 2013/11/28 حددت هيئة التحكيم جدولا للمواعيد الإجرائية كتقديم بيان الدعوي التحكيمية من الشركة المحتكمة والرد من المحتكم ضدهما. وقالت المحتكمة أن الثابت بمحضر الجلسة الإجرائية الثانية والمؤرخ 2014/2/1 أن الشركة المحتكمة التزمت بالمواعيد الإجرائية المحددة بالجلسة الأولي وأودعت بتاريخ 2013/11/28 بيان دعواها التحكيمية مرفقا به حوافظ المستندات كما أودعت كافة المستندات التي تؤيد طلباتها المثبتة ببيان دعواها علي عكس ما يدعيه المحتكم ضدهم في حين أن مذكرة المحتكم ضدها بالرد علي بيان الدعوي التحكيمية أودع في 2014/1/27 وكانت المستندات تحت يدها وثبت علمها اليقيني بها وكان بإمكانها الرد علي ما جاء فيها بمستنداتها لدحض هذه الطلبات , إلا إنها لم تفعل وردت بقولها زورا بأن الشركة المحتكمة لم تقدم أي مستندات تؤيد طلباتها , بل و زعمت في الصفحة رقم 62 من الرد على بيان الدعوى التحكيمية أمثلة لعدد من المخالفات تدعي إنها أخطاء جسيمة كانت سببا أساسيا لإلغاء وإنهاء الوكالة مع الشركة المحتكمة, و من بينها عدم سداد الكفالة المصرفية. وردت المحتكمة على ذلك بأن الزعم بعدم سداد المحتكمة للكفالة المصرفية  مردود بما ورد به البند رقم 20 من ملحق عقد الوكالة المؤرخ 2001/3/12 التي تنص علي أنه "بالإشارة الي الفقرة 24 من عقد الوكالة الأساس فإن الطرف الثاني (الشركة المحتكمة) تتعهد بتقديم كفالة مصرفية مبلغ 200 ألف دولار حال بدء التشغيل واستلام المستندات السفرية من الطرف الأول (المحتكم ضدها الأولى) وممارسة النشاط التجاري من خلالها, كما ورد بالبند 20 ب تقديم كفالة مصرفية بمبلغ 100 ألف دولار كضمان  لحقوق الشركة وتستبدل بالفقرة أ عند بدء التشغيل . وأضافت المحتكمة أنه يتبين من ذلك أن سداد الكفالة المصرفية ( خطاب الضمان ) مرتبط بتسليم المستندات السفرية وبدء التشغيل, وأن الثابت مما سبق أن المحتكم ضدها أمتنعت عن تنفيذ تسليم هذه المستندات للشركة المحتكمة ومنعت الأخيرة من التشغيل, فكيف تزعم بعد ذلك المحتكم ضدها بعد  ثبوت ارتكابها لهذا الخطأ الجسيم وتلغي وتنهي بإرادتها المنفردة عقد الوكالة وتحمل الشركة المحتكمة خطأها. وقالت الشركة المحتكمة أن زعم المحتكم ضدهم في الصفحة رقم 62 رقم (2) هو الزعم لا أساس له ومجرد أقوال مرسله لا دليل له من الأوراق وتم الرد عليه تفصيلا وبالمستندات المؤيدة , لأن هذا الالتزام معلق علي بدء التشغيل الفعلي ووصول الطائرات وموافقة سلطات الطيران المدني وذلك وفقا للبند رقم 8 من اتفاق إعادة تفعيل الوكالة المؤرخ 2005/8/29 وكذا الفقرة رقم 2 من محضر الاتفاق المؤرخ 2005/9/27 وأن تفصيلات هذا الرد ومستنداته تم إيداعها بمقر التحكيم في 2013/12/28 وتم تسليمها للمحتكم ضدها في حينه. وقالت الشركة المحتكمة أيضا في هذا الشأن

96

أن زعم المحتكم ضدهم في الصفحة رقم 63 قد تم الرد علية تفصيلا بالمستندات المؤيدة السابق إيداعها وتسليمها للمحتكم ضدهم. وقالت المحتكمة أن زعم المحتكم ضدهم في الصفحة رقم 64 غير صحيح ويخالف الثابت من الأوراق وتم الرد عليه تفصيليا بالمستندات التي تسلمتها المحتكم ضدها. وأضافت الشركة المحتكمة أن هذه الادعاءات كانت لحاجة في نفس يعقوب وهي أن الشركة المحتكم ضدها أرادت أن تقوم هي بنفسها بأعمال الوكالة المتفق عليها مع الشركة المحتكمة فلم تجد مبررا إلا الكيل بحق الشركة المحتكمة, وأن كافة المخالفات المزعوم ارتكاب المحتكمة لها لا سند لها من الواقع ولا من الأوراق ولا من المستندات وتم الرد عليها بالمستندات السابق إيداعها من المحتكمة و تسلمها المحتكم ضدهم.

وتحت عنوان الرد على دفع المحتكم ضدهم بعدم ارتكابهم خطأ جسيم في إنها ثم إيقاف العقد محل التداعي بالإرادة المنفردة قالت الشركة المحتكمة بعدم صحة زعم المحتكم ضدهم أن إنهاء ثم إيقاف عقد الوكالة قد تم بإجراءات صحيحة استنادا لنص المادة 715 من القانون المدني المصري التي تنص علي أنه "يجوز للموكل أن ينهي الوكالة أو يقيدها ولو وجد اتفاق يخالف ذلك" وكذلك المادة 947 من المدني العراقي التي تتضمن نصا مماثلا, واستنادا إلي نص المادة 163 من القانون التجاري المصري التي تنص علي أنه: "يجوز لكل من طرفي عقد الوكالة التجارية إنهاء العقد في كل  وقت ولا يستحق التعويض إلا إذا وقع إنهاء العقد دون إخطار سابق أو في وقت غير مناسب, وإذا كان العقد معين المدة وجب أن يستند إنهاؤه إلي سبب جدي وقبول وإلا استحق التعويض" .إضافة إلي الاستناد إلى ما جاء بالبند رقم 1/23 من عقد الوكالة الأساس الذي ينص علي أنه " تبطل هذه الاتفاقية كل ما سبق وتكون سارية المفعول ابتداء من 2002/2/15 وتكون سارية وملزمة لكل من الطرفين قبل إعطاء الطرف الآخر إنذار بالإلغاء مكتوبا بفترة لا تقل عن 60 يوما إلي المكتب الرئيسي للطرف الآخر". وقد أوردت المحتكمة ردا على هذا الدفع أنه ليس له أساس من الواقع أو من القانون, وتمسكت بما سبق ذكره في مذكرتها وما سبق من مذكرات خاصة ببيان الدعوي التحكيمية والمذكرات اللاحقة, وأضافت أن المحتكم ضدهم يستمرون في تضليل العدالة وبتر النصوص القانونية والانحراف عن تفسيرها بما يتفق مع ما يريدون, وقالت أنه وعلي سبيل المثال ذكر المحتكم ضدهم في الصفحة رقم 1/47 من بيان دفاعهم تفسيرا للمادة 163 تجاري بأنها تعطي الحق لأي من طرفي عقد الوكالة التجارية إنهاء العقد وتشترط لاستحقاق التعويض عن هذا الإنهاء أن يكون قد تم دون إخطار سابق فقط مع إهدار باقي نص ذات المادة عمدا, حيث أن صحيح النصوص هو "... ولا يستحق التعويض إلا إذا وقع إنهاء العقد دون إخطار سابق أو في وقت مناسب, وإذا كان العقد محدد المدة وجب أن يستند إلي سبب جدي ومقبول وإلا استحق التعويض", وأن دفاع المحتكم ضدهم قد تعمد أيضا عدم الإشارة الي نص المادة 188 من القانون التجاري التي توجب التعويض في حالة الإنهاء دون خطأ من الوكيل, كما تعمد أيضا عدم الإشارة إلي اتفاق إعادة تفعيل عقد الوكالة الأساس وملحقة المؤرخ 2005/8/29. وقالت المحتكمة أيضا أنه من الجدير بالذكر أن مسألة مدة العقد وتنفيذه وإنهائه قد ورد تنظيمها في الأطر الثلاث المنظمة للعلاقة القانونية بين الشركة المحتكمة والمحتكم ضدها الأولي علي النحو التالي في عقد الأساس المؤرخ 2001/1/15 بالبند 23 سالف البيان والمعنون "التنفيذ والإنهاء " و أن هذا البند يبدأ سريانه اعتبارا من 2002/2/15 ثم تعرض في عجز فقرته الأولي علي كيفية إنهائه

97

وذكر أن هذه الاتفاقية" لن يتم إلغاءها من أي من الطرفين قبل إعطاء الطرف الآخر إنذار بالإلغاء مكتوب بفترة لا تقل عن 60 يوما إلي المكتب الرئيسي للطرف الآخر", ثم في ملحق عقد الأساس المؤرخ 2001/3/15 ورد النص في البند رقم 1 علي أن الشروط المدرجة في هذا الملحق تعتبر جزءا لا يتجزأ من عقد الوكالة ونص في البند 21 منه علي أن "مدة عقد الوكالة العامة لمدة 3 سنوات بعد التشغيل بطائرات الطرف الأول وممارسة الخطوط الجوية العراقية نشاطها التجاري وقابلة للتجديد باتفاق الطرفين", وعقبت المحتكمة بقولها أنه يلاحظ أن هذا البند قد أضاف تعديلا علي المادة 23 بعقد الأساس وحدد مدة زمنية للعقد 3 سنوات من بداية تشغيل طائرات الطرف الأول (المحتكم ضدهما) ويتجدد باتفاق الطرفين ولم يتطرق لإلغاء العقد أو إنهاءه. وقالت المحتكمة أنه وبتاريخ 2005/5/29 الإطار الثالث والأخير للعلاقة التعاقدية تضمن العديد من البنود المعدلة والملغية لعدد من بنود الإطارين الأولين أهمها ما يتعلق بمدة العقد وتنفيذه وإنهاءه, حيث نص البند 10 من هذا الاتفاق علي أن: مدة العقد للوكالة العامة ثلاث سنوات من تاريخ بدء التشغيل الفعلي تجدد تلقائيا لمدة مماثلة أخري وتجدد هكذا تلقائيا ما لم يخطر أحد الطرفين الآخر بعدم رغبته بالتجديد قبل انتهاء المدة المجددة بستين يوما علي الأقل بخطاب موصي عليه بعلم الوصول ولا يجوز لأي من الطرفين طلب الفسخ أو عدم التجديد إلا إذا وقع خطأ جسيم من الطرف الثاني. وأضافت المحتكمة أيضا أن البند 12 من هذا الاتفاق قد نص علي أن يستمر الوكيل العام شركة هورس للسياحة والسفر بالعمل بالوكالة العامة الممنوحة له والمؤرخة 2001/1/30 ويعتبر ملحق الوكالة المؤرخ في 2001/2/15 ومحضر الاجتماع الموقع بتاريخ 2005/8/29 جزءا لا يتجزأ من عقد الوكالة العامة الموقعة بين الطرفين ويلغي كل ما يخالف ذلك. وقالت الشركة المحتكمة في هذا الشأن أنه يتضح جليا من هذين البندين أن إرادة الطرفين قد انعقدت علي أن الأصل والأساس هو استمرار العقد لمدة 3 سنوات تجدد تلقائيا لمدة أخري مماثلة بدءا من تاريخ التشغيل الفعلي (أي السنوات كاملة) وأن هذا يفصح بما لا يدع مجالا لشك أو تأويل أن عقد الوكالة يكون مستمرا وممتدا ومنتجا لآثاره لا يجوز إلغاءه بإرادة أي من الطرفين المتضررين طوال هذه الست سنوات وهذا هو الأصل, أما الاستثناء على هذا الأصل فهو ما اتفق عليه الطرفان بعد انتهاء الست سنوات الأولي سالفة الذكر حيث جاء في الفقرة الثانية من بند 1 , وتجدد هكذا (أي لمدة 3 سنوات تاليه للست سنوات الأول) ما لم يخطر أحد الطرفين الآخر بستين يوما علي الأقل بخطاب موصي عليه بعلم الوصول". وقالت المحتكمة أيضا أنه علي فرض أن بداية التشغيل الفعلي لطائرات الشركة المحتكمة ضدها هو 2005/11/14 حسبما ورد بكتابها المعنون "إنهاء وكالة" والمرفق بحافظة مستندات المحتكم ضدها رقم 2 فإنه ووفقا لاتفاق إعادة التفعيل لا يحق للشركة المحتكم ضدها الأولي إنهاءه أو إلغاءه بأي شكل من الأشكال قبل انقضاء مدة التسع سنوات التالية علي تاريخها لتشغيل الفعلي أي أنه لا يحق إلغاء أو إنهاء أو إيقاف الوكالة, إلا بعد انقضاء المدة المذكورة أي 2014, وبالتالي فإن إلغاء وإيقاف الوكالة بالإرادة المنفردة الصادرة من الشركة المحتكم ضدها الأولي قد وقعت بالمخالفة لنصوص الاتفاق وقواعد القانون وخلافا لمبدأ سلطان الإرادة في التعاقد مما يجعلها باطلة بطلانا مطلقا. وقالت المحتكمة أنه مما يعضد الذي تقول به ما جاء بنص المادة 147 من القانون المدني المصري بأن العقد شريعة المتعاقدين فلا يجوز نقضه ولا تعديله إلا باتفاق الطرفين أو للأسباب

التي يقررها القانون " كما قننته تماما في المادة 2 من ذات القانون التي تنص علي أنه لا يجوز إلغاء نص تشريعي إلا بتشريع لاحق ينص صراحة علي هذا الإلغاء أو يشتمل علي نص يتعارض مع النص التشريعي القديم أو ينظم من جديد الموضوع الذي سبق أن قرر قواعده ذلك التشريع", وأن التفسير الذي يتفق مع صحيح القانون وتأويله لهذين النصين أن المشرع عامل النص الاتفاقي اللاحق معاملة النص التشريعي فاعتبر النص اللاحق ملغيا لأي نص أو اتفاق سابق. وبالبناء على ما تقدم قالت الشركة المحتكمة أنه حيث أن المحتكم ضدها الأولي قد استندت في تبريرها لإنهاء الوكالة إلي نص المادتين 715 مدني و 163 تجاري وكذا البند 1/23 من عقد الأساس الذي تم تسميته بموجب المادة 10من اتفاق تفعيل الوكالة المؤرخ 2005/8/29, فإن هاتين المادتين قد نصتا علي جواز إنهاء العقد بالإرادة المنفردة وهو نص لا يلزم طرفي التعاقد لحقهما في إهدار هذين النصين بموجب ما ورد باتفاق تفعيل الوكالة المشار إليه في المادة رقم 10 باعتبارهما نصين مكملين يجوز الاتفاق علي مخالفتها وهي عين الحالة محل النزاع .

وتحت عنوان <u>خلاصة ما تقدم</u> قالت الشركة المحتكمة أن ما اعتصمت به الشركة المحتكم ضدها الأولي في إلغاء وإيقاف عقد الوكالة للشركة المحتكمة إعمالا للبند المنسوخ 1/23 من عقد الأساس هو استناد لا يقوم علي أساس من القانون أو الواقع ويخالف مخالفة جسيمة الشروط التعاقدية الناسخة لما قبلها, وأن المحتكم ضدهم قد أرادا لي النصوص القانونية والتعاقدية بأن جعلوا الاستثناء أصلا والأصل استثناء وأعطوا لأنفسهم الحق في إنهاء العقد بالإرادة المنفردة دون قيد أو شرط واعتبروه حقا مطلقا وأن الحق في التعويض هو الاستثناء علي عكس ما تنطق به النصوص القانونية والبنود الاتفاقية صراحة في الحق في التعويض, فضلا عن مخالفته للشريعة الإسلامية التي تعتبر المصدر الأساس للتشريع كما جاء بنص المادة 2 من الدستور وإذ جاء في قوله تعالي في أول سورة المائدة "يا أيها الذين آمنوا أوفوا بالعقود" وقوله صلي الله عليه وسلم المسلمون عند شروطهم ما لم يحل حراما أو يحرم حلالا".

وتحت عنوان <u>"وردا على الزعم بأن الشركة المحتكمة قبلت إلغاء الوكالة"</u>, كما جاء في الفقرة 48 <u>من مذكرة دفاع المحتكم ضدهم</u> قالت الشركة المحتكمة أن هذا أضغاث أحلام لا توجد علي أرض الواقع, لأنه من جهة وكما جاء علي لسان المحتكم ضدهم أن الشركة المحتكمة التي فوجئت بخطاب إنهاء الوكالة قد طالبتهم بالتعويض المادي والأدبي عن فسخ عقد الوكالة, وأن هذا دليل قاطع وإقرار من المحتكم ضدهم برفض الشركة المحتكمة لإنذار إلغاء الوكالة بالإرادة المنفردة للشركة المحتكم ضدها الأولي والتي طالبتهم بالتعويض .... وقالت المحتكمة أيضا أنه من جهة ثانية فإنه في عرف المحتكم ضدهما أن مجرد إرسال إنذارات بإنهاء الوكالة يعد موافقة من الطرف الآخر علي هذا الإنهاء وهذا ما لا يتصور ولا يقبله منطق قويم أو فكر قانوني رشيد. وقالت المحتكمة أيضا أنه من جهة ثالثة, وبمنطق تضليل العدالة يدعي المحتكم ضدهم علي غير الحق والحقيقة أن المحتكمة قد قبلت الإلغاء لعدم اعتراضها علي ما جاء بالإنذار, بينما الثابت ووفقا للمستندات المقدمة والمكاتبات المتبادلة أنها بشأن السعي للوصول إلي تسوية ودية لتعويض الشركة المحتكمة عما أصابها من إضرار مادية وأدبية, وهو ما يتعارض مع الزعم الباطل بأن الشركة المحتكمة قد قبلت

99

فكرة الإلغاء بالإرادة المنفردة من أساسها. وأضافت المحتكمة أيضا أنه وحيث أن إنهاء الوكالة حسب ما تقدم وقع بالإرادة المنفردة خلافا لنصوص القانون والاتفاق مما يعد خطأ جسيما يلزم المحتكم ضدهما بتعويض المحتكمة عما أصابها من أضرار مادية وأدبية وعلي وجه الخصوص أنه تم لسبب غير مبرر ادعي فيه عدم قيام الشركة المحتكمة بالتزاماتها, بينما هو أمر تم تفنيده جملة وتفصيلا غير المناسب, كما أن الإنهاء تم في وقت غير مناسب بعد انفاق المحتكمة نفقات باهظة في إدارة الوكالة وتنفيذها بكل أمانه وشرف.

<u>وتحت عنوان الرد على ما جاء في ص 69 من مذكرة دفاع المحتكم ضدها بشأن ما ورد ببيان الدعوى المحتكمة ص38 تحت عنوان الخطأ الجسيم المتمثل في عدم سداد مستحقات الشركة المحتكمة</u> قالت الشركة المحتكمة أن الشركة المحتكم ضدها الأولى زعمت أن الشركة المحتكمة لا تستحق أية مصاريف أنفقتها أثناء تأدية مهمتها تطبيقا للمادة 178 من القانون التجاري حيث أنها مستقلة في إدارتها للأعمال وتتحمل كافة مصاريف الدعاية والإعلان وإدارة النشاط فضلا عن أن الشركة المحتكمة لم تقم بتنفيذ أي التزام نشأ من عقد الوكالة أو ملحقه وبالتالي فلم تقم بثمة مصروفات عمومية أو غيرها.

وقالت المحتكمة في ردها في هذا الشأن أن هذا الادعاء غير صحيح ويخالف الثابت بالأوراق والمستندات السابق تقديمها كما أنه يخالف صحيح القانون وبنود أطر العلاقة التعاقدية الثلاثة وما سبق إيضاحه بالتفصيل المناسب من قيام الشركة المحتكمة بتنفيذ كافة التزاماتها التعاقدية علي الوجه الأمثل. وأنه بالنظر الي إشارة المحتكم ضدها الي نص المادة 178 من القانون التجاري على نحو التفسير غير الصحيح, فالحقيقة أن هذه المادة تستوجب لإعمالها أن يمارس الوكيل نشاطه علي وجه الاستقلال وحسبما أكد المحتكم ضدهما, و أن تفسير المحتكم ضدهما لهذه المادة يتعارض مع التفسير الصحيح, كون المادة 178 السالفة ذكرها وردت تحت عنوان بعض أنواع الوكالة التجارية للفصل الخامس من القانون التجاري وهو ما يحصر تطبيقها علي نوع محدد من عقود الوكالة التجارية وهو وكالة العقود التي لا تنطبق في حالة الوكالة محل التداعي. وأوردت المحتكمة أنه سبق تعرضها لمسألة التكييف القانوني لعقد الوكالة تحت عنوان التكييف القانوني لعقد اتفاقية الوكالة العامة محل النزاع التحكيمي, والذي عرضت فيه أنها تعتبر عقد الوكالة المبرم مع المحتكم ضدهما عقد وكالة ذو طبيعة مختلطة. وقالت المحتكمة أنه لا يخفي أن نص المادة 178 من القانون التجاري تضع كشرط لتطبيقها فرضية أوليه ومبدئية بدونها لا تصلح محلا للتطبيق لأنها تكون قد فقدت أبجديات تطبيقها, وأنها ترى أن قيام الوكيل في وكالة العقود بمباشرة أعمال الوكالة وإرادة نشاطه فعلا لأنه يتقاضى أجرا مقابل المصرفات اللازمة لإدارة نشاطه فضلا عن عمولة ومنافع ومزايا ينص عليها عقد الوكالة, ووقف تنفيذه بإرادتها المنفردة, وأنه حتي قبل بدء التشغيل مما كلف الوكيل للإعداد لإعمال الوكالة وإدارة النشاط مصاريف باهظة ولم يحصل إلا علي قبض الريح فأصبحت خسارته خسارتين الأولى هذه المصروفات التي تكبدها وفرصا ضائعة ومكاسب متوقعة لم يجني الشركة المحتكمة شيئا منها حيث أجر الوكالة ذاتها لم يحصل عليها, فما يجني الشركة المحتكمة شيئا منها أجر الوكالة ذاتها لم يحصل عليها , فما بالنا بالمصروفات اللازمة لإدارة النشاط . وقالت المحتكمة

أن سندها في عدم انطباق نص المادة 178 من قانون التجاري هو ما جاء في المادة 710 من القانون المدني الذي يعد الشريعة العامة بكل ما يتعلق ببنود الوكالة تنص علي أنه "علي الموكل أن يرد للوكيل ما أنفقه في تنفيذ الوكالة بالتنفيذ المعتاد مع الفوائد من وقت الاتفاق مهما كان حظ الوكيل من النجاح في تنفيذ الوكالة", لا سيما وقد أقرت الشركة المحتكم ضدها في جميع مذكراتها ودفوعها بأنها هي التي قامت بإنهاء الوكالة وبإراداتها المنفردة, فكيف والحال كذلك أن تحرم الوكيل نفقات تنفيذ الوكالة في الوقت الذي أنهت فيه عقد الوكالة ذاته, وهو ما تؤكده نص المادة 711 من القانون المدني بأنه: "يكون الموكل مسئولا عما أصاب الوكيل من ضرر دون خطأ منه بسبب تنفيذ الوكالة تنفيذا معتادا". وأضافت المحتكمة أن الحاصل أنه لم يقع أي خطأ من الشركة المحتكمة التي أوفت بجميع التزاماتها التعاقدية, وأن الشركة المحتكم ضدها هي التي ارتكبت الخطأ الذي أصاب الشركة المحتكمة بأضرار مادية وأدبية فادحة. كما قالت أن تهكم الشركة المحتكم ضدها على المحتكمة سببه ضعف أسانيدها ومستنداتها, ونعيها علي المحتكمة بأنها لم تقم بإبرام عقود شحن أو عقود وكلاء الباطن , فإنه بسبب عدم اطلاعها على أي من المستندات الثابت تقديمها من الشركة المحتكمة ولا علي بنود عقد الوكالة الأساس وملاحقه ولا علي العقود المبرمة تنفيذا لهذا العقد.

وتحت عنوان في الأساس القانوني والواقعي لمطالبات الشركة المحتكمة بالتعويضات: قالت الشركة المحتكمة أنه في محاولة من المحتكم ضدهم بالتهرب من التعويض المستحق عليهم للشركة المحتكمة دفعوا بعدم ارتكابهم أية أخطاء ألحقت ضررا بالشركة المحتكمة وزعموا بأن إنهاء وإيقاف الوكالة تم صحيحا وفقا لبنود الإطار التعاقدي, إلا أنه يتضح من الرد علي هذه الدفوع المزعومة ثبوت ارتكابهم لأخطاء جسيمة سببت أضرارا جسيمة بسبب إنهاء وإيقاف الوكالة بالمخالفة للقانون والشروط الاتفاقية.

وتحت عنوان في ثبوت الخطأ التعاقدي الجسيم من قبل المحتكم ضدها الأولى قالت الشركة المحتكمة أنها تؤكد أن المحتكم ضدهم قد ارتكبوا خطأ تعاقديا بمخالفة البنود أطر العلاقة التعاقدية الثلاثة التي سبق إيضاحها تفصيليا بمذكراتها وببيان الدعوي التحكيمية بعدم تمكين الشركة المحتكمة من تنفيذ الوكالة المتفق عليها بالنظر لعدم تسليمها كافة المستندات ومستلزمات التشغيل وتذاكر السفر وبوالص الشحن.. وأصرت المحتكم ضدها الأولي علي أن تتولي هي بنفسها القيام بهذه الأعمال.

وتحت عنوان في ثبوت الخطأ القانوني أشارت الشركة المحتكمة إلى أن المحتكم ضدهم ارتكبوا إضافة إلى خطئهم التعاقدي خطأ قانونيا يتمثل في مخالفة الالتزام قانوني يفرضه القانون المدني في مصر والعراق وغيرها وهو مبدأ حسن النية في تنفيذ العقود الذي نصت عليه المادة 148 من القانون المدني المصري. وأضافت أنه ومن المعلوم أن قاعدة حسن النية تنطبق علي كافة العقود وفي ترتيب الحقوق والالتزامات والأعمال القانونية وأن المحتكم ضدهم قد خالفوا هذا الالتزام القانوني بعدم تمكينهم المحتكمة من تنفيذ الوكالة, ثم إنهائها وإيقافها بذريعة أن الشركة المحتكمة لم تقم بتنفيذ التزاماتها التعاقدية.

وتحت عنوان مخالفة المحتكم ضدهم لأحكام القوانين ذات الصلة بعقد النزاع خاصة أحكام القانونين المدني والتجاري في كل من العراق ومصر فيما يتعلق بإنهاء الوكالة وإيقافها على النحو السابق

101

شرحه تفصيلا بهذه المذكرة قالت الشركة المحتكمة تحت عنوان في قيام الشركة المحتكمة بتنفيذ التزاماتها التعاقدية وفقا لعقد الوكالة الأساس وملحقيه أن الشركة المحتكم ضدها الأولي تكرر ما أوردته في بيان الدفاع من سرد غير صحيح لوقائع النزاع وتحوير لهذه الوقائع حيث زعمت في العديد من المواضيع إنها لم ترتكب أية أخطأ من جانبها وأنها أوفت بجميع التزاماتها. لذلك تكرر المحتكمة أنها أوفت بجميع التزاماتها التعاقدية التي كلفتها مبالغ مالية باهظة إلي حد دفعها مديونيات المحتكم ضدها الأولي لفترة تمتد لعشرة سنوات سابقة علي إبرام عقد الوكالة حفاظا علي سمعتها التجارية وأيضا سمعة المحتكم ضدها الأولي وحرصا منها علي تنفيذ التزاماتها , بما يقوم أساسا صحيحا للمطالبة بالتعويض.

وتحت عنوان في التعويض عن الضرر المباشر قالت الشركة المحتكمة أنها سبق وأن أثبتت الخطأ التعاقدي والقانوني الذي ارتكبه المحتكم ضدهم الذين سببوا أضرارا للشركة المحتكمة , وأشارت إلى المادة 163 من القانون المدني التي تنص علي أن كل خطأ سبب ضررا للغير يلزم من ارتكبه بالتعويض, وأن الضرر المقصود هنا هو الضرر المادي والضرر المعنوي علي حد سواء , فالضرر المادي هو الضرر المباشر الذي وقع فعلا وبأكمله لأن المحتكم ضدهم أحدثوه بخطئهم العقدي والقانوني المتعمد وبشكل مفضوح , وهم المسئولون عنه لأنهم امتنعوا عن تنفيذ التزاماتهم بتحقيق نتيجة وهي تسليم الشركة المحتكمة كافة الأدوات والمستندات لتمكين الشركة المحتكمة من تنفيذ عقد الوكالة والانتفاع منه لمدة طويلة لا تقل عن عشرين سنة من تاريخ التعاقد. وأنه عوضا عن ذلك قاموا بإلغاء وإيقاف عقد الوكالة رغم أن أطر العلاقة التعاقدية الثلاثة كانت صحيحة وكانت المحتكمة جاهزة لتنفيذ الوكالة بعد قيامها بكافة التزاماتها .وقررت المحتمة أن هذا الامتناع المتعمد من المحتكم ضدهم عن تنفيذ التزاماتهم يعتبر خطأ عقديا موجبا لتعويض الشركة المحتكمة عن الضرر المباشر الذي أصابها لأن خطا المحتكم ضدهم كان متعمدا وجسيما يوجب للشركة المحتكمة الحق القانوني في المطالبة بالتعويض عن كافة أنواع الضرر المباشر. كما أضافت أن الثابت أن التزام المحتكم ضدهم لا يقتصر علي كونه ناشئا عن عقد بل أنه في ذات الوقت التزام ناشئ عن فعل غير مشروع أو ما يطلق عليه المسئولية التقصيرية بسبب هذا الخطأ الجسيم المتعمد وذلك تطبيقا للمادة 163 مدني مصري التي تنص علي أن كل خطأ سبب ضررا للغير يلزم فاعله بالتعويض, وكذلك المادة 1/221 مدني مصري التي تنص.. ويشمل التعويض ما لحق الدائن من خسارة وما فاته من كسب بشرط أن يكون هذا نتيجة طبيعية لعدم الوفاء بالالتزام أو التأخر في الوفاء به. وأضافت المحتكمة أنه فيما يتعلق بالضرر المعنوي فإن المحتكم ضدها الأولي زعمت – علي غير الحق- أنه لا يوجد دليل علي إصابة الشركة المحتكمة بأضرار أدبية تبرر طلب التعويض, بينما أن من المعلوم قانونا أن عدم تنفيذ الالتزامات التي تتضمنها عقود الوكالات التجارية الهامة مثل عقد الوكالة محل النزاع وإلغائها تعسفيا وبشكل غير مشروع تسبب إضافة إلي الضرر المادي ضررا معنويا يتمثل في الإساءة الي السمعة التجارية التي هي أعز ما تملكه الشركة المحتكمة وزعزعة مركزها الأدبي في الوسط التجاري , تلك السمعة التي كانت في أوج عظمتها إبان فترة الحظر الجوي علي دولة العراق وبعد حملة الدعاية الإعلانية التي قامت بها الشركة المحتكمة

للترويج والدعاية لمصلحة المحتكم ضدها , وبعد الإنهاء المنفرد التعسفي للوكالة من قبلهم تسبب في هبوط سمعة الشركة المحتكمة ومركزها المالي والأدبي إلي أدني درجاتها, خصوصا وأن الشركة المحتكمة هي إحدى شركات مجموعة الحصان التي هي أصلا ذات عنصر تجاري معنوي عالي القيمة وتمتلك عددا من الشركات تنتشر في العديد الدول التي تأثرت هي الأخرى بحكم اللزوم والضرورة بسمعة الشركة المحتكمة هي الأخرى وقد نصت كافة القوانين الدولية علي وجود الحق في التعويض عن الأضرار الأدبية والمعنوية, وقد كرست أحكام التحكيم المتواترة الحق في التعويض والإساءة الي السمعة التجارية دون الإحالة إلي أي قاعدة في أي دولة, وأن ذلك يعد نتيجة حتمية لمبدأ التعويض الكامل والتام عن الضرر وهي أهم عناصر الذمة غير المالية للشخص المعنوي خاصة.

وتحت عنوان في تعويض الشركة المحتكمة عما فاتها من كسب قررت الشركة المحتكمة أن المحتكم ضدها الأولي أدعت أن الشركة المحتكمة لا يحق لها التعويض عن الكسب الفائت لأنها لم تقم بتنفيذ عقد الوكالة, وأنها قد سبق ودحضت هذا الادعاء فيما سبق من مذكرتها,  وأنها تضيف أن الربح الفائت هو الربح الذي كان الدائن سيحققه عادة لو مكن من تنفيذ العقد بشكل صحيح , فالربح الفائت والضرر الفعلي هما ركيزتان مكونتان بموجب التعويض الناجم عن جرم أو بسبب فسخ أو إنهاء عقد وأن هذا التعريف مقرر في كافة أفرع القانون المدني والتجاري والإداري, وأكدته العديد من الاتفاقيات الدولية خاصة المادة 82 من قانون البيع الدولي للمنقولات المادية, والمادة 74 من اتفاقية فينا للبيع الدولي للبضائع وكذا المادة 2.4.2 من المبادئ المتعلقة بعقود التجارة الدولية Unidroit والمادة  4/502 من المبادئ الأوربية لقانون العقود التابعة للجنة قانون العقود الأوروبي, والتي تنص علي حق الدائن في الحصول علي التعويض الكامل والتام عن الضرر الذي لحق به من جراء عدم التنفيذ فالتعويض يشمل الخسارة التي تكبدها والربح الذي حرم منه.  وأضافت المحتكمة أيضا أن كافة القوانين العربية قد كرست لهذا الحق في التعويض ومنها القانون المدني العراقي في المادة 169 والقانون المدني المصري في المادة 221.

وتحت عنوان في التقارير المقدمة من خبراء المحاسبة قررت الشركة المحتكمة أنها قدمت رفق مذكرتها تقريرين صادرين من خبراء محاسبة معتمدين أوضحت فيهما كل عناصر سواء الخسارة المادية والأدبية أو التعويض عما فات من كسب استنادا علي تحاليل بيانات دراسات جدوي صادرة عن مكاتب خبرة عالمية.

وتحت عنوان في طلبات الشركة المحتكمة والذي اختتمت به الشركة المحتكمة مذكرة دفاعها قررت المحتكمة أنها تكرر طلباتها الواردة في بيان الدعوي ومذكراتها المتتالية وتتقدم لهيئة التحكيم بطلب الحكم لها:

1- عدم قبول ورفض جميع أوجه دفاع ودفوع المحتكم ضدهم .

2- التمسك بما ورد بمذكرة إدخال خصوم جدد في الدعوي التحكيمية وطلب التصريح بإعلانهم والسابق تقديمها بجلسة 2014/4/10 وهم السادة رئيس مجلس الوزراء بدولة العراق بصفته والسيد وزير المالية بصفته.




103

3ـ إلزام المحتكم ضدهم وهم رئيس مجلس الوزراء العراقي (رئيس الحكومة العراقية) ووزير النقل والمالية بدولة العراق جميعا بصفتهم والشركة المحتكمة ضدها ( الشركة العامة للخطوط الجوية العراقية) علي وجه التضامن والتكافل بحكم نهائي ومعجل بالنفاذ بالمبالغ التالية تعويضا للشركة المدعية وهي:

أـ مبلغ وقدره 103672853 دولار (مائة وثلاثة ملايين دولار أمريكي وستمائة واثنان وسبعون ألف وثمانمائة وثلاثة وخمسون دولار) قيمة ما تم انفاقه فعليا لتنفيذ الالتزامات الواردة بعقد الوكالة وتمثل قيمة خسائر ومصروفات الشركة المدعية, وهذه الخسائر أضرار مادية أوضحتها بشكل دقيق ميزانيات الشركة المحتكمة ووفقا لتقرير مراقب الحسابات وتقرير خبرة محاسبي معتمد.

بـ مبلغ وقدرة 542096579 دولار(خمسمائة واثنان وأربعون مليون دولار أمريكي وستة وتسعون ألف وخمسمائة وتسعة دولار) قيمة ما فات من كسب وفق ما أثبته التقارير المالية والمحاسبية المقدمة.

جـ مبلغ وقدرة (100,0000000 ) دولار (فقط مائة مليون دولار أمريكي) علي سبيل التعويض عن الإنهاء والإيقاف غير المشروع والتعسفي لعقد الوكالة.

دـ مبلغ وقدرة خمسمائة مليون دولار قيمة التعويض عن الأضرار المعنوية التي لحق بالشركة المحتكمة.

1 ـ إلزام المحتكم ضدهم بدفع فوائد قانونية عن قيمة إجمالي المطالبة بدءا من تاريخ المطالبة وحتي السداد الكامل بما لا يقل عن نسبة 11% وبما لا يقل عن فائدة البنك المركزي المصري.

2 ـ إلزام المحتكم ضدهم بسداد كل ما تكلفة التحكيم وأمانته ومصروفاته وأتعاب المحكمين.

3 ـ إلزام المحتكم ضدهم بدفع مبلغ 400 ألف دولار أمريكي أتعاب تقديرية ستدفع إلي محامي الشركة المحتكمة منذ بداية النزاع وحتي صدور قرار هيئة التحكيم.

4 ـ إلزام المحتكم ضدها بسداد كافة مصاريف ورسوم الصيغة التنفيذية علي حكم التحكيم.

5 ـ إلزام المحتكم ضدهما بأن يؤديا 5000 دولار ( فقط خمسة آلاف دولار أمريكي ) عن كل يوم يمتنعا فيه عن تنفيذ حكم التحكيم من تاريخ صدوره. مع احتفاظ الشركة المحتكمة بالحق في تعديل وزيادة المطالبات مستقبلا , وبحقها في اتخاذ الإجراءات التحفظية وغيرها من الحقوق القانونية.

ـ هذا وقد قدمت الشركة المحتكمة رفق مذكرتها المذكور عدد سبع حوافظ مستندات ,اطلعت عليها هيئة التحكيم, وقد تم تقديمها في أكياس بلاستيك دونت المحتكمة على كل كيس منها بيان المستندات على النحو التالي:أـ الكيس الأول اشتمل كما ورد على غلاف الكيس على أصل وستة نسخ ضوئية من تقرير قالت المحتكمة أنه تقرير مراقب الحسابات بشأن القوائم المالية عن السنوات من 2001 حتى 2013 , وتبين من إطلاع هيئة التحكيم تبين أنه من مكتب المحاسب القانوني الأستاذ / طه فوزي عبد الحافظ قد اشتمل على عدد 25 ورقة. بـالكيس الثاني اشتمل كما ورد على غلاف الكيس على أصل وستة نسخ ضوئية من تقرير قالت المحتكمة أنه تقرير المراجع بشأن القوائم المالية عن السنوات من 2001 حتى 2013 والتقييم الخاص بما فات من كسب عن السنوات 2005 حتى 2013 مرفقا به عدد 3 صور ضوئية عبارة عن عضوية نقابة التجاريين وشهادة من محكمة القاهرة الاقتصادية بشأن السيد سعد الدين إبراهيم فرج الخبير الاقتصادي وذلك من أصل وعدد 6 صور ضوئية , وتبين من إطلاع هيئة التحكيم أن التقرير صادر عن مكتب سليمان زخاري ميخائيل وأن الموقع عليه السيد سعد الدين إبراهيم فرج الخبير الاقتصادي والمحاسب سليمان زخاري ميخائيل ومن إطلاع هيئة التحكيم تبين أن التقرير معد في 14 ورقة.جـ الكيس الثالث اشتمل كما ورد على غلاف الكيس على ما قالت المحتكمة أنه عقد وكالة من الباطن لشركة علاء الدين للسياحة والسفريات وكيل الباطن لخدمات إصدار تذاكر الطيران وحجز الليموزين والنقل السياحي

104

وحجز الفنادق ومرفقا به صور ضوئية عبارة عن صورة رخصة السياحة والسجل التجاري , وتبين من إطلاع هيئة التحكيم أن الحافظة تضمنت 11 ورقة. د۔ الكيس الرابع اشتمل كما ورد على غلاف الكيس على ما قالت المحتكمة أنه عقد وكالة من الباطن لشركة طابا للشحن والتجارة وكيل الباطن لمبيعات بوالص الشحن الجوي , وتبين من إطلاع هيئة التحكيم أن الحافظة تضمنت 4 ورقات. هـ ـ الكيس الخامس اشتمل كما ورد على غلاف الكيس على ما قالت المحتكمة أنه طلب قيد بالسجل التجاري رقم 320001 الصادر من مكتب سجل تجاري القاهرة بتاريخ 1999/1/31 والخاص بشركة طابا للشحن والتجارة, وتبين من إطلاع هيئة التحكيم أن الحافظة تضمنت ورقتان. ع- الكيس السادس اشتمل كما ورد على غلاف الكيس على ما قالت المحتكمة أنه اتفاق تسوية ودية للنزاع بين شركة طابا للشحن والتجارة وشركة هورس للسياحة والسفر. وتبين من إطلاع هيئة التحكيم أن الحافظة تضمنت ورقتان. غ-الكيس السابع اشتمل كما ورد على غلاف الكيس على ما قالت المحتكمة أنه تفاصيل الحملة الإعلانية, وتبين من إطلاع هيئة التحكيم أن الحافظة تضمنت أصل غلاف واحد فقط وعدد 21 ورقة. هذا وقد تسلمت الشركة المحتكم ضدها نسخة من المذكرة وحوافظ المستندات سالفة الذكر بتاريخ 2014/5/11, كما تسلم عضوي هيئة التحكيم نسخة أيضا.

ـ وبتاريخ 2014/6/10 تقدم الأستاذ/ أحمد الديريني محامي المحتكم ضدهما بخطاب إلى رئيس هيئة التحكيم مؤرخ 2014/6/2 تضمن أن كل من وزير النقل العراقي والشركة العامة للخطوط الجوية العراقية قد قاما بتوكيل كل من الأستاذ  الدكتور/ سمير الشرقاوي والأستاذ الدكتور/ فتحي والي وبالإضافة إلى الأستاذ/ أحمد الديريني ليكونا ضمن فريق الدفاع عن الشركة وعن السيد/وزير النقل العراقي.

وقد أرفق بالخطاب صور من التوكيلات الصادرة لكل من الدكتور/ سمير الشرقاوي والدكتور/ فتحي والي في هذا الشأن وهما التوكيل الصادر لهما عن وزير النقل العراقي والمصدق عليه من مكتب التصديقات والخدمات القنصلية برقم 975 في 2014/5/29 وكذا التوكيل الصادر من المدير العام للشركة المحتكم ضدها الأولى والمصدق عليه من مكتب التصديقات والخدمات القنصلية  برقم 6701 في 2014/5/29, كما أودع رفق خطابه السابق بذات التاريخ 2014/6/10 وبمقر التحكيم عدد ثلاثة مذكرات من سبع نسخ لكل مذكرة, الأولى صادرة عن مكتب الدكتور/محمود سمير الشرقاوي والثانية عن مكتب الأستاذ الدكتور/ فتحي والي, والثالثة عن مكتب الأستاذ/ أحمد الديريني المحامي, كما أودع أيضا عدد خمس حوافظ مستندات من سبع نسخ,اطلعت عليها هيئة التحكيم, كما وقد اطلعت هيئة التحكيم على المذكرات التي وردت على النحو التالي:

مذكرة مقدمة من الأستاذ الدكتور/ فتحي والي في 35 صفحة عرض في بدايتها لوقائع الدعوى التحكيمية في الصفحات من 2 إلى 6 ثم أعقبها الدفاع الذي مهد له في البند الأول تحت عنوان أولا: "تبادل المذكرات" أشار فيه إلى أن المحتكم أودعت بيان دعواها بتاريخ 2013/12/28 وأنه بتاريخ 2014/1/27 أودع المحتكم ضدهما مذكرة دفاعهما وهما الميعادان اللذين تم تحديهما في الجلسة الأولى للتحكيم المنعقدة بتاريخ 2013/11/28 ثم في الجلسة الثانية المنعقدة بتاريخ 2014/2/1 قررت هيئة التحكيم منح المحتكمة مهلة غايتها 15 فبراير 2014 لتقديم ما يعن لها من مذكرات ومنح

105

المحتكم ضدهما مهلة غايتها 16 مارس لتقديم مذكرة دفاع ونفاذا لهذا القرار أودعت المحتكمة مذكرتها بتاريخ 2015/2/15 ولم يقدم المحتكم ضدهما مذكراتهما بسبب وقف الإجراءات لاعتذار أحد المحكمين وتعيين بديل له, وأضاف , أنه بجلسة 2014/4/10 قررت هيئة التحكيم منح المحتكمة مهلة غايتها 10 مايو لتقديم مذكرة تكميلية ومنح المحتكم ضدهما مهلة تبدأ من 11 مايو 2014 وحتى 10 يونيو للتعقيب على تعقيب المحتكمة وأورى أنه بهذا تكون المحتكمة قد تم منحها مهلتين لتقديم مذكرتين للتعقيب على دفاع المحتكم ضدها من 2/1 إلى 2014/2/15, والثانية حتى 2014/5/10 أما المحتكم ضدهما فقد تم منحهما مهلة واحدة لتقديم مذكرة واحدة من 11 مايو إلى 10 يونيو 2014 وأنه لما كانت المادة 27 من قانون التحكيم تنص على أن " يعامل طرفا التحكيم على قدم المساواة وتهيأ لكل منهما فرصة متكافئة كاملة لعرض دعواه فإنه لا يجوز منح أحد الطرفين الحق في تقديم مذكرة واحدة أو منح الطرف الآخر الحق في تقديم مذكرتين أو منح أحد الطرفين ميعادا لتقديم مذكرة بدفاعه ومنح الطرف الآخر ميعادين أطول, وعلى هذا الأساس طلب من الهيئة منح المحتكم ضدهما مهلة جديدة كافية لتقديم مذكرة تكميلية مع المستندات أسوة بالمحتكمة.وتحت عنوان مستندات المحتكمة طلب دفاع المحتكم ضدهما استبعاد ما حوته كراتين المحتكمة من أوراق حيث أنها عبارة عن خمسة كراتين ضخمة بها آلاف الأوراق من صور دون بيان يوضح ماهية هذه الأوراق التي تحتويها الكراتين وأن المحتكم تعهدت بجلسة 2014/1/27 بتقديم وجوه حوافظ لهذه الأوراق, وبجلسة 2014/4/10 قدمت ما أسمته أوجه حوافظ المستندات المقدمة منها في الصناديق وأنه بإلقاء نظرة على هذه الحوافظ يتبين أنها لا تحتوي على أي بيان لفحوى الأوراق التي تحتوي عليها الكراتين حيث احتوت فقط على مجرد سرد وعنوان إجمالي للأوراق دون بيان محتوى كل ورقة بما لا يمكن معه وصف هذه الأوراق بمستندات مقدمة في الدعوى بحيث يمكن للمحتكم ضدهما مواجهتها, وبناء عليه فإن المحتكم ضدهما يلتمسا من هيئة التحكيم استبعاد كل ما تحتويه هذه الكراتين من أوراق أو إلزام الشركة المحتكمة بتقديم وجوه حوافظ لها تبين تاريخ كل مستند وفحواه ووجه الاستدلال به. وتحت عنوان الصور الضوئية المقدمة من الشركة المحتكمة أورد دفاع المحتكم ضدهما أنه يؤكد على جحد جميع الصور الضوئية للمستندات المقدمة من الشركة المحتكمة باستثناء ما اتفق الطرفان على عدم جحده بجلسة 2014/2/1 حيث اتفق الطرفان على أن الترجمة الرسمية من محكمة شمال القاهرة التي قدم كل من الطرفين صورتها الضوئية في حوافظ مستنداته وعلى أن الصور الضوئية المقدمة لملحق العقد المؤرخ 2001/3/15 تعد أصلا ولا يجوز لأي منهما جحده وكذلك بالنسبة للقرارين الصادرين من الشركة المحتكم ضدها الأولى والموقعين بتاريخ 2005/11/14, 2005/1/16 والصادرين بتاريخ 2005/11/17 ويسري ذلك على جميع الصور المتماثلة المقدمة من الطرفين, وفيما عدا ذلك فإن المحتكم ضدهما يجحدان باقي صور المستندات المقدمة من المحتكمة ومن بينها صور المستندات المقدمة في كراتين. وتعقيبا على تعقيب المحتكم على جحد الصور الضوئية أورد دفاع المحتكم ضدهما أن ما أبدته المحتكمة في مذكرة دفاعها المقدمة بجلسة 2014/5/10 من تعقيب على جحد الصور الضوئية للمستندات واستناد المحتكمة إلى نص المادة 3/30 من قانون التحكيم غير صحيح فالمحتكمة أوردت نص المادة سالفة البيان على نحو غير كامل

106

وأن باقي نص المادة ورد بأنه "...ولا يخل هذا بحق هيئة التحكيم في أي مرحلة كانت عليها الدعوى في طلب تقديم أصول المستندات أو الوثائق التي يستند إليها أي من طرفي الدعوى" وأضاف دفاع المحتكم ضدهما أن تقديم الصور لا يحول دون هيئة التحكيم واستعمال سلطتها في طلب تقديم أصل المستند إعمالا لما هو مقرر في قانون الإثبات المصري, ذلك أن الإثبات يجري أمام هيئة التحكيم بأدلة الإثبات المقررة قانونا بالنسبة للواقعة محل الإثبات وأن قانون التحكيم المصري لم ينص على جواز الإثبات بصور المستندات المجودة بالمخالفة لما ينص عليه قانون الإثبات. وتحت عنوان تقريرا الخبرة المقدمين من المحتكمة قال المحتكم ضدهما أن هذين التقريرين ملحوظ عليهما, أنهما اعتمدا على ما قدمته المحتكمة من أوراق, ولهذا فإن كلا التقريرين لا يجوز تقديمهما كدليل إثبات إذ هو من قبيل اصطناع الخصم دليلا لنفسه, ومن المقرر قانونا أنه ليس لشخص أن يصطنع دليلا لنفسه, وأن كلا التقريرين اعتمد على صور ضوئية جحدها المحتكم ضدهما مما لا يجوز الاعتماد عليهما كأدلة إثبات, وأن كلا التقريرين قد انبنى على تبني وجهة نظر المحتكمة وبهذا يكون التقريرين أقرب إلى مذكرة دفاع عن المحتكمة وليسا تقريرين من خبيرين يفترض فيهما الحيدة والاستقلال, كما أن المبالغ التي حددها التقريران انبنت على مبالغ مقدمة لتغطية بنود معينة دون دليل على أنه قد تم صرفها بالفعل من المحتكمة تنفيذا لعقد النزاع, بالإضافة إلى أن كلا التقريرين انتهيا إلى تحديد مبالغ التعويض للمحتكمة عن السنوات من 2001 إلى 2013 في حين أن الثابت أن أيا من الاتفاقات التي انبنى عليها التقريران لم يدخل حيز التنفيذ كما أن الثابت أن العلاقة بين الطرفين أنهيت, وأن مدة نفاذ الاتفاق بينهما لم تبدأ بعد إذ كان معلقة على بدء تشغيل الخطوط الجوية العراقية من القاهرة , وهو ما لم يحدث إلا بعد إنهاء العلاقة التعاقدية, وبناء عليه طلب المحتكم ضدهما استبعاد التقريرين من أدلة الإثبات في الدعوى التحكيمية.

وتحت عنوان القسم الأول الدفوع دفع المحتكم ضدهما, أولا بعدم قبول الدعوى بالنسبة لوزير النقل استنادا إلى أن اتفاق التحكيم لا يلزم إلا أطرافه وطرفا شرط التحكيم في هذه الدعوى هما الشركة العامة للخطوط الجوية العراقية وشركة هورس للسياحة والسفر وأن الشركة المحتكم ضدها هي شركة من شركات القطاع العام ولها شخصية اعتبارية مستقلة استقلالا ماليا وإداريا ويقوم بإدارتها مجلس إدارة يختص بجميع شئونها وأشار إلى حافظة المستندات رقم 4 مستندا رقم 1 المقدم بجلسة 2014/1/27. وأضاف دفاع المحتكم ضدهما شرحا للدفع أنه إذا كان لا خلاف على أن شرط التحكيم يمتد إلى من شارك في إبرام العقد المحتوي على شرط التحكيم أو في تنفيذه أو إنهائه فإن يجب ملاحظة أنه لا يكفي لامتداد شرط التحكيم إلى الغير أن يكون هذا الغير قد اشترك في المفاوضات التي انتهت إلى إبرام العقد المتضمن شرط التحكيم. وأضاف المحتكم ضدهما أيضا أنه لا يكفي اعتماد إحدى السلطات للعقد المتضمن شرط التحكيم لامتداه إلى الموقع بالاعتماد كذلك فإن شرط التحكيم في عقد أبرمته شركة تابعة لا يمتد إلى الشركة الأم كما لا يمتد شرط التحكيم في عقد أبرمته شركة قطاع عام تابعة لمؤسسة عامة أو لإشراف أحد الوزراء إلى الشركة الأم أو المؤسسة أو الوزير إلا إذا كان أيا منهم قد تدخل في تنفيذ العقد أو تسبب في وقوع خلط بشأن الملتزم به على نحو تختلط إرادته مع إرادة طرف العقد. وأورى المحتكم ضدهما أنه تطبيقا لما تقدم فإنه لا يكفي

107

لاعتبار وزير النقل طرفا في شرط التحكيم في النزاع الماثل ما سردته المحتكمة في ص 14 وما بعدها من مذكرتها المقدمة في 2014/2/1 من وقائع بفرض صحتها, فبالنسبة لإبرام العقد لا يكفي لاعتبار الوزير طرفا أن يكون قد ورد في اتفاقية 2001 أن "هذه الاتفاقية وبنودها تخضع لموافقة السلطات الحكومية" حيث أن اعتماد الاتفاقية من السلطة الحكومية لا يجعلها طرفا ف اتفاق التحكيم, ولذات السبب أيضا لا يصلح ما جاء بالبند 2 من ملحق 2001/3/15 من أن "يعتبر العقد ساري المفعول يعد استحصال الموافقات الأصولية" ولا يكفي أن تكون "وزارة النقل قد شاركت في التفاوض" وأنها "كانت على بينة من وجود اتفاق التحكيم وشروطه إذ الإشتراك في المفاوضات لا يكفي لاعتبار المتفاوض طرفا يمتد إليه شرط التحكيم. أما بالنسبة لتنفيذ العقد قال المحتكم ضدهما أنه لا يكفي لاعتبار وزارة النقل طرفا في اتفاق التحكيم أن يرسل مدير عام الشركة المحتكم ضدها الأولى كتابة رقم 81 بتاريخ 2003/2/28 إلى وزارة النقل نسخة من الموقف من الدعاوى, أو أن تذكر المحتكم ضدها الأولى في خطاب إنهاء الوكالة أنها تمت "بالنظر إلى توجهات الدولة في العراق الجديد بإعادة تأهيل الشركة العامة للخطوط الجوية, أو أن ترسل صورة من خطاب الإيقاف إلى وزارة النقل لطلب محام لمناقشته, أو أن يرسل وزير النقل خطاب في 2010/4/11 بعد إنهاء الوكالة يذكر فيه أن الانتهاء تم بناء على كتاب أمانة مجلس الوزراء الذي قام بتصنيف الشركة المحتكمة باعتبارها من الشركات الواجهية, أو أن تكون المحتكم ضدها الأولى قد ذكرت أن اختيار محكما يقتضي الحصول على عدة موافقات منها موافقة وزير النقل , ذلك أن من المقرر أن اشتراط موافقة الوزير المختص على اتفاق التحكيم وفقا للمادة الأولى من قانون التحكيم المصري رقم 27 لسنة 1994 لا يجعل الوزير بموافقته طرفا في هذا الاتفاق., كما لا يكفي لاختصام وزير النقل الاستناد إلى فكرة مسؤولية المتبوع عن فعل التابع فهذا السند إذ صح لاختصام وزير النقل باعتباره متبوعا أمام المحاكم, فإن لا يصح لاختصامه في التحكيم الذي يقتصر على أطرافه أو من امتد إليه.

وقد دفع المحتكم ضدهما أيضا ببطلان الاتفاقيات التي تستند إليها الشركة المحتكمة بطلانا مطلقا وهي اتفاقية 2001/1/30 وملحقها المؤرخ 2001/3/15 ومحضر اجتماع 2005/8/29, استنادا منهما إلى أن المحتكمة عندما وقعت على اتفاق 2001/1/31 لم تكن قد اكتسبت الشخصية القانونية إلا وفقا للمادة 17 الفقرة الأخيرة من القانون رقم 159 لسنة 1981 لا تكتسب الشركة المساهمة الشخصية القانونية إلا بعد مضي خمسة عشر يوما من تاريخ قيدها في السجل التجاري , وأن الثابت من السجل التجاري للشركة المحتكمة أنها قيدت في السجل التجاري برقم 6606 في 2001/3/14 أي أن اتفاق 2001/1/30 قد تم إبرامه قبل اكتساب الشركة المحتكمة للشخصية القانونية , وهو ما يؤدي إلى بطلانه بطلانا مطلقا وهو ذات الأمر بالنسبة لملحق الاتفاق الأصلي الموقع في 2001/3/15 إذ لا تكتسب الشركة الشخصية القانونية إلا بعد مضي خمسة عشر يوما من تاريخ قيدها في السجل التجاري الذي تم يوم 2001/3/14. وأضافا أنه بشأن محضر اجتماع 2005/8/29 فهو لا يعتبر في تكييفه الصحيح عقدا, وإنما هو محضر للاجتماع الذي تم بين الطرفين لإثبات المسائل التي تم حولها التفاوض بين الطرفين, فضلا عن أنه لم يرد به أي نص على التحكيم كوسيلة لفض المنازعات بين الطرفين وبالتالي لا يصلح سندا لإقامة الدعوى التحكيمية الماثلة.

**108**

كما دفع المحتكم ضدهما أيضا بسقوط الدعوى بالتقادم استنادا إلى نص المادة 1/190 من قانون التجارة رقم 17 لسنة 1999 باعتبار أن عقد 2001/1/30 هو في تكييفه القانوني الصحيح وكالة عقود فيسر عليه نص المادة سالفة البيان التي تنص على أنه "تسقط جميع الدعاوى الناشئة عن عقد وكالة العقود بانقضاء سنتين على انتهاء العلاقة التعاقدية".وأحالت المذكرة المقدمة من المحتكم ضدهما في شأن بيان وشرح الدفعين السابقين إلى ما ورد بمذكرة المحتكم ضدهما المقدمة بجلسة 2004/1/27 من الأستاذ أحمد الدريني وإلى مذكرة الأستاذ الدكتور/ محمود سمير الشرقاوي المقدمة مع هذه المذكرة بتاريخ 2014/6/10.

وتحت القسم الثاني المعنون الرد على مزاعم المحتكمة والوارد في الصفحات من 18 إلى 25 من المذكرة أحال المحتكم ضدهما في هذه المذكرة إلى ما سبق وأن ورد في هذا الشأن في مذكرتهما المودعة يوم الاثنين 2014/1/27 المقدمة من الأستاذ أحمد الدريني, وما ورد بمذكرة الأستاذ الدكتور/ سمير الشرقاوي المودعة بتاريخ 2014/6/10 وبالإضافة إلى ما ورد بهما أضافت مذكرة دفاع المحتكم ضدهما هذه في الرد على ما أورده دفاع المحتكمة في شأن ما أوردته من أنها أوفت بجميع التزاماتها وفقا لاتفاقية الوكالة وكذا ما أوردته في شأن إخلال المحتكم ضدهما بالتزاماتهما الناشئة عن هذه الاتفاقيات حيث أوردت المذكرة الرد على المحتكمة. فأورد المحتكم ضدهما أولا الرد على دفاع المحتكمة بانتفاء أي خطأ من جانبها, ثم ثانيا الرد على دفاع المحتكمة بوجود خطأ مفترض في جانب المحتكم ضدها الأولى. وفي ثالثا قاما بالرد على دفاع المحتكمة بوجود خطأ جسيم من المحتكم ضدها الأولى لإنهاء العقد ثم إيقافه بالإرادة المنفردة. وفي رابعا قاما بالرد على دفاع المحتكمة بوجود خطأ من المحتكم ضدها الأولى لعدم إعطاء المعلومات والأدوات اللازمة لأداء الوكيل لعمله. ثم وفي البند خامسا أورد المحتكم ضدهما الرد على دفاع المحتكمة بوجود خطأ من المحتكم ضدها الأولى متمثل في الاعتداء على نطاق الوكالة. وفي سادسا قاما بالرد على دفاع المحتكمة بوجود خطأ من المحتكم ضدها الأولى يتمثل في عدم سداد مستحقاتها. ثم في سابعا أوردا الرد على دفاع المحتكمة بوجود خطأ من المحتكم ضدها الأولى عن إطالة أمد التفاوض في التسوية الودية. ثم قاما بالرد في ثامنا على دفاع المحتكمة بقيام المحتكم ضدها الأولى بالتعريض بسمعتها. وفي البند تاسعا أورد المحتكم ضدهما الرد على دفاع المحتكمة بمسئولية المحتكم ضدها الأولى عن الأخطاء التي ارتكبت في المدة المتفق عليها لتنفيذ العقد. وتحت القسم الثالث المعنون عدم قيام المسئولية العقدية في جانب المحتكم ضدها الأولى, والوارد في الصفحات من 26 إلى 34 من هذه المذكرة قال المحتكم ضدهما أن قيام المسئولية العقدية يفترض توافر عقد صحيح نافذ لم يقم المدين بتنفيذه فإركان المسئولية العقدية هي: عقد صحيح نافذ , خطأ عقدي , ضرر و علاقة سببية بين الخطأ والضرر. وقد تناول المحتكم ضدهما في مذكرة دفاعهما شرح عناصر المسئولية السالف بيانها وانتهيا إلى أنه يوجد عقد صحيح نافذ بالنظر إلى عدم توافر الشخصية القانونية في الشركة المحتكمة عند إبرام العقد على النحو السالف بيانه كما أن العنصر الثاني المتمثل في الخطأ بدوره غير متوافر في جانب المحتكم ضدها الأولى وكذلك عدم ثبوت أي ضرر في جانب المحتكمة حيث

109

لم تقدم يثبت في حقها أي خطأ وأنه بفرض توافر الخطأ فإن المحتكمة لا تستحق إلا التعويض عن الضرر المباشر المتوقع وقت التعاقد.

هذا واختتم المحتكم ضدهما مذكرتهما بالطلبات الآتية:

أولا:- عدم قبول اختصام وزير النقل بالحكومة العراقية بصفته.

ثانيا:- عدم قبول الدعوى لسقوطها بالتقادم .

ثالثا:- احتياطيا: رفض الدعوى بجميع الطلبات الواردة بها.

مع إلزام الشركة المحتكمة بأن تدفع للمحتكم ضدها الأولى ما سددته من أتعاب لهيئة التحكيم والمحامين.

مع تحفظ المحتكم ضدها الأولى بحقها في تقديم طلب مقابل بالتعويض وذلك في مذكرتها القادمة.

هذا وقد طالعت هيئة التحكيم أيضا مذكرة المحتكم ضدهما المقدمة من الأستاذ الدكتور/ محمود سمير الشرقاوي والتي وقعت في 37 صفحة استهلت بعنوان "لغة الحوار في ساحة العدالة" تضمن ملاحظة المحتكم ضدهما أن مذكرة تعقيب المحتكمة المودعة بتاريخ 2014/5/10 تضمنت أوصاف غير لائقة ساق المحتكم ضدهما بعض ما تضمنته من عبارات منهيا إلى دعوة المحتكمة إلى مراعاة قواعد الحوار في ساحة العدالة مع الاحتفاظ بحق المحتكم ضدهما في طلب الحماية والترضية القضائية المناسبة. وتحت القسم الأول المعنون "الوقائع" أحالت المذكرة إلى بيان الدفاع ومستنداته المودع بتاريخ 2014/1/27 فضلا عما تشتمل عليه المذكرة من وقائع مع حفظ حق المحتكم ضدها الأولى في أن تضيف مستقبلا الوقائع التي تدعم دفاعها.وتحت القسم الثاني المعنون "موجز الإجراءات وطلب مهلة جديدة" عرضت المذكرة لما تم بجلسات الدعوى التحكيمية منتهية إلى أن المحتكمة أتيحت لها مهلة ثلاثة أشهر واثنى عشر يوما لتقدم تعقيبها على بيان دفاع المحتكم ضدها الأولى بينما لم تتح للمحتكم ضدها الأولى سوى مهلة شهر من 5/11 وحتى 2014/6/10 لتقديم تعقيبها على تعقيب المحتكمة وأنه إعمالا لقواعد المساواة والفرص المتكافئة المقررة بنص المادة 26 من قانون التحكيم فإن المحتكم ضدها الأولى تطلب منحها مهلة جديدة مقدارها شهران واثنى عشر يوما لتقديم تعقيبا مكملا لتعقيبها الماثل في هذه المذكرة. وتحت عنوان القسم الثالث المعنون "الدفاع" أحالت المذكرة إلى ما سبق تقديمه من المحتكم ضدها الأولى من مذكرات ومستندات بما لا يناقض هذه المذكرة التي خصصتها للرد والتعقيب على عدد من المسائل المثارة في تعقيب الشركة المحتكمة على بيان دفاع المحتكم ضدها الأولى مع الإشارة إلى أن أي مقولة أو حجة أو مستند مقدم من المحتكمة فيما سبق من إجراءات التحكيم ولم يرد عليه المحتكم ضدهما في بيان دفاعهما المودع بتاريخ 2014/1/27 أو في هذه المذكرة لا يفسر على أنه رفض من المحتكم ضدهما لهذه المقولة أو الحجة أو المستند ولا يعد سكوتهما عنه موافقة عليه أو تسليما بما ورد فيه, مع احتفاظ المحتكم ضدهما بحقهما في استكمال تعقيبهما وإضافة دفاع جديد ومستندات جديدة وتعديل طلباتهما وتقديم دعوى فرعية مقابلة حسبما تقتضيه مصالح كل منهما ومجريات التحكيم وظروفه. وتحت الفرع الأول المعنون "لا وجود لعلاقة تعاقدية بين المحتكمة والمحتكم ضدها الأولى" عرض دفاع المحتكم ضدهما لعقد الوكالة المؤرخ 2001/1/31, وملحق العقد المؤرخ 2001/3/15, محضر

110

الاجتماع المؤرخ 2005/8/29 والذي أورد دفاع المحتكم ضدهما أنه ليس بعقد قائلا أن هذه الاتفاقات منعدمة أو باطلة مطلقا استنادا إلى أن الشركة المحتكم لم تتمتع بالشخصية القانونية إلا بتاريخ 2001/3/29 وهو التاريخ التالي على قيدها بالسجل التجاري بخمسة عشر يوما, وأنه وقبل هذا التاريخ لم يكن لها وجود, كما تضمنت المذكرة أيضا ردا على ما عقبت عليه المحتكمة في شأن انعدام وبطلان عقد الوكالة المؤرخ 2001/1/31, وملحق العقد المؤرخ 2001/3/15, محضر الاجتماع المؤرخ 2005/8/29 منتهية في هذا الفرع من فروع الدفاع إلى أنه لا توجد علاقة عقدية بين المحتكمة والمحتكم ضدها الأولى ولا يوجد اتفاق على التحكيم لانعدام شرط التحكيم وبعدم اختصاص هيئة التحكيم بنظر الدعوى لانعدام الاتفاق على التحكيم. <u>وتحت الفرع الثاني المعنون احتياطيا في موضوع الدعوى</u> قسم دفاع المحتكم ضدها دفاعه إلى مبحث أول عرض فيه لتكييف العلاقة التعاقدية وانتهى بعد عرض دفاعه والرد على تعقيب المحتكمة على تكييف العقد إلى أن التكييف الصحيح للعقد المؤرخ 2001/1/30 أنه عقد وكالة عقود, أما في شأن الملحق المرخ 2001/3/15 ومحضر 2005/8/29 فقد أورد دفاع المحتكم ضدهما أنه لا جدال في أن الملحق يفرض التزامات على الوكيل لا تدخل في التزامات وكيل العقود ومنها تصفية وتسديد كافة المبالغ والديون المترتبة بذمة الطرف الأول من تاريخ غلق الكتب في عام 1991 وكذا بذلك المساعي لدى هيئة ميناء القاهرة الجوي وشركة مصر للطيران بخصوص المبالغ المستحقة لهما قبل الطرف الأول والسير نيابة عنه في إجراءات إلغاء أو تخفيض الديون مع الجهات المعنية لصالح الطرف الأول إلا أن الملحق رغم ذلك يردد في بنوده الأخرى عددا هاما من الالتزامات الواردة في عقد 2001/1/30 فضلا عن أنه ملحق لذلك الأخير بمعنى أنه يعدل بعض شروطه أو يكملها ويبقى على سائرها كما وردت في عقد الأساس. أما محضر اجتماع 2005/8/29 فأورد المحتكم ضدهما أن جميع الشروط التي أثبتت فيه تدخل في عداد الشروط المعتادة لوكالة العقود إذ اعتمدها مجلس إدارة الشركة المحتكم ضدها الأولى وهو ما لم يحدث. <u>وخلص دفاع المحتكم ضدهما في هذا الشأن</u> إلى أن التكييف الصحيح قانونا للاتفاق للإطار التعاقدي هو أنه وكالة عقود التي تنظمها بصفة خاصة المواد من 177 إلى 191 وبصفة عامة المواد من 148 إلى 165 من قانون التجارة المصري. <u>وتحت عنوان المبحث الثاني المعنون مدة العلاقة التعاقدية المزعومة</u> أورد دفاع المحتكم ضدهما أنه لا جدال في أن البند 23 من عقد الوكالة المنعدم المؤرخ 2002/1/30 جعل مدته غير محددة, كما لا جدال أيضا في أن الملحق المؤرخ 2001/3/15 نص في البند 21 على أن مدة عقد الوكالة العامة لمدة 3 سنوات بعد التشغيل لطائرات الطرف الأول وممارسة الخطوط الجوية العراقية نشاطها التجاري وقابلة للتجديد باتفاق الطرفين, وهذا الشرط يقطع بأن مدة الوكالة هي 3 سنوات تبدأ من تشغيل طائرات الطرف الأول (المحتكم ضدها الأولى) وممارسة هذا الأخير نشاطها التجاري أي أن عقد الوكالة أصبح محدد المدة ومعلقا على شرط واقف أي ليس لأحد طرفيه أن يطلب من الآخر تنفيذ أي التزامات قبل تحقق الشرط الواقف لأن أيا من هذه الالتزامات لا يكون مستحقا قبل ذلك, وأورى دفاع المحتكم ضدهما أنه بافتراض أن محضر اجتماع 2005/8/29 عقد فإن البند 10 يؤكد أن عقد الوكالة ظل عقدا محدد المدة بنصع على الأتي " مدة العقد للوكالة العامة ثلاث سنوات من




تاريخ بدء التشغيل الفعلي. وتحت المبحث الثالث المعنون انتهاء العلاقة التعاقدية المزعومة أورد المحتكم ضدهما تحت المطلب الأول من هذا المبحث تحت عنوان أحكام القانون في شأن حق الموكل في إنهاء الوكالة أن لا محل لإعمال حكم الفقرة 2 من المادة 715 من القانون المدني وذلك لاستحالة تطبيق الحكم الوارد بها على الوكالة المزعومة من المحتكمة ذلك أن شروط الوكالة تجعلها حتما لصالح طرفيها وليس لصالح الوكيل أو أجنبي وحده ومن باب أولى لا ينطبق الحكم المتقدم على وكالة العقود لأن المشرع وضع لها حكما خاصا بالمادة 188/1 تجاري التي تنص على أنه: " تنعقد وكالة العقود لمصلحة الطرفين المشتركة " بل أنه لا يمكن إنزال نص المادة المذكورة حتى بالفرض الجدلي في أن العقد هو وكالة تجارية وليس وكالة عقود لأن المادة 188 تجاري تقرر أن أحكام الوكالة التجارية تطبق إذ كان الوكيل محترفا إجراء المعاملات التجارية لحساب الغير, ولأن المادة 158 تجاري تلزم الوكيل بأن يحيط الموكل علما بالصفقات التي يبرمها لحسابه وبأن يقدم للموكل حسابا مطابقا للحقيقة عن الأعمال التي أجراها لذمته, فالمادتان تقطعان في أن للموكل مصلحة في الوكالة التجارية. وأورى دفاع المحتكم ضدهما في ذات السياق لحكم المحكمة الدستورية العليا في القضية رقم 193 لسنة 29 ق دستورية الصادر بجلسة 2012/7/14 والتي كان محلها طلب الحكم بعدم دستورية الفقرة الأولى من المادة 189 تجاري وقضت المحكمة الدستورية بحكمها سالف البيان بعدم الدستورية وعرض المحتكم ضدهما لبعض حيثيات ذلك الحكم, منهيا منه إلى أن مفاد ذلك الحكم هو 1ـ تجديد عقد الوكالة محدد المدة يكون دائما باتفاق الطرفين عليه بمعنى أن لكل طرف الحق في قبول أو رفض التجديد دون أن يؤدي رفضه إلى انعقاد مسئوليته.2ـ الفقرة الثانية من المادة 190 تجاري تقرأ بعد سقوط الفقرة الأولى كالتالي: " وتسقط جميع الدعاوى الناشئة عن عقد وكالة العقود بانقضاء سنتين على انتهاء العلاقة العقدية. ومفاد ذلك أن جميع الدعوى تشمل دعوى التعويض عن إنهاء وكالة العقود بالإدارة المنفردة للموكل ولا يقبل من المحتكمة ما ذهبت إليه من خروج هذه الدعوى وكل دعاوى التعويض من نطاق حكم الفقرة 2 من المادة 190. كما لا يقبل من المحتكمة الزعم بأن الفقرة لا تطبق إلا على الدعاوى الناشئة عن انتهاء العقد وليس الدعاوى الناشئة عن إنهائه إذ لا فرق بين الانتهاء والإنهاء لأن كليهما يندرج تحت أسباب انتهاء الوكالة .

وتحت المطلب الثاني المعنون حكم الأطر الاتفاقية المزعومة في ضوء حكم القانون أورد دفاع المحتكم ضدهما نص البند 21 من الملحق المؤرخ 2001/3/15 وكذا نص البند 10 من محضر اجتماع 2005/8/29 ثم أورى الدفاع أنه مع افتراض أن محضر 2005/8/29 هو اتفاق, فإن البند 10 الذي ينص على أنه " مدة العقد للوكالة ثلاث سنوات من تاريخ بدء التشغيل الفعلي تجدد تلقائيا لمدة مماثلة وتجدد هكذا تلقائيا ما لم يخطر أحد الطرفين الآخر بعدم رغبته بالتجديد قبل انتهاء المدة المجددة بستين يوما على الأقل بخطاب موصى عليه بعلم الوصول ولا يجوز لأي من الطرفين طلب فسخ أو عدم التجديد إلا إذا وقع خطأ جسيم من الطرف الثاني" مخالف للنظام العام من الأوجه التالية 1ـ مصادرة حق الموكل المقررة بالمادة 174 مدني والمادة 163 تجاري في إنهاء العقد بإرادته المنفردة في أي وقت خلال المدة الأصيلة ثلاث سنوات من تاريخ بدء التشغيل الفعلي وكذلك مدة التجديد الأولى المماثلة للمدة الأولى والمدد الأخرى التي تجدد.2ـ جعل تجديد العقد لمدة

**112**

مماثلة لمدته الأصلية إجباريا على الموكل وفي هذا إهدار لحرية التعاقد وإهدار لحكم الدستورية العليا سالف الإشارة إليه. 3ـ فرض قيد على ممارسة الموكل لحقه في إنهاء العقد أو في عدم تجديده والقيد هو اشتراط خطأ جسيم بما يخالف المادة 1/715 مدني والمادة 163 تجاري 4ـ أنه حتى في حالة تفسير استراط الخطأ الجسيم من الوكيل كشرط يؤسس تخلفه طلب الوكيل التعويض عند إنهاء الموكل للوكالة أو تقييدها في أي وقت فإن هذا الشرط يظل مخالفا للنظام العام لأن المادة 1/715 مدني والمادة 163 تجاري لا تلزمان الموكل بالتعويض إلا إذا ثبت الوكيل أن الموكل انهى العقد دون إخطار سابق أو في وقت غير مناسب. وأن اشتراط الخطأ الجسيم من الوكيل يقلب عبء الإثبات بإلقائه على عاتق الموكل وهو هذا عبء ثقيل إذ محل الإثبات هو الخطأ الجسيم وفي هذا مخالفة صريحة لكلا المادتين الأمر المتعلق بالنظام العام. وخلص دفاع المحتكم ضدهما إلى انه البند رقم 10 من محضر اجتماع 2005/8/29 باطل بطلانا مطلقا أو منعدم لمخالفته النظام العام. وتحت المطلب الثالث المعنون إنهاء العقد المزعوم وملحقيه المزعومين أورد دفاع المحتكم ضدهما ملاحظات أولية الملاحظة الأولى هي أنه قد يقال لماذا تتمسك المحتكم ضدها الأولى بأنها أنهت عقد الوكالة الذي تنكر وجوده, وفي الرد على هذا التساؤل قال المحتكم ضدهما أن هناك ثلاثة محررات هي عقد الأساس المؤرخ 2001/1/30 وملحقه المنعدم المؤرخ 2001/3/15 ومحضر اجتماع 2005/8/29 يثير شبهة وجود علاقة تعاقدية فحرصت المحتكم ضدها الأولى على إزالة هذه الشبهة وقطع الشك باليقين وخاصة قبل بدء مدة الوكالة عند بدء التشغيل الفعلي للخط الجوي بين العراق ومصر. ثم تحت عنوان وقائع إنهاء الوكالة المزعومة وعلم المحتكمة به أورى دفاع المحتكم ضدهما تحت عنوان وقت علم المحتكمة بإنهاء الوكالة المزعومة وأدلة قبولها به من المقرر قانونا ألا تنتهي الوكالة بمجرد تحقق سبب انتهائها بل يجب أن يعلم الوكيل بسبب الإنهاء فتنتهي من وقت هذا العلم, ثم أورد دفاع المحتكم ضدهما نص المادة 91 مدني التي تنص على أن التعبير عن الإرادة ينتج أثره في الوقت الذي يتصل فيه بعلم من وجه إليه ويعتبر وصول التعبير قرينة على العلم به ما لم يقم الدليل على غير ذلك, وأن الثابت من حافظة مستندات المحتكمة رقم 3 المقدمة رفق بيان دعواها أنها قدمت فيه صورة من قرار إنهاء الوكالة وحددت تاريخ المستند بأنه 2005/11/14 وهو التاريخ الوارد تحت توقيع مدير عام المحتكم ضدها الأولى وتجاهلت كلية أن هذا المحرر يحمل أعلاه من جهة اليسار تاريخ 2005/11/17, كما قدمت المحتكمة أيضا طي الحافظة رقم 4 ما أسمته صورة من قرار إيقاف الوكالة وجعلت تاريخه 2005/11/16 وتجاهلت تماما أن المستند يحمل أعلاه من جهة اليسار تاريخ 2005/11/17 , وإعمالا لنص المادة 91 مدني السالف بيانها فلا عبرة بتاريخ تحرير ولا تصدير المحرر المعبر عن الإرادة بل يعتد بالوقت الذي اتصل فيه بعلم من وجه إليه ويعتبر الوصول قرينة على العلم, ولما كان المحرران يحملان دليلا قاطعا على أنهما تم تصديرهما يوم 2005/11/17 فمن غير المتصور عقلا ولا قانونا أن يكونا قد وصلا المحتكمة قبل تاريخ تصديرهما وتبعا لا يقبل من المحتكمة زعمها أن المحتكم ضدها الأولى أنهت الوكالة في 2005/11/14 ثم أوقفتها يوم 2005/11/16. كما أورى دفاع المحتكم ضدهما أن هناك سبب ثان لرفض مقولة المحتكمة وهو إقرارها في أكثر من مستند بأنها علمت وقبلت بإنهاء

113

الوكالة وأن علمها وقع يوم 2005/11/17, ثم عرض دفاع المحتكم ضدهما لعدد من النقاط التي قال أنها تثبت السبب الثاني لرفض مقولة المحتكمة أن المحتكم ضدها الأولى أنهت الوكالة في 2005/11/14 ثم أوقفتها يوم 2005/11/16. وانتهى دفاع المحتكم ضدهما إلى أن خلاصة دفاعها في هذا الشأن هو أن الشركة المحتكم ضدها الأولى أخطرت المحتكمة يوم 2004/4/2 بقرارها إنهاء الوكالة اعتبارا من أول فبراير 2005 محترمة بذلك حكم المادة 163 تجاري مصري وحكم مالم يعدل من الشرط 23 من عقد الأساس بموجب الشرط 21 من الملحق المنعدم المؤرخ 2001/3/15 ثم أكدت قرار الإنهاء بخطابيها الصادرين بتاريخ 2005/11/17 اللذان تضمنا عددا هاما من أسباب الإنهاء. وتحت عنوان آثار الإنهاء قال دفاع المحتكم ضدهما أن واقعة الإنهاء ترتب آثارا هامة تمثل دفاعا جوهريا للمحتكم ضدهما الأول وهي أ- أن الإنهاء وقع في ظل ما تسميه المحتكمة عقد الأساس المؤرخ 2001/1/30 وملحقه المؤرخ 2001/3/15 الذي جعل مدة الوكالة ثلاث سنوات بعد التشغيل لطائرات المحتكم ضدها الأولى وممارستها لنشاطها وقبل تدوين محضر اجتماع 2005/8/29 الذي تزعم المحتكمة على خلاف صحيح القانون أنه اتفاق إعادة تفعيل عقد الأساس وملحقه. ب- أنه إعمالا لحكم البند 21 من ملحق 2001/3/15 فإن عقد الأساس وملحقه لم يدخلا أبدا حيز النفاذ إذ تم إخطار المحتكمة يوم 2004/12/2 بإنهاء الوكالة اعتبارا من 2005/2/1 بينما لم يبدأ التشغيل إلا في 20 أكتوبر 2005. ج- محضر اجتماع 2005/8/29 ليس اتفاقا على إعادة تفعيل الوكالة وملحقه. د- أن المحتكم ضدها أكدت إنهاء الوكالة بالإخطارين المرسلين منها للمحتكمة بتاريخ 2005/11/17. وتحت المبحث الرابع المعنون تقادم دعوى المحتكمة ساق دفاع المحتكم ضدهما تحت المطلب الأول من هذا المبحث المعنون فساد الزعم باختلاف حكم الإنتهاء عن حكم الإنهاء ما قرره العلامة السنهوري في الفصل الثالث المعنون إنهاء الوكالة ص 536 من مؤلفه شرح القانون المدني طبعة 2006 والذي قرر فيه أن الوكالة تنتهي بأسباب مختلفة يمكن تقسيمها إلى فئتين الفئة الأولى أسباب ترجع إلى القواعد العامة ومن هذه الأسباب ما تنتهي به الوكالة انتهاء مألوفا عن طريق تنفيذها وانقضاء الأجل المعين لها ومنها ما تنتهي به الوكالة قبل التنفيذ باستحالة التنفيذ والإفلاس ونقص الأهلية والفسخ وتحقق الشرط الفاسخ والفئة الثانية أسباب خاصة بعقد الوكالة وهذه ترجع إلى خاصيتين من خصائص هذا العقد أولهما أن الوكالة يتغلب فيها الاعتبار الشخصي ويترتب على ذلك أنها تنتهي بموت الوكيل وبموت الموكل والثانية أن الوكالة عقد غير لازم ويترتب على ذلك أنها تنتهي بعزل الوكيل وكذلك تنحيه عن الوكالة. وتحت المطلب الثاني المعنون مدة تقادم الدعوى, أولا موقف المحتكمة قال دفاع المحتكم ضدهما بعد استعراض ما أورده دفاع المحتكمة في هذا الشأن أن ما ذهب إليه دفاع المحتكمة في الرد على دفاع المحتكم ضدهما في شأن تقادم الدعوى غير صحيح وأحال إلى ما سبق إبداؤه من دفاع, وأضاف إليه أن تفسير المحتكمة لنص المادة 190/2 تجاري بأنها تخص الدعاوى الأخرى غير دعوى التعويض وأن هذه الأخيرة لم يعد يفيد رفعها قيد المدة الواردة بنص المادة 190/1 تجاري التي سقطت بحسب حكم الدستورية في 2012/7/12 وتعود المدة التي تحكم رفع دعوى التعويض إلى القواعد العامة الواردة بالمادة 68 تجاري التي تحددها بسبع سنوات هو دفاع غير مقبول لأنه صادر أولا عن قراءة غير صحيحة

114

لحكم الدستورية العليا وللفقرة 2 من المادة 190 تجاري على ضوء ذلك الحكم والتي أبحت تقرأ على أنها تقرر أنه "وتسقط جميع الدعاوى الناشئة عن عقد وكالة العقود بانقضاء سنتين على انتهاء العلاقة التعاقدية" وحيث أن التكييف الصحيح للعلاقة التعاقدية أنها وكالة عقود فإن تقادم كل دعوى ناشئة عنها يجب أن يخضع لمدة السقوط التي تقررها المادة 190 تجاري وهي سنتان من تاريخ انتهاء العلاقة العقدية, ثم أورى دفاع المحتكم ضدهما أنه لا عبرة فيما تستند إليه المحتكمة من دخولهما في مفاوضات لأن كل الإنذارات والاجتماعات اللاحقة على إنهاء الوكالة بالإخطار المؤرخ 2004/12/2 ليسري اعتبارا من 2005/2/1 ثم تأكيد الإنهاء بإخطارين في 2005/11/17 ضمنا الأسباب التي دعن المحتكم ضدها الأولى إلى إنهاء الوكالة لم تثمر عن اتفاق ملزم لأي من الطرفين, وبالتالي فلا يقبل الزعم باستمرار العلاقة التعاقدية. وأضاف المحتكم ضدهما أنه وحيث أن المحتكمة بدأت إجراءات التحكيم بالإنذار الموجه منها بتاريخ 2011/8/4 لتعيين محكم عن المحتكم ضدها الأولى فإن دعواها تكون قد سقط بالتقادم لمضي أكثر من ثلاث سنوات ونصف على الأقل من انتهاء العلاقة العقدية. وتحت عنوان الدعوى المقابلة تحفظت الشركة المحتكم ضدها الأولى بحقها في توجيه دعوى مقابلة وطلبت إفساح المجال أمامها لتقديم مذكرة أخرى تفصيلية مستقلة بالدعوى المقابلة.

هذا واختتم المحتكم ضدهما هذه المذكرة بالطلبات الأتية:

أصليا 1 ـ الحكم بإنعدام الوكالة وملحقه المؤرخ 2001/3/15 وبأن محضر اجتماع 2005/8/29 ليس عقدا .

2 ـ إنعدام وجود اتفاق التحكيم وتبعا عدم اختصاص الهيئة بنظر الدعوى التحكيمية.

احتياطيا: رفض الدعوى موضوعا.

وفي جميع الأحوال إلزام الشركة المحتكمة بمصروفات الدعوى وأتعاب المحكمين وأتعاب المحاماة كاملة. وفي المذكرة المقدمة من الأستاذ/ أحمد الدريني والتي وقعت في 28 صفحة أحال المحتكم ضدهما في شأن وقائع الدعوى التحكيمية إلى مذكرة دفاعهما المقدمة بتاريخ 2914/1/27 ومذكرة كل من أ.د/ فتحي والي, وأ.د/ محمود سمير الشرقاوي وبشأن الدفاع تمسك المحتكم ضدهما بكل ما سبق إبداؤه بالمذكرات سالفة البيان. وتحت عنوان الرد على اختصام السيد/ وزير النقل العراقي دفع المحتكم ضدهما بعدم قبول الدعوى لرفعها على شخصية تتمتع بالحماية الدبلوماسية القضائية نفاذا لنص المادتين 14 , 31 من اتفاقية فيينا للعلاقات الدبلوماسية باعتبار أن وزير النقل العراقي يتمتع بالحصانة القضائية في حدود وظيفته وتمثيله لدولته, ومن ثم تكون الدعوى غير مقبولة في مواجهته. كما أبدى المحتكم ضدهما تمسكهما بالدفع بعدم قبول الدعوى لرفعها على غير ذي صفة باعتبار أن شرط التحكيم لا يلزم إلا أطرافه, واستنادا إلى ما سبق من دفاع في هذا الشأن, ثم أورى دفاع المحتكم ضدهما في الرد والتعقيب على ما ورد بدفاع المحتكمة ردا على دفاع ودفوع المحتكم ضدهما في شأن ما سبق من دفاع في شأن التكييف القانوني للعقد محل النزاع, وكذا الرد علي ما نسبته المحتكمة للشركة المحتكمة من أخطاء منتهيا إلى أنه دفاع لا ينال من صحة دفاع ودفوع المحتكم ضدهما.

**115**

وقد اختتم المحتكم ضدهما هذه المذكرة بالطلبات الآتية:

أولا:- عدم قبول اختصام وزير النقل العراقي بصفته.

ثانيا: انعدام عقد الوكالة.

ثالثا: سقوط حق الشركة المحتكمة في إقامة الدعوى لمرور أكثر من سنتين على انتهاء العلاقة العقدية.

رابعا: عدم أحقية الشركة المحتكمة في طلباتها التي تدعيها لعدم اتفاقها مع القانون والواقع.

خامسا: رفض الدعوى بجميع الطلبات الواردة بها.

سادسا: إلزام الشركة المحتكمة بسداد كل تكاليف التحكيم وأمانة ومصروفات التحكيم وأتعاب المحكمين وأتعاب محامين المحتكم ضدهما.

وتحتفظ الشركة المحتكم ضدها والمحتكم ضده الثاني بحقهما في تقديم مذكرات دفاع شارحة أو مستندات لاحقا , كما يحتفظ أيضا المحتكم ضدهما في الإدعاء ضد الشركة المحتكمة بادعاء مقابل خلال نظر جلسات التحكيم.

هذا وقد قدم المحتكم ضدهما بتاريخ 2014/6/10 عدد خمسة حوافظ مستندات -اطلعت عليها هيئة التحكيم, بيانها كما ورد على غلاف الحوافظ كالتالي الحافظة الأولى واشتملت حسبما سطر على غلافها على أصل تقرير من مراجع حسابي عن حقائق خاصة بالالتزامات المالية محل التحكيم في القضية التحكيمية موضوع النزاع صادر عن مكتب الأستاذ/ مجدي حشيش المراجع الحسابي, والذي جاء في عدد 60 ورقة. الحافظة الثانية واشتملت حسبما سطر على غلافها على صور ضوئية من نموذج لعقد الوكالة الجدية المقترحة خلال الاجتماعات بين الطرفين المؤرخة 20 و22 أكتوبر2011 موضوع الإنذار الموجه من المحتكم ضدها إلى المحتكمة بتاريخ 2012/3/6 وهو عبارة عن نموذج لعقد وكالة جديد يسمى نموذج آياتا نفاذا لشروط الاتحاد الدولي للنقل الجوي ولا يجوز تعديله , وتم تسليم نسخته أثناء الاجتماع إلى الشركة المحتكمة وتم بعد الاجتماع وبناء على موافقة الطرفين إعداد نموذج لملحق العقد المقترح وتم عرضه على الشركة المحتكمة بموجب الإنذار الموجه إليها وكذلك نموذج عقد الآياتا المحرر الملحق بناء عليه وارتباطا به منها اقتراحان غير موقعان تم طرحهما من الشركة المحتكم ضدها لدراستها وكان بداية نقاش لإتمام الحل الودي لإنهاء التعريض بسمعة الشركة المحتكم ضدها في هذا الصدد من قبل الشركة المحتكمة.

الحافظة الثالثة واشتملت حسبما سطر على غلافها على صورة ضوئية من نماذج للاسترشاد من خطابات الضمان وتجديداته لصالح الشركة المحتكم ضدها من إحدى الشركات السياحية كوكيل سياحي معتمد (شركة وندر, وشركة كيريلو) وذلك كشرط أساسي لتزويدهم بتذاكر سفر لإصدارها مقابل عمولة وخطابات الضمان تجدد تلقائيا سنويا ويتم إصدار تذاكر السفر لهذه الشركات بقيمة أقل من قيمة تغطية خطابات الضمان وهذا هو النظام المتعارف عليه للعمل مع شركات الطيران وهو الشرط المنصوص عليه بعقد الوكالة وملحقة المنعدمان والذي لم تقم به الشركة المحتكمة.

الحافظة الرابعة واشتملت حسبما سطر على غلافها على صورة ضوئية لنماذج استرشاديه لطلبات مقدمة من شركات السياحة كوكلاء سياحيين معتمدين (شركة وندر, وشركة كيريلو) للحصول على تذاكر سفر لتسويقها مقابل عمولة بعد استيفاء شرط خطاب الضمان وحيث أن المتعارف عليه قيام

**116**

شركة السياحة بتقديم طلب للحصول على تذاكر السفر لتقوم بتسويقها على أن تكون قيمة التذاكر المسلمة إلى شركة السياحة أقل من تغطية خطاب الضمان المفتوح منها لصالح شركة الطيران وهذا مدلوله ثابت بالأوراق من عدم وجود ما يفيد قيام الشركة المحتكمة بتقديم طلب إلى الشركة المحتكم ضدها باستلام تذاكر لتسويقها نفاذا لعقد الوكالة المنعدم.

الحافظة الخامسه واشتملت حسبما سطر على غلافها على صورة ضوئية من نموذج ترخيص سياحة إحدى الشركات السياحية كوكلاء سياحيين معتمدين للشركة المحتكم ضدها وهذا الترخيص يصدر من وزارة السياحة ويعتبر شرط أساسي ليحق لشركة السياحة القيام بإصدار تذاكر نقل جوي وأن تكون وكيل سياحي لشركات الطيران ويشترط كذلك لأن تكون مسجلة لدى الاتحاد الدولي للنقل الجوي (الآياتا) وهو الأمر الذي لم تقم الشركة المحتكمة بالحصول عليه وحتى بعد إنهاء الوكالة وقد خلت الأوراق من أي دليل يفيد حصول الشركة المحتكمة على ترخيص السياحة وقت إبرام العقد المنعدم الأمر الذي يزيد العقد المنعدم بطلانا وانعداما لانتفاء الصفة التي تم التعاقد من أجلها ويدور مضمون العقد حول هذه الصفة.

ـ وبتاريخ 2014/7/16 عقدت هيئة التحكيم جلسة منفردة بدون حضور الأطراف انتهت فيها إلى قرار بالأغلبية إلى زيادة أتعاب التحكيم على أن يتم إبلاغ الأطراف به في الجلسة المقرر عقدها بتاريخ 2014/7/17 .

ـ وبتاريخ 2014/7/17 عقدت هيئة التحكيم جلسة بحضور المحامين الوكلاء عن المحتكمة والأستاذ أحمد الديني المحامي بتوكيل سابق إثباته عن الشركة المحتكم ضدها الأولى (الشركة العامة للخطوط الجوية العراقية) وحضر عن المحتكم ضده الثاني السيد وزير النقل العراقي, الأستاذ أحمد الديني المحامي وقدم التوكيل المصدق عليه والمودع بالشهر العقاري بتوكيله عن وزير النقل العراقي كما تم تقديم توكيلين أخرين صادرين أيضا من وزير النقل العراقي أحدهما بتوكيل الأستاذ الدكتور/محمود سمير الشرقاوي المحامي وقد حضر سيادته الجلسة, والثاني بتوكيل الأستاذ الدكتور/ فتحي والي المحامي, وفي أثناء انتظار حضور المحكم المسمى عن الشركة المحتكمة الدكتور/ شريف عبد الله قام أمين سر التحكيم بتسليم الأطراف قرار الهيئة الصادر بتاريخ 2014/7/16 بشأن زيادة أتعاب التحكيم, وطلب الحاضر عن الشركة المحتكم ضدها الرجوع إلى الشركة المحتكم ضدها, كما تحفظ الحاضر عن الشركة المحتكمة على مضمون القرار لحين العرض على موكله, وأثناء ذلك حضر الأستاذ/ محمد عبد الخالق على ويحمل كارنيه نقابة المحامين رقم 170803 مندوبا عن الدكتور/ شريف محمد عبد الله وسلم رئيس هيئة التحكيم مظروفا به مكتوب من عدة نسخ على ورق مكتب الدكتور/ شريف عبد الله وتحمل توقيعه وخاتم مكتبه ورد بها أن الدكتور/شريف محمد عبد الله شرف بالعمل مع هيئة التحكيم وأنه يتقدم باعتذاره عن هذا التحكيم لأسباب خاصة ويتقدم باعتذار خاص للدكتور/ عبد الحميد الأحدب لحضوره خصيصا من لبنان لجلسة اليوم وأبدى تمنياته بالتوفيق واستعداده لتسوية أية أتعاب يكون قد تقاضاها في هذا التحكيم بالقدر المناسب إن رأت هيئة التحكيم ذلك, وقد تأشر على هذه المخاطبة من رئيس هيئة التحكيم بما يفيد النظر والإرفاق بملف التحكيم وقرر رئيس هيئة التحكيم والمحكم المسمى عن الشركة المحتكم

117

ضدها وقف سير الإجراءات تعليقيا اعتبارا من تاريخ الجلسة لحين تسمية محكم آخر عن الشركة المحتكمة .

- وبتاريخ 2014/10/19 ورد إلى رئيس هيئة التحكيم من مكتب الوكيل القانوني للشركة المحتكمة (هورس للسياحة والسفر) بالبريد الإلكتروني مخاطبة تفيد قيام الشركة المحتكمة تعيين الأستاذ الدكتور/ أحمد فتحي سرور ـ مصري الجنسية ـ محكما عنها في النزاع بدلا من الأستاذ الدكتور/ شريف محمد عبد الله الذي اعتذر عن الاستمرار في المهمة التحكيمية بجلسة 2014 /7/17 وطلبت في نهاية الخطاب اتخاذ اللازم نحو الاستمرار في إجراءات التحكيم وتحديد موعد لجلسة قادمة .

- وبتاريخ 2014/10/20 ورد إلى مقر التحكيم السيد / حسام الدين سعيد عبد الجواد دسوقي وأفاد بأنه مدير مالي بشركة هورس للسياحة والسفر (المحتكمة) وقدم إلى أمين سر التحكيم خطابا من الشركة يفيد قيامها بتعيين الأستاذ الدكتور/ أحمد فتحي سرورـمصري الجنسيةـ محكما عنها في القضية التحكيمية عالية بدلا من الأستاذ الدكتور/ شريف محمد عبد الله الذي اعتذر عن استكمال المهمة التحكيمية بتاريخ 2014/7/17. هذا وقد أرفق مع الخطاب صورة ضوئية من الإيميل الصادر لرئيس هيئة التحكيم بتاريخ 2014/10/19 وصورة خطاب موجه من الشركة المذكورة إلى الأستاذ الدكتور/ أحمد فتحي سرور تضمن طلب موافقة سيادته على قبول المهمة التحكيمية كمحكم عن الشركة, وكذا صورة ضوئية لإقرار محكم بقبول المهمة التحكيمية منسوب إلى الأستاذ الدكتور/ أحمد فتحي سرور يقر فيه سيادته بقبول المهمة التحكيمية ويتعهد بالإلتزام بجميع سلوكيات المحكم وإقرار بالحيدة والإستقلال وبعدم وجود علاقة بينه وبين أطراف النزاع وعدم وجود أي من الظروف التي تدعو إلى الشك في حيدته واستقلاله .

- وبتاريخ 2014/10/24 اجتمعت هيئة التحكيم منفردة بحضـور الأسـتاذ الدكتور / أحمد فتحي سـرور المحكم المسـمى من شـركتكم (المحتكمة هورس للسياحة والسـفر) والذي أكد على قبوله للمهمة التحكيمية ووقع على نموذج الإقرار المعد لذلك وأثبت ما تقدم بمحضر الجلسة المخصصة عقدها لإستكمال تشكيل الهيئة .

هذا وقد اجتمعت الهيئة بتشــكيلها الجديد في ذات اليوم الجمعة الموافق 2014/10/24 وقررت, أولاـ تحديد جلسـة تحكيمية بحضـور الأطراف يوم الأربعاء الموافق 26 نوفمبر 2014 السـاعة الحادية عشر صباحا لسماع مرافعات الأطراف.

ثانياـ قررت هيئة التحكيم بالأغلبية بناء على قرار رئيس هيئة التحكيم الأستاذ الدكتور/ حسن عبد الباسط جميعي والمحكم المسـمى من الشـركة المحتكم ضدها الأسـتاذ الدكتور/عبد الحميد جلال الأحدب التأكيد على سريان قرارها بشأن زيادة الأتعاب.

- وبتاريخ 2014/10/24 ورد إلى رئيس هيئة التحكيم من الأسـتاذ الدكتور صـلاح الدين جمال الدين والأستاذ الدكتور محمود صـلاح الدين مصـيلحي خطابا بالبريد الإلكتروني تضـمن الإشـارة إلى ما تم مخاطبة الشركة المحتكمة به من كتاب محامي الشركة المحتكم ضدها بشأن الأتعاب وأن الشـركة المحتكمة لا توافق على زيادة الأتعاب وأنها سـبق وأن سـجلت اعتراضـها على ذلك

**118**

بمحضـــر جلســـة 2014/7/17, هذا وقد قام رئيس هيئة التحكيم بإخطار أعضـــاء هيئة التحكيم والشركة المحتكم ضدها بهذه المخاطبة عن طريق البريد المسجل والبريد الإلكتروني, وبخطابات بريدية.

ـ بتاريخ 2014/11/6 أرسل رئيس هيئة التحكيم إلى الأطراف عن طريق البريد الإلكتروني وبالبريد الحكومي خطابا تضمن أن مهلة سداد زيادة الأتعاب مناصفة بين الطرفين تنقضي يوم 2014/11/8, وأنه بحلول هذا اليوم وعدم سداد أي من الطرفين لحصته من زيادة الأتعاب يكون للطرف الآخر سداد كامل قيمة زيادة الأتعاب التي سبق وأن قررتها هيئة التحكيم بالأغلبية في 2014/7/16 والمسلم للأطراف في 2014/7/17, وذلك لموعد غايته 2014/11/22, وأنه إذا لم يتم سداد كامل قيمة زيادة الأتعاب الصادر بها قرار هيئة التحكيم, فإن التحكيم يكون موقوفا لحين سداد كامل الزيادة في الأتعاب وفقا لما ورد بالقرار, كما نبه رئيس هيئة التحكيم في ذات الخطاب على الأطراف أن أي مراسلات يتم إرسالها من الأطراف أو أعضاء هيئة التحكيم إلى رئيس هيئة التحكيم أو إلى أمين السر وكذلك أية مراسلات يتم إرسالها من رئيس هيئة التحكيم أو من أمين السر إلى أي من أطراف التحكيم أو أعضاء هيئة التحكيم يجب أن تتم على البريد الإلكتروني الخاص برئيس هيئة التحكيم, ولا يعتد بأي مراسلات إلكترونية صادرة أو واردة من أو إلى بريد إلكتروني آخر غيره اعتبارا من يوم الخميس 2014/11/6.

ـ بتاريخ 2014/11/8 قام رئيس هيئة التحكيم بمخاطبة الأطراف بأنه قد تم حجز قاعة الإجتماعات بنادي السيارات في الموعد المحدد للجلسة وأن جلسة التحكيم سوف تنعقد بتلك القاعة الساعة الحادية عشر صباحا.

ـ بتاريخ 2014/11/22 أرسل رئيس هيئة التحكيم لكل من أعضاء هيئة التحكيم وأطراف التحكيم مخاطبة بالبريد الحكومي والمعززة بالبريد الإلكتروني تضمنت بأن يوم السبت الموافق 2014/11/22 هو آخر المهلة المحددة للطرفين لسداد الزيادة المقررة للأتعاب وفقا لقرار هيئة التحكيم بالأغلبية السابق تسلم الأطراف له وأنه بانتهاء هذا الموعد وفي حالة عدم سداد كامل قيمة زيادة الأتعاب الصادر بها قرار هيئة التحكيم بالأغلبية فإن إجراءات التحكيم توقف إعمالا للقرار لحين سداد كامل قيمة زيادة الأتعاب الصادر بها قرار هيئة التحكيم بالأغلبية.

ـ بتاريخ 2014/12/4 ورد لرئيس هيئة التحكيم وعن طريق البريد الإلكتروني لمحامي الشركة المحتكمة مخاطبة تضمنت أن الشركة المحتكمة ترد السيد الدكتور /عبدالحميد جلال الأحدب المحكم المسمى عن المحتكم ضدهم عن نظر الدعوي التحكيمية, وأنها تطلب إرفاق وضم طلب الرد إلي ملف الدعوي التحكيمية, وإذا لم يتنحى خلال 15 يوما من تاريخه يحال الطلب الي المحكمة المختصة وجوبا لنظره والفصل فيه عملا بالمادة 19-1 من قانون التحكيم المصري .

ـ بتاريخ 2014/12/9 سلمت الشركة المحتكمة بمقر التحكيم طلب رد الأستاذ الدكتور / عبد الحميد جلال الأحدب المحكم المسمى من الشركة المحتكم ضدها والذي سبق إرساله من الشركة المحتكمة بالبريد الإلكتروني لمحاميها.

119

ـ وبتاريخ يوم الأربعاء الموافق 2014/12/10 إلى مقر التحكيم خطابا بالبريد المسجل مرفق بداخله طلب الرد المشار إليه.

ـ بتاريخ 2014/12/28 قام رئيس هيئة التحكيم بإحالة طلب الرد إلى محكمة استئناف القاهرة المختصة حيث قيد الطلب دعوى برقم 993 لسنة 131 ق وتحدد لنظره جلسة 2015/2/26 أمام الدائرة 50 تجاري محكمة استئناف القاهرة.

ـ بتاريخ 2015/1/14 وبمبادرة شخصية من رئيس هيئة التحكيم قام بدعوة كل من المحكم المسمى عن الشركة المحتكمة والمحكم المسمى عن الشركة المحتكم ضدها لإصدار قرار بالعدول عن قرار الإيقاف الصادر في الدعوى التحكيمية عاليه واقتراح تحديد جلسة بحضور الأطراف يوم الخميس الموافق 29 يناير 2015 في تمام الساعة الحادية عشر صباحا .

ـ وفي ذات اليوم الأربعاء الموافق 2015/1/14 تلقى رئيس هيئة التحكيم بريدا إلكترونيا من الأستاذ الدكتور / عبد الحميد الأحدب المحكم المسمى من الشركة المحتكم ضدها تضمن موافقة سيادته على مقترح رئيس الهيئة بالعدول عن قرار الإيقاف والاستمرار في نظر الدعوى التحكيمية.

ـ كما أفاد محكم المحتكمة الأستاذ الدكتور/ أحمد فتحي سرور بموافقته على قرار الهيئة بالعدول عن قرار إيقاف التحكيم وموافقته على مد مدة التحكيم لستة أشهر إضافية,وعلى عقد الجلسة التحكيمية في الموعد المحدد 29 يناير2015,لكنه اعتذر بعد ذلك لظروف خاصة, وطلب تأجيل الموعد وطلب تحديد جلسة في شهر فبراير 2015, ثم عاد و رفض أن يعقد أي جلسة إلا بعد حصوله على الأتعاب.

ـ بموجب مراسلة بالبريد الإلكتروني لرئيس هيئة التحكيم طلب الدكتور/ أحمد فتحي سرور المحكم المسمى من الشركة المحتكمة ضرورة تسوية حصته من الأتعاب السابق سدادها إلى المحكم المتنحي السابق تسميته من الشركة المحتكمة الدكتور/ شريف عبد الله حتى يتمكن من تحديد وحضور جلسة التحكيم المقبلة.

ـ وإنفاذا لما تقدم وفي محاولة من رئيس هيئة التحكيم لفض هذا النزاع فيما يخص أتعاب أ.د/ أحمد فتحي سرور, قام بمخاطبة الأطراف ومنهم الشركة المحتكمة هورس للسياحة والسفر بما أفاد به أ. د/ شريف عبد الله من ضرورة التنازل عن الدعوى التي أقيمت ضده إن وجدت والالتزام بعدم مطالبته بالأتعاب السابق سدادها إليه في جميع الأحوال,وعلى النحو الذي ينتهيان إليه,  بما يمكن معه تسليم الأستاذ الدكتور/ أحمد فتحي سرور حصته من هذه الأتعاب, وبالتالي أن يتاح لسيادته أن يحدد بالتشاور مع باقي أعضاء هيئة التحكيم موعدا للجلسة القادمة.

ـ بتاريخ 2015/2/4 ورد لرئيس هيئة التحكيم مكاتبة من الدكتور/ أحمد فتحي سرور بتنحيه عن المهمة التحكيمية.

بتاريخ 2015/2/5 خاطب رئيس هيئة التحكيم أطراف التحكيم ومحكم الشركة المحتكمة بمخاطبته التي أكد فيها على أنه, أولا:ـ أن هيئة التحكيم كانت قد انتهت قبل تنحي أ.د/ أحمد فتحي سرور , وفي ضوء ما أفاد به أ.د/ أحمد فتحي سرور تعقيبا على اقتراحات رئيس هيئة التحكيم بشأن إعادة

النظر في قرار زيادة الأتعاب, وفي ضوء موافقة أ.د/ عبد الحميد الأحدب, بإصدار قرار إعادة النظر في القرار السابق بزيادة الأتعاب وعدم طرح أي زيادة  سواء فيما يتعلق بأتعاب أ.د. أحمد فتحي سرور أو أي زيادة أخرى, إلا بموافقة الأطراف مع أحقية الهيئة في المطالبة بأية زيادة لا يوافق عليها الأطراف وفقا لما يقرره القانون. ثانيا:- التأكيد على ما سبق اتخاذه من قرارات بشأن: 1- إقالة التحكيم من الوقف وإعادة السير في الإجراءات اعتبارا من 2015/1/15. 2- مد مدة التحكيم ستة أشهر تالية لانتهاء مدته بالإضافة إلى مدد الإيقاف. 3- تحديد موعد جلسة بحضور الأطراف (والتي سبق وأن صدر قرار بعقدها بتاريخ 2015/1/27 وتأجل على النحو السابق بيانه حتى تنحي أ.د/ أحمد فتحي سرور).

ثالثا:- أنه وبالمخاطبة التي أرسلها أ.د/ أحمد فتحي سرور بالتنحي فإن التحكيم يعتبر موقوفا لحين تسمية محكم آخر عن الشركة المحتكمة وفقا لما يقرره القانون في هذا الشأن.

ـ بتاريخ الأربعاء الموافق 2015/2/18 ورد إلى مقر التحكيم خطاب من الأستاذ/ أحمد الدريني المحامي موجه إلى رئيس هيئة التحكيم وإلى الأستاذ الدكتور/ عبد الحميد الأحدب المحكم المسمى من المحتكم ضدها يفيد إلغاء التوكيلات المثبتة بمحضر جلسة 2014/7/17 المحررة بتوكيل من الجانب العراقي الممثل في السيد/ رئيس الوزراء العراقي والسيد/ وزير النقل العراقي والسيد/ مدير عام الخطوط الجوية العراقية لكل من الأستاذ الدكتور/ محمود سمير الشرقاوي والأستاذ الدكتور/ فتحي إسماعيل والي في التحكيم الحر المقام ضد الجانب العراقي من شركة هورس للسياحة والسفر وأفادت المخاطبة بأنه لا يعتد بأي مكاتبات أو مراسلات أو إجراءات من قبلهما ولا يترتب عليها أي آثار قانونية في حق المحتكم ضدهما حيث أنهما أصبحا لا يمثلان الجانب العراقي وأنه قد تم إخطارهما بذلك.

ـ بتاريخ يوم الاثنين الموافق 2015/10/5 حضر لمقر التحكيم السيد/ حسام الدين سعيد عبد الجواد دسوقي وأفاد أمين سر التحكيم بأنه المدير المالي للشركة المحتكمة (شركة) هورس للسياحة والسفر وسلمه خطاب من الشركة مؤرخ 2015/10/5 موجه إلى رئيس هيئة التحكيم يفيد أن الشركة المحتكمة قد وقع اختيارها على السيد المستشار/ أشرف محمد السعيد عيسى الرئيس بمحكمة استئناف القاهرة ومساعد وزير العدل محكما مسمى منها, وقد قام رئيس التحكيم بمخاطبة كل من المحكم المسمى عن الشركة المحتكم ضدها والشركة المحتكمة بما تقدم.

- بتاريخ 2015/10/20 ورد لرئيس هيئة التحكيم مخاطبة بريدية من الشركة المحتكم ضدها (الشركة العامة للخطوط الجوية العراقية) وتم تسليمها أيضا بخطاب بمقر التحكيم في ذات اليوم تعترض بموجبها على تعيين المستشار/أشرف عيسى محكما عن الشركة المحتكمة لكون سيادته مساعدا لوزير العدل ولم يقم بتقديم موافقة مجلس القضاء الأعلى على ذلك نفاذا لنص المادة 63 من قانون السلطة القضائية, كما تضمن الخطاب أيضا أنها تقدمت بطلب اعتراض إلى مكتب شئون التحكيم الدولي بوزارة العدل بهذا المضمون وأنها في انتظار نتيجة بحث الطلب وأرفقت صورة منه , وبذات التاريخ 2015/10/20 قام رئيس هيئة التحكيم بمخاطبة الأطراف ومحكم

121

الشـركة المحتكم ضـدها الدكتور/ عبد الحميد الأحدب وسـيادة المستشـار/ أشـرف محمد السـعيد عيسـى بالمخاطبة الواردة من الشركة المحتكم ضدها

- بتاريخ 2015/10/21 ورد لرئيس هيئة التحكيم عبر البريد الإلكتروني مخاطبة سيادة المستشار/ أشـرف محمد السـعيد عيسـى ردا على مخاطبة الشـركة المحتكم ضـدها  أفاد فيها سيادته بأنه وإن كان الأمر خاصـا به ولا يعني أي شـخص آخر غيره ولا تأثير له على موضـوع التحكيم , إلا أنه ينوه أنه بمجرد مخاطبته بترشيحه من قبل الشركة المحتكمة عرض الأمر على معالي وزير العدل لاتخاذ ما يراه مناسـبا في ضـوء القانون   تمهيدا لقبول المهمة أو عدم قبولها ,و بذات التاريخ 2015/10/21 قام رئيس هيئة التحكيم بإخطار الأطراف بما تقدم .

- بتاريخ 2015/10/27 ورد لرئيس التحكيم عن طريق البريد الإلكتروني مخاطبة الشـركة المحتكم ضدها ردا كتاب السيد الأستاذ المستشار/ أشرف محمد السعيد عيسى تضمنت أن الشركة تكن كل الاحترام لسيادته وللقضـاء المصري وتعتز بشموخه ورفعته وأن اعتراضها بخطابها السـابق ليس على شخص سيادته , وإنما متعلق بأمر قانوني وفقا لنص المادة 63 من قانون السلطة القضائية .

- بتاريخ2015/10/27 ورد أيضـا لرئيس التحكيم عن طريق البريد الإلكتروني مخاطبة من الأستاذ الدكتور / عبد الحميد الأحدب محكم الشـركة المحتكم ضـدها تضمـن أنه بعد الإطلاع على رسـالة شركة هورس بتاريخ 2015/10/5 الموجهة إلى رئيس التحكيم بتعيين الأستاذ المستشار/ أشرف محمد السعيد عيسى, وبالاطلاع على كتاب اعتراض شركة الخطوط الجوية العراقية وعلى كتاب سيادة المستشار أشرف محمد السعيد عيسى وعلى كتاب الشركة العامة للخطوط الجوية العراقية, فإنه بناء عليه فإن موضـوع اسـتئناف سـير التحكيم لا يكون مطروحا في الوقت الحاضـر طـالما أن الهيئة التحكيمية لم تكتمل بعد وطـالما أن المحكم المسـمى من الشـركة المحتكمة لم يحصـل على موافقة مجلس القضاء الأعلى.

<u>- بتاريخ 2015/12/30 ورد إلى رئيس هيئة التحكيم خطاب من السيد/ رئيس مجلس إدارة شـركة مصـــر للســياحة المؤرخ 2015/12/29 تضـــمن الإحاطة بأن لجنة التحفظ وإدارة أموال جماعة الإخوان المسـلمين المحظورة قد كلفت شـركة مصـر للسـياحة بالإشـراف والرقابة على بعض الشركات المتحفظ عليها التابعة للجماعة المحظورة ومن بين تلك الشركات شركة هورس للسياحة والسفر وذلك اعتبارا من 2015/10/25 ومن ثم أصبحت شركة مصـر للسياحة هي ذات الصـفة الرسمية في جميع التعاملات القانونية والقضائية والمادية الخاصة بشركة هورس للسياحة وتضمن الخطاب عدم التعامل مع شركة هورس للسياحة والسفر اعتبارا من تاريخ تسليم الخطاب إلا من خلال شـركة مصـر للسياحة تمهيدا لعرض كافة ما يتم اتخاذه من إجراءات بهذا الخصـوص على السادة لجنة التحفظ وإدارة أموال جماعة الإخوان المحظورة.</u>

- بتاريخ 2015/12/30 قام رئيس التحكيم بمخاطبة كل من الشـركة المحتكم ضـدها ومحكمها للإحاطة بالخطاب الوارد إليه من شركة مصر للسياحة وأرفق صورة من هذا الخطاب مع خطابه المرسل إليهما.

- بتاريخ 2015/10/31 ورد إلى رئيس هيئة التحكيم من محامي الشركة المحتكم ضدها الأولى الأستاذ/ احمد الديني مخاطبة بالبريد الإلكتروني وموجهة أيضا إلى الدكتور/ عبد الحميد الأحدب تضمنت الإفادة بأن لجنة التحفظ وإدارة أموال جماعة الإخوان المسلمين قامت بإصدار قرارها بالتحفظ على شركة هورس للسياحة والسفر, وعلى جميع فروع الشركة, وتم إسناد إدارة الشركة إلى شركة مصر للسياحة, وأنه حيث أن هذا القرار هو قرار قضائي فإنه يترتب عليه فقد الأهلية القانونية للشركة المحتكمة وتؤول إدارتها إلى شركة مصر للسياحة نفاذا للقرار وللمادة 802 من قانون الإجراءات الجنائية.

- بتاريخ 2016/1/14 ورد لرئيس هيئة التحكيم مخاطبة من شركة مصر للسياحة تفيد تعيين السيد المستشار الدكتور/ محمد ياسر أبو الفتوح محكما عن الشركة المحتكمة, وبذات التاريخ حرر سيادته إقرار بقبول المهمة التحكيمية و بحيدته و إستقلاليته.

ـ بتاريخ 2016/1/31 ورد لرئيس هيئة التحكيم مخاطبة من شركة مصر للسياحة تفيد تنحي السيد المستشار الدكتور/محمد ياسر أبو الفتوح.

ـبتاريخ 2016/3/14 ورد لرئيس هيئة التحكيم مخاطبة من شركة مصر للسياحة تفيد تعيين السيد المستشار/عزت خميس محكما عن الشركة المحتكمة.

ـ بتاريخ 2016/3/20 ورد لرئيس هيئة التحكيم مخاطبة من شركة مصر للسياحة تفيد تنحي السيد المستشار/عزت خميس.

ـ بتاريخ 2016/3/24 ورد لرئيس هيئة التحكيم مخاطبة من شركة مصر للسياحة تفيد تعيين السيد اللواء/ يوسف وصال محكما عن الشركة المحتكمة, وقد حرر سيادته إقرارا بقبول المهمة التحكيمية وبحيدته واستقلاليته, وحددت هيئة التحكيم يوم الخميس الموافق 2016/3/31 لعقد جلسة تحكيمية بعد اكتمال تشكيل هيئة التحكيم. وقد حضر في هذا التاريخ 2016/3/31كل من السيد الأستاذ/ هشام حسين شريف محمد زكي شريف الثابت شخصيته ببطاقة الرقم القومي رقم 26009282400176 بصفته المشرف التنفيذي المفوض من شركة مصر للسياحة على النحو الثابت بمستخرج السجل التجاري رقم 6656 الخاص بشركة هورس للسياحة والسفر بتاريخ 2016/3/14, والذي قدم صورته الضوئية رفق صورة بطاقة الرقم القومي, كما حضر  كل من الأستاذ/ محمد إبراهيم العتر المحامي بالنقض كارنية نقابة المحامين رقم 142289 والأستاذ/ أحمد أنور أحمد عوض المحامي بالاستئناف كارنيه نقابة المحامين رقم 218351 بالتوكيل الرسمي رقم 79/د لسنة 2014 مكتب توثيق الوايلي, وذلك بصفتهما وكيلين عن السيد الأستاذ/ رئيس مجلس إدارة شركة مصر للسياحة الشركة التي تم إسناد إدارة شركة هورس للسياحة والسفر (المحتكمة) لها من قبل لجنة إدارة أموال جماعة الإخوان المسلمين وحاضرين مع السيد/ هشام حسين شريف محمد زكي شريف الذي أقر بوكالتهما أيضا عن شركة مصر للسياحة بصفتها المفوض بإدارة شركة هورس للسياحة والسفر (المحتكمة), كما حضر عن الشركة العامة للخطوط الجوية العراقية (المحتكم ضدها الأولى) الأستاذ/ أحمد الديني عبد العزيز محمود المحامي بتوكيل سابق الإثبات. وقد أحاطر رئيس هيئة التحكيم السادة الحضور

123

علما بأن أ.د / يوسف احمد وصال يوسف قد اتصل به في وقت متأخر من مساء اليوم السابق على تاريخ هذه الجلسة الموافق الأربعاء 2016/3/30 يعتذر عن حضور جلسة ذلك اليوم الخميس 2016/3/31 مما أدى إلى إخطار أ.د/ عبد الحميد الأحدب محكم الشركة المحتكم ضدها بذلك في وقت متأخر جدا من مساء اليوم السابق على تاريخ تلك الجلسة والذي أفاد بأن حضوره سيكون مشقة بغير فائدة, وأنه وبالنظر إلى تأخر وقت اعتذار أ.د / يوسف احمد وصال محكم الشركة المحتكمة عن حضور تلك الجلسة  وأنه لم تكن هناك فرصة لإخطار الأطراف بذلك, وأنه سيتم تأجيل الجلسة إلى موعد لاحق يتم إخطار الأطراف به فيما بعد.

- في أعقاب ما تقدم وأثناء التراسل بشأن عقد جلسة تحكيمية أخرى خاطبت شركة مصر للسياحة - بصفتها صاحبة الصفة في التقاضي المفوضة في إدارة الشركة المحتكمة المتحفظ عليها - رئيس هيئة التحكيم بأن الدكتور/ يوسف وصال قد تنحى عن مهمته التحكيمية بتاريخ  2016/3/30, و قد خاطب رئيس هيئة التحكيم الأطراف ومحكم المحتكم ضدهما بذلك, كما خاطبهم بالصورة الضوئية التي سلمتها إليه لجنة التحفظ من خطاب تنحي الدكتور يوسف وصال, وبذلك يكون التحكيم موقوفا من السير منذ تاريخ تنحيه.

ـ بتاريخ 2016/7/29 تنحى الدكتورعبد الحميد الأحدب عن المهمة التحكيمية, ثم وبتاريخ 2016/10/14 عدل الدكتور عبد الحميد الأحدب عن التنحي مقررا في خطاب العدول أنه قد عدل عن التنحي استجابة لطلب وزير العدل العراقي.

- بتاريخ 2017/3/27 قدم رئيس هيئة التحكيم الأستاذ الدكتور/ حسن عبد الباسط جميعي تنحيا عن المهمة التحكيمية من أجل إيقاف الإساءات الناجمة عن استمرار دعوى العزل التي كانت أقامتها شركة هورس للسياحة و السفر قبل التحفظ عليها, وحتى ينأى بنفسه عن تلك الإساءات.

- بتاريخ 2017/3/30 قدم الأستاذ الدكتور عبد الحميد الأحدب تنحيا عن المهمة التحكيمية متبنيا ذات الأسباب والدوافع التي أقام الأستاذ الدكتور /حسن عبد الباسط جميعي تنحيه على أساس منها.

- بتاريخ 2022/3/22 أصدرت الدائرة الثانية تجاري محكمة استئناف القاهرة حكما برفض إنهاء مهمة الأستاذ الدكتور/حسن عبد الباسط جميعي رئيس هيئة التحكيم وبرفض إنهاء مهمة الأستاذ الدكتور عبد الحميد الأحدب/ المحكم المسمى من المحتكم ضدهما, كما أصدرت هذه الدائرة أيضا وبتاريخ 2022/9/22 حكما برفض دعوى الإغفال التي أقامتها الشركة المحتكم ضدها الأولى لطلب الفصل في تنحي رئيس هيئة التحكيم و المحكم المسمى من المحتكم ضدهما والطلبات الأخرى التي تضمنتها الدعوى الأصلية, و قد تضمن حكم رفض دعوى الإغفال سبق فصل المحكمة مصدرة الحكم برفض إنهاء مهمتيهما رفض جميع الطلبات و منها رفض إثبات تنحيهما لسبق الفصل في شأنه برفض التنحي بموجب حكم بات,(وقد قدمت الشركة المحتكمة بذلك حافظة مستندات تضمنت هذه الأحكام,وذلك رفق مذكرتها المقدمة بتاريخ 2023/6/20.

- بتاريخ 2023/2/7 ورد لرئيس هيئة التحكيم خطاب صادر من لجنة إجراءات التحفظ والإدارة والتصرف في أموال الجماعات الإرهابية والإرهابيين ورد فيه ما نصه أنه "نفاذا للحكم الصادر من محكمة القاهرة للأمور المستعجلة في الدعوى رقم 2315 لسنة 2013 مستعجل القاهرة, وإيماء

124

إلى القانون رقم 22 لسنة 2018 بتنظيم إجراءات التحفظ والحصر والإدارة والتصرف في أموال الجماعات الإرهابية والإرهابيين, وبالإشارة إلى التحكيم الحر المرفوع من شركة هورس للسياحة والسفر المتحفظ عليها بموجب الأمر الوقتي رقم 1 لسنة 2018 ضد الشركة العامة للخطوط الجوية العراقية. ونظرا لسبق اختيار الدكتور/ شريف محمد عبد الله مأمون محكما مسما عن شركة هورس للسياحة والسفر وقد قام بالتنحى. وقد صدر بتاريخ 2023/2/5 قرار اللجنة بإعادة ترشيح الدكتور/ شريف محمد عبد الله مأمون محكما مسما عن شركة هورس للسياحة والسفر وقد قبل الترشح بموجب كتابه المؤرخ 2022/2/6. وفي ضوء استكمال تشكيل هيئة التحكيم برئاستكم وعضوية السيد الدكتور/ عبد الحميد جلال الأحدب المحكم المسمى من الشركة العامة للخطوط الجوية العراقية, وعودة التحكيم للسير في ضوء ما تقدم. نحيطك علما بأن هيئة قضايا الدولة هى الممثل القانونى عن الشركة المحتكمة بشأن التحكيم المشار إليه المقام من الشركة المتحفظ عليها والتي تمثلها اللجنة قانونا في التقاضى أمام المحاكم وهيئات التحكيم, وبالتالى بالحضور والمرافعة وإيداع المذكرات والمستندات وكل ما يلزم قانونا بخصوص هذا التحكيم. وذلك لاتخاذ الإجراءات اللازمة قانونا والالتزام بالاستمرار في متابعة التحكيم وعقد جلساته. ومرفق طى كتابنا صورة من قرار اللجنة الصادر بترشيح الدكتور/ شريف محمد عبد الله وصورة من قبوله الترشيح, وذلك لاتخاذ الإجراءات اللازمة قانونا والالتزام بالاستمرار في متابعة سير التحكيم وعقد جلساته وكذا مخاطبة هيئة قضايا الدولة على العنوان الكائن 42 شارع جامعة الدول العربية ـ المهندسين ـ الجيزة".

هذا وقد أرفقت اللجنة بخطابها سالف البيان:

أـ صورة من القرار رقم (2) لسنة 2023المؤرخ 2023/2/6 والصادر من السيد الأستاذ المستشار/ رئيس اللجنة متضمنا في مادته الأولى ترشيح السيد الأستاذ/ شريف محمد عبد الله محكما مسما عن شركة هورس للسياحة والسفر(المتحفظ عليها بموجب الأمر الوقتي الرقيم 1 لسنة 2018) في التحكيم الحر المقام من الشركة سالفة الذكر ضد الشركة العامة للخطوط الجوية العراقية.

بـ صورة من خطاب السيد الدكتور/ شريف محمد عبد الله الموجه إلى السيد الأستاذ المستشار رئيس لجنة التحفظ والإدارة والتصرف في أموال الجماعات الإرهابية والإرهابيين بقبول سيادته ترشحه ويقر بالحيدة والاستقلالية والتعاون الكامل مع هيئة التحكيم المشكلة.

ـ بتاريخ 2023/2/7 قام الأستاذ الدكتور/شريف محمد عبد الله المحكم المسمى عن الشركة المحتكمة (هورس للسياحة والسفر المتحفظ عليها) بالتوقيع على إقرار قبوله للمهمة وقدم بتسليمه إلى السيد الأستاذ الدكتور/ حسن عبد الباسط جميعي بصفته رئيس هيئة التحكيم.

ـإستنادا إلى ما سبق قام السيد الدكتور/ شريف محمد عبد الله المحكم المسمى عن الشركة المحتكمة (هورس للسياحة والسفر المتحفظ عليها) بتاريخ 2023/2/7 بتوجيه مخاطبة إلى السيد الأستاذ الدكتور/ حسن عبد الباسط جميعي بصفته رئيس هيئة التحكيم أو ضح فيها أنه قام بإجراء اتصال هاتفي مع الأستاذ الدكتور/ عبد الحميد جلال الأحدب بصفته المحكم المسمى من الشركة العامة





125

للخطوط الجوية العراقية المحتكم ضدها اتفقا من خلاله على التأكيد على اختيار أ.د/ حسن عبد الباسط جميعي رئيسا لهيئة التحكيم, وقبولهما بذلك.

- بتاريخ 2023/2/7 وعبر البريد الإلكتروني قام أ.د/ عبد الحميد الأحدب بصفته المحكم المسمى من الشركة العامة للخطوط الجوية العراقية المحتكم ضدها بتوجيه مخاطبة إلى السيد الأستاذ الدكتور/ حسن عبد الباسط جميعي بصفته رئيس هيئة التحكيم تضمنت ذات ما ورد بمخاطبة الدكتور/ شريف محمد عبد الله المحكم المسمى عن الشركة المحتكمة (هورس للسياحة والسفر المتحفظ عليها) بتاريخ 2023/2/7 .

ـاجتمع كل من الأستاذالدكتور/ حسن عبد الباسط جميعي بصفته رئيس هيئة التحكيم و الأستاذ الدكتور/ شريف محمد عبد الله المحكم المسمى عن الشركة المحتكمة (هورس للسياحة والسفر المتحفظ عليها) في ضوء ما تقدم وفي ضوء اكتمال تشكيل هيئة التحكيم, وتم التواصل هاتفيا مع الأستاذ الدكتور/ عبد الحميد الأحدب بصفته المحكم المسمى من الشركة العامة للخطوط الجوية العراقية المحتكم ضدها حيث انتهت هيئة التحكيم إلى اتخاذ قرارها بعقد جلسة تحكيم بحضور أطراف التحكيم ليتمكنوا من مباشرة ما يعن لهم من المرافعات وتقديم المذكرات و المستندات , وذلك يوم الخميس الموافق 2023/2/16 في تمام الساعة الواحدة ظهرا, هذا وقد تقرر عقد الجلسة في هذا التاريخ بقاعة بيزنس سنتر الرئيسية (1) الكائنة بفندق توليب النرجس,شارع التسعين الجنوبي -التجمع الخامس- بوابة رقم 4.

- بتاريخ 2023/2/8 وإنفاذا لقرار هيئة التحكيم قام السيد الأستاذ الدكتور/ حسن عبد الباسط جميعي رئيس هيئة التحكيم بإرسال مخاطبة بالبريد إلى السيد الأستاذ المستشار/ رئيس هيئة قضايا الدولة بصفة الهيئة هي الممثل القانوني للشركة المحتكمة بناء على قرار التحفظ والحصر والإدارة والتصرف في أموال الجماعات الإرهابية والإرهابين ليعلم الهيئة بقرار هيئة التحكيم عقد جلسة تحكيم بحضور أطراف التحكيم ليتمكنوا من مباشرة ما يعن لهم من المرافعات وتقديم المذكرات والمستندات , وذلك يوم الخميس الموافق2023/2/16 في تمام الساعة الواحدة ظهرا, هذا وقد تقرر عقد الجلسة في هذا التاريخ بقاعة بيزنس سنتر الرئيسية (1) الكائنة بفندق توليب النرجس ـ شارع التسعين الجنوبي ـ التجمع الخامس ـ بوابة رقم 4, ودعوتها للحضور في الموعد والمكان المذكورين.

- بذات التاريخ أيضا 2023/2/8 قام السيد الأستاذ الدكتور/ حسن عبد الباسط جميعي رئيس هيئة التحكيم بمخاطبة الشركة المحتكم ضدها (الشركة العامة للخطوط الجوية العراقية) على عنوانها (وفقا للإنذار القضائي السابق توجيهه منها إلى رئيس هيئة التحكيم بتاريخ 2022/4/18 الذي أخطرته بموجبه بتعديل عنوان مراسلتها البريدي, وكذلك تعديل عنوان البريد الالكتروني), ليعلم الشركة بقرار هيئة التحكيم عقد جلسة تحكيم بحضور أطراف التحكيم ليتمكنوا من مباشرة ما يعن لهم من المرافعات وتقديم المذكرات و المستندات, وذلك يوم الخميس الموافق2023/2/16 في تمام الساعة الواحدة ظهرا, هذا وقد تقرر عقد الجلسة في هذا التاريخ بقاعة بيزنس سنتر الرئيسية (1) الكائنة



126

بفندق توليب النرجس, شارع التسعين الجنوبي-التجمع الخامس-بوابة رقم 4, ودعوتها للحضور في الموعد والمكان المذكورين.

بتاريخ 3023/2/9 تم تسليم هيئة قضايا الدولة ذات المخاطبة التي أرسلت لها بالبريد إلى السيد الأستاذ المستشار/رئيس هيئة قضايا الدولة بصفة الهيئة هي الممثل القانوني للشركة المحتكمة, وذلك في مقر الهيئة.

ـ بتاريخ 2023/2/9 قام رئيس هيئة التحكيم أيضا بمخاطبة لجنة إجراءات التحفظ والإدارة والتصرف في أموال الجماعات الإرهابية والإرهابيين بأنه قد تم مخاطبة هيئة قضايا الدولة بصفتها الممثل القانوني للشركة المحتكمة في التحكيم لدعوتها لحضور جلسة التحكيم في الموعد والمكان سالفي البيان.

ـ بتاريخ 2023/2/9 قام رئيس هيئة التحكيم السيد الأستاذ الدكتور/ حسن عبد الباسط جميعي أيضا بمخاطبة السيد الأستاذ/ أحمد الدريني بصفته الوكيل القانوني للسيد/ وزير النقل العراقي, ليعلمه بقرار هيئة التحكيم عقد جلسة تحكيم بحضور أطراف التحكيم ليتمكنوا من مباشرة ما يعن لهم من المرافعات وتقديم المذكرات و المستندات, وذلك يوم الخميس الموافق2023/2/16 في تمام الساعة الواحدة ظهرا, هذا وقد تقرر عقد الجلسة في هذا التاريخ بقاعة بيزنس سنتر الرئيسية (1) الكائنة بفندق توليب النرجس ـ شارع التسعين الجنوبي ـ التجمع الخامس ـ بوابة رقم 4, ودعوتها للحضور في الموعد والمكان المذكورين.

ـ بتاريخ 2023/2/16 عقدت جلسة مرافعة بحضور هيئة التحكيم بكامل تشكليها, وبحضور الأطراف حيث حضر عن الشركة المحتكمة (المتحفظ عليها) السيد الأستاذ المستشار/ ياسر عبد الفتاح السيد احمد, المستشار بهيئة قضايا الدولة, كما حضر عن الشركة المحتكم ضدها السيد الأستاذ/ احمد الدريني عبد العزيز, بتوكيل سابق الإثبات, وقدم دفعا عن وزير النقل العراقي بأن المخاطبة لم تُوجه إلى وزير النقل العراقي كما يوجب القانون عن الطريق الدبلوماسي بمقر وزارة النقل العراقية في بغداد, جمهورية العراق, وليس بمقر شـركة الخطوط الجوية العراقية بجمهورية مصر العربية.

ـ وفي بداية الجلسة استعرض رئيس هيئة التحكيم سيادة الأستاذ الدكتور/ حسن عبد الباسط جميعي مجريات التحكيم حتى تاريخ عقد هذه الجلسة اليوم الخميس الموافق 2023/2/16, وأوضح سيادته أنه وفقا للمواعيد الإجرائية التي سـبق وأن حددتها هيئة التحكيم, فقد قدم كل طرف ما لديه من مذكرات ومستندات وأوجه دفاع ودفوع على النحو المبين بمحاضر جلسات التحكيم السابقة وملف الدعوى التحكيمية.

وقد سمحت هيئة التحكيم لمن يرغب من الطرفين بالإضافة إلى ما تقدم, في المرافعة وتقديم ما يعن له من مذكرات ومستندات, وبدأ الحاضر عن الشركة المحتكمة بالمرافعة وقرر انه يتمسك بكافة ما سبق وأن قدمته الشركة المحتكمة من أوجه دفاع ودفوع وبحجية المستندات المقدمة من الشركة





127

المحتكمة طوال مراحل الدعوي, وطلب إحالة التحكيم لخبير مختص, وقرر أنه يفوض عدالة هيئة التحكيم في تحديد هذا الخبير.

ـ كما قام الحاضر عن الشركة المحتكم ضدها بإبداء مرافعته وقرر أنه يعترض على المدة التي مُنحت للشركة المحتكم ضدها لحضور هذه الجلسة وطلب مراعاة أن الشركة المحتكم ضدها هي شركة أجنبية وتمثلها حكومة دولة أجنبية ويجب مراجعتها واتخاذ القرار المناسب لإبدائه في الجلسة, وطلب أجلا واسعا لا يقل عن شهرين للرجوع للحكومة العراقية والشركة العامة للخطوط الجوية ببغداد لمناقشة الأمر معها والرجوع إلي السيد رئيس وزراء العراق لاتخاذ القرار المناسب في هذا الشأن.

وبعد سماع المرافعات والاطلاع على الأوراق والمستندات والمناقشة والمداولة قانونا بين أعضاء هيئة التحكيم قررت هيئة التحكيم القرارات الأتية:

أولا:ـ حددت هيئة التحكيم أتعاب المحكم عن الشركة المحتكمة أ.د/ شـريف محمد عبد الله بمبلغ ثلاثمائة وتسعون ألف دولار أمريكي يسدد الطرف المحتكم نصفها ويسدد المحتكم ضدهما النصف الآخر خلال مهلة أقصاها خمس عشرة يوما من تاريخ هذه الجلسة, فإذا لم يسدد أي طرف حصته في هذه الأتعاب يكون للطرف الآخر أن يسددها نيابة عنه خلال مدة أقصـاها خمس عشـرة يوما التالية لانقضاء المهلة الأولى.

ثانيا:ـ وقبل الفصـل في موضـوع الطلبات المبداه في الدعوى التحكيمية, وقبل الفصـل في أوجه الدفاع والدفوع المبداة من المحتكم ضدهما قررت هيئة التحكيم ندب خبير في الدعوي التحكيمية.

لذلك وبعد سـماع المرافعات والاطلاع على الأوراق والمسـتندات والمناقشـة والمداولة قانونا بين أعضـاء هيئة التحكيم, فقد قررت هيئة التحكيم ندب مكتب الأسـتاذ/ نصـر أبو العباس وشـركاه أعضاء موريسون جلوبال العالمية الكائن مقره 2 ميدان الإسماعيلية ـــ مصر الجديدة ـــ القاهرة, خبيرا في الدعوي التحكيمية للاطلاع على أوراق الدعوى التحكيمية ومسـتنداتها, وما عسـى أن يقدمه له الأطراف من دفاع ومسـتندات أخرى, وسـماع شـهود كل منهما دون حلف يمين, وذلك لبيان ما يلي:

1-العلاقة بين الطرفين من حيث تاريخ نشـأتها ومدتها والتزامات كل منهما قِبل الآخر وفقا للعلاقة التعاقدية موضوع النزاع.

2-بيان مدى تنفيذ كل طرف لالتزاماته التعاقدية, وبيان أوجه الإخلال بالالتزامات إن وجد.

3- وفي حالة وجود إخلال من جانب المحتكم ضدهما بيان ما إذا كان للشركة المحتكمة أحقية في التعويض من عدمه من حيث الخطأ والضـرر وعلاقة السـببية, وفي هذه الحالة بيان مقدار التعويض وعناصـره في ضـوء ما لحق المحتكمة من خسـارة وما فاتها من كسـب وسـند ذلك, وبالجملة بيان عناصر الدعوى وتحقيق دفاع الأطراف فيها وصرحت هيئة التحكيم للخبير المنتدب في سـبيل أداءِ مهمته الانتقال إلى أي جهة حكومية أو غير حكومية يرى الانتقال إليها للإطلاع

**128**

على ما لديها من أوراق أو مستندات تتعلق بالدعوى يرى الإطلاع عليها وسماع أقوال الطرفين, ومن يرى لزوما لسماع أقواله دون حلف يمين, وبالجملة اتخاذ ما يراه لازما لكشف الحقيقة في النزاع.

ثانيا/أ:- قررت هيئة تحديد أتعاب الخبير في ضوء المطالبة التي يقدمها للهيئة على أن تسدد أتعاب الخبير من مصروفات التحكيم.

ثانيا/ب:- يودع الخبير بمقر التحكيم خلال مدة أقصاها خمسة وأربعون يوما من تاريخ استلامه أوراق الدعوى من مقر التحكيم تقريرا كتابيا من سبع نسخ موقعة منه بالنتيجة النهائية التي توصل إليها.

ثانيا/ج:- على أمانة سر التحكيم فور إيداع الخبير لتقريره الكتابي إرسال تقرير الخبير إلى الأطراف بالبريد السريع الحكومي أو الخاص.

ثانيا/ د:- صرحت هيئة التحكيم لمن يشاء من الأطراف خلال أسبوع يبدأ من اليوم التالي لتاريخ إخطاره بالتقرير تقديم مذكرات ومستندات بدفاعهم ودفوعهم تتضمن التعقيب على تقرير الخبير.

ثالثا:-تحدد هيئة التحكيم إن رأت الهيئة لذلك مقتضى فيما بعد انتهاء الآجال السابقة موعدا يتم إخطار الأطراف به لجلسة مرافعة أخيرة بحضور الأطراف.

رابعا:- تنسخ صورة موقعة من هيئة التحكيم من قرارات الهيئة المبينة بالبندين ثانيا وثانيا/أ , وثانيا ب, ورابعا بمحضر هذه الجلسة يتم تسليمها بمعرفة أمانة السر للخبير مرفق بها صورة من ملف الدعوي ليباشر المأمورية على أساسها.

صدر هذا القرار بإجماع الأراء وبعد الإطلاع على أوراق الدعوى وسماع المرافعة وبعد المداولة, وتسلم كل طرف من أطراف الدعوى التحكيمية نسخة موقعة منه.

ـ وبما تقدم فقد اختتمت أعمال الجلسة في تمام الساعة الثانية والنصف ظهرا

إلا أنه وعقب ما تقدم أبدي الأستاذ/ احمد الدريني المحامي الثابت حضوره كما تقدم, والثابت تقديمه الدفع عن وزير النقل العراقي علي النحو السابق رغبته في إضافة تحفظ مفاده التحفظ علي الطريقة التي تم بها ترشيح السيد/ محكم المحتكم ضدها حيث لم يتم إعادة ترشيحه, الشركة المحتكم ضدها وبذات الآلية التي تم إعادة ترشيح رئيس هيئة التحكيم.

كما أبدي طلبا بأن تكون مهلة الرد علي تقرير الخبير أسبوعين بدلا من أسبوع وبناء عليه وافقت الشركة المحتكمة علي ذلك وقد قررت الهيئة اعتمادها هذا الأجل.

وبما تقدم فقد اختتمت أعمال الجلسة في تمام الساعة الثانية والنصف ظهرا وتم التوقيع عليها من الحاضرين من بعد قراءتهم ومراجعتهم لمحضر الجلسة.

- بتاريخ 2023/2/18 وإنفاذا لقرار هيئة التحكيم قام رئيس هيئة التحكيم بمخاطبة مكتب المحاسب نصر أبو العباس أحمد وشركاه لإخطاره بقرار الهيئة وأرفق مع المخاطبة نسخة من أوراق



129

الدعوى تتضمن صورة من محاضر الجلسات وصورة من بيان الدعوى التحكيمية والرد عليها وصورة من المذكرات المتبادلة بين أطراف التحكيم وصورة من الحوافظ المرفقة المقدمة من أطراف التحكيم ومن ضمنها خمسة كراتين جميعها صور ضوئية مقدمة من الشركة المحتكمة.

-بتاريخ 2023/2/20 خاطب مكتب الخبرة رئيس هيئة التحكيم بقبول المهمة وبأنه قد حدد يوم الثلاثاء الموافق 2023/2/28 موعدا لعقد جلسة الخبرة الأولى بمقر مكتب الخبرة وأنه قد خاطب الأطراف بذلك.

- بتاريخ 2023/2/22 خاطب رئيس هيئة التحكيم الأطراف لتعزيز مخاطبة الخبير بأنه قد تحدد يوم الثلاثاء الموافق 2023/2/28 موعدا لعقد جلسة الخبرة الأولى بمقر مكتب الخبرة.

-بتاريخ 2023/2/23 ورد لرئيس هيئة التحكيم بريدا إلكترونيا من السيد/ الخبير يفيد تأجيل جلسة الخبرة التي كان مقرر لعقدها يوم الثلاثاء الموافق 2023/3/7.

ـ بتاريخ 2023/2/24 ورد لرئيس هيئة التحكيم بريدا إلكترونيا آخر من السيد/ الخبير يفيد اعتذاره عن المهمة لمرض عارض يحتاج إلى جراحة وراحة طويلة وأن الأمر يستلزم السفر للخارج لاستكمال العلاج.

-بتاريخ 2023/2/26 خاطب رئيس هيئة التحكيم الأطراف بما تقدم وباعتذار الخبير عن المهمة وأنه بعد المداولة بين هيئة التحكيم انتهت الهيئة إلى قبول اعتذار الخبير وإلغاء مواعيد وإجراءات جلسة الخبرة التي كان مقرر عقدها, كما تضمنت المخاطبة أيضا أنه وردت إلى رئيس هيئة التحكيم مخاطبة بالبرد الإلكتروني أعقبها إنذار على يد محضر من الدكتور / محمد حمودة أرفق بها صور التوكيلات القضائية وقرر فيها بأنه الوكيل القانوني عن كل من الشركة العامة للخطوط الجوية العراقية والسيد وزير النقل العراقي بصفته وما طلبه من لزوم المخاطبة في مواجهته بإجراءات التحكيم والجلسات وأنه لذلك فقد تقرر إضافة المخاطبة لوزير النقل والشركة العامة للخطوط الجوية العراقية في مواجهة وكيلهما القانوني الدكتور/ محمد حمودة .

-بتاريخ 2023/3/5 ورد لمقر التحكيم مخاطبة بالبريد من الدكتور/ محمد حمودة المحامي بصفته وكيلا عن كل من السيد/ وزير النقل العراقي والشركة العامة للخطوط الجوية العراقية يطلب فيها تحديد موعد ومكان لاطلاعه بشكل عاجل على كافة الإجراءات التي اتخذت لاستئناف سير التحكيم وما تم من إجراءات بجلسات نظرها والتي كان أخرها جلسة 2023/2/16.

-خاطب رئيس هيئة التحكيم الدكتور/ محمد حمودة المحامي بصفته وكيلا عن كل من السيد/ وزير النقل العراقي والشركة العامة للخطوط الجوية العراقية محددا يوم الأحد الموافق 2023/3/12 الساعة السابعة والنصف مساء بمقر التحكيم الكائن بالعقار 7 شارع الفضل-طلعت حرب-القاهرة, موعدا لاطلاعه على كافة الإجراءات التي اتخذت لاستئناف سير التحكيم وما تم من إجراءات بجلسات نظرها والتي كان أخرها جلسة 2032/2/16.



130

ـبتاريخ الأحد الموافق 2023/3/12 الساعة السابعة والنصف مساء حضر إلى مقر التحكيم الأستاذ/ محمد سعيد محمود حسنين المحامي كارنية نقابة المحامين رقم 293361 بطاقة رقم قومي رقم 28305060102032 بالتوكيل رقم 3960/أ لسنة 2022 توثيق مكتب نقابة المحامين بالجيزة بصفته وكيلا عن الأستاذ/ ياسر مكاوي محمد مكاوي بصفته وكيلا عن الدكتور/ محمد مصطفي حسين حمودة بالتوكيل رقم 4995/ب لسنة 2006 توثيق الأهرام النموذجي, وقدم صورة من التوكيلات سالفة البيان, كما قام بتقديم صورة رسمية من التوكيل الصادر من مدير عام الخطوط الجوية العراقية برقم 739 في 2017/3/9 للدكتور/ محمد مصطفي حسين حمودة والمودع بمحضر الإيداع الرسمي رقم 2965/ب لسنة 2017 مكتب توثيق نقابة المحامين.

كما قدم أيضا صورة رسمية طبق الأصل من التوكيل رقم 150 بتاريخ 2017/3/7 الصادر من السيد/ وزير النقل العراقي للدكتور/ محمد مصطفي حسين حمودة والمودع بمحضر الإيداع الرسمي رقم 2964/ب لسنة 2017 مكتب توثيق نقابة المحامين, وقرر أنه قدم هذه التوكيلات سالفة البيان لإيداعها ملف التحكيم, وتأكيد صفة أ.د/ محمد مصطفي حمودة ومن يقوم بتوكيله من المحامين في التحكيم بوصفه الوكيل القانوني وجهة التخاطب التي توجه إليها المخاطبات والمراسلات والإعلانات بشأن التحكيم في شأن كل من الشركة العامة للخطوط الجوية العراقية والسيد الأستاذ/ وزير النقل العراقي (المحتكم ضدهما) وتم اطلاعه واستلامه صورة من الأوراق الخاصة بكافة الإجراءات التي اتخذت لاستئناف سير الدعوى التحكيمية وما تم من إجراءات بجلسات نظرها, وفقا للطلب المقدم من الدكتور/ محمد مصطفي حسين حمودة في هذا الشأن.

- بتاريخ 2023/3/7 قررت هيئه التحكيم تعيين شركة نادر وطارق الهلالي ـ محاسبون قانونيون ومستشارون خبيرا آخر في الدعوى التحكيمي بدلا من الخبير المعتذر, لمباشرة المأمورية الواردة بالحكم التمهيدي.

- بتاريخ 2023/3/8 قام رئيس هيئة التحكيم بمخاطبة الخبير الجديد شركة نادر وطارق الهلالي ـ محاسبون قانونيون ومستشارون لإخطاره بقرار هيئة التحكيم بتعيين الشركة خبيرا في الدعوى التحكيمية.

- بتاريخ 2023/3/8 تم تسليم الخبير الجديد نسخة من أوراق التحكيم ودعوته إلى البدء في مباشرة المأمورية.

- بتاريخ 2023/3/24 خاطب رئيس هيئة التحكيم أطراف التحكيم بقرار هيئة التحكيم بأنه وبالنظر إلى عدم سداد أي من أطراف التحكيم لحصته من أتعاب المحكم المسمى من المحتكم ضدهما السابق صدور قرار بها بجلسة التحكيم المنعقدة بتاريخ 2023/2/16 التحكيم فقد أمهلت هيئة أطراف التحكيم ليسدد كل منهم نصيبه من الأتعاب لموعد ينتهي في 31 مارس 2023, فإذا لم يقم أي من الطرفين نصيبه من الأتعاب يكون للطرف الأخر السداد لما تخلف عنه الطرف الأخر في موعد غايته السابع من إبريل 2023, وأنه في حالة عدم سداد كامل اتعاب المحكم المسمى عن المحتكم ضدهما خلال المهل السابقة, فإن لهيئة التحكيم أن تتخذ ما تراه مناسبا من الإجراءات.

**131**

-بتاريخ 2023/4/9 خاطب الخبير رئيس هيئة التحكيم لطلب مد مهلة الخبرة إلى موعد غايته 2023/5/30.

ــ بتاريخ 2023/4/17 خاطب رئيس هيئة التحكيم الأطراف بصورة من خطاب الخبير بطلب مهلة الخبرة إلى 2023/5/30 وبقرار هيئة التحكيم مد مهلة الخبرة إلى موعد غايته 2023/5/20.

- بتاريخ 2023/5/15 خاطب رئيس هيئة التحكيم أطراف التحكيم بقرار هيئة التحكيم بأنه وبالنظر إلى عدم سداد أي من أطراف التحكيم حصته من أتعاب المحكم المسمى من المحتكم ضدهما والبالغة ثلاثمائة وتسعون ألف دولار أمريكي برغم انقضاء المهل التي حددتها هيئة التحكيم , فإن هيئة التحكيم قررت حرصا على استمرار سير التحكيم سداد جزء من أتعاب أ.د/شريف محمد عبد الله محمد مأمون المحكم عن الشركة المحتكمة السابق إصدار قرار هيئة التحكيم بها بتاريخ 2023/2/16, وذلك باقتطاع واستنزال وخصم مبلغ 150000 دولار (مائة وخمسون الف دولار امريكي ) من قيمة الأتعاب السابق سدادها من أطراف التحكيم إلى رئيس هيئة التحكيم (أ.د/حسن عبد الباسط محمد جميعي) وسدادها إلى أ.د/شريف محمد عبد الله محمد مأمون لتكون بذلك جزءا من أتعابه, وعلى أن يتم سداد هذا المبلغ عن طريق التحويل البنكي من الحساب البنكي للأستاذ الدكتور/حسن عبد الباسط جميعي, إلى الحساب البنكي الخاص بالأستاذ الدكتور/شريف محمد عبد الله. كما قررت هيئة التحكيم وفي ضوء ما تقدم, الإستمرار في الفصل في التحكيم مع التأكيد على أن لها اتخاذ ما تراه مناسبا من القرارات والإجراءات القانونية حتى تمام وفاء أطراف التحكيم بكامل قيمة مبلغ الأتعاب السابق إصدار قرار هيئة التحكيم بها للأستاذ الدكتور/ شريف محمد عبد الله محمد مأمون المحكم المسمى من المحتكمة ومقدارها ثلاثمائة و تسعون ألف دولار أمريكي, بحيث يسدد منها ـ وفي ضوء هذا القرار ـ إلى الأستاذ الدكتور شريف عبد الله ما يستكمل به باقي قيمة الأتعاب الصادر بها قرار هيئة التحكيم بتاريخ 2023/2/16 وبحيث يسدد منها ـ في ضوء هذا القرار أيضا-إلى الأستاذ الدكتور حسن عبد الباسط محمد جميعي رئيس هيئة التحكيم مبلغا مساويا لما تم اقتطاعه وخصمه من أتعابه لسداد جزء من أتعاب الأستاذ الدكتور/ شريف محمد عبد الله محمد مأمون. عند اكتمال سداد كامل الاتعاب.

-بتاريخ 2023/5/15 أصدر الأستاذ الدكتور /حسن عبد الباسط محمد جميعي أمرا بتحويل مبلغ خمسة وسبعون ألف دولار أمريكي من حسابه البنكي إلى الحساب البنكي للأستاذ الدكتور/ شريف محمد عبد الله كدفعة أولى من المبلغ البالغ مائة وخمسون ألف دولار أمريكي الصادر بها قرار هيئة التحكيم السالف بيانه و باقتطاع و استنزال وخصم هذا المبلغ من حساب رئيس هيئة التحكيم لسداد جزء من أتعاب المحكم المسمى من الشركة المحتكمة وعلى النحو المفصل بهذا القرار.

-بتاريخ 2023/5/18 أرسل الأستاذ الدكتور/محمد مصطفى حمودة المحامي بصفته وكيلا عن المحتكم ضدهما خطابا بالاعتراض على قرار هيئة التحكيم السابق بخصم واقتطاع واستنزال جزء من أتعاب رئيس هيئة التحكيم لسداد جزء من أتعاب المحكم المسمى من المحتكم ضدهما, والاعتراض على كل قرارات هيئة التحكيم استنادا إلى الدفع ببطلان تشكيل هيئة التحكيم والدفوع





132

التي أوردها بمذكرة دفاع أفاد بسبق تقديمها أمام الخبير المنتدب في الدعوى وأرفقها بهذه المخاطبة التي ضمنها اعتراضاته. وقد قام رئيس هيئة التحكيم بمخاطبة الشركة المحتكمة بالمخاطبة السابقة.

ـ بتاريخ 2023/5/31 أودع الخبير المنتدب بمقر التحكيم تقريره في الدعوى من سبعة نسخ بالنتيجة النهائية التي توصل إليها وهي:

1ـ ترك أمر الفصل في الدفوع القانونية المبداة من المحتكم ضدهما في جلسات الخبرة أو في مذكرات دفاع الأطراف لهيئة التحكيم لكونها خارجة عن اختصاص الخبرة.

2ـ ترك أمر الفصل في الدفوع المتعلقة بجحد الصور الضوئية للمستندات المقدمة من الشركة المحتكمة والدفع باستبعاد المستندات المقدمة باللغة الأجنبية والتي لم يتم ترجمتها, وكذلك دفع الشركة المحتكمة بجحد الصور الضوئية للمستندات المقدمة من المحتكم ضدهما, إلى هيئة التحكيم باعتبارها مسألة قانونية بحتة تخرج عن اختصاص الخبرة.

3ـ أن العلاقة بين طرفي الدعوى التحكيمية هي علاقة تعاقدية تحكمها ثلاثة وثائق هي:

أـ عقد الوكالة العامة المؤرخة 2001/1/30.

بـ ملحق عقد الوكالة المؤرخ 2001/3/15.

جـ الوثيقة المعنونة بمحضر إجتماع والمؤرخة 2005/8/29.

4ـ في ضوء فحص ودراسة دلالة المذكرات وصور المستندات المقدمة من الطرفين أمام هيئة التحكيم والمرفقة بخطاب التكليف بالخبرة, والمذكرات وصور المستندات المقدمة أثناء جلسات الخبرة, وبعيدا عن أمر مدى حجية هذه المستندات في الإثبات باعتبارها مسألة قانونية تخرج عن نطاق اختصاص الخبرة وينعقد الاختصاص بها لهيئة التحكيم بعد أن قام المحتكم ضدهما بجحدها وكذلك قامت الشركة المحتكمة بجحد الصور الضوئية للمستندات التي قدمها المحتكم ضدهما, وتركنا الفصل في ذلك لهيئة التحكيم, فقد تبين لنا التالي:

أـ أن سبب قرار إنهاء الوكالة ثم قرار إيقاف الوكالة من جانب الشركة المحتكم ضدها الأولى لا يرجع إلى أي خطأ منسوب إلى الشركة المحتكمة ولكن يرجع إلى ما أبدته الشركة المحتكم ضدها الأولى من رغبتها في إنهاء العقد بناء على توجهات الدولة العراقية الجديدة بإعادة تأهيل الشركة العامة للخطوط الجوية العراقية بشكل يؤهلها لإعادة التشغيل وممارسة نشاطها في مجال النقل الجوي بشكل مباشر وإعادة بناء أسواقها بعيدا عن التأثيرات الجانبية التي كانت تفرض من قبل أجهزة النظام السابق والتي لا تخدم أهداف الشركة الاقتصادية, و لتصنيف الشركة المحتكمة باعتبارها من الشركات الواجهية .

بـ أن الشركة المحتكمة قد قامت بتنفيذ التزاماتها التعاقدية, و أن الشركة المحتكم ضدها هي التي امتنعت عن تنفيذ التزاماتها , كما حالت بين الشركة المحتكمة و بين الاستمرار في تنفيذ باقي التزاماتها التعاقدية , بما أصدرته الشركة المحتكم ضدها من قرارات أولا بإنهاء عقد الوكالة العامة

133

المبرم مع الشركة المحتكمة , ثم الاتفاق على إعادة تفعيل الوكالة , ثم إصدار الشركة المحتكم ضدها قرار بإلغاء الوكالة , ثم التراجع عن قرار الإلغاء واكتفاء الشركة المحتكم ضدها بالامتناع عن تنفيذ التزاماتها بإصدارها قرار إيقاف عقد الوكالة .

5- ثبوت الخطأ والضرر وعلاقة السببية بينهما في حق المحتكم ضدهما لما تقدم بيانه, وعليه فإن للشركة المحتكمة الحق في المطالبة بالتعويض عما لحقها من كسب وفاتها من خسارة, بالإضافة إلى التعويض عن الأضرار الأدبية التي نترك أمر تقديرها لهيئة التحكيم في ضوء ما ورد بهذا التقرير من عناصر ومستندات.

6- انتهينا من الفحص أن المستحق للشركة المحتكمة لما لحقها من خسارة حيث أن ما تم إنفاقه وفقا للمستندات والفحص هو مبلغ 363, 442, 548 جنيه مصري (خمسمائة وأربعة وثمانون مليون وأربعمائة اثنين وأربعون ألف وثلاثمائة ثلاثة وستون جنيها) ومقدر في ذلك الوقت وفقا لسعر الصرف في حينه 80, 5 جم بما يعادل 028, 559, 94$ دولار أمريكي (أربعة وتسعون مليون دولار وخمسمائة تسعة وخمسون ألف وثمانية وعشرون دولار أمريكي).

7- قدرنا قيمة التعويض المستحق للشركة المحتكمة عما فاتها من كسب بمبلغ 149, 747, 541 دولار أمريكي (خمسمائة وواحد وأربعون مليون دولار وسبعمائة وسبعة وأربعون ألف ومائة تسعة وأربعون دولار أمريكي).

8- ونترك أمر باقي طلبات ودفوع كل من المحتكمة والمحتكم ضدهما, والتي لا تدخل في اختصاص الخبرة إلى هيئة التحكيم .

ـ كما اطلعت هيئة التحكيم على ما أرفقه الخبير بتقريره من مستندات وهي:

أ ـ عدد ثلاثة محاضر جلسات عقدها الخبير تنفيذا للمأمورية بحضور أطراف التحكيم وهي كالتالي:

محضر الجلسة الأولى والتي عقدها الخبير بتاريخ الأحد الموافق 2023/3/19 بحضور السيد الأستاذ المستشار/محمد أحمد عبد الوهاب المحامي بالنقض كارنيه نقابة المحامين رقم 171742 بموجب تفويض صادر عن لجنة التحفظ بتاريخ 2023/3/16 تم إيداع أصله بالجلسة وذلك عن الشركة المحتكمة (هورس للسياحة والسفر المتحفظ علها).

كما حضر الأستاذ/ أحمد الديريني عبد العزيز محمود المحامي بالنقض عن الشركة المحتكم ضدها الأولى بموجب توكيل سابق الإثبات أمام هيئة التحكيم, كما حضر أيضا كل من الأستاذ/ محمد علي الغرياني عبد العظيم محمد المحامي ومعه الأستاذ/ محمد سعيد محمود حسنين المحامي بصفتهم وكلاء عن الدكتور/ محمد مصطفى حسين حمودة بصفته وكيلا عن كل من المحتكم ضدهما الشركة العامة للخطوط الجوية العراقية ووزير النقل العراقي بموجب توكيلات اطلع الخبير على أصلها وأرفق صورة منها بملف الخبرة.

وبالجلسة قدم الأستاذ/ محمد علي الغرياني عبد العظيم محمد المحامي والأستاذ/ محمد سعيد محمود حسنين المحامي الحاضرين عن المحتكم ضدهما مذكرة بدفاعهما سلمت صورة منها

134

للحاضر عن الشركة المحتكمة, وقررا بمحضر الجلسة أن هيئة التحكيم لم تراع مبدأ المساواة بين الخصوم حيث استأنفت الإجراءات بتعيين محكم عن الشركة المحتكمة في 2023/6/6 وقامت الهيئة بتحديد جلسة في أجل غير مناسب وهي جلسة 2023/2/16 دون أدنى مبرر لهذا الاستعجال ولم تراع أن الشركة المحتكم ضدها والخصم المدخل في دولة أخرى وهي جمهورية العراق, و قررا أيضا أن الأستاذ أحمد الدريني الحاضر عن المحتكم ضدها بالجلسة المذكورة طلب أجلا مسبقا لإعلان وزير النقل العراقي بصفته وتحفظ بشكل واضح على طريقة تعيين المحكم عن الشركة المحتكم ضدها وكذا رئيس هيئة التحكيم إلا أنه فوجئ بأن الهيئة قامت بإصدار قرار بذات الجلسة بندب خبير حسابي في الدعوى دون أن تحقق أي طلب من طلبات المحتكم ضدهما ولم تقم الهيئة بإعلان الوكيل د/ محمد حمودة باستئناف السير في التحكيم, ولذلك فإنهما يتمسكا بحقهما في إبداء كافة الدفوع الشكلية والموضوعية قبل بدء الخبير لتحقيق الدفاع والطلبات المبداة من بموجب مذكرة مكتوبة وتم تقديمها بالجلسة.

-بتاريخ 2023/4/3 عقد الخبير المنتدب في الدعوى <u>الجلسة الثانية</u> بحضور ذات الأطراف التي حضرت بالجلسة الأولى, وقد تمسك الحاضر عن الشركة المحتكمة بكافة المستندات والدفوع والدفاع السابق إبداؤه بملف الدعوى والمذكرات المقدمة من الشركة المحتكمة.

كما قام الأستاذ/ محمد علي الغرياني عبد العظيم محمد المحامي والأستاذ/ محمد سعيد محمود حسنين المحامي الحاضرين عن المحتكم ضدهما بتقديم عدد ستة حوافظ مستندات مؤيدة لدفاعهما الواردة بالمذكرة المقدمة منهما بجلسة 2023/3/19 وذلك لعرضها على هيئة التحكيم, وعقب الحاضر عن المحتكمة أن ما أثاره الحاضرين عن المحتكم ضدهما من دفوع قانونية وما حوته الحوافظ الستة المقدمة منهما يخرج عن اختصاص الخبير باعتبارها مسائل قانونية, وجحد كافة الصور الضوئية المقدمة في الحوافظ الستة لكونها صور ضوئية.

وعقب الحاضرين عن المحتكم ضدهما أن جميع المستندات المقدمة بالجلسة وإن كانت صور ضوئية إلا أن أصلها مودع بملف التحكيم ويمكن الرجوع إليه واعترضوا على قرار هيئة التحكيم بندب خبير حسابي وتمسكوا ببطلان كافة إجراءات الدعوى التحكيمية بما في ذلك الإجراءات التي تمت بجلسة 2023/2/16.وطلبوا رفع مذكرة دفاعهم إلى هيئة التحكيم للفصل في الدفوع القانونية الواردة بها قبل بدء الخبير في أعماله, والذي يعترضون عليه.

وبذات الجلسة تمسك الأستاذ أحمد الدريني الحاضر عن الشركة المحتكمة بكافة ما سبق وأن قدمه من دفاع ودفوع أمام هيئة التحكيم خاصة تلك الواردة بمذكرات الدفاع المقدمة بتاريخ 2014/1/27, 2014/6/10 المقدمة منه ومن الدكتور سمير الشرقاوي والدكتور فتحي والي, كما تمسك بكل ما ورد في تقرير المراجع الحسابي الأستاذ/ مجدي حشيش واعتباره مكمل لمذكراته المقدمة من الشركة المحتكمة بتاريخ 2014/6/10 كما تمسك بجحد كافة الصور الضوئية المقدمة من الشركة المحتكمة وتمسك ببطلان عقد الوكالة الملغي لقيامه على إرادة معيبة وتمسك أيضا بسقوط حق الشركة المحتكمة في إقامة الدعوى بمرور أكثر من سنتين على انتهاء الوكالة نفاذا



135

للمادة 90 الفقرة الثانية من قانون التجارة, كما التمس وطلب عدم الاعتداد بتقرير مراقب الحسابات المقدمة من الشركة المحتكمة لمخالفته معايير المراجعة المصرية حيث أخلى مسؤوليته عن المستندات المقدمة من الشركة المحتكمة, وبخلو ملف الدعوى من محاضر اجتماعات عادية أو غير عادية أو مجالس إدارة خاصة باعتماد القوائم المالية للشركة المحتكمة وأضاف أنه يجحد كافة الصور الضوئية المقدمة من الشركة المحتكمة .

- بتاريخ 2023/4/30 عقد الخبير المنتدب في الدعوى <u>الجلسة الثالثة</u> بحضور ذات الأطراف التي حضرت بالجلسة الأولى والثانية, وفيها تمسك الحاضر عن الشركة المحتكمة بكافة المستندات والدفوع والدفاع السابق إبداؤه بملف الدعوى والمذكرات المقدمة من الشركة المحتكمة.

كما تمسك الأستاذ أحمد الديريني الحاضر عن الشركة المحتكمة بكافة ما سبق وأن قدمه من دفاع ودفوع أمام هيئة التحكيم خاصة تلك الواردة بمذكرات الدفاع المقدمة بتاريخ 2014/1/27, 2014/6/10 وبكافة المستندات المقدمة أمام هيئة التحكيم.

كما أبدى تأييده وتمسكه بقرار هيئة التحكيم بندب خبير حسابي للدعوى حتى يتسنى معرفة حقيقة الإدعاءات التي تدعيها الشركة المحتكمة كونها إدعاءات حسابية ومبالغ مالية لابد من انتداب خبير صاحب خبرة لإبداء الرأي فيها واستخلاص الصدق والحق, وتمسك بجحد كافة الصور الضوئية المقدمة من الشركة المحتكمة سواء بكراتين أو بحوافظ أمام هيئة التحكيم , كما تمسك ببطلان عقد الوكالة وطلب الالتفات عن محضر اجتماع 2005/8/29 نفاذا للبند 17 من عقد الوكالة المنعدم, وتمسك بعدم سريان عقد الوكالة حتى تاريخ الإلغاء وبعدم استحقاق الشركة المحتكمة لأي نسب عمولة, وقدم ثلاثة عشر حافظة مستندات ومذكرة بدفاعه سلوم صورتها للحاضر عن المحتكمة, كما تمسك الأستاذ/ أحمد الديريني الحاضر عن الشركة المحتكمة بكافة ما سبق وأن قدمه من دفاع ودفوع أمام هيئة التحكيم خاصة تلك الواردة بمذكرات الدفاع المقدمة بتاريخ 2014/1/27, 2014/6/10 وبما ورد في تقرير المراجع الحسابي الأستاذ/ مجدي حشيش, ودفع بعدم أحقية المحتكمة في طلباتها لعدم اتفاقها مع الواقع والقانون, ورفض كافة طلبات التعويض استنادا للمادة 190 من قانون التجارة, وعدم الاعتداد بكافة الصور الضوئية للأوراق المصطنعة لكونها لا تخص الشركة المحتكمة ولا تخص موضوع الوكالة.

وعقب الأستاذ/ محمد علي الغرياني عبد العظيم محمد المحامي والأستاذ/ محمد سعيد محمود حسنين المحامي الحاضرين عن المحتكم ضدهما أيضا بالإشارة إلى ملحوظة هي أن تمسك الأستاذ أحمد الديريني بأن قرار ندب خبير محاسبي قرار صائب لا يعني التنازل عن تمسكهما بكافة الدفوع الشكلية والموضوعية المبداة بمذكرة الدفاع المقدمة بجلسة 2023/3/19 وحوافظ المستندات المقدمة بجلسة 2023/4/3 تأييدا لها, وهي سقوط اتفاق التحكيم لانتهاء مدة التحكيم ولسبق تنحي رئيس الهيئة والمحكم المسمى من الشركة المحتكم ضدها وعدم موافقتها على عودتهما للتحكيم كمحكمين في الدعوى التحكيمية وأن الإنذار القضائي السابق إرساله من الشركة بتاريخ 2022/4/18 كان محدد وواضح بإخطار الدكتور/ حسن عبد الباسط جميعي بوصفه مسيرا

136

للتحكيم وكون ملف التحكيم بحزته وكان واضحا بتغيير الشركة المحتكم ضدها موطنها القانوني بما ينفي أي موافقة منها على تشكيل هيئة التحكيم أو الاعتراف بها.

وأن القرار الصادر بندب خبير هو قرار باطل شأنه شأن كافة الإجراءات من استئناف السير في الدعوى التحكيمية.

وعقب الحاضر عن المحتكمة بطلب الالتفات عن كافة الدفوع القانونية المبداة من المحتكم ضدهما وطلب الالتزام بحدود المأمورية ودراسة الدعوى من الناحية المالية فقط وأن كافة الدفوع القانونية سيتم إحالتها إلى الهيئة للفصل فيها سيما وأن الدفع ببطلان العقد قد أعقبه التمسك ببنود العقد وكذلك ما أفاد به الحاضر عن المحتكم ضدها من التمسك بندب الخبير ثم العودة إلى الدفع ببطلان إحالة الدعوى للخبير وفي جيع الأحوال يتم الرجوع لهيئة التحكيم للفصل في هذه الدفوع. كما تمسك بأن حوافظ المستندات المقدمة حوت صور ضوئية يجحدها ويطلب الالتفات عنها.

وعقب الحاضر عن المحتكم ضدهما أن ما أبداه الحاضر عن المحتكمة بأن الدفوع الشكلية المبداة من الشركة المحتكم ضدها تم إبداءها قبل التكلم في الموضوع وأن التمسك بها جاء على نحو صريح ومكتوب بمذكرة الدفاع المقدمة بجلسة الخبرة الأولى 2023/3/19 ومن ثم فقد التزمت الشركة المحتكم ضدها صحيح القانون في شأن إبداء الدفوع الشكلية أولا قبل التكلم في الموضوع وأن القول الصادر بجلسة اليوم بأن قرار ندب الخبرة صائب لا يتم اجتزائه من سياق إطار ممارسة الحق في الدفاع ولا يعني التنازل صراحة أو ضمنا عن الدفوع الشكلية السابقة.

وعقب الحاضر عن المحتكمة بأن الصور الضوئية للمستندات سبق مناقشتها من الشركة المحتكم ضدها, ويترك أمر الأخذ بها إلى هيئة التحكيم.

وعقب الحاضرين عن المحتكم ضدهما بأنه لم تتم مناقشة أي مستندات وأنهم تمسكوا بالجحد منذ فجر الخصومة.

هذا وقد اطلعت هيئة التحكيم على المذكرة المقدمة من المحتكم ضدهما بالجلسة الأولى من جلسات الخبرة بتاريخ 2023/3/19, وأحاطت بكل ما ورد بها من أوجه دفاع ودفوع وطلبات , كما اطلعت أيضا وأحاطت بحوافظ المستندات الستة التي قدمها المحتكم ضدهما بجلسة الخبرة الثانية المنعقدة بتاريخ 2023/4/3, كما أطلعت الهيئة أيضا على المذكرة التي قدمها المحتكم ضدهما بالجلسة الثالثة من جلسات الخبرة المنعقدة بتاريخ 2023/4/30 وأحاطت بكل ما ورد بها من أوجه دفاع ودفوع وطلبات واطلعت وأحاطت أيضا بحوافظ المستندات الثلاث عشرة التي قدمت معها.

- بتاريخ 2023/6/1 تم إخطار الأطراف بأن الخبير المنتدب في الدعوى قد أودع تقريره, وتم إرفاق صورة من التقرير ومحاضر جلسات الخبرة رفق المخاطبة الموجهة للأطراف, وتضمن الإخطار دعوتهم للحضور إلى مقر التحكيم لاستلام نسخة من أصل التقرير يوم الأثنين الموافق 2023/6/5 على أن تبدأ المهلة المقررة للأطراف ليقدم كل منهم ما قد يعن له من المستندات والمذكرات الختامية متضمنة الرد والتعقيب على تقرير الخبرة وعلى أن تبدأ هذه المهلة ومقدارها أسبوعين من اليوم التالي الثلاثاء الموافق 2023/6/6 وتنتهي يوم الثلاثاء المواق 2023/6/20.

**137**

-بتاريخ 2023/6/5 حضـر إلى مقر التحكيم الأسـتاذ/ أحمد الديني بصـفته وكيلا عن الشـركة المحتكم ضـدها الأولى  واسـتلم نسـخة أصـلية من تقرير الخبرة وصـورة ضـوئية من محاضـر جلسات الخبرة الثلاثة.

كما حضـر بذات التاريخ الأسـتاذ/محمد سـعيد محمود بصـفته وكلا عن الدكتور/ محمد حمودة الوكيل عن المحتكم ضدهما واستلم نسخة أصلية من تقرير الخبرة وصورة ضوئية من محاضـر جلسات الخبرة الثلاثة.

-بتاريخ 2023/6/14 أرسـل وكيل المحتكم ضـدهما الأسـتاذ/ أحمد الديني مخاطبة إلى رئيس وأعضـــاء هيئة التحكيم أورد فيها أنه بالإشـــارة إلى محضـــر جلسـة التحكيم المنعقدة بتاريخ 2023/2/16, وبالإشـارة إلى الرسـالة الإلكترونية المؤرخة في 2023/5/31 والمتضمنة منح مهلة أسـبوعين لطرفي الدعوى لإيداع ما يعن لهما من مذكرات ومسـتندات تعليقا على تقرير الخبير الحسـابي والتي تنتهي يوم 2023/6/20, وأنه نظرا لضيق الوقت الممنوح للمحتكم ضدهما لدراسة التقرير والتعليق عليه, فإنه يلتمس الموافقة على منح المحتكم ضدهما مهلة إضـافية لمدة أسـبوعين آخرين إضافة إلى المهلة الأساسية ليتمكن من إعداد المذكرات تعليقا على ما جاء بالتقرير.

- بتاريخ 2023/6/15 قررت هيئة التحكيم رفض الطلب المقدم وكيل المحتكم ضـدهما الأسـتاذ/ أحمد الديني منح المحتكم ضدهما مهلة إضافية لمدة أسبوعين آخرين إضافة إلى المهلة الأساسية المقررة بمحضـــر جلسـة التحكيم المنعقدة بتاريخ 2023/2/16 لإيداع ما يعن لهما من مذكرات ومسـتندات تعليقا على تقرير الخبير الحسـابي والتي تنتهي يوم 2023/6/20, وقد تم إخطار الأطراف بذلك الرفض.

- بتاريخ 2023/6/17 تقدم وكيل المحتكم ضدهما الأستاذ/ أحمد الديني بالتماس لإعادة النظر في قرار هيئة التحكيم رفض الطلب المقدم منه لمد المهلة.

- بتاريخ 2023/6/18 قررت هيئة التحكيم رفض الالتماس المقدم من وكيل المحتكم ضـــدهما الأسـتاذ/ أحمد الديني لإعادة النظر في قرارها السـابق برفض الطلب المقدم منه لمد المهلة, وقد تم إخطار الأطراف بهذا الرفض.

- بتاريخ 2023/6/19 ورد لرئيس هيئة التحكيم مخاطبة بالبريد الإلكتروني من الشـركة المحتكمة تفيد رفضها للطلب المقدم من المحتكم ضدهما منحهما مهلة إضافية قدرها أسبوعين بالإضافة إلى المهلة السـابق لهيئة التحكيم, وبناء على موافقة الأطراف تحديدها بجلسـة 2023/2/16 بإيداع المذكرات والمسـتندات الختامية بدفاع ودفوع من يشـاء من الأطراف تتضمن التعقيب على تقرير الخبرة, وكذلك رفضـها للالتماس المقدم من المحتكم ضـدهما أيضـا بإعادة النظر في رفض الهيئة لطلبهما السالف بيانه.

- بتاريخ 2023/6/19 قام رئيس هيئة التحكيم بمخاطبة الأطراف بصـــورة من البريد الإلكتروني الوارد له من الشركة المحتكمة والذي يفيد رفضها للطلب المقدم من المحتكم ضدهما منحهما مهلة إضافية قدرها أسبوعين.

138

ـ بتاريخ 2023/6/20, وإنفاذا لقرار هيئة التحكيم بالجلسة التحكيمية المنعقدة بتاريخ 2023/2/16 بمنح الأطراف مهلة لمدة أسبوعين بإيداع المذكرات والمستندات الختامية بدفاع ودفوع من يشاء من الأطراف تتضمن التعقيب على تقرير الخبرة قامت الشركة المحتكمة بإيداع مذكرة بدفاعها وقعت في عدد 53 صفحة طالعتها هيئة التحكيم حيث اختتمتها الشركة المحتكمة بالطلبات الأتية:

أولا: قبول طلب التحكيم.

ثانيا: وفي الموضوع القضاء للشركة المحتكمة بالأتي:

1 ـ عدم قبول ورفض جميع أوجه دفاع ودفوع المحتكم ضدهما.

2 ـ إلزام المحتكم ضدهما وهما الشركة العامة للخطوط الجوية العراقية والسيد/ وزير النقل العراقي بصفته على وجه التضامن والتكافل بحكم نهائي ومعجل بالنفاذ بالمبالغ التالية تعويضا للشركة المحتكمة وهي:

أ ـ مبلغ وقدره 103672853 دولار فقط وقدره (مائة وثلاثة ملايين دولار أمريكي وستمائة واثنان وسبعون ألف وثلاثة وخمسون دولار) قيمة ما أنفقته الشركة فعليا لتنفيذ الالتزامات الواردة بعقد الوكالة وتمثل قيمة خسائر ومصروفات الشركة المدعية , وهذه الخسائر أضرار مادية أوضحتها بشكل دقيق ميزانيات الشركة المحتكمة.

ب ـ مبلغ وقدرة 542096579 دولار فقط وقدره (خمسمائة اثنين وأربعون مليون ستة وتسعون ألف وخمسمائة وتسعة دولار أمريكي) قيمة ما فاتها من كسب وما لحقها من خسارة.

ج ـ مبلغ وقدرة (100,0000000) دولار أمريكي فقط وقدره مائة مليون دولار أمريكي علي سبيل التعويض عن الإنهاء والإيقاف غير المشروع والغير مبرر والتعسفي لعقد الوكالة.

د ـ مبلغ خمسمائة دولار قيمة التعويض عن الأضرار التي أصابتها من جراء فقدها سوق التعامل في مجالات السفر والسياحة والطيران وما ارتبط بهم من مجالات أخرى وما ترتب عليه من أضرار مادية والتي لحقت بالشركة.

1 ـ إلزام المحتكم ضدهما بدفع فوائد قانونية عن قيمة إجمالي المطالبة بدءا من تاريخ المطالبة وحتي السداد الكامل بما لا يقل عن نسبة 11% وبما لا يقل عن فائدة البنك المركزي المصري.

3 ـ إلزام المحتكم ضدهما بدفع فوائد قانونية عن قيمة إجمالي المطالبة بدءا من تاريخ المطالبة وحتى تمام السداد الكامل بما لا يقل عن نسبة 11% وبما لا يقل عن فائدة البنك المركزي.

4 ـ إلزام المحتكم ضدهما بسداد كل ما تكلفه التحكيم وأمانته ومصروفاته وأتعاب المحكمين.

5 ـ إلزام المحتكم ضدهما بدفع مبلغ 400 ألف دولار أمريكي فقد وقدره أربعمائة ألف دولار أمريكي أتعاب تقديرية ستدفع إلى الممثل القانوني للشركة المحتكمة منذ بداية النزاع وحتى صدور حكم التحكيم.

6 ـ إلزام المحتكم ضدها بسداد كافة مصاريف ورسوم الصيغة التنفيذية علي حكم التحكيم.

7 ـ إلزام المحتكم ضدهما بأن يؤديا 5000 دولار فقط وقدره (خمسة آلاف دولار أمريكي) عن كل يوم يمتنعا فيه عن تنفيذ حكم التحكيم من تاريخ صدوره. مع احتفاظ الشركة المحتكمة بالحق في تعديل وزيادة المطالبات مستقبلاً, وغيرها من الحقوق القانونية.

ـ هذا وقد افتتحت الشركة المحتكمة مذكرة دفاعها بتحفظ بأن ما ورد بها يكمل بيان الدعوى التحكيمية والمذكرات السابق تقدمها بتاريخ 2014/2/15, 2014/4/10, 2014/5/10 وأنها تزيد

  

**139**

عليها الرد على أوجه الدفوع والدفاع المبداه من المحتكم ضدهما وما ورد بتقرير الخبير المنتدب ,
ثم وتحت عنوان الموضوع أحالت المحتكمة إلى ما تضمنته صحيفة الدعوى.

وتحت عنوان الدفع بجحد كافة الصور الضوئية قالت المحتكمة أنه بالإضافة إلى ما سبق وأن تمسكت به في بيان دعواها ومذكراتها السابق تقديمها فإنها تضيف أنها تتمسك بعدم قبول الدفاع المبدى من المحتكم ضدهما بجحد الصور الضوئية كونها أسقطت حقها في التمسك بالجحد بمناقشتها المستندات المقدمة من المحتكمة وكذا تمسكها بالتقرير المقدم منها بتاريخ 2014/6/10 بالحافظة الأولى التي تضمنت أصل تقرير الخبير الصادر عن مكتب الأستاذ/ مجدي حشيش المراجع الحسابي واعتباره جزء لا يتجزأ من دفاعها وهو التقرير الذي تناول بحث كافة المستندات المقدمة من المحتكمة وهو ما يسقط حق المحتكم ضدهما في الدفع بجحد الصور الضوئية للمستندات, ويجعله جديرا بالرفض, وأضافت المحتكمة أنها تتمسك أيضا بما ورد بالبند الثالث من بنود محضر الجلسة الإجرائية المنعقدة بتاريخ 2013/11/28 بما تضمنه من إقرار واتفاق على القانون الواجب التطبيق على التحكيم وهو قانون التحكيم المصري رقم 27 لسنة 1994 وتطبيق كافة القوانين المصرية في شأن الفصل في موضوع النزاع والإثبات وكل ما تعلق بالتحكيم, وأنه وحيث نصت المادة 30 من قانون التحكيم على أنه "يجور لكل من الطرفين أن يرفق ببيان الدعوى أو مذكرة الدفاع على حسب الأحوال صورا من الوثائق التي يستند إليها وأن يشير إلى كل أو بعض الوثائق وأدلة الإثبات التي يعتزم تقديمها, ولا يخل بحق هيئة التحكيم في أي مرحلة كانت عليها الدعوى في طلب تقديم أصول المستندات أو الوثائق التي يستند إليها أي من طرفي الدعوى, وأوردت المحتكمة أنه لما كان الثابت من مطالعة الصفحة رقم 8 من محضر جلسة 2014/2/1 أنه ورد به " أقر الحاضرين عن كل من الشركة المحتكمة والشركة المحتكم ضدها بأن الصورة الضوئية المقدمة من الطرفين من عقد الوكالة وترجمته الرسمية من محكمة شمال القاهرة والمؤرخ 2001/1/30 تعتبر أصل لا يجحده أي من الطرفين" "وفد اتفق الحاضرين عن الشركة المحتكمة والشركة المحتكم ضدها أنه واستنادا لما تم الاتفاق عليه في الجلسة الإجرائية من أن اللغة العربية هي لغة التحكيم فإن الترجمة الرسمية من محكمة شمال القاهرة التي قدم كل من الطرفين صورتها الضوئية في حوافظ مستنداته هي التي تتضمن بنود التعاقد الأساسي بينهما باللغة العربية بما في ذلك شرط التحكيم ومدة التعاقد وكل ما ورد بها بوصفها الاتفاق المبرم في 2001/1/30 دون الالتجاء إلى النسخة المحررة باللغة الإنجليزية ودون أن يؤثر ذلك على ما تلا هذا الاتفاق من أحداث أو اتفاقات أو اجتماعات وما ترتب عليها من آثارها القانونية" وحيث نصت المادة 103 من قانون الإثبات المصري المنطبق على التحكيم أن الإقرار هو اعتراف الخصم أمام القضاء بواقعة قانونية مدعى بها عليه وذلك أثناء السير في الدعوى المتعلقة بهذه الواقعة, كما نصت المادة 104 من ذات القانون على أنه الإقرار حجة على المقر ولا يتجزأ الإقرار على صاحبه إلا إذا أنصب على وقائع متعددة وكان وجود واقعة منها لا يستلزم حتما وجود الوقائع الأخرى.

وأضافت المحتكمة أنه يبين مما تقدم ووفقا للإقرار المقدم من المحتكم ضدها بجلسة التحكيم فإنه لا يجوز لها التمسك بجحد المستندات ويسري ذلك على الصور المتماثلة المقدمة من الطرفين وهو ما





140

يعد إقرارا صريحا من الطرفين بالتنازل عن مكنة جحد المستندات الضوئية, فضلا عن أن المحتكم ضدهما لم يحددا ماهية المستندات التي يتمسكان بجحدها ومن ثم فلا تلتزم المحتكمة بتقديم أصلها . وتحت عنوان رفض الدعوى التحكيمية لعدم تقديم أصول مستندات وتقديم مستندات باللغة الأجنبية مترجمة ترجمة معتمدة إلى اللغة العربية نفاذا للمادة 19 من قانون السلطة القضائية, قالت المحتكمة أنها بالإضافة إلى ما سبق وأن تمسكت به في بيان دعواها ومذكراتها السابق تقديمها فإنها وبالإضافة إلى ما تقدم فإنه وبالنسبة للشق الأول من هذا الدفع فقد سبق الرد عليه تفصيلا في الرد على الدفع بالجحد, أم عن الشق الثاني والخاص بالمستندات باللغة الأجنبية الغير مترجمة ترجمة معتمدة إلى اللغة العربية فإن هذا القول من المحتكم ضدهما عار من الصحة لعدم تقديم المحتكمة لثمة مستندات باللغة الأجنبية الغير مترجمة إلى العربية سوى عقد الوكالة والذي تم الاتفاق على إجازته من الأطراف, بما يكون معه الدفع جديرا بالرفض.

وتحت عنوان الدفع ببطلان عقد الوكالة الملغي قالت المحتكمة أنه مردود عليه بأن الثابت من المستندات المقدمة أما هيئة التحكيم أن المحتكمة وقت تحرير العقد كانت شركة واقعية تحت التأسيس لما كافة الحقوق عملا بنظرية الوضع الظاهر وأن عقد الوكالة تم التأكيد على إجازته بإبرام ملحق له بتاريخ 2023/3/30 ثم التأكيد والتوافق على صحته باتفاق الأطراف على إعادة تفعيله والالتزام بأحكامه بتاريخ 2005/8/29.

وأضافت المحتكمة أن المشرع لم يرتب على عدم القيد في السجل التجاري فقد الشخصية الاعتبارية للشركة وأن الشركة المحتكمة كانت شركة واقع ولها كافة الحقوق وفقا لنظرية الوضع الظاهر, وقد أثبت المحتكم ضدهما على نفسهما عدم صحة الدفع حيث أقرا في مذكرتهما المقدمة من الدكتور سمير الشرقاوي بتاريخ 2014/6/10 وهما يبرران تمسكهما بإلغاء العقد بأنهما أردا أن يزيلا شبهة الخلاف على وجو علاقة تعاقدية وأنهما حرصا على إزالة هذه الشبهة وقطع الشك باليقين خاصة بعد بدء مدة الوكالة عند بدء التشغيل الفعلي للخط الجوي بين مصر والعراق, وأن هذا الإقرار تكرر من المحتكم ضدهما أمام هيئة التحكيم, فضلا عن الثابت من المستندات أن المحتكم ضدهما أقرا بعدم بطلان العقد بالجهر صراحة وضمنا بالتمسك بأنهما قد قاما بإلغائه أي فسخه, وهو ما يعد إسقاطا لحقهما في التمسك بالبطلان. فضلا عن أن الزعم بالبطلان للغلط هو بطلان نسبي تجري عليه الإجازة ويسقط بمضي ثلاثة سنوات على عدم التمسك به ومن ثم يكون الدفع في غير محله.

وتحت عنوان الدفع محضر اجتماع 2005/5/29 ليس عقدا استعرضت المحتكمة ما ورد بمحضر الاجتماع سالف البيان, وأورت أن يتضح منه وعلى خلاف ما يدعي المحتكم ضدهما أنه عقد اتفاق مشتمل على جميع عناصر العقد من أطراف ومحل وسبب والتزامات متبادلة وإلغاء لكل ما يخالفه من بنود واتفاقات وعقود, وهو بهذا يعد جزأ لا يتجزأ من عقد الوكالة الأساس المؤرخ 2001/1/30 وملحقه المؤرخ 2001/1/15, واسترسلت المحتكمة أن العقد المؤرخ 2005/8/29 هو العلاقة التعاقدية الوحيدة التي لم تتضمن شرط موافقة السلطات الحكومية التي وردت في ديباجة عقد الأساس وملحقه كذلك أضافت المحتكمة وردا على القول بأن هذا العقد موقع من المدير العام عبد علي عبود ولم يتم عرضه على مجلس الإدارة قالت المحتكمة أن المستقر عليه قانونا وقضاء أن التصرفات

الصادرة من صاحب المركز الظاهر المخالف للحقيقة إلى الغير حسن النية يترتب عليها ما يترتب على التصرفات الصادرة من صاحب المركز الحقيقي متى كانت الشواهد المحيطة بالمركز الظاهر من شأنها توليد الاعتقاد العام بمطابقة هذا المركز للحقيقة, ويحتج بهذه التصرفات على صاحب المركز الحقيقي. وانتهت المحتكمة مما تقدم إلى أن محضر الاجتماع المؤرخ 2005/295 هو عقد بكل معنى الكلمة, وأن ما أورده دفاع المحتكم ضدهما من أنه ليس بعقد في غير محله جديرا برفض.

وتحت عنوان عدم سريان عقد الوكالة المنعدم حتى تاريخ الإلغاء قالت المحتكمة أنها تتمسك بأن مخالفات المحتكم ضدهما في الإنهاء والإيقاف المتعسف بالإرادة المنفردة للعلاقة التعاقدية تحكمه أربع مستندات أو قرارات هي قرار إنهاء الوكالة بتاريخ 2004/12/2 واتفاق تفعيلها في 2005/8/29 وقرار الإنهاء في 2005/11/14 وقرار الإيقاف المؤرخ 2005/11/16 بعد يومين من القرار السابق بالإنهاء, وأوردت المحتكمة أنه يبين من العرض السابق أن المحتكم ضدهما حاولا تشويه صورة المحتكمة بأنها وفي الفترة من 2005/9/29 وحتى تاريخ 2005/11/17 لم تقم بتنفيذ التزاماتها وهو قول عار عن الصحة حيث أن الثابت من المستندات أن المحتكمة التزمت بكافة بنود التعاقد وتكبدت المصروفات الباهظة في تنفيذ العقد وأن القرارات التي أصدرها المحتكم ضدهما قد أصابتها بأضرار مادية على النحو المبين ببيان الدعوى التحكيمية ومذكراتها في هذا الصدد.

وتحت عنوان عدم استحقاق المحتكمة لأي نسب عمولة أوردت المحتكمة نصوص المواد 147, 148, 150 من القانون المدني وبعض أحكام النقض الصادرة إعمالا لهذه النصوص وقالت أنه بتطبيق هذه النصوص على نصوص العقد محل التداعي يتضح أن البند 11/ 1,2,6,5,3 من العقد ينص على أن للشركة المحتكمة الحق في تحصيل العمولات بالنسب المتفق عليها حتى ولو قامت (الموكل) الشركة المحتكم ضدها بتنفيذ العمليات المتفق عليها, وأضافت أنه وحيث رفضت الشركة المحتكم ضدها تقديم كشف حساب يبين منه قيمة هذه الأعمال, فإن المحتكمة تتمسك بالاعتماد على دراسة الجدوى المعتمدة والمقدمة منها, ويضحى ما ذهب إليه المحتكم ضدهما من عدم استحقاقها لنسب العمولة جديرا برفضه.

ـ وتحت عنوان الرد على ما ورد بادعاء المحتكم ضدهما بالصفحات من 26 إلى 29 (ولم تبين المحتكمة فحوى ما ورد بهذه الصفحات) قالت المحتكمة أن ما ورد بهذه الصفحات (دون إيرادها) أقوال مرسلة لا سند لها من الواقع أو القانون وسبق الرد عليها بمذكرات دفاع المحتكمة بما يجعلها جديرة بالرفض.

وتحت عنوان تمسك المحتكم ضدهما بكل ما ورد بتقرير المراجع الحسابى المقدم منهما بتاريخ 2014/6/10 واعتباره بمذكرة دفاع أوردت المحتكمة أن تمسك المحتكم ضدهما بهذا التقرير بمذكرتهما الختامية ومناقشتهما للمستندات يؤكد على أن المحتكم ضدهما اسقطا حقهما في التمسك بجحد الصور الضوئية كما سلف بيانهن وأن ما أورده المحتكم ضدهما بالتمسك بهذا التقرير لا سند له من الواقع أو القانون جديرا برفضه.

142

<u>وتحت عنوان أم بشأن الدفوع التي أبداها المحتكم ضدهما أمام الخبير المنتدب</u> قالت المحتكمة أنه مردود عليها. <u>فقالت المحتكمة بشأن الدفع بانتهاء مدة التحكيم</u> أنها تتمسك بعدم انتهاء المدة واستمراراها وأن ما يتمسك به المحتكم ضدهما يخالف الواقع والقانون لأنهما لم يحسبا مدة توقف الدعوى التحكيمية بسبب تنحي المحكمين أو التوقف بسبب عدم سداد زيادة الأتعاب وأنه بحساب المدد يتضح الآتي 1ـ بدء التحكيم كان في 2013/11/28 وهو تاريخ اتفاق الأطراف على أن تكون المدة سنة (12 شهرا) يبدأ حسابها من تاريخ الجلسة 2ـ توقفت المدة في 2014/3/2 بسبب تنحي محكم المحتكم ضدهما الحاج محمد حمود (مدة سير التحكيم السابقة على الإيقاف ثلاثة أشهر ويومين 3ـ عاد التحكيم للسير في 2014/3/17 بتعيين الدكتور/ عبد الحميد الأحدب محكما عن الشركة العراقية وقبوله المهمة في 2014/3/18. 4ـ توقفت المدة في 2014/7/17 بتنحي الدكتور شريف محمد عبد الله, وبه تكون مدة السير السابقة على هذا الإيقاف ثلاثة أشهر وثمانية وعشرون يوما 5ـعاد التحكيم للسير بتعيين الدكتور/ أحمد فتحي سرور محكما عن الشركة المحتكمة في 2014/10/20 6ـ توقفت المدة في 2014/11/22 بسبب قرار هيئة التحكيمي لعدم سداد الأطراف زيادة أتعاب التحكيم ومدة السير في التحكيم قبل هذا الإيقاف شهر ويومان 7ـ عاد التحكيم إلى السير بقرار هيئة التحكيمي في 2015/1/15 والذي قررت فيه هيئة التحكيم مد مدة التحكيم ستة أشهر إضافية. 8ـ توقف التحكيم في 2015/2/4 بسبب تنحي الدكتور/ أحمد فتحي سرور ومدة السير قبل التنحي ستة عشر يوما (16 يوما) 9ـ عاد التحكيم للسير في 2016/1/14 بتعيين المستشار الدكتور/ محمد ياسر أبو الفتوح محكما عن المحتكمة. 10ـ توقف التحكيم عن السير في 2016/1/31 بسبب تنحي المستشار الدكتور/ محمد ياسر أبو الفتوح ومدة السير قبل التنحي سبعة عشر يوما (17 يوم). 11ـ عاد التحكيم للسير في 2016/3/14 بتعيين المستشار/عزت خميس محكما عن المحتكمة 12ـ توقف التحكيم عن السير في 2016/3/20 بسبب العدول عن تعيين المستشار/عزت خميس ومدة السير في التحكيم قبل ذلك ستة أيام (6 أيام) 13ـ عاد التحكيم للسير في 2016/3/24 بتعيين الدكتور/ يوسف وصال محكما عن المحتكمة 14ـ توقف التحكيمي عن السير في 2016/3/30 بسبب تنحي الدكتور/ يوسف وصال على النحو الذي تم إخطار رئيس هيئة التحكيمي به من قبل لجنة التحفظ في 2016/7/4 ومدة السير قبل هذا التنحي ستة أيام (6 أيام). 15ـ عاد التحكيم للسير في 2023/2/6 بتعيين الدكتور/شريف محمد عبد الله محكما عن المحتكمة. 16ـ وانتهت المحتكمة إلى أنه و بناء على ما تقدم فإن مدة السير في التحكيم تحتسب بعد بيان مدد التوقف السابق بيانها اعتبارا من 2023/2/6 وحتى تاريخ صدور الحكم التحكيم ما لم يحدث أ ي إيقاف لأي سبب جديد بحيث سيتم إنقاصه من مدة التحكيم. 17ـ وقالت المحتكمة أنه و على ما تقدم يكون موعد انتهاء التحكيم على النحو السالف بيانه وعلى الحساب الدقيق للسير في التحكيم بعد إنقاص مدد التوقف هو الحادي والعشرين من أكتوبر عام 2023.

وعلى ما تقدم قالت المحتكمة أن ما دفع به المحتكم ضدهما من انتهاء مدة التحكيم في غير محله وتمسكت بالإستمرار في التحكيم والفصل فيه حفاظا على حقوق المحتكمة.



143

<u>وبشأن دفع المحتكم ضدهما ببطلان تشكيل هيئة التحكيم لما ادعياه من سبق تنحي رئيس هيئة التحكيم وتنحي المحكم المسمى عن المحتكم ضدهما</u> قالت المحتكمة أن أنها تتمسك بحجية الأحكام القضائية الصادرة برفض طلب التنحي المقدم من رئيس هيئة التحكيم وكذلك رفض تنحي المحكم المسمى من المحتكم ضدهما ويرفض إنهاء مهمتهما التحكيمية وإلزامهما في بالاستمرار في المهمة التحكيمية وهذه الحجية تعلو اعتبارات النظام العام طبقا لنص المادة 101 من قانون الإثبات المصري.

وأضافت المحتكمة أنه وبيانا لما تقدم فقد سبق وصدر حكم الدائرة الثانية تجاري استئناف القاهرة في الدعوى رقم 3 لسنة 132 ق بجلسة 2022/3/23 الآتي نصه: في الدعوى التحكيمية المقامة من شركة هورس للسياحة والسفر ضد الشركة العامة للخطوط الجوية العراقية وآخرين (نحيكم حر) برفض طلب الشركة المدعية (شركة هورس للسياحة والسفر) إنهاء مهمة كل من المدعى عليهما د/ حسن عبد الباسط جميعي "بصفته رئيس هيئة التحكيم " والدكتور عبد الحميد جلال الأحدب " بصفته محكم عن الشركة المحتكم ضدها" (الشركة العامة للخطوط الجوية العراقية), كما صدر حكم أيضا عن ذات الدائرة بجلسة 2022/9/22 برفض طلب الإغفال المقدم من المحتكم ضدها الأولى بادعاء على غير الحقيقة أن الحكم السالف بيانه قد أغفل الفصل في طلبات المحتكم ضدها الأول بالفصل في إثبات طلب تنحي كل من الدكتور/ حسن عبد الباسط جميعي بصفته رئيس هيئة التحكيمي والدكتور/ عبد الحميد جلال الأحدب بصفته المحكم عن الشركة المحتكم ضدها وقضي في طلب الإغفال بجلسة 2022/9/22 بالأتي نصه: برفض دعوى الإغفال المقامة بشأن الحكم الصادر بجلسة 2022/3/23 في الدعوى التحكيمية رقم 3 لسنة 132 ق استئناف القاهرة ومن ثم فقد حازت هذه الأحكام الحجية التي تعلو اعتبارات النظام العام فيما فصلت فيه من استمرار كل من الدكتور/ حسن عبد الباسط جميعي بصفته رئيس هيئة التحكيم والدكتور/ عبد الحميد جلال الأحدب بصفته المحكم عن الشركة المحتكم ضدها, ومن ثم يكون الدفع المبدى من المحتكم ضدهما في ذلك الشأن في غير محله جديرا بالرفض., فضلا عن أن الشركة المحتكمة تتمسك برفض محكمة النقض لطلب وقف التنفيذ في الطعون أرقام 11078 و11263 و11473 و11206 لسنة 92 ق حيث قضت المحكمة بجلسة 2022/10/27 برفض طلب وقف التنفيذ ومن ثم أضحت هذه الأحكام واجبة النفاذ.

<u>كما أضافت المحتكمة</u> أنه أيضا وبمراجعة المستندات والمذكرات التي تم تداولها في شأن التقاضي بخصوص الحكمين سالفي البيان يتضح أ- أن المحتكم ضدها الأولى تنازلت عن طلب إثبات التنحي وهو الأمر الثابت من مذكرتها الختامية المقدمة أمام محكمة استئناف القاهرة مصدرة الحكمين المشار إليهما حيث لم تتضمن طلب إثبات التنحي. ب- أن المحتكم ضدهما قدما بأيدهما وبمذكرات الدفاع ومحاضر جلسات التحكيم وأثناء جلسات الخبرة ما يؤكد إقرارهما بقبول الأحكام السابقة وقبول إتمام المهمة التحكيمية لكل من رئيس هيئة التحكيم والمحكم المسمى عنها حيث أنه بجلسة التحكيم المنعقدة بتاريخ 2023/2/16 قام الأطراف بقبول هيئة التحكيم بكامل تشكيلها وبما قامت به هيئة التحكيم من إجراءات وقرارات ولم يتحفظ أي منهما بشأن ما تم اتخاذه من إجراءات, كذلك يؤكد ما تقدم أن المحتكم ضدهما بجلسة التحكيم سالفة البيان اقتصرت طلباتهما على طلب وحيد

144

أثبته الوكيل القانوني لوزير النقل العراقي المحتكم ضده الثاني حيث اعترض فقط على مهلة التعقيب على التقرير بعد إيداعه والتي قررتها هيئة التحكيم بأسبوع لتكون أسبوعين وهو الأمر الذي استجابت له هيئة التحكيم ويؤكد هذا الاعتراض الوحيد المبدى من المحتكم ضدهما   قبولهما لتشكيل هيئة التحكيم ويعد بمثابة تعيين جديد للهيئة بتشكيلها الحالي وهو إقرار لا يمكن العدول عنه أو العودة إلى الحياد عنه أو الاعتراض عليه بعد سبق الموافقة.

(3) وبشأن دفع المحتكم ضدهما بسقوط حق المحتكمة في اللجوء للتحكيم بمضي الثلاث أيام المتفق عليها لإتمام الحلول الودية أوردت المحتكمة  أنها تتمسك بالمبدأ القانوني الذي يحظر الاستفادة من المتناقضات (مبدأ الإستوبل), وهي التناقضات الثابت قيامها من دفع المحتكم ضدهما بشأن انقضاء مهلة الحلول الودية وبين ما قدمته هي بنفسها من مستندات في تواريخ تالية على قرار إيقاف الوكالة الصادر بتاريخ 2005/11/16 ومن بينها المحضرين الموقع عليهما من المحتكم ضدها الأولى سعيا للتسوية الودية بتاريخ 2006/4/19, وبتاريخ 2008/11/16 والمقدمين منها أمام هيئة التحكيمي بتاريخ 2014/1/27 المستند رقم 5 من الحافظة رقم 2 وبالمستند رقم 2 من الحافظة رقم 4 ومن ذلك الإنذار السابق توجيهه منها إلى المحتكمة بتاريخ 2008/11/25 تؤكد فيه أن الفقرة الأولى من البند 16 من ملحق عقد الوكالة الأساسي يحدد فترة التسوية بثلاثة أيام قد تم تعديله بالفقرة 16 من ملحق العقد والتي اطلقت المجال أمام حسم الخلافات بالطرق الودية وجعلته مفتوحا أمام الطرفين, وأضافت المحتكمة أن الشركة المحتكم ضدها الأول أرسلت إنذارا لها بتاريخ 2012/3/6 أرفقت به صورة من ملحق عقد الوكالة لمناقشته من قبل المنذر إليه وإبداء الرأي فيه خلال أسبوع من تاريخ الإنذار ونبهت في حالة عدم الرد يعتبر بمثابة رفض للحلول الودية, وهو ما تتمسك معه المحتكمة برفض الدفع المبدى بسقوط الحق في التحكيم لانقضاء الثلاثة أيام الخاصة بالحلول الودية.

-وبشأن دفع المحتكم ضدهما بسقوط حق المحتكمة في إقامة الدعوى لمرور أكثر من سنتين على إنهاء العلاقة التعاقدية أوردت المحتكمة نصوص المواد 147, 148, 150 من القانون المدني وقالت أنه بتطبيق النصوص على عقد الوكالة يتضح أنه لازال قائما وساريا ذلك أن عقد إعادة تفعيله بموجب محضر الاجتماع المؤرخ 2005/8/29 تضمن تعديل البند 10 إلى ثلاثة سنوات تبدأ من تاريخ بدء التشغيل الفعلي وتجدد لمدد مماثلة وأنها تظل تجدد تلقائيا ما لم يخطر أحد الطرفين الطرف الآخر بخطاب موصى عليه بعلم الوصول وأنه لا يجوز لأي من الطرفين طلب فسخ أو عدم تجديد العقد إلا إذا وقع خطأ جسيم من الطرف الثاني, وأنه بإنزال ما تقدم, وحيث أن قرار الإنهاء الذي أصدرته المحتكم ضدها الأولى بتاريخ 2005/11/14 لا يرتب أي أثر قانوني لمخالفته شروط العقد والقانون ومن ثم فإن المحتكمة تتمسك بأن العقد ما زال ساريا لكنه موقوف بقرار من المحتكم ضدها الأولى, ومن ثم فلا يجوز لها الدفع بالسقوط.

كذلك أوردت المحتكمة في ذات السياق أن المادة 190/1 من قانون التجارة سند الدفع لا تنطبق على العقد محل النزاع لكونه ليس وكالة عقود وإنما عقد وكالة عامة ذو طبيعة خاصة.





ـ وتحت عنوان التعقيب على تقرير الخبرة قالت المحتكمة أنها تعترض على هذا التقرير كونه لم يبحث الجازم للقضاء لها بمبلغ مائة مليون دولار أمريكي على سبيل التعويض المؤقت عن الإنهاء والإيقاف الغير مشروع والغير مبرر والتعسفي لعقد الوكالة وتلتمس القضاء لها بهذه القيمة, كما أوردت المحتكمة أنها تتمسك بما جاء في تقرير الخبرة وتؤكد على أن المحتكم ضدهما تمسكا بهذه الخبرة وأقرا على قدرتها على أنها سوف توضح الحقيقة على النحو الذي أثبته وكيل المحتكم ضدهما بمحضر جلسة الخبرة المنعقدة بتاريخ 2023/4/30 وبتمسكه بالخبرة, كما تمسكت المحتكمة بتقرير الخبرة فيما انتهى إليه من انتفاء الخطأ في جانبها وثبوته في جانب المحتكم ضدهما, كما اعترضت على ما انتهى إليه من تقدير قيمة النفقات بمبلغ 94559028 دولار أمريكي وأنها تتمسك بالمطالبة الحقيقية التي أنفقتها وهي مبلغ 103672853 دور أمريكي, كما تمسكت المحتكمة بالتقرير فيما انتهى إليه من تقرير ثبوت أحقيتها في الحصول على ما طالبت به من تعويض عن الكسب الفائت, ولكنها تتمسك بأنه هذا الكسب الفائت يقدر بمبلغ 542096579 دولار أمريكي وليس بمبلغ 54174149 دولار أمريكي. كما وتتمسك المحتكمة بتعويضها عن الأضرار الجسيمة التي أصابتها من مباشرة الأخطاء الجسيمة والكثيرة التي ارتكبها المحتكم ضدهما وأدت إلى الإساءة إلها في سمعتها واستبعادها من سوق العمل بواقع خمسمائة مليون دولار أمريكي, واختتمت المحتكمة مذكرة دفاعها بطلباتها الختامية سالفة البيان.

ـ هذا وقد قدمت المحتكمة رفق مذكرة دفاعها المستندات التالية:

1ـ المستند الأول: أصل خطاب صادر عن محكمة استئناف القاهرة, من مكتب رئيس المحكمة, مؤرخ 2023/5/31 ردا على مخاطبة هيئة قضايا الدولة بشأن موافاتها عما إذا كان قد تم تقديم طلب إنهاء التحكيم الحر المقام من شركة هورس للسياحة والسفر من عدمه وقد تضمنت المخاطبة أنه تبين عدم وجود طلب بإنهاء إجراءات التحكيم من تاريخ 2023/1/1 حتى تاريخ تحرير المخاطبة في 2023/5/31.

2ـ المستند الثاني: صورة رسمية من الحكم الصادر بتاريخ 2022/3/23 من محكمة استئناف القاهرة الدائرة الثانية تجاري في دعوى التحكيم المقيدة بجدول المحكمة تحت رقم 3 لسنة 132 ق المقامة من شركة هورس للسياحة والسفر ضد كل من الدكتور/حسن عبد الباسط جميعي بصفته رئيس هيئة التحكيم والدكتور/عبد الحميد الأحدب بصفته المحكم عن الشركة المحتكم ضدها الأولى (الشركة العامة للخطوط الجوية العراقية) وآخرين والقاضي منطوقه: حكمت المحكمة في الدعوى التحكيمية المقامة من شركة هورس للسياحة والسفر ضد الشركة العامة للخطوط الجوية العراقية وآخرين (تحكيم حر) برفض طلب الشركة المدعية (هورس للسياحة والسفر) إنهاء مهمة كلا من المدعى عليهما الدكتور/ حسن عبد الباسط جميعي بصفته رئيس هيئة التحكيم والدكتور/ عبد الحميد الأحدب بصفته المحكم عن الشركة المحتكم ضدها الأولى (الشركة العامة للخطوط الجوية العراقية), وألزمت الشركة المدعية بالمصروفات ومبلغ مائة جنيه مقابل أتعاب المحاماة.

3ـ المستند الثالث: صورة رسمية من الحكم الصادر بتاريخ 2022/9/22 من محكمة استئناف القاهرة الدائرة الثانية تجاري في دعوى الإغفال المقيدة بجدول المحكمة تحت رقم 132 ق المرفوعة

146

من الممثل القانوني للشركة العامة للخطوط الجوية العراقية ضد شركة الأهرام بصفتها المفوضة من لجنة التحفظ وإدارة أموال جماعة الإخوان المحظورة في إدارة شركة هورس للسياحة والسفر وكل من الدكتور/ حسن عبد الباسط جميعي بصفته رئيس هيئة التحكيم والدكتور/ عبد الحميد الأحدب بصفته المحكم عن الشركة المحتكم ضدها الأولى (الشركة العامة للخطوط الجوية العراقية) وشركة هورس للسياحة والسفر والقاضي منطوقه حكمت المحكمة: برفض دعوى الإغفال المقامة بشأن الحكم الصادر بجلسة 2022/3/23 في الدعوى التحكيمية رقم 3 لسنة 132 ق استئناف القاهرة وإلزام الشركة المدعية بالمصروفات ومبلغ مائة جنيه مقابل أتعاب المحاماة.

4 ـ المستند الرابع: شهادة رسمية صادرة من محكمة النقض/ إدارة الجدول المدني- بناء على طلب هيئة قضايا الدولة التي تطلب فيه الإفادة بشأن الطعن رقم 11078 لسنة 92 تجاري المقام من يوسف السعيد سعد الجلدة بصفته الممثل القانوني لشركة هورس للسياحة والسفر ضد الدكتور/حسن عبد الباسط جميعي بصفته رئيس هيئة التحكيم والدكتور/ عبد الحميد الأحدب بصفته المحكم المسمى عن الشركة العامة للخطوط الجوية العراقية ووزير النقل العراقي عن الحكم الصادر من محكمة استئناف القاهرة بجلسة 2022/3/23 في القضية رقم 3 لسنة 132 ق وقد تضمنت الشهادة أن الطعن حدد لنظره جلسة 2022/10/27 أمام دائرة الخميس تجاري وضم إليه الطعن رقم 11263 لسنة 92, والطعن رقم 11473 لسنة 92 والطعن رقم 11206 لسنة 92 ورفضت المحكمة طلب وقف التنفيذ والزمت الشركة الطاعنة مصروفاته وإحالته إلى المكتب الفني لاتخاذ اللازم بشأنه.

5ـ المستند الخامس: شهادة رسمية صادرة من محكمة النقض/إدارة الجدول المدني, بناء على طلب هيئة قضايا الدولة التي تطلب فيه الإفادة بشأن الطعن رقم 25451 لسنة 92 تجاري المقام من الممثل القانوني للشركة العامة للخطوط الجوية العراقية بصفته ضد كل من الممثل القانوني لشركة هورس للسياحة (شركة متحفظ عليها) والدكتور/حسن عبد الباسط جميعي بصفته رئيس هيئة التحكيم والممثل القانوني لشركة مصر للسياحة بصفته المكلف من قبل لجنة التحفظ على أموال الإخوان المحظورة لإدارة شركة هورس للسياحة والسفر. عن الحكم الصادر من محكمة استئناف القاهرة بجلسة 2022/9/22 في القضية رقم 3 لسنة 132 ق وقد تضمنت الشهادة أن الطعن المذكور قد تضمن الصحيفة طلب لوقف تنفيذ الحكم المطعون فيه, والطاعن لم يقدم طلب لاتخاذ إجراءاته حتى تاريخ الشهادة في 2023/6/18.

هذا وقد تسلم وكيلي المحتكم ضدهما نسخة من المذكرة والمستندات المرفقة بها سالفي البيان.

ـ وبذات التاريخ 2023/6/20 أودع الأستاذ/ أحمد الدريني المحامي والوكيل القانوني للمحتكم ضدهما عدد ثلاثة مذكرات بدفاعهما وحافظة مستندات طالعتهم الهيئة. وتبين من مطالعة المذكرة الأولى أنها بدفاع السيد/ وزير النقل ووقعت في عدد 13 صفحة وقد تضمنت تحت عنوان "الوقائع" الإحالة إلى ما ورد بالرد على بيان الدعوى التحكيمية والمذكرة المقدمة من بتاريخ 2023/6/10 منعا للتكرار والإطالة, ثم أعقبها بالدفاع الذي استهله بالتمسك بكل ما ورد من دفاع ودفوع بمذكرة الرد على بيان الدعوى التحكيمية والمذكرة المقدمة بتاريخ 2014/6/10.



147

وتحت عنوان الرد على اختصام السيد/ وزير النقل العراقي أورد دفاع المحتكم ضده الثاني تحت عنوان أولا, دفع بالتمسك بالحصانة الدبلوماسية الممنوحة للمحتكم ضده الثاني استنادا إلى اتفاقية فيينا للعلاقات الدبلوماسية, كما دفع ثانيا بعدم قبول الدعوى لرفعها على شخصية تتمتع بالحماية الدبلوماسية القضائية بالنسبة إلى وزير النقل العراقي نفاذا لاتفاقية فيينا للعلاقات الدبلوماسية عام 1961. وتحت هذين العنوانين أورد دفاع المحتكم ضده الثاني نص المادتين 14 و 31 من الاتفاقية سالفة البيان معلقا عليهما بأنه يتضح أن اتفاقية فيينا قد أخذت بالحصانة الدبلوماسية.

وأورد دفاع المحتكم ضده الثاني (وزير النقل العراقي) في بيان الدفع أن العرف الدولي استقر على تمتع رؤساء الحكومات وممثليها الدبلوماسيين بالحصانة في مواجهة قضاء الدولة الأخرى تطبيقا لمبدأ المساواة بين أعضاء الجماعة الدولية ثم أورد تأييدا لدفاعه ما قال أنه حكم محكمة النقض في الطعن رقم 2248 لسنة 53 ق,جلسة 1993/12/9,مكتب فني 44, ج3,ص, 354, وأنه ورد به ما ذهبت إليه محكمة النقض من أن "تمتع الشخص الطبيعي أو الاعتباري الأجنبي بالحصانة القضائية وعدم ا

لخضوع للقضاء الوطني يمنع من اختصاص المحاكم المصرية ولائيا بنظر المنازعات الصادرة في شأن هذا الإعفاء ولو كانت لهذا الشخص إقامة في مصر, وأن ما ورد في المواد 29 – 35 من قانون المرافعات الصادر بالقانون رقم 13 لسنة 1968 من اختصاص محاكم الجمهورية بنظر الدعاوى التي ترفع على الأجنبي المقيم في مصر إنما يمثل الإطار العام الوارد في هذا القانون وبديهي يخرج عن هذا النطاق ما استثني منه بقوانين خاصة تعفي الأجنبي من الخضوع للقضاء الوطني سواء كانت تلك القوانين سابقة أو لاحقة على صدور قانون المرافعات ..".

وبعد استعراض عدد من الأحكام المماثلة التي قال دفاع المحتكم ضدها الثاني أنها صادرة عن محكمة النقض انتهى دفاع المحتكم ضده الثاني إلى عدم قبول الدعوى بالنسبة لوزير النقل العراقي لرفعها على شخصية تتمتع بالحماية الدبلوماسية والحصانة القضائية.

وفي ذات السياق وتحت البند ثالثا تمسك دفاع المحتكم ضده الثاني أيضا بعدم اختصاص هيئة التحكيم بنظر النزاع بالنسبة لوزير النقل العراقي نفاذا لنص المادة 31 من اتفاقية فيينا للعلاقات الدبلوماسية والتي أورد أنها تنص على أنه:" يتمتع المبعوث بالحصانة ضد الاختصاص القضائي الجنائي للدولة المضيفة ويتمتع كذلك بالحصانة ضد الاختصاص القضائي المدني والإداري فيما عدا الحالات الآتية: أـ الدعاوى العينية المتعلقة بعقار خاص كائن في إقليم الدولة المضيفة ما لم تكن حيازته له بالنيابة عن الدولة الباعثة وذلك لأغراض البعثة. بـ الدعاوى المتعلقة بميراث يكون المبعوث داخلا فيها كمنفذ أو مدير أو وارث أو موصى له وذلك بوصفه شخصا عاديا وباسمه الخاص لا نيابة عن الدولة الباعثة. ج ـ الدعاوى المتعلقة بأي نشاط مهني أو تجاري يمارسه المبعوث الدبلوماسي في الدولة المضيفة خارج نطاق مهامه الرسمية.".

وانتهى دفاع المحتكم ضده الثاني في ضوء النص سالف البيان وفي ضوء ما أورده بالمذكرة من أحكام قضائية قال أنها منسوبة إلى محكمة النقض إلى التمسك بالدفع بعدم الاختصاص سالف البيان.




148

وتحت البند رابعا المعنون عدم اعتبار حضور جلسات التحكيم أو أي إجراء اتخذه المحتكم ضدها الثاني بصفته تنازلا عن الحصانة, أورد دفاع المحتكم ضده الثاني أن التنازل عن الحصانة الدبلوماسية لا بد وأن يكون صريحا نفاذا الفقرة الثانية من المادة 32 من الاتفاقية سالفة البيان التي نصت على أنه "2- يكون التنازل صريحا في جميع الأحوال"  ونفاذا للنص السابق أورد دفاع المحتكم ضده الثاني أن التنازل عن الحصانة لابد وأن يكون صريحا فلا يصح أن يستشف من واقعة أو يستنتج من إجراء أو موقف قامت به البعثة الدبلوماسية, وأنه لما كانت الاتفاقية بمثابة نص خاص ومن ثم فلا تقيد بالنص العام, وبالتالي لا يجوز إعمال نص المادة 32 من قانون المرافعات.

وتحت عنوان التمسك بعدم سريان قانون المرافعات العام على موضوع الدعوى لوجود نص خاص يحكم النزاع, أورى دفاع المحتكم ضده الثاني أن مبدأ الخاص يقيد العام من المبادئ ذات الأهمية وأن الاتفاقيات الدولية بمثابة نصوص خاصة تقيد القوانين العامة داخل الدولة ونص الدستور المصري على التزام الدولة المصرية واحترامها للاتفاقيات الدولية في المادة 93 منه وحيث أن الاتفاقيات الدولية هي قانون خاص وكانت اتفاقية فينا بهذه المثابة قانون خاص فإن الاتفاقية هي الواجبة التطبيق على التحكيم محل النزاع, ويقيد تطبيقها قانون المرافعات العام, ومن ثم لا يكون لهذا الأخير مجال لتطبيقه على التحكيم. واستنادا لذلك تمسك دفاع المحتكم ضده الثاني بالحكم بعدم اختصاص هيئة التحكيمية بنظر الدعوى التحكيمية.

<ins>واختتم دفاع المحتكم ضدها الثاني مذكرة دفاعه الأولى بطلب الحكم بـالأتي:</ins>

أولا: عدم قبول اختصام وزير النقل العراقي بصفته وإخراجه من الدعوى.

ثانيا: بعدم اختصاص هيئة التحكيم بنظر الدعوى لرفعها على شخصية تتمتع بالحصانة الدبلوماسية القضائية نفاذا لاتفاقية فيينا للعلاقات الدبلوماسية.

ـ وقد طالعت هيئة التحكيم أيضا المذكرة الثانية المقدمة من الوكيل القانوني للمحتكم ضدهما الأستاذ أحمد الدريني المعنونة الاعتراض على تقرير الخبرة والتي وقعت في عدد 63 ورقة اختتمها بالطلبات الأتية:

أولا: رفض ما جاء بتقرير خبير الدعوى والالتفات عنه وعدم الأخذ به وعدم الاعتداد بما توصل إليه من نتيجة نهائية للأسباب والاعتراضات الواردة بالمذكرة .

ثانيا: الحكم بعدم أحقية الشركة المحتكمة بالمبالغ المطالب بها.

ثالثا: الحكم في الدعوى برفضها بحالتها للأسباب الواردة بمذكرة الدفاع الموضوعية المقدمة مع هذه المذكرة.

ـ هذا وقد أحال دفاع المحتكم ضدهما بشأن ما ورد بلائحة بيان الدعوى التحكيمية ومذكرة الدفاع المقدمة بتاريخ 2012/6/10 منعا للتكرار ثم أعقبها بالدفاع الذي استهله بالتمسك بكافة دفاعه ودفوعه المبداه أمام هيئة التحكيم وبخاصة مذكرة 2014/1/27 ومذكرات 2014/6/10 والمذكرة المقدمة أمام الخبرة بتاريخ 2023/4/30, وأضاف أنه إزاء كون تقرير الخبرة قد جاء <ins>مجحفا لكافة حقوق المحتكم ضدهما الأمر الذي تعترض معه الشركة المحكم ضدها على هذا التقرير</ins> بالاعتراضات الأتية :

149

الاعتراض الأول: تحت عنوان لم يتناول الخبير بحث فترة الاستحقاق وقال دفاع المحتكم ضدهما تحت هذا العنوان أن الخبير قام بفحص كافة الصور الضوئية المقدمة من المحتكمة دون تصنيف لها من حيث الفترة الزمنية التي تطالب بها المحتكمة وقام بتأسيس رأيه على ما جاء ببيان الدعوى والمذكرات المقدمة من المحتكمة وتجاهل الخبير ما أورده المحتكم ضدهما بمذكرة دفاعهما المقدمة بتاريخ 2023/4/30 وساير الشركة المحتكمة في الفترة الحسابية التي قامت بالمطالبة بها دون وجه حق ولم يقم الخبير بالرد على دفاع المحتكم ضدهما وقام بفحص الفترة من 2001 حتى عام 2013 التي لا مبرر للمطالبة بأية مبالغ خلالها, ولم يوضح الخبير أسانيده القانونية أو الحسابية في ذلك ولم يرد على دفاع المحتكم ضدهما. الأمر الذي يكون معه التقرير موصوما بالعوار جديرا بالالتفات عنه.

وتحت عنوان الاعتراض الثاني المعنون " عدم استحقاق الشركة المحتكمة لأي نسب عمولة" قال دفاع المحتكم ضدهما أن الخبير لم يتناول دفعهما الخاص بعدم استحقاق الشركة المحتكمة لأي نسب عمولة على النحو الذي تمسكا به في مذكرة دفاعهما المقدمة بتاريخ 2023/4/30 حيث أن عقد الوكالة ينص في البند 11 منه على أنه يستحق العمولة على التذاكر التي يقوم بإصدارها وقد خلت الأوراق من ثمة تذاكر سفر أو شحن قامت المحتكمة بإصدارها, وبالتالي فإنها لا تستحق أي نسب عمولة, كذلك أن المادة 11 من الاتفاقية نظمت وأوضحت الشرط الأساسي لاستحقاق العمولة وهو أن يكون الوكيل العام هو الذي قام بإصدار مستندات الطرف الأول (الشركة المحتكمة) وقد جاء تأكيد هذا الشرط بالفقرة الثانية من البند 11 سالف البيان وما جاء أيضا بالفقرة رقم 3 من ذات البند, إلا أن الخبير التفت عن هذا الدفاع واعتمد مطالب المحتكمة لنسب العمولة حتى عام 2013 ومن ثم يكون التقرير في هذا الخصوص جديرا بالالتفات عنه .

وتحت عنوان الاعتراض الثالث المعنون " عقود من الباطن " قال دفاع المحتكم ضدهما  أن تقرير الخبير في صفحته رقم 34 عرف تكلفة الإيرادات بأنها تكلفة وكلاء شركة هورس من الباطن وقام بتفصيلها وتفنيدها بالأرقام والجداول من خلال البندين 3 و 4 بالصفحة رقم 34 ضاربا عرض الحائط بما جاء بمذكرة دفاع المحتكم ضدهما المقدمة إليه بتاريخ 2023/4/30 والبند رقم 3 من عقد الوكالة حيث أكد المحتكم ضدهما أنه أن البند سالف الذكر لا يجيز للمحتكمة التنازل أو نقل أو تفويض من ينوب عنها أو يقوم بالتزاماتها دون موافقة كتابية, ومن ثم فلا إلزام على المحتكم ضدهما ولا يعتد في مواجهاتها بعقود الباطن.

وفي الاعتراض الرابع تحت عنوان تقرير مراقب حسابات الشركة المحتكم ضدها أورد دفاع المحتكم ضدهما أن تقرير الخبرة لم يتناول دفاعها الوارد بمذكرتها المقدمة بتاريخ 2023/6/10 وكذلك المذكرة المقدمة أمام الخبير ذاته بتاريخ 2023/4/30 والمتضمنين التمسك بما ورد بتقرير مراقب الحسابات الأستاذ/ مجدي حشيش وبكل ما ورد به واعتباره جزء لا يتجزأ من دفاع المحتكم ضدهما, إلا أن الخبير التفت عن هذا التقرير وتبنى بالتفصيل ما تناوله مراقب حسابات الشركة المحتكمة الذي قررت المحتكمة أنه مخالف لمعايير المراجعة المصرية, بما يدل على عدم حيادية الخبير والالتزام بقواعد الخبرة الحسابية ومعايير المراجعة المصرية .

**150**